UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :   SEALED
                                  :   INDICTMENT
        - v. -                    :
                                  :   20 Cr. ___
LAWRENCE RAY,                     :
    a/k/a "Lawrence Grecco,"      :
                                  :
        Defendant.                :   20 CRIM 110
                                  :
- - - - - - - - - - - - - - - x

The Grand Jury charges:

## FACTUAL BACKGROUND

1.    During the time period relevant to this
Indictment, LAWRENCE RAY, a/k/a "Lawrence Grecco," the
defendant, targeted a group of college students and others (the
"Victims") for indoctrination and criminal exploitation.  RAY
lived with some of the Victims, first in on-campus housing at a
college in Westchester County, New York, and thereafter at
locations in Manhattan, New York, Pinehurst, North Carolina, and
elsewhere.  Over the course of nearly a decade, between in or
about 2010 through the present, RAY subjected the Victims to
sexual and psychological manipulation and physical abuse.  RAY
extracted false confessions from at least seven Victims that
they had caused harm and damage to RAY and to his family members
and other associates.  RAY leveraged the Victims' false
confessions to extort money from the Victims, to force some of

the Victims to perform unpaid manual labor, and to cause one of the female Victims ("Female Victim-1") to engage in commercial sex acts for RAY's financial benefit in New York City and elsewhere.

2.     LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, conspired with and enlisted others to assist in some of his crimes, and laundered his criminal proceeds, which amounted to approximately one million dollars obtained from at least five Victims.

### PHYSICAL AND PSYCHOLOGICAL THREATS AND COERCION

3.     In or about late 2010, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, moved in to on-campus housing with his daughter and her male and female roommates (the "Roommates") during their sophomore year at a college in Westchester County, New York (the "College"). RAY began "therapy" sessions with some Roommates purportedly to help them with their psychological problems, and presented himself as a father figure to the Roommates.

4.     Beginning in the summer of 2011, several of the Roommates lived with LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, in a one-bedroom apartment on the Upper East Side of Manhattan, New York (the "Apartment"). They introduced RAY to other Victims, who spent time at the Apartment.

5. Beginning at the College, and continuing in the Apartment, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, lectured the Victims on his personal philosophy and conducted his "therapy" sessions with the Victims, during which he learned intimate details about their private lives, vulnerabilities, and mental health struggles under the pretense of helping them. RAY alienated several of the Victims from their parents, and convinced several of the Victims that they were "broken" and in need of fixing by RAY.

6. After gaining the Victims' trust and confidences, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, subjected the Victims to interrogation sessions that typically involved verbal and physical abuse. RAY would target one Victim at a time in the presence of other Victims, and often with the assistance of at least one associate. During the interrogations, RAY made false accusations against the Victims, including that the Victims had deliberately: (1) damaged the Apartment and RAY's property, and stolen RAY's property; (2) harmed and sabotaged RAY and his family members and other associates; (3) lied about their intentions and actions; and (4) poisoned RAY and his family members and other associates.

7. When a Victim denied a false accusation by LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, the

3

interrogations would often last hours. RAY demanded confessions
from the Victims through tactics that included sleep
deprivation, psychological and sexual humiliation, verbal abuse,
threats of physical violence, physical violence, and threats of
criminal legal action. RAY ultimately extracted false
confessions from at least seven Victims that they had
intentionally damaged RAY's and his family members' and other
associates' property and/or had poisoned RAY and his family
members and other associates.

8.     For example, LAWRENCE RAY, a/k/a "Lawrence
Grecco," the defendant, falsely accused a male Victim ("Male
Victim-1") of damaging RAY's property, and brandished a knife
and threatened to dismember Male Victim-1 with it, leading Male
Victim-1 to falsely confess wrongdoing. On another occasion,
RAY falsely accused a male Victim ("Male Victim-2") of
wrongdoing and placed a knife to his throat until he confessed.
RAY singled out another male Victim ("Male Victim-3") for
physical abuse that included grabbing him around the neck until
RAY rendered Male Victim-3 unconscious. When two of the female
Victims ("Female Victim-2" and "Female Victim-3") brought home
food that had turned cold, RAY accused them of wrongdoing,
grabbed Female Victim-3 by the face and neck, and shoved Female
Victim-3 to the floor. On other occasions, RAY threatened to

4

report Female Victim-2 and Female Victim-3 to law enforcement for their alleged crimes, and to prevent Female Victim-3 from graduating from college by reporting her to the president of her university.

9. LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, took and kept explicit photographs of some of the Victims, and sometimes documented and retained his Victims' false confessions, including through video. In one video, for example, RAY questioned Female Victim-1 for details about her alleged poisoning of RAY and others (the "Female Victim-1 Confession Video"). RAY directed the Victims to document their supposed wrongdoing in journals and emails, and kept copies of these documents. For example, RAY retained a list emailed to him by Male Victim-3 that listed each item of RAY's property that Male Victim-3 had supposedly damaged, such as furniture and kitchen appliances, as well as that property's monetary value, allegedly totaling tens of thousands of dollars.

