```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :
                                                                       :
                                                                       :
                                                                       :          20-cr-00110 (LJL)
        -v-                                                            :
                                                                       :          ORDER
                                                                       :
LAWRENCE RAY,                                                          :
                                                                       :
                        Defendant.                                     :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __9/14/2020__

LEWIS J. LIMAN, United States District Judge:

The Court has before it competing proposals for an amended protective order. Both proposals incorporate the Court's proposal that a third category of discovery materials be created for materials that may be provided to the defendant and prospective defense witnesses for review outside the presence of counsel but that may not be disclosed to third parties other than those designated by the protective order. They also make explicit what the Government admitted at argument was implicit in the existing protective order: that the defense could apply to the Court for dedesignation of certain protected materials on the grounds that they were improperly designated by the Government. There are two principal differences between the two proposals:

1. The defense proposal, but not the Government proposal, contains definitions for those materials that may be reviewed by the defendant on his own but that may not be disclosed to third parties other than those specifically designated and those materials that may be reviewed by the defendant only in the presence of counsel. Dkt. No. 54-1 ¶ 3. In brief, the Government proposal provides the identical definition for "sensitive disclosure material" (which can be reviewed by the defendant only in the presence of counsel) and "confidential disclosure material" (which can be reviewed by the defendant outside the presence of counsel): "disclosure material [that] contains information that affects the privacy of individuals, and identifies, or could lead to the identification of, witnesses who the Government believes may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, the Government believes will be subject to risk of harm absent the protective considerations set forth herein." Dkt. No. 55-2 ¶ 2. The defense proposal distinguishes between the two categories. "Confidential Disclosure Material" is defined as disclosure material that "contains information that exposes personal information that substantially affects witnesses' privacy." Dkt. No. 54-1 ¶ 3. "Sensitive Disclosure Material" is defined as "information that affects the privacy of individuals, and identifies, or could lead to the identification of, witnesses who the Government believes may be subject to intimidation

   or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, the Government believes will be subject to risk of harm absent the protective considerations set forth herein."   Dkt. No. 54-1 ¶ 2.
2. The Government proposal would have the parties meet and confer concerning the Government's designation of sensitive or confidential disclosure material and permit the defense to seek dedesignation of such material by the Court, but it would require the Government to respond within seven days of a defense filing only with respect to a request to dedesignate sensitive disclosure material. Dkt. No. 55-2 ¶ 8. It does not have a deadline for a request to dedesignate confidential disclosure material.[1] The defense proposal would require a response to both challenges within seven days of the defense filing absent further order of the Court.  Dkt. No. 54-1 ¶ 9.

Upon consideration, the Court concludes the following:
1. Neither the Government proposal nor the defense proposal sufficiently captures the Court's intention. The Government proposal would limit the protection of the protective order to information that could subject a person to intimidation or obstruction or risk of harm without protecting from broad disclosure information that substantially affects the privacy of an individual. It also provides no criteria for the Court to determine whether Disclosure Material is Sensitive or Confidential. The defense proposal addresses the flaws of the Government proposal but has two flaws of its own: the definition of Confidential Disclosure Material accords protection without the need for the Government to show a threat of intimidation or obstruction or risk of harm, but it limits the definition to information "that substantially affects witnesses' privacy". It does not address information that substantially affects the privacy of an individual who may not be a witness. The definition of Sensitive Disclosure Material would leave it entirely to the Government to determine whether disclosure would create a risk of intimidation or obstruction or harm without any requirement that the Government's belief be well founded. It thus could defeat the objective of subjecting the designations to challenge and judicial review. In other respects the definition of Sensitive Disclosure Material provided by both sides is too narrow. Accordingly, the Court will adopt the defense proposal with the following edits: (1) the definition of "Sensitive Disclosure Material" should be amended to reach "information that affects the privacy of individuals, and identifies, or could lead to the identification of, witnesses who the Government **has a well-founded belief** may be subject to intimidation or obstruction, **or** whose lives, persons, and property, as well as the lives, persons and property of loved ones, the Government **has a well-founded belief** will be subject to risk of harm absent the protective considerations set forth herein." and (3) the language "contains information that exposes personal information that substantially affects witnesses' privacy" should be replaced with the language "contains information that exposes personal information that substantially affects the privacy of **an individual**."

---

[1] The Government proposal is also explicit in stating that the Government has the burden of establishing good cause for its designation of disclosure material as sensitive, but it is implicit always that the party who designates disclosure or discovery material under a protective order has the burden of establishing that the material was properly designated if the designation is challenged.   Dkt. No. 55-2 ¶ 8.

2. The differences between paragraph 8 of the Government proposal and paragraph 9 of the defense proposal are minor:  the Court always has the power to set a deadline for a response.  The Court finds it easier to have a default date of seven days for a Government response absent a Court order for both types of challenges but will accord the Government more than seven days for a response upon application by the Government.
3. Finally, paragraph 6 of the Government's proposed protective order should be revised to replace the language "Disclosure material" at the beginning of the first sentence with "Sensitive or confidential disclosure material."

The Government is ordered to submit a proposed amended protective order consistent with this Order by no later than September 18, 2020.

SO ORDERED.

Dated: September 14, 2020
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge