# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

LAWRENCE RAY,
   a/k/a "Lawrence Grecco,"

*Defendant.*

**Protective Order**

**20 Cr. 110 (LJL)**

Upon the application of the United States of America, with the consent of the undersigned defendant and his counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include "sensitive disclosure material" and "confidential disclosure material," as detailed below.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that affects the privacy of individuals, and identifies, or could lead to the identification of, witnesses who the Government has a well-founded belief may be subject to intimidation or obstruction, or whose lives, persons, and property, as well as the lives, persons and property of loved ones, the Government has a well-founded belief will be subject to risk of harm absent the protective considerations set forth herein.

The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Confidential Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "confidential disclosure material," contains information that exposes personal information that substantially affects the privacy of an individual. The Government's designation of material as "confidential disclosure material" will be controlling absent contrary order of the Court.

4. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation. It will also afford the defense prompt access to those materials in unredacted form, which will facilitate the preparation of the defense.

5. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

6. Disclosure material shall be used by the defendant and defense counsel, including any successor counsel ("the defense") as set forth herein, and shall be used by the defense solely for purposes of defending this action in accord with the governing Federal Rules of Criminal Procedure, Local Rules of this Court, and Rules of Professional Conduct. The defense shall not post, or direct anyone else to post, any sensitive or confidential disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose, or direct anyone else to disclose, any sensitive or confidential disclosure material to the media or any third party except as set forth below.

7. Disclosure material may be disclosed by counsel to the following persons (hereinafter "Designated Persons"):

a. The defendant with the following limitations: disclosure material designated by the Government as "sensitive disclosure material" may *not* be disclosed to the defendant outside the presence of counsel and/or paralegals and legal assistants, and if the defendant is detained, he may not retain any paper or electronic copies of sensitive disclosure material in his cell;

b. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorney;

c. other attorneys, including partners and associates, employed by or working with defense counsel;

d. independent expert witnesses, investigators or advisors retained by the defendant's attorney in connection with this action;

e. such other persons as hereafter may be authorized by the Court upon such motion by the defendant; and

f. other prospective witnesses for purposes of defending this action with the following limitations: Defense counsel may provide records containing sensitive disclosure material to other prospective witnesses identified by the defense for review at the offices of defense counsel, or in the presence of defense counsel or paralegals/assistants, or in the presence of the prospective witnesses' counsel or paralegals/assistants for purposes related to this case, provided that such witnesses shall not retain copies of such records.

      g. The defense shall provide a copy of this Order to Designated Persons to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order.

    8. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

    9. If there is a dispute between the parties concerning the Government's designation of certain disclosure material, the parties shall meet and confer without prejudice to a subsequent application by defense counsel seeking dedesignation of such material by the Court. If the defense moves the Court for dedesignation of disputed disclosure material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its designation of the disputed materials.

    10. This Order does not prevent the disclosure of any disclosure material in any motion, hearing, or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and any disclosure material marked as sensitive or confidential should be redacted in any pretrial filings to protect the identities of potential witnesses and/or victims.

## Disclosure and Protection of Seized ESI

    11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media.

12. The Government is authorized to disclose to counsel for the defendant, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

## Retention of Jurisdiction

13. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:
Dated: New York, New York
      September 18   , 2020

                     THE HONORABLE LEWIS J. LIMAN

AGREED AND CONSENTED TO:

 AUDREY STRAUSS
 Acting United States Attorney

by:  /s/ Danielle R. Sassoon           Date:  September 18, 2020
 Danielle R. Sassoon
 Lindsey Keenan/Mollie Bracewell
 Assistant United States Attorneys

                     Date:  September 18, 2020
 Marne Lenox, Esq.
 Counsel for Lawrence Ray

5