```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
UNITED STATES OF AMERICA,                                          :
                                                                   :
                                                                   :
                                                                   :
                                                                   :   20-cr-110 (LJL)
            -v-                                                    :
                                                                   :      ORDER
                                                                   :
LAWRENCE RAY,                                                      :
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2020
```

LEWIS J. LIMAN, United States District Judge:

Defendant Lawrence Ray moves for release from pretrial detention. He argues that the Court should reconsider, pursuant to 18 U.S.C. § 3142(f), the prior rulings in this case ordering pretrial detention and that the Court should permit his temporary release, pursuant to 18 U.S.C. § 3142(i) in order for him to prepare his defense or for other compelling reasons. Dkt. No. 36.

Section 3142(f)(2) of Title 18 provides in pertinent part that a hearing ordering pretrial detention "may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." Section 3142(i) of Title 18 provides in pertinent part that, in the case of a detained defendant, "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."

This is Mr. Ray's third application for release from pretrial detention. On March 9, 2020, Magistrate Judge Kevin N. Fox ordered Mr. Ray's pretrial detention pursuant to 18 U.S.C. § 3142(e) finding that had he not rebutted the presumption under 18 U.S.C. § 3142(e)(3) that, where the charges include sex trafficking and forced labor, there exist no conditions that will reasonably assure the defendant's appearance and the safety of the community. Dkt. No. 9. No appeal was taken. On April 13, 2020, Defendant moved for pretrial release based on the same provisions of Section 3142 that he now invokes. Dkt No. 17. In that motion, he raised similar concerns to those he now raises—the impact of the global pandemic on his personal health and on his ability to prepare a defense. *Id.* On April 16, 2020, the Court denied Mr. Ray's motion finding that he had not rebutted the presumption of risk of flight or danger to the community nor had he established a compelling reason for his release. Dkt. No. 20. With respect to preparation of a defense, the Court noted that it had not yet set a date for motions or trial. *Id*.

The instant motion, filed on August 11, 2020, raised issues that are concerning with respect to Mr. Ray. Dkt No. 36. In-person visits at the Metropolitan Correctional Center ("MCC"), where Mr. Ray is detained, had been suspended since mid-March 2020. *Id*. at 9-11. Counsel had not been able to visit with Mr. Ray since March 11, 2020. *Id*. Although counsel was able to communicate with Mr. Ray by telephone and videoconference, such meetings were difficult to schedule and limited in number and duration. *Id.* at 11. There is a large volume of discovery material in this case and a significant portion of it was designated as sensitive under the form of protective order then operative such that Mr. Ray could review it only in the presence of his counsel. *Id.* at 11-12. As a practical matter, that meant counsel had to share their computer screen with Mr. Ray in order for them to discuss sensitive material with him—an arrangement counsel described as "unworkable." *Id*. at 12. Mr. Ray's ability to review even

non-sensitive disclosure material was severely limited as a result of the fact that there is only one computer in his unit available for inmates to review discovery. *Id*. at 13. At the time of the filing of the motion, trial in this case was scheduled to begin on January 19, 2021. *Id*. at 3.

The Court held a hearing on Mr. Ray's motion on September 4, 2020. Dkt. No. 52. At that hearing, the Court reserved decision on the motion. *Id.* at 5:13-19. However, at the hearing and thereafter, it took certain actions to address at least some of Mr. Ray's concerns with respect to the preparation of a defense. It ordered the protective order to be modified to permit Mr. Ray access to more discovery material outside of the presence of counsel; it indicated that it was prepared to entertain requests that material should be redesignated if it was improperly designated by the Government; it deferred the motion schedule at defendant's request to dates selected by the defendant and adjourned the trial at defendant's request. Defense motion briefs, including discovery issues, are now due October 30, 2020; the Government response is due November 30, 2020, and the defense reply is due on December 14, 2020. The Court will hear the motions on December 18, 2020. Trial is not scheduled to commence until May 10, 2021—a date selected with the consent of the defense. The Government has promised to provide an exhibit list three weeks in advance of trial; the Court has indicated that it may order an exhibit list to be provided earlier and will entertain other discovery motions.

Since the September 4, 2020 conference, the MCC has resumed in-person legal visits. The Government has dedesignated certain discovery material so that the defendant can review it outside of the presence of counsel. The Government represents that it has been providing draft transcripts to the defense. It also represents that it "intends to confer . . . with the defense about other efforts that might assist [defense counsel's] review of the voluminous discovery in this case, including directing their attention to certain salient portions of the discovery." Dkt No. 61

3

at 2.  These efforts are far from failsafe—as of September 25, 2020, defendant had still not received the redesignated discovery material and, when he does so, his ability to review it will still be limited as a result of his limited access to a computer in his unit at the MCC.  Dkt No. 62.

The Court denies the motion for pretrial release.  The information that has arisen since April 13, 2020 (and since the Court's original bail determination) does not change the Court's original assessment that there are no conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  As noted, that information relates largely to the impact of the Covid-19 pandemic on Mr. Ray's health and the preparation of the defense.  For the most part, it does not relate to dangerousness or risk of flight.

Mr. Ray's motion pursuant to 18 U.S.C. § 3142(i) gives the Court greater pause.  By its plain language, the statute appears to give the Court authority and discretion to release a defendant upon a finding that release is necessary to prepare a defense and without making independent findings as to dangerousness of risk of flight (although those factors may be relevant to a determination whether and how to exercise that discretion, *see United States v. Chambers*, No. 20-cr-135, Dkt. No. 70 (S.D.N.Y. Mar. 31, 2020) (recognizing that the risks of flight and safety are relevant to the Section 3142(i) determination)).  The Court originally reserved decision on Mr. Ray's motion out of concern that the challenges of preparing a defense in such a document-heavy case while Mr. Ray was in detention might make it necessary for him to be released.  Since that hearing, however, the Court and the parties have taken action that should be sufficient for Mr. Ray to prepare his defense for a trial that has now been adjourned.  The Court is also hopeful that the Government will take further action to assist the defense in identifying the documents and information necessary for it to prepare the defense.  Accordingly, the Court is

4

not able to make the findings necessary for release under Section 3142(i) and the motion is denied.

    SO ORDERED.

Dated: September 30, 2020
       New York, New York

                                              LEWIS J. LIMAN
                                         United States District Judge