```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
UNITED STATES OF AMERICA,                                          :
                                                                   :
                                                                   :
                                                                   :     20-cr-110 (LJL)
          -v-                                                      :
                                                                   :          ORDER
LAWRENCE RAY,                                                      :
                                                                   :
                       Defendant.                                  :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/6/2020

LEWIS J. LIMAN, United States District Judge:

The Government asks for court intervention in what it claims is a potential violation of Rule 17(c)(3) of the Federal Rules of Criminal Procedure. Dkt. No. 64. Specifically, it states that counsel for a purported victim contacted it to inform it that the defense has served a subpoena for the victim's treatment records. The Government claims the subpoena is in violation of Rule 17(c)(3), which provides that a subpoena of personal or confidential information about a victim may be served on a third party only by court order and that, unless there are exceptional circumstances, the Court—before entering the order—must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

The Court ex parte has previously permitted the defense to serve subpoenas on medical providers by court order under Rule 17. It did so only after determining that there was good cause both for the subpoenas and for the defense proceeding ex parte. It also required the providers to make reasonable efforts to notify the victims before responding to the subpoenas— precisely so that they could move to quash if that was appropriate. (The Court's view was—and

remains—that before the subpoena is authorized and issued there is nothing for a victim to quash).  The Government's letter does not indicate the name of the victim.  However, viewing the Government's letter as a motion to quash, the Government and counsel for the victim may file papers in support of that motion by October 9, 2020.  (Such papers may be filed under seal if the requirements for sealing are satisfied).  The defense shall respond by Wednesday, October 14, 2020.  The Government shall inform the defense of the name of the alleged victim and medical provider at issue and shall also inform the medical provider at issue that it is not to produce the subpoenaed documents to the defense pending a Court order on the motion.  In addition, in an excess of caution, the defense shall suspend any efforts to serve or enforce any similar subpoenas for mental health records pending the Court's decision on the motion to quash.

      SO ORDERED.

Dated: October 6, 2020
      New York, New York

                                        LEWIS J. LIMAN
                                      United States District Judge