```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/13/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :
                                                                       :
                                                                       :    20-cr-110 (LJL)
        -v-                                                            :
                                                                       :    ORDER
                                                                       :
LAWRENCE RAY,                                                          :
                                                                       :
                Defendant.                                             :
                                                                       :
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      The Government has moved to quash Rule 17(c) subpoenas ordered by the Court ex parte in this case. Dkt No. 77. The subject of the subpoenas also has moved to quash. Dkt No. 78. Among other things, the Government argues forcefully that the Court violated Rule 17(c)(3) in its authorization of the subpoenas. Dkt. No. 77. The Court directed defense counsel to add language to the subpoenas that production be made only "upon making reasonable efforts to notify the patient of the subpoena." It did so to ensure that the alleged victims would receive notice and have an opportunity to move to quash before production was made. The Government argues, however, that such language did not comply with Rule 17(c)(3) and was not sufficiently protective of the rights of the subjects of the subpoenas, the putative victims in this case. It argues that the party seeking the subpoena, and not the entity receiving it, must provide notice. Dkt. No. 77 at 7. The Court ordered the defense not to seek to enforce any of the subpoenas directed to victim medical records authorized by the Court on September 24, 2020. The Government argues that such measure is not sufficient; the entity receiving the subpoena will still be forced to comply. The Government also seeks orders requiring the defense to inform it of the subpoena responses it has already received and to advise the Government of any other subpoenas it has served, and requiring the defense to turn over any records it has received from any subpoenas directed to medical records. *Id*. at 12. The defense has not yet had the opportunity to respond to the Government's arguments.

      Upon consideration of the Government's motion, and in order to preserve the status quo pending receipt of the defense's papers in opposition, the Court ORDERS that compliance with the subpoenas identified at Dkt. No. 78-1 as well as all other subpoenas authorized for issuance by the Court's orders of September 18, 2020, be stayed. *See United States v. Crutchfield*, 2014 WL 2569058 (N.D. Cal. June 6, 2014). Defense counsel is ORDERED to inform the recipients of such orders that compliance with the Court's orders has been stayed. Because trial is not scheduled until May 10, 2021, the defense also will suffer no prejudice by a brief stay so the Court can consider the competing arguments.

      The Court denies without prejudice the Government's application to the extent that it seeks orders requiring the defense to inform it of the subpoena responses it has already received and to advise the Government of any other subpoenas it has served. The application is also denied insofar as it requires the defense to turn over any records it has received from any subpoenas of medical records. The Court will consider those applications after it has received a response from defense counsel. The Court does ORDER, however, that the subpoenaed materials be treated as "sensitive" under the protective order in this case pending a determination by the Court whether they were properly subpoenaed.

      SO ORDERED.

Dated: October 13, 2020
      New York, New York

                                           LEWIS J. LIMAN
                                       United States District Judge