


*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 18, 2021

**BY EMAIL AND ECF**

The Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

    Re:    *United States v. Lawrence Ray*, S1 20 Cr. 110 (LJL)

Dear Judge Liman:

    The Government writes in response to the Court's order on July 28, 2021 to respond to two questions pertaining to the defense subpoenas for psychotherapy records and the Government's corresponding motion to quash.

    *First*, the Court asked whether "there is an objection by any party to the Court reviewing *in camera* the records that the defense has subpoenaed." In the Government's view, to the extent the Court determines that the defense subpoenas are improper under Rule 17(c)—which the Government maintains they are—there is no basis for even the Court to receive and review those records in advance of trial. *In camera* review requires at least a threshold showing that the records will yield admissible evidence, which the defense has failed to do here for the reasons previously outlined by the Government. *See United States v. Zolin*, 491 U.S. 554 (1989). As explained in *Zolin*, "[t]here is no reason to permit opponents of the privilege to engage in groundless fishing expeditions, with the district courts as their unwitting (and perhaps unwilling) agents." *Id.* at 571. Because the review of privileged communications "even by the judge alone, in chambers might in some cases jeopardize the security which the privilege is meant to protect," *id.* at 570 (internal quotation marks omitted), *in camera* review should not precede a determination that the subpoenas are proper.

    If, however, the Court approves any pretrial subpoenas for records pertaining to victims' psychotherapy treatment, the Government maintains that the records should not be returnable directly to the defense because the requests implicate the patient-psychotherapist privilege. Counsel for the victim whose records are the subject of the subpoena should have an opportunity to review the records for privileged materials and to present any objections to the Court for review. *See, e.g.*, *In re K.K.*, 756 F.3d 1169 (9th Cir. 2014) ("[G]iven the sensitive nature of the documents sought, production and disclosure of the documents . . . shall initially be limited to the district

court."); *United States v. St. Lawrence*, 16 Cr. 259 (CS) (S.D.N.Y. Dec. 12, 2016), Dkt. No. 61 (directing that "[a]ny party wishing to issue a Rule 17(c) subpoena returnable before trial shall make application to the Court by motion. . . . Assuming the Court finds the subpoena appropriate, the subpoena should be returnable to the Court, not to counsel."); *United States v. Doss*, No. 16 Cr. 845, 2017 WL 4620978, at *2 (D.N.M. Oct. 13, 2017) ("[A]lthough an application may be filed *ex parte* and remain sealed, production of the requested evidence must be made to the court rather than to the requesting party's counsel's office.").

*Second*, the Government is disclosing the following to the defense, and notes that nearly all this information was already provided through discovery and correspondence with the Court:

- ▇▇▇ attempted suicide during the timeframe of the conspiracy. Medical records related to these suicide attempts that the Government has obtained have been produced to the defense.
- When these victims were being treated at the hospital, Ray communicated with the doctors about the victims. Notes about Ray's statements to the doctors, included in the victims' medical records, have been produced in discovery and the Government may seek to introduce these statements at trial.
- Apart from their hospitalizations for attempted suicide, ▇▇▇ sought mental health treatment during the timeframe of the conspiracy. These victims discussed their mental health treatment with Ray.
- Ray communicated directly with some victims' therapists. For example, ▇▇▇ gave consent for Ray to speak to ▇ therapists and Ray did so. Ray participated in a single session of psychotherapy with ▇▇▇. Ray participated in therapy sessions with ▇▇▇, who gave Ray consent to speak to ▇ therapists.

At trial, the Government does not intend to elicit the content or substance of any therapy sessions. To the extent the Government otherwise plans to introduce evidence about Ray's interference with the victims' mental health and treatment, it has not yet determined *how* it will elicit such evidence, whether by witness testimony, documentary evidence, or both. There is therefore still no basis to subpoena victim records for impeachment material when none of these victims is certain to testify at trial.

In light of these disclosures, the Government submits that the Court's second question—about ordering the Government to disclose information about the identity of victims in whose mental health treatment Ray interfered—is moot.

                                Respectfully submitted,

                                AUDREY STRAUSS
                                United States Attorney

                    by: ____/s/ Danielle R. Sassoon_____
                          Mollie Bracewell
                          Lindsey Keenan
                          Danielle R. Sassoon
                          Assistant United States Attorneys
                          (212) 637-2218/1565/1115

CC:    defense counsel