Kramer Levin

Darren LaVerne
Partner
T 212.715.9190
F 212.715.8190
dlaverne@kramerlevin.com

1177 Avenue of the Americas
New York, NY 10036
T 212.715.9100
F 212.715.8000

August 18, 2021

**Via ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *United States v. Lawrence Ray, et al.*, 1:20-CR-110 (LJL)

Dear Judge Liman:

On behalf of non-party Jane Doe, we respectfully submit this letter in response to the two questions posed by the Court during the July 28, 2021 conference in this matter.

I. Whether The Court Should Review *In Camera* The Subpoenaed Records

Ms. Doe respectfully requests that she and her counsel, rather than the Court, be permitted to conduct a privilege review of the subpoenaed records and provide redacted copies to the parties.[1]

While not as intrusive as disclosure of privileged communication to other third parties, *in camera* review of privileged materials nonetheless implicates the concerns underlying the privilege. In the context of the attorney-client privilege, the Supreme Court has said that routine use of *in camera* review is inappropriate because it would among other things, "place the policy of protecting open and legitimate disclosure

---

[1] We continue to object to the production of any records by the subpoenaed entities, as previously argued under Rule 17. As set forth in this letter, if the Court overrules that objection and orders pretrial production of the records, we ask that the records be provided to Ms. Doe in the first instance, to allow her to conduct a privilege review.



between attorneys and clients at undue risk."[2] *United States v. Zolin*, 491 U.S. 554, 571 (1989). The same principle applies with at least equal force to the psychotherapist-patient privilege. *See Greenberg v. Smolka*, No. 03 Civ. 8572 RWS MHD, 2006 WL 1116521, at *11 (S.D.N.Y. Apr. 27, 2006) (declining to conduct *in camera* review of psychotherapist records and noting that "even such an *in camera* process may have untoward consequences for the psychotherapist's relationship with her patient"). Indeed, some courts have gone further, suggesting that *in camera* review of psychotherapist records is never appropriate. *See Newton v. Kemna*, 354 F.3d 776, 783–85 (8th Cir. 2004) (affirming district court's decision to decline *in camera* review of psychiatric records[3]); *United States v. Shrader*, 716 F. Supp. 2d 464, 472 (S.D. W. Va. 2010) ("[T]his court's review of the [psychological records] would itself be a breach of the privilege, and the Court declines to undertake such a breach."); *United States v. Doyle*, 1 F. Supp. 2d 1187, 1191 (D. Or. 1998) ("The court's review of the files would itself be a breach of the privilege.").

       In this case, we respectfully submit that *in camera* review is not appropriate. These records are the most personal of records, reflecting communications between a psychotherapist and her patient. Review of the records by any outside party, even if it is *in camera* by the Court, is an intrusion on the psychotherapist-patient relationship and can chill the open communication critical to the therapeutic process, protected by *Jaffee*. Moreover, there is no need for the Court to review the records to resolve the pending privilege dispute. The dispute turns not on the substance of the

---

[2] In *Zolin*, in the context of a privilege challenge based on the crime-fraud exception, the Court fashioned a standard requiring that the party seeking *in camera* review first make a factual showing adequate to support a good faith belief by a reasonable person that the privileged material may reveal evidence to establish the claim that the crime-fraud exception applies. *Id*. at 572. Once the party has made such a showing, it is in the court's discretion to undertake *in camera* review, weighing, among other things, the volume of documents to be reviewed, and the likelihood that, together with other evidence, the documents will establish that the crime-fraud exception is applicable. *Id*.

[3] In *Newton*, the Eighth Circuit characterized the Supreme Court's decision in *Jaffee* as "disapprov[ing]" of the *in camera* review of psychiatric records. *Id.* at 785. The court went on to hold:
> In light of the sparse and conflicting authority adopting [the habeas corpus petitioner's] position that psychiatric records are discoverable, or subject to an *in camera* examination, when a criminal defendant seeks them to aid in his defense, [the petitioner's] failure to identify even a single federal appellate court adopting this position, and the evident conflict of this position with the Supreme Court's holding in *Jaffee*, we hold that the district court did not abuse its discretion in denying [petitioner's] request that it authorize discovery or conduct an *in camera* review of the psychiatric records.

*Id*. at 785.



records, but on whether the government's positions at trial can or will waive the privilege held by the victims, and whether certain victims, during the course of the charged offenses and while under the defendant's influence, waived the privilege by disclosing information about their treatment to the defendant. The Court does not need to review the records to resolve these disputes.

Finally, there is no reason why Ms. Doe and her counsel, guided by the established parameters of the privilege and the rulings of the Court, should not be entrusted with making good-faith redactions to the records. This is the sort of task that counsel regularly undertakes during litigation concerning attorney-client privileged documents. In light of the nature of the privilege and sensitivity of the records at issue, there is more, not less, reason to permit counsel to do so here.

II. Whether The Court Should Order The Government To Disclose The Identities Of Certain Victims

By redacted letter of earlier today, the government made certain disclosures that appear to moot this issue.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Darren A. LaVerne
Darren A. LaVerne

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: 212.715.9190

cc: Counsel of Record (via ECF)