# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

—————

TELEPHONE:
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3070

E-mail Address
brooke.cucinella@stblaw.com

BY ECF

August 18, 2021

Re: *United States v. Ray*, 20 Cr. 110 (LJL) (S.D.N.Y.)

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

Dear Judge Liman:

We write on behalf of our client, non-party Jane Doe-2, in response to the two questions posed by the Court at the July 28, 2021 status conference.

As an initial matter, we reiterate our client's position that the Court quash any outstanding subpoenas issued by defense counsel, *ex parte*, seeking our client's highly sensitive mental health information. *See* Dkt. No. 102 (Nov. 19, 2020 Letter).

Additionally, it is our understanding that no records have been returned in response to defense counsel's subpoenas, and that the subpoenas themselves only request records that have already been produced by the government in unredacted form during discovery. Accordingly, we address the first question posed by the Court with respect to that limited universe of health records, and request that, if the universe of documents at issue is expanded at any point, Jane Doe-2 be permitted to put in a supplemental response.

In response to the Court's first question, Jane Doe-2 does not object to the Court's *in camera* inspection of the universe of mental health records described above—those that the government produced in discovery, and for which we have previously acknowledged that the defendant attempted to interfere in and control her treatment. Additionally, our client's response to this issue is based on the understanding that the submission of these documents to the Court for *in camera* review does not constitute a waiver of our client's right to assert that the records themselves are privileged. *See United States v. Zolin*, 491 U.S. 554, 568–569

(1989).[1]  We reiterate that her response may be different if discussing a different subset of documents.

In response to the Court's second question, our client does not take a position as to whether the Court should order the Government to provide the identity of the victims it referenced on pages 7–8 of its motion *in limine*, but requests that if any such disclosure is made, it be done so consistent with the protective order in this case.  *See* Dkt. No. 191.

Very truly yours,

*/s/ Brooke Cucinella*
Brooke Cucinella

cc:     All Counsel Of Record (by ECF)

---

[1] We will address, at the upcoming conference, whether Jane Doe-2 will in fact invoke privilege over these records given the defendant's involvement in the treatment reflected in the records at issue.