**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

October 12, 2021

**VIA ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  **United States v. Lawrence Ray**
      **20 Cr. 110 (LJL)**

> The previously scheduled conference for October 19, 2021 at 10:00AM will proceed as a Status Conference. The conference will be held in-person in Courtroom 15C at the 500 Pearl Street Courthouse. The court will address the motion for a continuance or severance and the letters with respect to the motion at the upcoming conference.
>
> 10/12/2021  SO ORDERED.
> LEWIS J. LIMAN
> United States District Judge

Dear Judge Liman:

    We write on behalf of defendant Lawrence Ray in the above-captioned matter in response to the letters of Isabella Pollok and the Government regarding a continuance or severance of the trial in this case. ECF Nos. 220, 221, 223, 229. Specifically, Mr. Ray writes to object to any severance of the trial. The standards for severance under the Federal Rules of Criminal Procedure or the law of the Second Circuit are not satisfied here.

    Federal Rule of Criminal Procedure Rule 8(b) allows joinder of two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The Second Circuit has held that, under Rule 8, "joinder is proper where two or more persons' criminal acts are unified by some substantial identity of facts or participants, or arise out of a common plan or scheme." *United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008) (quotations omitted). Courts should "apply a 'commonsense rule' to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice" to the defendants resulting from the joinder. *Id.* (quotations omitted). Mr. Ray and Ms. Pollock's cases are properly joined.

    As the Second Circuit has noted, "[f]or reasons of economy, convenience and avoidance of delay, there is a preference in the federal system for providing defendants who are indicted together with joint trials." *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003). These public policy considerations favor joint trials where defendants are indicted together and allegedly participated in a common scheme, such as in this case. *United States v. Salameh,* 152 F.3d 88, 115 (2d Cir.1998); *see United States v. Pirro,* 76 F. Supp. 2d 478, 483 (S.D.N.Y.1999) (Parker, J.) (noting that "the cases are legion that there is a strong public interest in joint trials where, as here, the defendants are both charged in the same conspiracy") (collecting cases).

Hon. Lewis J. Liman

Given this strong presumption in favor of joint trials, the Second Circuit has noted that "[t]he principles that guide the district court's consideration of a motion for severance usually counsel denial." *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993); *see also United States v. Panza*, 750 F.2d 1141, 1149 (2d Cir. 1984) (explaining that prejudice must be "sufficiently severe to outweigh the judicial economy that would be realized by avoiding lengthy multiple trials").

      Mr. Ray and his counsel are certainly sympathetic to the concerns expressed by Ms. Pollok's counsel regarding the amount of discovery produced by the Government and the significant difficulties in navigating and reviewing that discovery. Indeed, Mr. Ray and his counsel share exactly these concerns. As Mr. Ray has previously argued, *see* Dkts. 36, 111, the volume of discovery in this case makes it impossible for Mr. Ray to both exercise his right to a speedy trial and review his discovery sufficiently to exercise his due process right to a fair trial. [1] Nonetheless, the law favors a joint trial of Mr. Ray and Ms. Pollock and Mr. Ray objects to a severance of trial. As indicated in Ms. Pollock's letter, Mr. Ray's defense team has been assisting Ms. Pollock's counsel with respect to the discovery and will continue to do so.

      Respectfully submitted,

      /s/

      Marne L. Lenox, Esq.
      Peggy Cross-Goldenberg, Esq.
      Allegra Glashausser, Esq.
      Neil P. Kelly, Esq.

      *Counsel for Lawrence Ray*

cc:    Counsel of record

---

[1] As the Court knows, Mr. Ray filed a motion for bail related to his inability to review this massive quantity of discovery in a timely manner while incarcerated. This remains a problem. Most recently, Mr. Ray has been unable to review discovery for weeks due to his move from MCC to MDC and subsequent quarantine. As Mr. Ray has argued previously, the solution to the problem posed by the mountain of discovery in this case is not to hold him in detention while continuing to move his trial date back, but to release Mr. Ray and allow him to prepare for trial while under home detention. In the event he was released, Mr. Ray would not object to the continuance proposed by Ms. Pollock's lawyers.