# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

November 22, 2021

**Via ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     **United States v. Lawrence Ray**
        **20 Cr. 110 (LJL)**

Dear Judge Liman:

We write in response to the Government's discovery motion of November 18, 2021. (Dkt. 250.) The Government's request that the Court take the extraordinary step of precluding Mr. Ray from raising at trial the defenses that he timely disclosed in accordance with the Court's scheduling orders is both procedurally barred and substantively improper. Accordingly, the Court should deny the Government's motion.

## I.     The Government's Discovery Motion Is Procedurally Barred

As a threshold matter, the Government's discovery motion is procedurally barred by Local Criminal Rule 16.1 for the Southern and Eastern Districts of New York. Local Rule 16.1 provides that:

> No motion addressed to a bill of particulars or any discovery matter shall be heard unless counsel for the moving party files in or simultaneously with the moving papers an affidavit certifying that counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court and has been unable to reach agreement.

The Government has failed to file such an affidavit because the Government has not conferred with defense counsel in good faith to resolve this dispute. Rather, after the defense timely filed its notice pursuant to the Court's scheduling order, the Government sought additional discovery from the defense. When the defense asked the Government to identify the basis of or legal authority supporting its discovery demand, the Government declined to do so. It instead informed the defense that it would "seek clarification from the Court" regarding the parties' differing understandings of the timing and scope of the required disclosures. (Ex. A, Email from D. Sassoon to A. Glashausser et al. (Nov. 17, 2021).) At no point prior to filing its

Hon. Lewis J. Liman

discovery motion did the Government inform the defense that it would ask the Court to preclude Mr. Ray from raising the noticed defenses at trial, if it did not receive the discovery it demanded.

Because the Government has not complied with Local Rule 16.1, its premature discovery motion is procedurally barred and the Court should deny the motion "for that reason alone." *United States v. Ray*, No. 20 Cr. 110 (LJL), Dkt. 201 at 6 n.1 (S.D.N.Y. July 7, 2021); *see, e.g.*, *United States v. Bowen*, No. 18 Cr. 205 (NSR), 2019 WL 2240258, at \*2 (S.D.N.Y. May 23, 2019); *United States v. Palmer*, No. 14 Cr. 788 (NSR), 2015 WL 6459271, at \*5 (S.D.N.Y. Oct. 23, 2015); *United States v. Castro*, No. 08 Cr. 268 (NRB), 2008 WL 5062724, at \*1 (S.D.N.Y. Nov. 25, 2008); *United States v. Minaya,* 395 F. Supp. 2d 28, 32 (S.D.N.Y. 2005).[1]

## II.    The Defense Has Satisfied Rule 12.2(b)

Consistent with the Court's scheduling order (Dkt. 211), and Federal Rule of Criminal Procedure 12.2(b), on November 15, 2021, the defense provided notice to the Government that Mr. Ray intended to offer expert evidence relating to a mental disease, defect, or other mental condition relevant to the issue of guilt. (Dkt. 247.) Under the agreed-upon and so-ordered schedule for the disclosure of experts (Dkts. 219, 237), the defense further intends to disclose the identity of its potential expert witness and the information required by Rule 16(b)(1)(C) (including a summary of the expert's anticipated opinions) on December 6, 2021.

The Government, however, has demanded that the defense immediately disclose, *inter alia*, the specific mental disease, defect, or condition at issue, and the opinion of the defense's anticipated expert witness.[2] Such information is not required by Rule 12.2(b) and the Government cites no controlling authority in support of its discovery demand.

Rule 12.2(b) specifically allows the Court to set timelines for disclosures and provides that such disclosure may be "at any later time the court sets." There was, therefore, nothing problematic with the Court having set a notice date and a separate expert disclosure date, as the defense understood the Court to have done here. Indeed, a multi-step process is common with respect to Rule 12.2(b) disclosures to "balance[]" the notice requirement "with the defendant's Sixth Amendment right not to have his effective assistance of counsel compromised, which could potentially occur if defense counsel were required to reveal strategy or disclose materials." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1238 (D.N.M. 2008) (cited at Dkt. 250 at 2).

Rule 12.2(b) also "does not specify what must be contained in [the] defendant's notice." Wright & Miller, 1A Fed. Prac. & Proc. Crim. § 208, Notice of Expert Evidence on a Mental Condition (5th ed., April 2021). At most, the "limited caselaw" on the subject "suggests" that the

---

[1]    If there were any doubt that the Government's motion is "addressed to . . . any discovery matter" (Local Rule 16.1), the Government makes clear that its request for Court intervention is brought pursuant to, *inter alia*, Federal Rule of Criminal Procedure 16. Dkt. 250 at 2.

