**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

January 5, 2022

<u>Via ECF</u>

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    <u>United States v. Lawrence Ray</u>
       20 Cr. 110 (LJL)

Dear Judge Liman:

  We write in response to the Government's letter motion of earlier today. Dkt. 276. The Court should deny the Government's request for reconsideration of the Court's November 22, 2021 order because the Government has not satisfied the Local Criminal Rules or applicable standards for motions for reconsideration. To ensure fundamental fairness and for the reasons identified in its November 22, 2021 order, the Court should also reject the Government's most recent attempt to rewrite the Federal Rules of Criminal Procedure and invert the parties' respective burdens at, and in advance of, the upcoming trial. *See* Dkt. 257.

**I.     Background**

  On November 18, 2021, "by letter motion, the Government complain[ed]" that the defense's notice of its intention to introduce expert testimony relating to mental disease, defect, or other mental condition and its intention to rely on an advice of counsel defense was insufficient, and sought various forms of relief from the Court. Dkt. 257 at 2. With respect to Mr. Ray's potential mental disease or defect defense, the Government requested, "pursuant to Rule 16(b)," that the Court order Mr. Ray "to produce any such materials on which he intends to rely" and "preclude introduction of such material if the defendant does not comply with his discovery obligations." Dkt. 250 at 2. In addition, the Government asked the Court to order the defense to provide "(i) written notice of any alleged advice-of-counsel defense, including its bases, scope, and to which specific counts he believes it applies, and (ii) any discovery materials in support of this defense, to the extent not already in the Government's possession." *Id.* at 5. The Government further demanded that the Court convene a preliminary hearing, in advance of trial and the introduction of any evidence, at which the defense was to be required to "establish" that it was even allowed to pursue an advice of counsel defense at trial. *Id.* at 5–7.

  In its November 22 order, with respect to the Government's demand for additional discovery relating to the potential mental disease, defect, or condition defense, the Court noted

Hon. Lewis J. Liman

that the Federal Rules of Criminal Procedure only require "the defense to disclose to the government 'the results and reports of any examination on mental condition conducted by the defendant's expert about which the defendant intends to introduce expert evidence' '[a]fter disclosure under Rule 12.2(c)(2)' of the government's examination." Dkt. 257 at 4 (quoting Fed. R. Cr. P. 12.2(c)(3)). The Court further noted that "Rule 16(b)(1)(C) requires the defense, at the government's request, to provide the government 'a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 706 of the Federal Rules of Evidence as evidence at trial *if* . . . (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.'" *Id.* at 5 (quoting Fed. R. Cr. P. 16(b)(1) (emphasis added)). The Court ordered the defense to provide additional information regarding the specific tests its expert planned to administer to Mr. Ray (information that the defense promptly provided the Government), but otherwise denied the Government's demands. *Id.* at 7–8 & n.3 (denying Government's request for "the alleged mental disease/defect, whether the defense would be relying on an expert opinion or report, and the name of any expert and the nature of his/her opinion," noting that "the very cases upon which the government relies" established that the government was not entitled to this information).

With respect to the Government's demand that the defense provide an extensive list of additional information and discovery related to the potential advice of counsel defense, the Court held that "the government is not entitled to either the names of the attorneys whom Ray intends to call as witness[es] or upon whose advice he intends to rely, and the government is not entitled at the pretrial stage to be informed of the charges to which Ray intends to assert an advice-of-counsel defense." *Id.* at 11. The Court noted that "[p]retrial, the government argued vigorously that Ray is not entitled to the names of the witnesses the government intends to present to support its case-in-chief and to meet the elements of the offenses charged in the indictment. . . . The government has lesser entitlement to require the defense to disclose the witnesses it would call to negate the government's proof." *Id.* at 12. The Court ordered the defense to produce or identify any non-privileged documents concerning the potential advice of counsel defense (which the defense did), but denied the Government's demand that the defense disclose any privileged documents before either (1) "the defense's unequivocal assertion of the advice of counsel defense," or (2) "the close of the government's case-in-chief." *Id.* at 13.

