

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 7, 2022

**BY ECF**
The Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

    Re:    *United States v. Lawrence Ray*, S2 20 Cr. 110 (LJL)

Dear Judge Liman:

    As defense counsel notes, the Government objects to conducting a *Daubert* hearing remotely. While we are sensitive to the challenges presented by COVID, including at the MDC, conducting a hearing that includes witness testimony and cross-examination in a remote format will pose real difficulties, especially when questioning Dr. Andrew Pierre about documents he reviewed or his 3500 materials. At this point, the defense's concerns about cancellation of the hearing are speculative, especially when courts in the District are moving ahead with other scheduled proceedings, and even trials. The defense has indicated the witness's reluctance to travel, but the Government should have an opportunity to conduct in-person cross examination of the person selected by the defense as a potential trial expert. This is a concern that the defendant well understands; the defense objected to a remote suppression hearing, which was then conducted in person on the Government's consent. (*See* Dkt. 121-122).

    The Government also writes to follow up on questions that arose during yesterday's argument on expert testimony in the above captioned case. Particularly given the confusion that defense counsel expressed during her rebuttal argument, the Government wants to make clear— consistent with its briefing—that Mr. Petersohn's testimony is relevant to, and being offered to show, *both* 1) the proximity of the identified cellphones to each other at particular dates and times, and 2) the locations of particular cell towers to which the identified cellphones connected at particular dates and times as approximations of the cellphones' location. *See* Dkt. 265 at 15-18 (outlining Mr. Petersohn's expected testimony about how he is able to make such location approximations).

    In addition, the Government wishes to offer the following clarification with respect to the proposed testimony of Dr. Pleus. As the Government will delineate more fully in its forthcoming brief regarding the proposed defense expert Dr. Pierre, the Government does not believe it is required to prove that the defendant knew that the confessions he elicited from his victims were false for the jury to find the defendant guilty of the charged crimes. Dr. Pleus's testimony is nonetheless highly probative. The Government expects the defense to attack the victims' credibility, including by cross examining the victims about their prior confessions to poisoning the defendant. Dr. Pleus's testimony will thus corroborate the victims' expected testimony that their confessions to poisoning the defendant were false. Moreover, Dr. Pleus's testimony is relevant to clarify any potential confusion that might arise from evidence of the defendant's medical records (which show elevated mercury levels), or evidence that the defendant showed these medical records to his victims and others. Finally, if the defendant is permitted to argue that he believed

January 7, 2022
Page 2

he was poisoned, the Government should be permitted to rebut the existence of that belief and the reasonableness of any such belief, including by demonstrating that the defendant was not in fact harmed by the victims.[1]

                                                Respectfully submitted,

                                                DAMIAN WILLIAMS
                                                United States Attorney

                                By:    /s/_____
                                                Mollie Bracewell
                                                Lindsey Keenan
                                                Danielle R. Sassoon
                                                Assistant United States Attorneys
                                                (212) 637-2218 / 1565 / 1115

---

[1] To the extent this testimony thus relates indirectly to intent, this theory of relevance does not likewise support the admission of Dr. Pierre's testimony, which is subject to the more demanding standard of admissibility that applies to mental health testimony. *See United States v. Dupre*, 339 F. Supp. 2d 534, 539 (S.D.N.Y. 2004) (Cote, J.) ("Given that defendants are not foreclosed from presenting mental disease evidence towards the *mens rea* element of a charged offense, it is necessary to identify whether any elements of the charged offenses require the Government to prove intent in a way that could be meaningfully refuted by the type of mental disease evidence [the defendant] seeks to present.").