

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

February 4, 2022

**BY ECF**

The Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

     Re:    *United States v. Lawrence Ray*, S2 20 Cr. 110 (LJL)

Dear Judge Liman:

     By letter motion earlier today, defense counsel requested a conference regarding a substitution of counsel and represented that the attorney-client relationship has irreparably broken down. The Court has set an in-person conference on Monday, February 7, 2022, at 10:00 a.m. Given the proximity to trial, the Government respectfully requests that at the upcoming conference the Court conduct an inquiry into the nature of the defendant's dissatisfaction with defense counsel to determine whether this is indeed a complete breakdown of communication, or something short of that which would not require substitution, such as a delay tactic. The Government sets forth pertinent law below.

     While a district court "may not compel [a] defendant to proceed with incompetent counsel," "the right to counsel of one's choice is not absolute" and "a trial court may require a defendant to proceed to trial with counsel not of defendant's choosing." *United States v. Schmidt*, 105 F.3d 82, 89 (2d Cir. 2007). The right to effective assistance of counsel "does not . . . guarantee a 'meaningful relationship' between the defendant and his counsel." *United States v. John Doe #1*, 272 F.3d 116, 122 (2d Cir. 2001).

     "[W]here a defendant voices a seemingly substantial complaint about counsel, the court should inquire into the reasons for dissatisfaction." *McKee v. Harris*, 649 F.2d 927, 933 (2d Cir. 1981) (internal quotation marks omitted). However, the mere expression of dissatisfaction with counsel's trial performance is not a "substantial complaint." *United States v. Hsu*, 669 F.3d 112, 123 (2d Cir. 2012). Moreover, "if the reasons proffered [for the proposed substitution] are insubstantial and the defendant receives competent representation from counsel, a court's failure to inquire sufficiently or to inquire at all constitutes harmless error." *John Doe #1*, 272 F.3d at 123.

     The Second Circuit has cautioned district judges to be "vigilant that requests for appointment of a new attorney on the eve of trial (do not) become a vehicle for achieving delay." *United States v. Carroll*, 510 F.2d 507, 510-11 (2d Cir. 1975); *see also United States v. Todisco*,

February 4, 2022
Page 2

667 F.2d 255, 261 (2d Cir. 1981) ("We repeatedly have expressed our concern that district courts be wary of eleventh hour requests for new counsel."); *McKee*, 649 F.2d at 931 ("[C]ertain restraints must be put on the reassignment of counsel lest the right be manipulated so as to obstruct the orderly procedure of the courts or to interfere with the fair administration of justice").  Because a district court has "a great deal of latitude in scheduling trials [it] need not grant a continuance so that a defendant may be represented by counsel of his choosing, where such a continuance would cause significant delay." *United States v. Griffiths*, 750 F.3d 237, 242 (2d Cir. 2014).  "In determining whether to allow a defendant to retain new counsel, the court must consider the risks and problems associated with the delay, and whether substitutions would disrupt the proceedings and the administration of justice." *United States v. Brumer*, 528 F.3d 157, 160 (2d Cir. 2008) (internal quotation marks and ellipsis omitted).

The Second Circuit reviews a district court's denial of a motion to substitute counsel for abuse of discretion, *John Doe #1*, 272 F.3d at 122, and considers four factors in evaluating whether a district court abused its discretion in denying a motion for appointment of new counsel: (1) whether defendant's motion requesting new counsel was "timely"; (2) whether the "trial court adequately inquired into the matter"; (3) "whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense"; and (4) "whether the defendant substantially and unjustifiably contributed to the breakdown in communication." *Id.* at 122-23.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/ _____
Mollie Bracewell
Lindsey Keenan
Danielle R. Sassoon
Assistant United States Attorneys
(212) 637-2218 / 1565 / 1115