```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :
        -v-                                                    :
                                                               :       20-cr-110 (LJL)
LAWRENCE RAY,                                                  :
                                                               :            ORDER
                        Defendant.                             :
                                                               :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   2/7/2022

LEWIS J. LIMAN, United States District Judge:

At today's conference, the defense requested the Court issue an order requiring the Government to amend its bill of particulars to identify the persons it contends are the co-conspirators referred to in the indictment. The Government agreed to identify the persons whose statements during the course of the alleged conspiracy it contends constitute co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E) and those persons who are not part of the Government's affirmative case but did things to carry out the aims of the defendants and who therefore may have criminal exposure and criminal culpability. At this time, there is some uncertainty whether trial will be able to proceed as scheduled on March 8, 2022. The defense motion is granted in part and denied in part.

The Court previously addressed the defense's argument for a bill of particulars identifying co-conspirators. See *United States v. Ray*, 2021 WL 3168250 (S.D.N.Y. July 27, 2021). The Court held that defendants were not entitled to particulars regarding the identification of co-conspirators. *Id.* at *6. The Court declines to reconsider that ruling now. The purpose of a bill of particulars is to ensure that defendant may "conduct a meaningfully directed investigation of the relevant facts and circumstances and be prepared to respond to the charges." *Id.* (quoting *United States v. Bin Laden*, 92 F. Supp. 2d 225, 235 (S.D.N.Y. 2000)). In the Court's judgment, as a matter of the fair and efficient administration of justice, the defense also is entitled to the names of the persons whose statements the Government intends to offer as co-conspirator statements. The Government has moved in limine for the introduction of co-conspirator statements. Without such information, the defense would not be well-positioned to respond to the motion. On the other hand, "[i]t is not the function of a bill of particulars to allow defendants to preview the evidence or theory of the government's case." *United States v. Gibson*, 175 F. Supp.2d 532, 537 (S.D.N.Y. 2001).

The Government argues that it has identified certain of the persons whom it claims to be co-conspirators (and whose statements will be offered as in furtherance of the conspiracies alleged in the indictment). It also argues, however, that it does not want its limitation of the witnesses whose statements will be offered as co-conspirators to be held against it; it wants to be

able to argue that others whom it has not identified in advance are co-conspirators based on their testimony or the evidence as it develops at trial.  The Court finds that argument to be well-founded.  The defense is entitled to information regarding the nature of the charges pending against him and the information it needs to investigate the case.  It has received ample evidence in the form of the indictment itself as well as in the Government's Rule 16 disclosures and in the prior answers to the request for a bill of particulars.  It is not entitled to the details of the Government's evidence, a copy of the Government's opening statement or its closing statement in advance, or to—in advance—bind the Government further to whom it will later characterize as a co-conspirator.

The Court orders the Government to provide to the defense by Thursday, February 10, 2022, a list of all persons whose statements it intends to offer as co-conspirator statements, including also whether it contends that such persons are co-conspirators who acted in furtherance of the conspiracy.  The list should also include those persons who are not part of the Government's affirmative case but did things to carry out the aims of the defendants and who therefore may have criminal exposure and criminal culpability.  The defense request is otherwise denied.

SO ORDERED.

Dated: February 7, 2022
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge