**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

February 9, 2022

**VIA ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Lawrence Ray**
      **20 Cr. 110 (LJL)**

Dear Judge Liman:

    We understand that, at a conference scheduled for Thursday, February 10, 2022, the Court intends to question Mr. Ray and his counsel about the nature of the attorney-client relationship breakdown that has prompted Mr. Ray to request alternative counsel.[1] We are writing to the Court in advance of that conference to respond respectfully to the Court's indication that – depending on the outcome of Thursday's inquiry – it would consider appointing a CJA panel lawyer to work in conjunction with the Federal Defenders on this case. While we are unsure what this proposal would entail, if the Court finds that the relationship between Mr. Ray and his current counsel has irreparably broken down, adding a CJA lawyer would not ameliorate these problems or protect Mr. Ray's Sixth Amendment right to counsel. Instead, a hybrid representation by new attorneys and attorneys with whom Mr. Ray has expressed an attorney-client breakdown would result in a disjointed, ineffective defense.

    Effective communication between lawyer and client is the backbone of the Sixth Amendment right to the effective assistance of counsel. Counsel "function[s] as assistant to the defendant," which includes the duty "to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see, e.g. Missouri v. Frye*, 566 U.S. 134,

---

[1] [redacted]

Hon. Lewis J. Liman

145 (2012) ("defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused"); *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010) ("the duty to give correct advice [about immigration consequences] is equally clear"). Effective communication requires a discussion of trial strategy and the client's objectives in the case. *E.g., McCoy v. Louisiana*, 138 S. Ct. 1500, 1509 (2018) ("Counsel, in any case, must still develop a trial strategy and discuss it with her client…"); ABA Model Rules of Professional Conduct, Rule 1.4: Communications (the duty of communication includes "consult[ing]" with client about the "means by which the client's objectives are to be accomplished," and explaining the matters to "permit the client to make informed decisions regarding the representation"). New counsel is necessary when a conflict between the defendant and his attorney is so great that it results in a "total lack of communication preventing an adequate defense." *United States v. John Doe No. 1*, 272 F.3d 116, 122 (2d Cir. 2001).

The right to effective assistance of counsel also entails a relationship of trust between attorney and client. Thus, "[w]here a criminal defendant has, with legitimate reason, completely lost trust in his attorney, and the trial court refuses to remove the attorney, the defendant is constructively denied counsel." *Daniels v. Woodford*, 428 F.3d 1181, 1198 (9th Cir. 2005). To "compel one charged with a ... crime to undergo trial with the assistance of an attorney with whom [she] has become embroiled in irreconcilable conflict is to deprive [her] of the effective assistance of counsel...." *United States v. Jafari*, 24 F. Supp. 3d 291, 294 (W.D.N.Y. 2014) (quoting *Brown v. Craven,* 424 F.2d 1166, 1170 (9th Cir.1970)) (relieving counsel due to "irreconcilable differences," even though court found motion untimely).

We expect Mr. Ray to tell the Court on Thursday that he has lost trust and confidence in his lawyers, that there is a fundamental disagreement about how to proceed with the defense at trial, and that these problems have caused communications to breakdown. Given these circumstances, we cannot effectively continue to represent him at trial.

Mr. Ray's case does not appear to be similar to the situation in *Colotti v. United States*, No. 04 CR 1110-01, 2011 WL 6778475, at *21 (S.D.N.Y. Dec. 21, 2011), which was mentioned at Monday's conference. In *Colotti*, there was no breakdown in communications between the defendant and his lawyer that resulted in a request from the defendant for new counsel. Rather, Defendant DiPietro was unable to continue paying his retained lawyer, so, with the consent of the defendant and both counsel, the court assigned CJA counsel, while also "requir[ing] [retained counsel] to continue to represent DiPietro until [new counsel] was ready to represent DiPietro without him." *Id.* Later, "with the consent of the defendant and both counsel, [retained counsel] was excused from attending the trial until such time as [new counsel] requested his assistance." *Id.* Of course, if relieved as counsel, the Federal Defenders would be available and willing to assist any new counsel in preparing to represent Mr. Ray at trial. Because Mr. Ray has legitimately lost trust and confidence in our representation, we would be unable to continue effectively representing him.

We also note that the circumstances surrounding Mr. Ray's request for new counsel are significantly different in two respects from the cases cited by the government in their letter, Dkt. 343. First, this is Mr. Ray's first request for new counsel. *Cf. United States v. Brumer*, 528 F.3d

Hon. Lewis J. Liman

157, 160 (2d Cir. 2008) (defendant sought to replace "his sixth attorney with a seventh," six years after the indictment, and four years after pleading guilty); *John Doe No. 1*, 272 F.3d at 119 (request to substitute third lawyer); *United States v. Carroll*, 510 F.2d 507 (2d Cir. 1975) (request to replace third lawyer). Second, Mr. Ray's motion was submitted over a month before the start of trial, only 3 weeks after the second superseding indictment was filed, and before the 3500 deadline. *Cf. John Doe No. 1*, 272 F.3d at 119 (request for new counsel "days before jury selection"); *McKee v. Harris*, 649 F.2d 927, 929 (2d Cir. 1981) (request for new counsel on the "second day of jury selection"); *Carroll*, 510 F.2d at 510 (request for new counsel seven days before trial). *See also United States v. Griffiths*, 750 F.3d 237, 241 (2d Cir. 2014) (mid-trial substitution of counsel due to medical necessity). Thus, Mr. Ray's motion is not repetitive and should not be denied as untimely. Alternatively, to the extent the Court does find the motion untimely, the blame for this should fall to counsel rather than Mr. Ray. Mr. Ray expressed his desire to request new counsel weeks ago, just after the *Daubert* hearing and before being arraigned on the second superseding indictment. Rather than file this request immediately, counsel attempted unsuccessfully to repair the relationship. Counsel spoke to Mr. Ray again yesterday and he remains firm in his position. There is a fundamental disagreement about how to proceed with the defense at trial.

In addition, it is important to note that the breakdown in the attorney-client relationship is not one that Mr. Ray induced. On the contrary, there are significant external causes that led to the breakdown. Mr. Ray's relationship with his counsel is based on time-limited telephone and video conferences; he has rarely seen counsel in person. As the Court saw at the *Daubert* hearing, the audio connection is often inadequate, particularly as Mr. Ray is also hard of hearing. The tension caused by these external circumstances, which are completely out of Mr. Ray's control, led to the deterioration of the attorney-client relationship. As explained in the defense's previous letter, this breakdown in communication has now reached the point where it "[will] prevent[ ] an adequate defense." *See John Doe No. 1*, 272 F.3d at 122.

Accordingly, we respectfully reiterate our concerns and request that new counsel be appointed to represent Mr. Ray in this matter.

Respectfully submitted,

/s/

Marne L. Lenox, Esq.
Peggy Cross-Goldenberg, Esq.
Allegra Glashausser, Esq.
Neil P. Kelly, Esq.

*Counsel for Lawrence Ray*

cc:   Counsel of record

3