Brittney L. Denley
212 378 7528
bdenley@@steptoe.com

**Steptoe**

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

February 10, 2022

**VIA CM/ECF**
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      *Re: USA v. Ray 1:20-cr-00110-LJL*
      *Defendant's Motion for Substitution of Counsel and Potential Trial Delay*

Dear Judge Liman,

      On behalf of non-party, John Doe 1 ("Client"), we respectfully submit this letter in response to the Court's February 9, 2022 Order ("Order") (ECF No. 351) concerning Defendant Lawrence Ray's ("Defendant Ray") pending motion for substitution of counsel.

      As set forth in the Court's Order, pursuant to the Crime Victims' Rights Act (CVRA), a crime victim has the "right to proceedings free from unreasonable delay." 18 U.S.C. §3771(a)(7). While we recognize the Court's need to balance the parties' interests, we likewise request that the Court conduct a thorough inquiry as to the nature of the breakdown of Defendant Ray's relationship with his counsel, and oppose any delay that would be granted for the Defendant's mere convenience. *See* ECF No. 352*; see also United States v. Turner*, 367 F. Supp. 2d 319, 334 (E.D.N.Y. 2005) ("The Senate sponsors of the CVRA were explicit in their view that the statutory right to proceedings free from unreasonable delay neither 'curtail[s] the Government's need for reasonable time to organize and prosecute its case' nor 'infringe[s] on the defendant's due process right to prepare a defense.' *See* Senate Debate at S4268-69 (statement of Sen. Kyl). On the other hand[,] delays for other reasons, particularly 'for the mere convenience of the parties,' must take into account the victim's countervailing interest in a speedy trial. *Id.* at S4269 (statement of Sen. Kyl)"); *see also*, *United States v. John Doe No. 1*, 272 F.3d 116 (2d Cir.2001) (setting forth the Second Circuit four-part test to evaluate whether a district court abused its discretion in denying a motion to substitute counsel: (1) whether defendant made a timely motion requesting new counsel; (2) whether the trial court adequately inquired into the matter; (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense; and (4) whether the defendant substantially and unjustifiably contributed to the breakdown in communication).

Hon. Lewis J. Liman
February 10, 2022
Page 2 of 2



     Delaying Defendant Ray's trial will only serve to prolong our Client's emotionally taxing preparation for trial and will impede his ability to move on and recover from the devastating influence Defendant Ray had on him for over a decade of his life and the lingering impacts that affect him still. *See United States v. Kopp*, No. 00-CR-189A, 2007 WL 1747165, at *3 (W.D.N.Y. June 18, 2007) (denying the defendant's motion for substitution of counsel at sentencing on murder charges, based, in part, on the right of the victim's family under the CVRA to a prompt disposition of the case in which the killing of the victim occurred over eight years prior).

     We thank the Court for its consideration.

                                                                         Respectfully submitted,

*/s/ B. Denley*

Ryan P. Poscablo
Brittney L. Denley
Steptoe & Johnson LLP
1114 Avenue of the Americas
New York, NY  10036
212.506.3900
rposcablo@steptoe.com
bdenley@steptoe.com

Sandra L. Musumeci
Riley Safer Holmes & Cancila LLP
136 Madison Avenue, 6th Floor
New York, New York 10016
212.660.1000
smusumeci@rshc-law.com