# Kramer Levin

Darren LaVerne  
Partner  
T 212.715.9190  
F 212.715.8190  
dlaverne@kramerlevin.com

1177 Avenue of the Americas  
New York, NY 10036  
T 212.715.9100  
F 212.715.8000

February 14, 2022

**Via ECF**

The Honorable Lewis J. Liman  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

Re:   <u>United States v. Lawrence Ray, et al.</u>, 1:20-CR-110 (LJL)

Dear Judge Liman:

      We respectfully submit this letter on behalf of non-party Jane Doe 1 in response to the Court's February 8, 2022 decision (Dkt. No. 345), which gave Ms. Doe leave to provide more information regarding the redactions relating to communications with an insurance case manager reflected in Ms. Doe's New York Presbyterian Hospital records.

      Per the Court's direction, we have removed certain redactions from portions of the relevant communications, as reflected in the revised records and log provided to the Court and parties today. We respectfully submit that the portions that remain redacted are subject to the psychotherapist-patient privilege.

      The redacted information appears to reflect the substance of information Ms. Doe communicated to mental health professionals at the Post-Graduate Center for Mental Health (where she received out-patient mental health treatment prior to her admission to NY Presbyterian), which was then communicated by the Center to Ms. Doe's insurance case manager at a provider known as Healthfirst.[1] The LinkedIn profile of the listed case manager (which confirms that she was in fact a case manager at Healthfirst during the relevant period), indicates that she was a licensed clinical social worker.[2] According to the profile, as a case manager, she "[a]ssessed members for safety

---

[1] At the time, Ms. Doe was insured through Medicaid, but her benefits were managed by Healthfirst through its Medicaid Managed Care Plan.

[2] Indeed, Healthfirst requires that its case managers be licensed. *E.g.*, Healthfirst, *Case Manager, UM, Behavioral Health – 100% remote*, https://careers.healthfirst.org/us/en/job/R012329/Case-Manager-UM-Behavioral-Health-100-remote (last visited Feb. 14, 2022) ("Minimum qualifications: RN, LPN, LMSW, LMHC, LMFT and/or LCSW.").

February 14, 2022



and identified barriers to meeting treatment and physical wellness goals" and helped "ensure members medical and psychiatric needs were being addressed during inpatient admissions," among other things. Healthfirst's policies provide the following additional information regarding the role of its case management team in patient care:

> Members are screened for care management to receive case management and/or care coordination by the Healthfirst interdisciplinary care team. Care Managers and Care Coordinators will work with members and their families, PCPs, other attending providers, facilities, and other service providers to assess, plan, coordinate, monitor, and evaluate the member's level of function and to support and empower the member in their healthcare decisions to improve their quality of life. After an initial assessment, care plans are developed that include interventions to educate, monitor, and evaluate both the member's and the caregiver's ability to maintain their optimal level of function and wellness in the community...The member's care plan is an organized map of problems, goals, and interventions that are managed proactively with the member and their interdisciplinary care team to meet the individual needs of the member. The Healthfirst Care Management Team provides ongoing care management services when there is an identified need for case management and/or care coordination. Healthfirst is committed to increasing the quality of life and decreasing mortality and morbidity in all members through a dedicated care/case management approach.

Healthfirst, *New York Provider Manual*, 79 (2022), https://assets.healthfirst.org/pdf_9432a72611d0176a1f6a5503a1d88d94?v=0214210521. The policies further indicate that "[m]edical information about Healthfirst members must be released to Healthfirst upon request." *Id.* at 19.

      Accordingly, the case manager was a mental health professional who played a substantive role in coordinating and overseeing Ms. Doe's treatment. Like Ms. Doe's other healthcare providers, Healthfirst was required to keep her information confidential pursuant to HIPAA. *Id.* at 43; *see also* Healthfirst, *Medicaid Managed Care Member Handbook*, 31-35 (2022), https://assets.healthfirst.org/pdf_9295b32a72cf6a64afdf30ca3921915f?_ga=2.69356563.2065386011.1644869686-1052975988.1635792633&v=0214211753. Under these circumstances, otherwise privileged information communicated to the case manager in connection with Ms. Doe's treatment should remain privileged. Particularly given that Ms. Doe was on Medicaid and had no other resources with which to pay for mental health treatment, the involvement of the Healthfirst case manager was as necessary to Ms. Doe's treatment as that of any other mental health professional. Ms. Doe should not be deemed to have waived privilege simply because she was indigent and required the involvement of an insurer in order to receive the appropriate mental health treatment. Such a result would not be just or consistent with the reasoning of *Jaffee*.

February 14, 2022



      Based on this additional information, as well as on the case law and arguments set forth in our January 18, 2022 Letter (Dkt. No. 296), we respectfully submit that redactions at issue are warranted.

                                         Respectfully submitted,

                                         /s/ Darren A. LaVerne
                                         Darren A. LaVerne

                                         KRAMER LEVIN NAFTALIS & FRANKEL LLP
                                         1177 Avenue of the Americas
                                         New York, NY  10036
                                         Telephone:  212.715.9190

cc:      Counsel of Record (via ECF)