**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

February 18, 2022

**VIA ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **United States v. Lawrence Ray**
**20 Cr. 110 (LJL)**

Dear Judge Liman:

We write as defense counsel for Lawrence Ray to request that the Court order the MDC to allow Mr. Ray to access his laptop and case materials in his cell over the weekend. We reached out to the government for its assistance in securing the MDC's compliance with the Court's February 3, 2022 Order and the government suggested we raise the issue with the Court. We also request that the Court be updated weekly on Mr. Ray's ability to access his computer so it can issue necessary additional orders.

On February 3, 2022, the Court granted, in substantial part, our requests that Mr. Ray have additional access to his laptop and case materials in his cell and that he be produced to the Courthouse for in-person meetings with his defense team in the weeks leading up to trial. The Court ordered that Mr. Ray have a minimum of 3 hours of access to his laptop each weekday and a total of 21 hours of access each week. The Court also ordered that Mr. Ray be produced to the Courthouse one day per week for meetings with defense counsel.

Mr. Ray's ability to prepare for trial and participate in his defense already is significantly behind schedule. He did not receive the 3500 material until Monday February 14. He still has not received the government's exhibits or exhibit list. This week, Mr. Ray has been able to access his laptop for approximately 14 hours, seven hours less than required by the Court's order. He was produced to the Courthouse today for his weekly meeting with defense counsel, so did not have access to his laptop today. In consequence, defense counsel reached out to the government yesterday for assistance in facilitating Mr. Ray's access to his laptop over the weekend in order to comply with the 21 hours per week ordered by the Court. In response, the government reported the MDC's position that it was in compliance with the Court's order and did not intend to give him access to his laptop over the weekend. In support, the government transmitted a document, attached as Exhibit A, purporting to reflect Mr. Ray's access to his laptop from 8:00-3:30 on ten different days.

Hon. Lewis J. Liman                                                                                   February 18, 2022
**Re:     United States v. Lawrence Ray, 20 Cr. 110 (LJL)**                                    Page 2

      The document purporting to show Mr. Ray's access to his laptop is demonstrably false. It indicates that Mr. Ray had access to his laptop from 8:00-3:30 on Monday February 7. As the Court and the government know, Mr. Ray was in the hospital on February 7, having been transported there from the MDC after suffering a seizure while awaiting transport to court. The document indicates that Mr. Ray had access to his laptop on Thursday February 10. Again, as the Court and the government know, Mr. Ray was in court for the substitution of counsel proceedings on February 10, not in his cell at the MDC reviewing his case materials on his laptop. The document indicates that Mr. Ray had access to his laptop from 8:00-3:30 on Friday February 11. He did not. He was again at the Courthouse at 500 Pearl Street, meeting with defense counsel.[1]

      There are other inaccuracies in the document as well. It indicates Mr. Ray had access to his laptop during at least three occasions (February 8, February 15, and February 17) when Mr. Ray was on a telephone or video conference with his counsel, not in his cell with his laptop.

      The hurdles that have interfered with Mr. Ray's ability to assist defense counsel and participate in his defense have been many. The Court recognized this and took steps to ameliorate the situation in its February 3 Order. Unfortunately, it has not been enough. The defense respectfully requests that the Court specifically order the MDC to provide Mr. Ray access for a minimum of 3 hours per day, 7 days per week, and that it require the government to submit to the Court, by 10:00 am each Friday before trial, documentation of the actual time Mr. Ray was able to access case materials on his laptop so the Court can issue any necessary follow-up orders.

      There is no making up for the time Mr. Ray has lost due to the pandemic and other BOP lockdowns. The government has indicated that it intends to offer more than 1,200 exhibits at trial, an almost impossible amount of material for counsel to review with Mr. Ray even in the best of circumstances. That the MDC would offer a demonstrably false document in support of its assertion that it had complied with the Court's February 3 Order, rather than providing Mr. Ray with the required access, simply underscores the lack of concern the BOP has demonstrated for Mr. Ray's rights to participate in his defense and prepare for trial. The defense submits that complying with the orders requested in this letter is the bare minimum that should be expected at this point.

---

[1] The Court made clear that Mr. Ray's visits with counsel were to be in addition to his 21 hours of access to his laptop in his cell.

Hon. Lewis J. Liman  February 18, 2022
**Re:    United States v. Lawrence Ray, 20 Cr. 110 (LJL)**  Page 3

Thank you for your consideration of this matter.

                                            Respectfully submitted,

                                                      /s/

                                            Marne L. Lenox, Esq.
                                            Peggy Cross-Goldenberg, Esq.
                                            Allegra Glashausser, Esq.
                                            Neil Kelly, Esq.

                                            *Counsel for Lawrence Ray*

cc:     AUSA Danielle R. Sassoon, Esq.
       AUSA Lindsey Keenan, Esq.
       AUSA Mollie Bracewell, Esq.

# Exhibit A

Lawrence Ray, Reg. 58374-053

| Date | | Sign In | Sign out |
|---|---|---|---|
| February 1, 2022 | Tues | 8:00 | 3:30 |
| February 2, 2022 | Wed | | |
| February 3, 2022 | Thur | | |
| February 4, 2022 | Fri. | | |
| February 5, 2022 | | | |
| February 6, 2022 | | | |
| February 7, 2022 | Mon | 8:00 | 3:30 |
| February 8, 2022 | Tue | 8:00 | 3:30 |
| February 9, 2022 | Wed | 8:00 | 3:30 |
| February 10, 2022 | Thur | 8:00 | 3:30 |
| February 11, 2022 | Fri | 8:00 | 3:30 |
| February 12, 2022 | | | |
| February 13, 2022 | | | |
| February 14, 2022 | Mon | 8:00 | 3:30 |
| February 15, 2022 | Tue | 8:00 | 3:30 |
| February 16, 2022 | Wed | 8:00 | 3:30 |
| February 17, 2022 | Thur | 8:00 | 3:30 |
| February 18, 2022 | Fri. | | |
| February 19, 2022 | | | |
| February 21, 2022 | | | |
| February 22, 2022 | | | |
| February 23, 2022 | | | |