UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– v. –

LAWRENCE RAY,
   a/k/a "Lawrence Grecco,"

                Defendant.

S2 20 Cr. 110 (LJL)

---

# THE GOVERNMENT'S PROPOSED
# <u>VOIR DIRE</u>

 

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Mollie Bracewell
Lindsey Keenan
Danielle Sassoon
Assistant United States Attorneys
   – *Of Counsel* –

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– v. –<br><br>LAWRENCE RAY,<br>  a/k/a "Lawrence Grecco,"<br><br>                    Defendant. | S2 20 Cr. 110 (LJL) |

The Government requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

**A. Summary of the Case**

1. This is a criminal case against Lawrence Ray, the defendant. We are about to select from among you the jurors who will sit in this case. Both sides are entitled to know something about the people who sit as jurors. The law provides this procedure to ensure that both the Government and the defendant receives the fairest possible trial. For this reason, I am going to ask you certain questions. It is vital that you provide truthful answers to these questions. They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.

        2.       The defendant has been charged with committing certain federal crimes in an Indictment returned by a grand jury sitting in this District.

        3.       The Indictment itself is not evidence.  It simply contains the charges that the Government is required to prove beyond a reasonable doubt.  The defendant has pleaded not guilty to those charges and he is presumed to be innocent.  That presumption of innocence remains with him now, and throughout the trial.  The presumption of innocence is removed only if, at the conclusion of the case, after you have heard all the evidence and arguments and my instructions on the law, you decide the Government has proven the defendant's guilt beyond a reasonable doubt.

        4.       There are a number of separate charges, or "counts," contained in the Indictment.  I would like to summarize the charges in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury.  The Indictment contains Seventeen Counts that you are going to consider.

        5.       Count One charges that from at least in or about 2010, up to and including in or about 2020, RAY conspired, or agreed, with others to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise, through a pattern of racketeering activity, which pattern of racketeering activity included multiple acts involving extortion, sex trafficking, forced labor, forced labor trafficking, the use of interstate commerce to promote unlawful activity, money laundering, witness tampering, and obstruction of justice, in violation of the Racketeer Influenced and Corrupt Organizations Act, often called the RICO statute.

        6.       Count Two charges that from at least in or about 2011, up to and including in or about 2019, Ray and others conspired to commit extortion by using force and threats of force.

7. Count Three charges that from at least in or about 2011, up to and including in or about 2019, Ray and others committed extortion by using force and threats of force.

8. Count Four charges that from at least in or about 2011, up to and including in or about 2019, Ray committed sex trafficking by force, threats of force, or coercion.

9. Count Five charges that from at least in or about 2011, up to and including in or about 2019, Ray conspired with others to commit sex trafficking by force, threats of force, or coercion.

10. Count Six charges that from at least in or about May 2013, to at least in or about December 2013, Ray obtained forced labor from multiple victims.

11. Count Seven charges that from at least in or about May 2013, to at least in or about December 2013, Ray trafficked multiple victims for the purpose of obtaining their forced labor.

12. Count Eight charges that from at least in or about May 2013, to at least in or about December 2013, Ray and others conspired to obtain forced labor from multiple victims.

13. Count Nine charges that from at least in or about 2014, to at least in or about 2019, Ray used facilities of interstate commerce, and traveled in interstate commerce, to promote, manage, and carry on a criminal business engaged in sex trafficking and prostitution.

14. Count Ten charges that from at least in or about 2011, to at least in or about 2019, Ray used facilities of interstate commerce, and traveled in interstate commerce, to promote, manage, and carry extortion.

15. Count Eleven charges that from at least in or about 2011, to at least in or about 2019, Ray and others laundered the proceeds of extortion and sex trafficking.

16. Counts Twelve through Sixteen charge that Ray committed tax evasion in 2015, 2016, 2017, 2018, and 2019.

17. Count Seventeen charges that on or about October 16, 2018, at a hotel in Manhattan, Ray committed an assault with a dangerous weapon, at least in part to gain entrance to, and maintain and increase his position in an enterprise engaged in racketeering activity.

B. **Parties and Counsel**

18. The defendant in this case is Lawrence Ray. *[Please ask the defendant to stand]*. Do any of you know, or have you had any dealings, directly or indirectly, with Mr. Ray, or with any relative, friend or associate of Mr. Ray? To your knowledge, do any of your relatives, friends, associates, or employers know Mr. Ray?