## EXTORTION

10. LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, used the Victims' false confessions to threaten the Victims with law enforcement action and to obtain purported damages from the Victims. Many of the Victims, most of whom were teenagers or young adults during the relevant time period,

lacked funds to pay the damages alleged by RAY, and RAY told
them to get money from their parents. The Victims resorted to
various measures to repay their supposed debts to RAY, including
draining their parents' savings in the amount of hundreds of
thousands of dollars, opening lines of credit, soliciting
contributions from acquaintances, selling real estate ownership,
and—at RAY's direction—performing unpaid labor for RAY and
earning money through prostitution. During the time period
relevant to this Indictment, RAY successfully extorted at least
five Victims, in an amount totaling approximately one million
dollars. Associates of RAY's helped RAY collect and transfer
the criminal proceeds, which RAY shared with at least two other
associates.

## FORCED LABOR

11. In or about 2013, LAWRENCE RAY, a/k/a "Lawrence
Grecco," the defendant, and some of the Victims traveled to
Pinehurst, North Carolina for the purpose of making physical
improvements on private property owned by RAY's family member
(the "Pinehurst Property"). While living at the Pinehurst
Property, and over the course of several months, RAY forced some
of the Victims, including Female Victim-1, Female Victim-2, and
Female Victim-3 to perform manual labor on the Pinehurst
Property, including the installation of an irrigation system.

6

These Victims worked without pay, in part to repay the supposed damages they had caused RAY in Manhattan, New York. RAY was joined in Pinehurst by an associate who did not perform any manual labor, but who assisted RAY in planning the labor projects and carrying out his scheme.

12. LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, obtained the labor of Female Victim-1, Female Victim-2, and Female Victim-3 on the Pinehurst Property, including through the following means:

a. RAY restricted their access to food and sleep, including by placing a lock on the refrigerator and by forcing Female Victim-1, Female Victim-2, and Female-3 to work in the middle of the night and to sleep outside in the summer heat.

b. RAY was physically violent with Female Victim-1, Female Victim-2, and Female Victim-3, including, for example, slapping Female Victim-2 and grabbing Female Victim-2 by the head and shoving her to the ground.

c. RAY berated Female Victim-1, Female Victim-2, and Female Victim-3, and falsely accused them of intentionally doing bad work, intentionally damaging the Pinehurst Property, and causing RAY monetary loss.

d. RAY threatened to report Female Victim-2 and

7

Female Victim-3 to the police for their wrongdoing, and drove each to the local police station on separate occasions.

e.    RAY threatened that if the Victims performed inadequate work on the Pinehurst Property, his family member who owned the Pinehurst Property would have a heart attack and die.

## SEX TRAFFICKING

13.   In or about 2014, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, told Female Victim-1 that she should repay the supposed damages she owed to RAY, including for damaging the Pinehurst Property and for poisoning RAY, by working as a prostitute.  This followed several years of sexual grooming by RAY of Female Victim-1 and other Victims, including an occasion while Female Victim-1 and Male Victim-1 were still college students, where RAY directed Female Victim-1 to engage in sex acts with Male Victim-1 while RAY observed.

14.   From in or about 2014 through at least in or about 2018, Female Victim-1 worked as a prostitute at the direction of LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, and RAY obtained the majority of Female Victim-1's proceeds, amounting to over half a million dollars, through force, threats of force, fraud, and coercion, including the following means, among others:

a.    RAY collected sensitive, humiliating, and

8

incriminating material against Female Victim-1, which he later used to coerce Female Victim-1 to engage in continued prostitution.  RAY subjected Female Victim-1 to interrogations and falsely accused Female Victim-1 of poisoning him and his family members and other associates, and of causing him monetary damage, including to the Pinehurst Property.  RAY kept records of Female Victim-1's false confessions, including the Female Victim-1 Confession Video.  RAY saved explicit photographs of Female Victim-1, including photographs RAY had taken, and photographs RAY directed Female Victim-1 to send him.

            b.    RAY threatened to turn Female Victim-1 in to law enforcement, and to bring proof of Female Victim-1's supposed crimes to law enforcement such as the Female Victim-1 Confession Video, if Female Victim-1 did not see a higher volume of prostitution clients and make more payments for the money Female Victim-1 supposedly owed to RAY.

            c.    RAY was physically violent with Female Victim-1.  On one occasion, RAY tied Female Victim-1 to a chair, placed a plastic bag over her head nearly suffocating her, and told Female Victim-1, in substance and in part, to behave and focus on paying him more money.