[2]    Although the Government has sought "clarification" as to whether Mr. Ray intends to rely on expert evidence (Dkt. 250 at 1; Ex. A), Mr. Ray's notice unambiguously states that Mr. Ray intends "to introduce expert testimony." (Dkt. 247.)

Hon. Lewis J. Liman

defense should disclose the kinds of mental health expert(s) who will be evaluating the defendant, as well as the nature of the tests that the experts are expected to perform. *Id.*; *see, e.g.*, *United States v. Richardson*, No. 08 Cr. 139 (CC), 2010 WL 11665018, at *2 (N.D. Ga. July 12, 2010); *United States v. Johnson*, 362 F. Supp. 2d 1043, 1076–80 (N.D. Iowa 2005), *aff'd in relevant part*, 495 F.3d 951 (8th Cir. 2007). Rule 12.2(b) requires no more. *See Lujan*, 530 F. Supp. 2d at 1238–39 ("The courts that have considered the scope of the requisite notice since the adoption of the 2002 amendments [to Rule 12.2(b)] have generally limited what the notice must include to simply the kinds of mental health professionals who have evaluated the defendant and the specific nature of any testing that the defense experts would perform or have performed."); *United States v. Wilson*, 493 F. Supp. 2d 348, 353 (E.D.N.Y. 2006) ("Disclosure of the kinds of mental health experts the Defendant will call and the nature of the tests these experts will be performing is sufficient to provide meaningful notice in compliance with Rule 12.2. It is unreasonable to require more.").

Although the defense had originally understood the parties to be in agreement (and the Court to have ordered) that Mr. Ray need not make his expert disclosures until December 6, 2021, in an abundance of caution, the defense hereby supplements its November 15, 2021 notice to further disclose that Mr. Ray anticipates introducing expert evidence from a doctor certified by the American Board of Psychiatry and Neurology, who the defense anticipates will reach a diagnosis subsequent to a neuropsychiatric evaluation (including, potentially, an evaluation of delusional thinking) and a review of Mr. Ray's past medical and psychosocial evaluations.

As the Government acknowledged (Dkt. 250 at 1), the parties were operating under differing understandings of the scheduling orders. Consistent with the defense's understanding that such information would be disclosed on December 6, 2021, its potential expert witness has been working diligently to prepare and disclose any expert opinion by that date, and has several upcoming interviews already scheduled through MDC Brooklyn with Mr. Ray before December 6. To the extent the Court finds that additional disclosures under Rule 12.2(b) are required, the defense respectfully requests that—in light of the fact that there are only seven working days between today and December 6, and the fact that, since the schedule for expert disclosures was agreed upon and so-ordered, trial in this matter has already been postponed for two weeks—the Court exercise its authority under Rule 12.2(b) to permit the defense to provide such disclosures on December 6, 2021. Even were the notice itself late, which it was not, this Court could still permit the defense to file a late notice, in its discretion. *See* Fed. R. Crim. P. 12.2(b) ("The court may, for good cause, allow the defendant to file the notice late . . . ."); *id.* Advisory Committee Notes (noting that "[t]he purpose [of Rule 12.2(b)] is to prevent the need for a continuance when such evidence is offered without prior notice"). The Government cites no cases that would condone precluding a valid defense based on a misunderstanding between the parties about the timing of the Rule 12.2 expert disclosure, especially when the difference between the date the Government believed to be the deadline and the date the defense understands it to be is so short.

In any event, the Court should deny the Government's extraordinary request that the Court preclude Mr. Ray's mental disease, defect, or condition defense in its entirety. Rule 12.2(b) only requires disclosure of "expert evidence," and under Rule 12.2(d), the Court may

Hon. Lewis J. Liman

only exclude "expert evidence" on the issue of a defendant's mental disease, defect, or other condition if it finds an extreme violation of Rule 12.2(b). *See Lujan*, 530 F. Supp. 2d at 1239 ("As to the type of evidence, Rule 12.2(b) applies to expert evidence, not lay evidence of a mental condition. Rule 12.2(b) notice thus does not encompass notice of lay evidence of mental condition." (citations omitted)); *Wilson*, 493 F. Supp. at 352–53.

Moreover, the only remedy the Government may even request—the exclusion of proffered expert evidence—is one which the Advisory Committee made clear is available only in extreme circumstances not presented here, where the defense entirely fails to disclose an expert or the expert's opinion. *See* Fed. R. Crim. P. 12.2 Advisory Committee's Notes to 2005 Amendments ("The rule assumes that the sanction of exclusion will result only where there has been a complete failure to disclose the report."); *e.g.*, *United States v. Kim*, 303 F. Supp. 2d 150, 159 (D. Conn. 2004) (excluding under Rule 12.2(b) an expert disclosed by the defense "three days after jury selection, on the eve of trial"). Here, to the extent any additional disclosure is required, the defense can provide it by December 6, 2021, more than two full months before trial. Accordingly, the Government's motion should be denied.