In response to the government's arguments about the prejudice it would suffer if required to wait until trial for this information, the Court explained that "to require Ray to now, months before trial, choose between (1) waiving the privilege and disclosing all of his communications with counsel and (2) being barred from later relying on an advice-of-counsel defense to negate the government's proof, would impermissibly burden the attorney-client privilege. No jury has been impaneled and the government has not opened, much less offered evidence that would support a jury verdict in its favor and require the defense to answer its allegations." *Id.* at 15. Specifically, the Court noted that the purported prejudice to the government from a later disclosure of materials relating to the advice of counsel defense was minimal. *See id.* at 15–16. Moreover, the Court (quoting the Second Circuit) observed that "federal civil and criminal procedure are different," and "criminal proceedings have no extensive discovery . . . procedures

Hon. Lewis J. Liman

requiring both sides to lay their evidentiary cards on the table before trial.'" Dkt. 257 at 14 n.5 (quoting *United States v. Sampson*, 898 F.3d 270, 280 (2d Cir. 2018)).

"For the same reasons," with respect to the preliminary hearing at which the Government demanded Mr. Ray "establish" his entitlement to an advice of counsel defense, the Court ruled that it would wait to determine whether the defense could pursue such a defense "until after the earlier of the unequivocal assertion of the privilege by defense or the close of the government's case." *Id.* at 17. The Court also noted that the Government's argument that the Court should convene a pretrial evidentiary hearing to determine whether a potential defense fails as a matter of law relied on cases that that "involved defenses of duress and necessity," which are not at issue here. *Id.* at 16 n.6.

On December 6, 2021, the defense withdrew its notice of intent to introduce evidence of a mental disease, defect, or other mental condition. Dkt. 265-1.

In its most recent letter motion, the Government renews its requests that the Court (1) order the defense to disclose additional material regarding Mr. Ray's "mental condition or an advice-of-counsel defense," and (2) preclude the defense from pursuing an advice-of-counsel defense (including cross-examining witnesses called by the Government) unless the defense "satisf[ies] the legal elements of an advice-of-counsel defense" before trial. Dkt. 276 at 6.

## II.   The Government's Motion for Reconsideration Is Barred

As a threshold matter, the Government's motion should be denied because the Government has not complied with the Local Rules regarding motions for reconsideration, nor has it satisfied the governing standards for such applications.[1]

Although the Government does not style its application as a motion for reconsideration, its letter motion recycles the same arguments and seeks the much of the same relief as its November 18, 2021 application. Indeed, although it buries such acknowledgment in a footnote, the Government concedes that its most recent request is a renewal of its previously denied application, acknowledging that "its original motion" was denied and thanking the Court for "the opportunity" to raise additional arguments. Dkt. 276 at 5 n.3.

But as the Second Circuit has made clear, "[a] motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories, or otherwise taking a second bite at the apple.'" *United States v. Sanchez*, No. 08 Cr. 789 (RJS), 2020 WL 4742915, at *1 (S.D.N.Y. July 6, 2020) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). Rather, "the standard for reconsideration is strict," and "a motion for reconsideration 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Only if the moving party can point to "major grounds

---

[1]   The Government has also (again) not complied with Local Criminal Rule 16.1. *See United States v. Ray*, No. 20 Cr. 110 (LJL), Dkt. 201 at 6 n.1 (S.D.N.Y. July 7, 2021).

Hon. Lewis J. Liman

justifying reconsideration" such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" will such motions be entertained. Although the Government might "appreciate the opportunity" to make new arguments while relitigating others, it has not pointed to any intervening change of law or new evidence that was not available to it when it made its November 18, 2021 application.

Moreover, under Local Criminal Rule 49.1 for the Southern and Eastern Districts of New York, a party needs to file a motion for reconsideration of a court's decision within 14 days, absent "good cause" being shown by way of one of the above grounds for reconsideration. *United States v. Valdez*, No. 20 Cr. 115 (ALC), 2021 WL 5920829, at *1 (S.D.N.Y. Dec. 15, 2021). More than six weeks have passed since the Court's November 22, 2021 order, and the Government has not identified any intervening change in the law or newly discovered evidence. Its *sub rosa* motion for reconsideration should be denied outright.

### III. The Court Should Deny the Government's Motion for the Reasons Cited in the November 22, 2021 Order and To Ensure Fundamental Fairness

The Government's application should also be denied for the reasons the Court articulated in its November 22, 2021 order, as well as those stated by the defense in its November 22, 2021 submission (Dkt. 254). If granted, the Government's requests—which demand that Mr. Ray essentially identify his exhibits and prove his defenses before the Government discloses its exhibits or witnesses, or elicits any testimony or evidence at trial—would result in an improper inversion of the parties' burdens and a fundamentally unfair trial.