19. Mr. Ray is represented by Marne Lenox, Peggy Cross-Goldenberg, Allegra Glasshauser, and Neil Kelly of the Federal Defenders of New York. [*Please ask counsel to stand.*] Do any of you know Ms. Lenox, Ms. Cross-Goldenberg, Ms. Glasshauser, or Mr. Kelly? Have you or your family members or close friends had any dealings either directly or indirectly with defense counsel, or any lawyer at the Federal Defenders? They will be assisted by Larissa Archondo, a paralegal. Have you or your family members or close friends had any dealings either directly or indirectly with Ms. Archondo?

20. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Damian Williams. The conduct of the trial will be in the immediate charge of Assistant United

States Attorneys Mollie Bracewell, Lindsey Keenan, and Danielle Sassoon. [*Please ask the Government attorneys to stand*.] Do any of you know Mr. Williams, Ms. Bracewell, Ms. Keenan, or Ms. Sassoon? Have you or your family members or close friends had any dealings either directly or indirectly with them? The Assistant United States Attorneys will also be assisted in this case by Claudia Hernandez, a paralegal specialist. [*Please ask Ms. Hernandez to stand*.] Have you or your family members or close friends had any dealings either directly or indirectly with Ms. Hernandez?

### C.      Witnesses and Locations

21.    I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case:

[*The parties will provide the Court with a list of names of individuals before trial*.]

22.    Do any of you know any of these people? Have you had any dealings either directly or indirectly with any of these individuals?

23.    I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case:

[*The parties will provide the Court with a list of names of individuals before trial*.]

24.    Are any of you familiar with these locations? If so, how? Is there anything about your familiarity with or knowledge of these locations that could affect your ability to be fair and impartial in this case?

### D.      Nature of the Charges

25.    This case involves alleged racketeering activity, extortion, sex trafficking, forced labor, money laundering, and tax evasion, among other things. Is there anything about this type of case—including that it involves allegations of violence—that would make you

hesitate to sit on this jury?   Is there anything about the nature of these charges that would cause you to be unable to render a fair and impartial verdict in this case? Would the fact that allegations against the defendant involve these types of crimes make you more likely to find them guilty?

26. Do you have any opinion about the law concerning racketeering activity that might prevent you from being fair and impartial in this case?

27. Do you have any opinion about the tax laws that might prevent you from being fair and impartial in this case?

E. **Relationship with Government and Others**

28. Do any of you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office, the Federal Bureau of Investigation, or the New York City Police Department, also known as "NYPD," or the Internal Revenue Service, also known as the "IRS"?

29. Are you, or is any member of your family or a close friend, employed by any law enforcement agency, whether federal, state, or local?

30. Have you, or any member of your family or a close friend, ever been employed by any law enforcement agency?

31. Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice or other feelings for or against the United States Attorney's Office?   For or against the FBI?   For or against the NYPD?   For or against any IRS?   For or against any other law enforcement agency?

32. Have you, or has any member of your family or a close friend, either as an individual or in the course of business, ever been a party to any legal action or dispute with the

7

United States, or with any of the officers, departments, agencies, or employees of the United States, or any of the departments, agencies, or employees of the United States, including the Internal Revenue Service?

33. Have you or any member of your family or any close friend ever had any education or training, applied or worked for, or volunteered in, any area of criminal defense, such as a public defender office, a law office, or a private investigation firm? If yes, please describe the training, job and the type of office and, if other than yourself, state the person's relationship to you.

### F.     Experience as a Witness, Defendant, or Crime Victim

34. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a legislative committee, governmental agency, or licensing authority?

35. Have you, or any of your relatives or close friends, ever been questioned in any matter by a federal, state, or local law enforcement agency?

36. Have you, or any of your relatives or close friends, ever been a witness or a complainant in any federal, state, or local prosecution?

37. Are you, or any of your relatives or close friends, now under subpoena or, to your knowledge, about to be subpoenaed, in any criminal case?

38. Have you, or have any of your relatives, associates or close friends, ever been charged with a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of the charges.*]

39. Have you, or have any of your relatives, associates or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any legislative committee or other governmental agency? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of the investigation.*]

40. Have you, or any of your relatives or close friends, ever been a victim of a crime?   [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.*]

41. Have you, or any of your relatives or close friends, had any experience with law enforcement that you think may affect your ability to render a fair verdict?   [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the law enforcement agents.*]

G. **Prior Jury Service**

42. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court?   If so, when and where did you serve?

43. Have you ever served as a juror in any court?   If so, when, and in what court did you serve, and was it a civil or criminal case?   What was the nature of the case? Without saying what it was, did the jury reach a verdict?