## MONEY LAUNDERING

        15.    During the time period relevant to this

9

Indictment, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, tried to conceal his criminal activity and the corresponding proceeds. RAY laundered the proceeds of his criminal activity through the bank accounts of others, including some of the Victims, and caused tens of thousands of dollars to be wired to his associates from those bank accounts. RAY also laundered money through an online domain business, where RAY principally bought internet domain names and sold them at a profit. RAY's victims and associates made payments totaling nearly a million dollars toward the upkeep of RAY's domain business, including to pay for new internet domain names purchased by RAY and for the monthly fees associated with hosting RAY's internet domains.

## STATUTORY ALLEGATIONS

### COUNT ONE
(Extortion Conspiracy)

The Grand Jury further charges:

16.     The Grand Jury incorporates the allegations contained in paragraphs 1 through 14 of this Indictment as though fully set forth herein.

17.     From in or about 2011, up to and including at least in or about 2018, in the Southern District of New York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, and others known and unknown, knowingly did combine, conspire,

confederate, and agree together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and would and did thereby obstruct, delay, and affect commerce and the movement of · articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, RAY, and others known and unknown, obtained money from the Victims by force, threats of force, and fear.

(Title 18, United States Code, Section 1951.)

## COUNT TWO
### (Extortion)

The Grand Jury further charges:

18. The Grand Jury incorporates the allegations contained in paragraphs 1 through 14 of this Indictment as though fully set forth herein.

19. From in or about 2011, up to and including at least in or about 2018, in the Southern District of New York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, knowingly did commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, which

11

consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit, RAY obtained money from Female Victim-1 by force, threats of force, and fear.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE
### (Sex Trafficking)

The Grand Jury further charges:

20.    The Grand Jury incorporates the allegations contained in paragraphs 1 through 14 of this Indictment as though fully set forth herein.

21.    From in or about 2011, up to and including at least in or about 2018, in the Southern District of New York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, advertise, and maintain, by any means a person, and did benefit, financially and by receiving anything of value, from participation in a venture which had engaged in such acts, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, as described in Title 18,

12

United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted the same, to wit, RAY recruited, enticed, harbored, provided, obtained, advertised, and maintained Female Victim-1, and caused Female Victim-1 to engage in commercial sex acts, and benefited financially from participation in Female Victim-1's prostitution venture, knowing, and in reckless disregard of the fact, that Female Victim-1 was engaging in commercial sex acts as a result of force, threats of force, fraud, and coercion.

(Title 18, United States Code, Sections 1591 and 2.)

## COUNT FOUR
(Forced Labor)

The Grand Jury further charges:

22. The Grand Jury incorporates the allegations contained in paragraphs 1 through 12 of this Indictment as though fully set forth herein.

23. From at least in or about May 2013 up to and including at least in or about December 2013, in the Southern District of New York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, knowingly did obtain the labor and services of a person by means of (a) force, threats of force, physical restraint and threats of physical restraint to her and one or more other persons, (b) serious harm and threats

13

of serious harm to her and one or more other persons, (c) the abuse and threatened abuse of law and legal process, and (d) one or more schemes, plans and patterns intended to cause her to believe that, if she did not perform such labor and services, she and one or more other persons would suffer serious harm and physical restraint, and a combination of such means, in violation of Title 18, United States Code, Sections 1589(a) and 2, to wit, RAY obtained the physical labor and services of Female Victim-1, Female Victim-2, and Female Victim-3 on the Pinehurst Property through the use of force, threats of force, serious harm and threats of serious harm, the threatened abuse of law or legal process, and schemes intended to cause those Victims to believe that if they did not perform the labor, those Victims and others would suffer serious harm.

(Title 18, United States Code, Sections 1589 and 2.)

### COUNT FIVE
(Forced Labor Trafficking)

The Grand Jury further charges:

24.   The Grand Jury incorporates the allegations, contained in paragraphs 1 through 12 of this Indictment as though fully set forth herein.

25.   From at least in or about May 2013 up to and including at least in or about December 2013, in the Southern District of New York and elsewhere, LAWRENCE RAY, a/k/a

14

"Lawrence Grecco," the defendant, knowingly did recruit, harbor, transport, provide, and obtain by any means, persons for labor and services in violation of Title 18, United States Code, Section 1589(a), and aided and abetted the same, to wit, RAY recruited, harbored, transported, provided and obtained Female Victim-1, Female Victim-2, and Female Victim-3 for labor and services on the Pinehurst Property in violation of Title 18, United States Code, Section 1589(a).

(Title 18, United States Code, Sections 1590 and 2.)

## COUNT SIX
(Forced Labor Conspiracy)

The Grand Jury further charges:

26. The Grand Jury incorporates the allegations contained in paragraphs 1 through 12 of this Indictment as though fully set forth herein.