## III.   The Government's Improper Attempt To Strike the Advice of Counsel Defense Should Be Denied

The Government's motion that the Court strike Mr. Ray's advice of counsel defense is similarly premature and substantively improper, and should be denied.

The Government's motion cites and quotes at length numerous cases addressing the question of when, based on the evidence introduced at trial, a defendant may be entitled to a *jury instruction* on an advice of counsel defense. (Dkt. 250 at 3–4.) These cases primarily arose in the context of a court—after having heard the evidence at trial—ruling on whether a jury instruction was appropriate and what that instruction should contain. None of these cases stand for the proposition that the defense must specifically identify for the Government, months before trial, any and all possible evidence that might support such a defense, or "prove" such defense beyond some quantum of evidence satisfactory to the prosecution before the trial even commences.

The "thrust of [the advice-of-counsel defense] is that the defendant, on the basis of counsel's advice, believed his conduct to be lawful and thus could not be found to have had unlawful intent." *United States v. Beech–Nut Nutrition Corp.*, 871 F.2d 1181, 1194 (2d Cir. 1989). Evidence that a defendant relied on the advice of a lawyer may negate the element of *mens rea*. *See United States v. Scully*, 877 F.3d 464, 478 n.6 (2d Cir. 2017) ("Reliance on the advice of counsel, in cases where fraudulent intent is a required element for guilt, is a defense that tends to refute the government's proof of such intent.").

The Second Circuit has "repeatedly recognized a criminal defendant's right to a charge which reflects the defense theory. . . for which there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court." *United States v. Evangelista*, 122 F.3d 112, 116 (2d Cir. 1997) (quotations omitted); *see Scully*, 877 F.3d at 476 (holding that an advice of counsel instruction may be granted if there are "sufficient facts in the record to support the defense"). Once a defendant satisfies this limited burden of production, he bears no burden of

Hon. Lewis J. Liman

proof (including with respect to his mental state), which rests entirely with the Government.[3] *See Patterson v. New York*, 432 U.S. 197, 204–05 (1977); *see Scully*, 877 F.3d at 476–77 ("Once the evidence meets that threshold, it is for the government to carry its burden of proving fraudulent intent beyond a reasonable doubt and for the jury to decide whether that burden was met.").

The Government seeks to prematurely litigate in November 2021 the substantive question of whether Mr. Ray is entitled to an advice of counsel instruction at the jury trial scheduled to commence in late February 2022. It does so under the guise of receiving purportedly insufficient "notice" of Mr. Ray's intention to pursue an advice of counsel defense at trial. The Court should reject this pretextual attempt to force Mr. Ray to disclose his trial strategy months before trial.

As an initial matter, the Government has already been on notice, for months if not years, that Mr. Ray understood certain of his alleged conduct to have been approved by counsel—as the Government itself represented to the Court. *See* Tr. 49:1–2 (Sept. 13, 2021) ("We have learned from at least one witness that Mr. Ray claimed that his attorney had blessed some of his conduct here."). Indeed, this knowledge that the Government already has is very the reason it asked the Court to set a deadline by which Mr. Ray needed to disclose whether he intended to advance an advice of counsel defense. The Government cannot now plead ignorance "of the basic facts" to force Mr. Ray to disclose his defense strategy. (Dkt. 250 at 5.)

The Federal Rules of Criminal Procedure do not require pretrial notice by a defendant who intends to advance an advice of counsel defense at trial. *Cf. United States v. Atias*, No. 14 Cr. 403 (DRH), 20017 WL 563978, at *4 ("[T]he Federal Rules of Criminal Procedure provide for the pretrial notice vis a vis three specifically named, and presumably exhaustive, defenses: alibi (Rule 12.1), insanity (Rule 12.2), and public authority (Rule 12.3). Which is to say, the government has not established that is has a 'right' to pretrial notice as to the [advice of counsel] defense."). Here, in its discretion, the Court set such a pretrial deadline and Mr. Ray provided notice of his intent to pursue such a defense by that date. The Government did not ask for, and the Court did not order Mr. Ray to provide, any additional information. *See* Tr. 48:19–52:2. It is worth noting, as well, that at this juncture—three months before trial, before Mr. Ray has even received the Government's witnesses, exhibits, or 3500 material—the defense has not settled on (and cannot be forced to decide whether it will pursue) its exact defenses at trial. The Government asked to be notified if the defense presently intended to pursue an advice of counsel defense at trial and proffered its understanding that Mr. Ray believed certain alleged conduct was approved by counsel. Mr. Ray provided that notice.