The defense has complied fully with the Court's November 22, 2021 order. The Court has set a schedule for the determination of whether Mr. Ray may pursue an advice of counsel defense, and the defense has been preparing for trial pursuant to that schedule. The defense also promptly informed the Government once it no longer intended to pursue a defense of mental disease, defect, or condition, and withdrew its notice under Rule 12.2(b). As explained in more detail in the defense's opposition to the Government's motion to exclude Dr. Joseph Pierre (Dkt. 278), the defense does not intend to offer expert testimony under Rule 12.2(b). Accordingly, it is not required at this time to provide any additional discovery pursuant to Rule 16 regarding this withdrawn defense. *See* Dkt. 276 at 5 (noting that Rule 12.2(b) and Rule 16(b)(1)(C) work in conjunction, and the latter requires the defense to provide a written summary of the expert's opinion "*if the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition*" (emphasis added)).

The Government's most recent filing ignores the extensive caselaw cited in the defense's opposition to the Government's November 18, 2021 request, which made plain that reliance on advice of counsel is not an "affirmative defense" that must be "proved" pretrial, but instead, "in cases where fraudulent intent is a required element for guilt, is a defense that tends to refute the government's proof of such intent." *United States v. Scully*, 877 F.3d 464, 478 n.6 (2d Cir. 2017); *see* Dkt. 254 at 4–8. As such, the Government is "foreclosed from shifting the burden of proof to the defendant," and must disprove this defense beyond a reasonable doubt. *Smith v. United States*, 568 U.S. 106, 110 (2013); *see Scully*, 877 F.3d at 476–78.

Hon. Lewis J. Liman

As previously noted, the Second Circuit has "repeatedly recognized a criminal defendant's right to a charge which reflects the defense theory. . . for which there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court." *United States v. Evangelista*, 122 F.3d 112, 116 (2d Cir. 1997) (quotations omitted); *see Scully*, 877 F.3d at 476 (holding that an advice of counsel instruction may be granted if there are "sufficient facts in the record to support the defense"). Once a defendant satisfies this limited burden of production, he bears no burden of proof, which rests entirely with the Government. *See Patterson v. New York*, 432 U.S. 197, 204–05 (1977); *Scully*, 877 F.3d at 476–77 ("Once the evidence meets that threshold, it is for the government to carry its burden of proving fraudulent intent beyond a reasonable doubt and for the jury to decide whether that burden was met.").

The Government's re-styled demand that Mr. Ray identify every piece of evidence relevant to the potential advice of counsel defense, in advance of trial, is particularly inappropriate given the Government's position concerning its own disclosure obligations—as the Court itself has observed. *See* Dkt. 257 at 12. The Government has refused to identify or provide, until shortly before trial, the *Brady* and *Giglio* material, or evidence it intends to introduce in its case in chief, from among the equivalent of more than 750 million pages of its disclosure material; its trial witnesses; potential *Brady* witnesses; or what is likely to be a voluminous amount of 3500 material.

Again, given this record, it would be fundamentally unfair to require *Mr. Ray*—who bears no burden of proof—to provide, in advance of trial, a specific recounting of all potential evidence the defense might rely upon to establish an advice of counsel defense, and force Mr. Ray to establish before any evidence is elicited at trial whether he may pursue such a defense. It would be similarly inappropriate to require Mr. Ray to identify (from the discovery *the Government produced* to the defense) materials the defense might rely upon at trial for purposes other than impeachment of Government witnesses. Courts "should not *ad hoc* invent new ways to coerce criminal defendants to assist the government in their prosecution—absent compelling reason to do so." *United States v. Wilkerson*, 388 F. Supp. 3d 969, 974–75 (E.D. Tenn. 2019). The Court's November 22, 2021 ruling carefully weighed the relevant considerations and set forth a schedule for litigating a potential advice of counsel defense. Because the Government has cited no new authorities that overrule the Court's decision, its motion should be denied.

                                          Respectfully submitted,

                                          */s/*

                                        Marne L. Lenox, Esq.
                                        Peggy Cross-Goldenberg, Esq.
                                        Allegra Glashausser, Esq.
                                        Neil P. Kelly, Esq.

                                        *Counsel for Lawrence Ray*

cc:       Counsel of record