H. **Law Enforcement Witnesses**

44. The Government witnesses in this case may include law enforcement officers.   Would any of you be more likely to believe a witness merely because he or she is a

member of a law enforcement agency? Would any of you be less likely to believe a witness merely because he or she is member of a law enforcement agency?

45. Does anyone have any personal feelings or experiences concerning law enforcement witnesses, that would in any way affect their ability to be fair and impartial in this case?

46. You may hear evidence that other individuals, in addition to the defendant, were involved in the alleged crimes. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial from that fact. You may also not speculate as to the reason why other persons are not on trial in this case. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

### I.  Investigative Techniques

47. Would any of you be unable to follow the Court's instructions that the Government is not required to use any particular technique in order to investigate evidence of a crime?

48. You will hear testimony in this case that law enforcement officers recovered certain evidence during searches, including electronic devices such as tablets or phones. You will also hear testimony that law enforcement officers later searched the electronic devices and recovered evidence from them. Similarly, you will hear testimony in this case that law enforcement officers recovered certain evidence from cellular telephone records and searches of email or social media accounts. These searches were perfectly legal. Do any of you have

any feelings about such searches by law enforcement that would make it difficult for you to render a fair and impartial verdict?

### J. Other Questions

49. Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

50. Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

51. Do any of you have any difficulty in reading or understanding English in any degree?

52. Do any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

### K. Media Coverage

53. Have any of you read or seen anything—in the newspaper, on the internet, or on TV—about this case?

54. This trial may generate media attention.   Will each of you follow my instruction that you should absolutely avoid reading, watching, or listening to media reports concerning the case—including coverage of the case in social media like Facebook, Twitter, texts blogs, and podcasts—until after this case is over?   If not, please raise your hand.

### L. Function of the Court and Jury

55. The function of the jury is to decide questions of fact.   You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder.   When it comes to the law, however, you are to take your

instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. As I said at the beginning, the defendant, Mr. Ray, is presumed to be innocent of all the charges, and the Government has the burden of proving him guilty beyond a reasonable doubt. The defendant has no burden whatsoever. That means if the defendant's lawyers were to do or say nothing at all at this trial, Mr. Ray would still be entitled to the presumption of innocence and the Government still would be required to prove them guilty beyond a reasonable doubt. If the Government fails to do that, even if the defense did nothing at all, you would be obligated to find him not guilty. At the conclusion of the case, your job will be to determine whether the Government has met its burden to prove beyond a reasonable doubt that the defendant is guilty as charged in the Indictment. Do any of you have any bias or prejudice or belief that might prevent you from accepting the instructions of law that I will give you in this case?

56. Under the law, the question of punishment, if any, is for the Court to decide, and thus the issue of possible punishment must not enter into your deliberations as to whether the defendant has been proven guilty beyond a reasonable doubt. However, the death penalty is NOT a possible punishment in this case. Are any of you unable to accept that instruction? If so, please raise your hand.

57. Will each of you accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not on each count in which he is charged, and that only the evidence produced here in Court may be used by you to answer the question of guilt on each count?

58.  It is not a particularly pleasant duty to sit in judgment of another individual. Do any of you feel that even if the evidence established a defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

**M.  Other Biases**

59.  In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice — and according to the law as it will be explained to you?

**N.  Juror's Background**

60.  The Government respectfully requests that the Court ask each juror to state the following information:

    a.  the juror's age;

    b.  the juror's family status (including whether the juror is married or partnered, or has any children and, if so, the ages of the children);

    c.  the area in which the juror resides, and any other areas in which the juror has resided during the last 10 years;

    d.  the juror's educational background, including the highest degree obtained;

    e.  the juror's current (or, if retired or unemployed, last) occupation;

    f.  the same information concerning any other employment within the last five years;

       g.    the same information with respect to the juror's partner or spouse and any working children;

       h.    whether the juror has served in the military;

       i.    which newspapers and magazines the juror regularly reads;

       j.    which websites the juror regularly visits;

       k.    which television programs the juror regularly watches; and

       l.    the juror's hobbies and leisure-time activities and organizations.

**O.**    **Requested Instruction Following Impaneling of the Jury**

61.    From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family and your friends.

62.    I know that many of you use cell phones, the Internet and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, LinkedIn, and YouTube.

63.    If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom,

they will, and should, ignore you.    Please do not take offense.    They will be acting properly by doing so.

Dated:        New York, New York
              February 18, 2022

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney for the
                                        Southern District of New York

                 By:        /s/
                          Mollie Bracewell
                          Lindsey Keenan
                          Danielle Sassoon
                          Assistant United States Attorneys
                          (212) 637-2218 / 1565 / 1116