27. From at least in or about May 2013 up to and including at least in or about December 2013, in the Southern District of New York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate, and agree together and with each other to provide and obtain the labor and services of one and more persons, by means of (a) force, threats of force, physical restraint and threats of physical restraint to her and one or more other persons,

15

(b) serious harm and threats of serious harm to her and one ·or more other persons, (c) the abuse and threatened abuse of law and legal process, and (d) one or more schemes, plans and patterns intended to cause her to believe that, if she did not perform such labor and services, she and one or more other persons would suffer serious harm and physical restraint, and a combination of such means, in violation of Title 18, United States Code, Section 1589(a), to wit, RAY conspired with others to commit forced labor, as described in Count Four of this Indictment.

(Title 18, United States Code, Section 1594.)

COUNT SEVEN
(Use of Interstate Commerce To Promote Unlawful Activity)

The Grand Jury further charges:

28.   The Grand Jury incorporates the allegations contained in paragraphs 1 through 14 of this Indictment as though fully set forth herein.

29.   From at least in or about 2014 up to and including at least in or about 2018, in the Southern District of New York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, did use and cause to be used facilities in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful

16

activity, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely a business enterprise involving prostitution, and aided and abetted the same, to wit, RAY used a cellular phone and the Internet, and traveled in interstate commerce, to promote, manage, and carry on a criminal business engaged in sex trafficking and prostitution, and promoting prostitution, in violation of New York Penal Law Sections 230.00, 230.20, 230.25, 230.30, and 230.32.

(Title 18, United States Code, Sections 1952(a)(3) and 2.)

COUNT EIGHT
(Use of Interstate Commerce To Promote Unlawful Activity)

The Grand Jury further charges:

30.   The Grand Jury incorporates the allegations contained in paragraphs 1 through 14 of this Indictment as though fully set forth herein.

31.   From at least in or about 2011 up to and including at least in or about 2018, in the Southern District of New York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, did use and cause to be used facilities in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion,

17



management, establishment, and carrying on of an unlawful
activity, and thereafter performed and attempted to perform an
act to promote, manage, establish and carry on, and to
facilitate the promotion, management, establishment, and
carrying on of an unlawful activity, namely a business
enterprise involving extortion, and aided and abetted the same,
to wit, RAY used a cellular phone and the Internet, and traveled
in interstate commerce, to promote, manage, and carry on
extortion, in violation of New York Penal Law Sections 155.30(6)
and 20.00.

(Title 18, United States Code, Sections 1952(a)(3) and 2.)

## COUNT NINE
(Money Laundering)

The Grand Jury further charges:

32. The Grand Jury incorporates the allegations
contained in paragraphs 1 through 15 of this Indictment as
though fully set forth herein.

33. From at least in or about 2011 up to and
including at least in or about 2018, in the Southern District of
New York and elsewhere, LAWRENCE RAY, a/k/a "Lawrence Grecco,"
the defendant, knowing that the property involved in certain
financial transactions represented the proceeds of some form of
unlawful activity, conducted and attempted to conduct such
financial transactions, which in fact involved the proceeds of



specified unlawful activity, to wit, (i) extortion, in violation of Title 18, United States Code, Section 1951; and (ii) sex trafficking, in violation of Title 18, United States Code, Section 1591, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State and Federal law. (Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

## FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

34.  As a result of committing the offenses alleged in Counts One and Two of this Indictment, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

## FORFEITURE ALLEGATION AS TO COUNTS THREE, FOUR, FIVE, AND SIX

35.  As a result of committing the offenses alleged in

19



Counts Three, Four, Five, and Six of this Indictment, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594:  (1) any property, real and personal, that was involved in, used or intended to be used to commit or to facilitate the commission of the offenses, and any property traceable to such property; and (2) any property, real and personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, or any property traceable to such property.

FORFEITURE ALLEGATION AS TO COUNT NINE

36.  As a result of committing the offense alleged in Count Nine of this Indictment, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

Substitute Assets Provision

37.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due

20

diligence;

b.   has been transferred or sold to, or deposited
     with, a third person;

c.   has been placed beyond the jurisdiction of the
     Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p); and Title 28 United States

Code, Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the above forfeitable

property.

(Title 18, United States Code, Sections 981 and 982; Title 21,
United States Code, Section 853; and Title 28, United States
Code, Section 2461.)

FOREPERSON

GEOFFREY S. BERMAN *LSP*
United States Attorney

21

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**LAWRENCE RAY,**
**a/k/a "Lawrence Grecco,"**

**Defendant.**

**SEALED**
**INDICTMENT**

20 Cr.

(18 U.S.C. §§ 1951, 1591, 1589, 1590, 1594, 1592, 1956, and 2.)

GEOFFREY S. BERMAN
United States Attorney

**A TRUE BILL**

Foreperson

2/6/2020   Sealed Ind'ctment Filed.
1 arrest warrant
Hon. Sarah Netburn, USMJ