---

[3]   The Government's quotation from the Second Circuit's decision in *United States v. Colasuonno*, that "each requirement must be satisfied," misleadingly implies that each of these elements must be proven to the District Court's satisfaction before such question is presented to the jury. (Dkt. 250 at 4 (quoting 697 F.3d 164, 181 (2d Cir. 2012)). *Colasuonno* was an appeal from a probation violation proceeding in which the District Court acted as the factfinder. Thus, the quoted language from the Second Circuit's opinion reflects what the factfinder (here, the jury) must conclude for an advice of counsel defense to succeed, not what a defendant must "establish" in order to be entitled to a jury instruction.

Hon. Lewis J. Liman

Apparently dissatisfied with having received exactly what it asked for, the Government now demands that the defense provide and identify—three months before trial—each and every potential piece of evidence and witness that might be relevant to an advice of counsel defense. (Dkt. 250 at 4.) To support this demand, the Government claims that "courts routinely order defendants to provide notice of whether they intend to advance such a defense in advance of trial, and, if so, to provide discovery concerning the defense." (Dkt. 250 at 4.) But even the cases the Government cites do not support this broad overstatement, let alone the intrusive and improper discovery demands the Government makes.

In *United States v. Hatfield*, the matter of privilege and advice of counsel arose (and was extensively litigated pretrial) in the context of motions to dismiss the indictment and suppress certain evidence. *See* No. 06 Cr. 550 (JS), 2010 WL 183522 (E.D.N.Y. Jan. 8, 2010). The district court then made highly detailed rulings about what information and individual pieces of evidence were privileged. The court also ordered (without objection) the defendants to make a pretrial disclosure of their intent to pursue an advice of counsel defense, and disclose the documents relating to the defense, specifically because the assertion of such a defense could impact the complicated privilege determinations made by the court. *Id.* at *13. Even in such a complex procedural posture, with broad categories of evidence potentially subject to a privilege waiver, the district court did not order the defense to make its disclosures until *one week* before trial. *Id.*; *see* No. 06 Cr. 550 (JS), Dkt. 773. Far from applying a broadly applicable principle to all cases involving an advice of counsel defense, as the Government implies, *Hatfield* involved a highly case-specific ruling in a trial involving convoluted issues of privilege and legal representation that are not present here.

Similarly, in *United States v. Scali*, the district court ordered the defendant to produce discovery related to an advice of counsel defense approximately *two weeks* before the evidentiary portion of the trial commenced. *See* No. 16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018); No. 16 Cr. 466 (NSR), Dkt. 162. In determining that such disclosure must be made, the *Scali* court, however, relied on caselaw addressing discovery obligations and timing in civil proceedings, in which the constitutional concerns are vastly different and the disclosure regime is governed by significantly different rules and timelines. *See* 2018 WL 461441, at *8; *cf. United States v. Wilkerson*, 388 F. Supp. 3d 969, 972–73 (E.D. Tenn. 2019) (denying request from Government that defendants be forced to notice and disclose materials relating to potential advice of counsel defense, and noting that "despite this *not* being a civil action, the Government's argument relies heavily, almost exclusively, on civil cases. It should go without saying that those cases are inapposite. Because the Government has elected to prosecute this case criminally, it has put Defendants' liberty interests at stake. Doing so implicates a whole host of constitutional concerns that are nonexistent in the civil context."). The Government similarly, and inappositely, relies on civil cases in its motion. (Dkt. 250 at 4.) In any event, even though *Scali* too involved complicated questions of financial transactions and a disputed reliance on the advice of counsel, disclosure was not mandated by the court until much closer to trial.

If the Court finds that any additional disclosure is required, it should follow the procedure and timing adopted by the district court in *United States v. Atias*, and order that, if the defense

6

Hon. Lewis J. Liman

has information that an attorney provided legal advice to Mr. Ray regarding a charged offense, the defense advise the Court and the Government and provide a proffer of such evidence 24 hours before calling such witness at trial, so that the Court can rule on any objection from the Government to such evidence. *See* No. 14 Cr. 403 (DRH), 2017 WL 563978, at *3–4 (E.D.N.Y. Feb. 10, 2017). As the *Atias* court found, rejecting a similar request from the Government, such notice is sufficient for the Court to resolve any objections regarding an advice of counsel defense being improperly raised during the course of the jury trial. *See id.* at *4 (rejecting Government's argument that it was entitled to notice of an advice of counsel defense including "all communications that touch on the relevant subject matter" and details as to "which attorney said what, where and when").

The Government's demand that Mr. Ray identify each and every potential piece of evidence and witness(es) relevant to a potential advice of counsel defense, three months before trial, is particularly brazen in light of the Government's position concerns its disclosure obligations. The Government has repeatedly refused to identify for the defense the *Brady* and *Giglio* material, or evidence the Government intends to introduce in its case in chief, from among the equivalent of more than 750 million pages of disclosure material contained within the Government's production, until a few weeks before trial. The Government has also refused to disclose its trial witnesses any earlier than one month before trial. Indeed, the Government has even refused to identify (or "de-anonymize") *Brady* witnesses until a few weeks before trial.

Given this record, it would be particularly inappropriate to require *Mr. Ray*—who bears no burden of proof—to provide to the Government, months before trial, a specific recounting of any and all potential evidence the defense might rely upon to establish a defense, and force Mr. Ray to "prove" before any evidence is elicited at trial whether he is entitled to an advice of counsel jury instruction. Courts "should not *ad hoc* invent new ways to coerce criminal defendants to assist the government in their prosecution—absent compelling reason to do so." *Wilkerson*, 388 F. Supp. 3d at 974–75; *see id.* at 973 (noting that the Federal Rules of Criminal Procedure do "not require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the state" (quotations omitted)).

The Government's overreach is reflected by its demand that Mr. Ray be ordered to identify the "bases, scope, and to which specific counts he believes" an advice of counsel defense might apply. In a similar situation, in *United States v. Meredith*, the district court rejected a request by the Government "to have the defendant disclose the charges to which he contends the reliance on advice of counsel defense applies" because "[s]uch disclosure would require the defendant to reveal his trial strategy pretrial." No. 12 Cr. 143 (CRS), 2014 WL 897373, at *1 (W.D. Ky. Mar. 6, 2014). The Court similarly denied the Government's request for "disclosure of the identities of attorneys who the defendant intends to call as witnesses at trial" because such request was tantamount to a demand for "a witness list from the defendant," which the defendant was not required to provide. *Id.*

Similarly, the court in *Wilkerson* denied a request by the Government that the defendants be required to notice and disclose materials relating to a potential advice of counsel defense in

Hon. Lewis J. Liman

advance of trial. 388 F. Supp. 3d 969. In a particularly apposite opinion, the court rejected the Government's attempt to undermine the constitutional protections afforded a criminal defendant and force the defendants to reveal their trial strategy before the Government was put to its obligation to prove its own case beyond a reasonable doubt:

> The next presumption underlying the Government's motion is that if Defendants are going to present an advice of counsel defense, that they ought to be required to make up their minds and tell everyone sometime ahead of trial. But other than a seemingly arbitrary, unspecified sentiment about when a proper defense must be formulated, the Court does not know why a criminal defendant must decide what defense (if any) to pursue in advance of trial or risk losing the option altogether.

> The Defendants here, for example, could wait and decide what defenses to raise once they see what evidence the Government presents at trial. Or perhaps they believe the Government is, in any event, unable to put on a case that will survive a motion for a directed verdict. If that is the case, it would be untenable—and, most likely, unconstitutional—to require Defendants to turn over potential evidence (most of which is currently privileged) to the Government or risk forfeiting a defense. The source of that concept, whatever it might be, is fundamentally foreign to the adversarial system of criminal justice contemplated by the United States Constitution.

*Id.* at 975.

Finally, the Government has already seized and is in possession of every electronic communication and device, and the written materials of Mr. Ray, from the relevant period. As the defense informed the Government, the defense is not presently aware of possessing any additional materials relevant to the advice of counsel defense. If the defense identifies any relevant material, it will disclose such material to the Government on a schedule set by Court, but in any event should not be compelled to do so until much closer to trial, and at the earliest not before the Government discloses its witnesses, exhibits, and produces its 3500 material. *See Atias*, 2017 WL 563978, at *4 ("Those two circumstances, viz., the government's possession of all relevant documents and defense proffers as to expected testimony should, as a practical matter, satisfactorily ameliorate the prosecution's valid concerns under the attendant circumstances."). The defense can disclose that the attorney from whom Mr. Ray received the legal advice at issue was Glenn Ripa. No additional information need be disclosed at this time.

Respectfully submitted,

*/s/*

Marne L. Lenox, Esq.
Peggy Cross-Goldenberg, Esq.
Allegra Glashausser, Esq.
Neil P. Kelly, Esq.

*Counsel for Lawrence Ray*

8

Hon. Lewis J. Liman


cc:      Counsel of record