

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 21, 2022

**BY ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   ***United States v. Lawrence Ray***,
             S2 20 Cr. 110 (LJL)

Dear Judge Liman:

      The Government writes in response to the questions set out in the Court's order of February 20, 2022. In addition, the Government responds to the defendant's motion to preclude IRS Revenue Agent Valerie Catanzaro's testimony due to the fact that she was not included in the Government's expert notice and to explain her anticipated calculations. As set forth below, the Government does not intend to qualify Agent Catanzaro as an expert and her summary testimony should be permitted.

### I. Court Order of February 20, 2021

      The Government provided, by separate email earlier today, copies of the maps by the Governent's cell site expert.

      With respect to the records of the defendant's 1998 tax return, the Government would be prepared to enter into a factual stipulation with the defense that, in substance, the defendant previously filed a federal tax return prior to the 2015 tax year. In the event that defense counsel is not prepared to enter into such a stipulation, the Government would propose a limiting instruction that the jury need not speculate about other tax years and the defendant is only charged with crimes related to 2015 through 2019. The law recognizes a strong presumption that a jury follows limiting instruction. *See Zafiro v. United States,* 506 U.S. 534, 540–41 (1993) ("'[J]uries are presumed to follow their instructions.'" (quoting *Richardson v. Marsh,* 481 U.S. 200, 211 (1987))); *Spencer v. Texas,* 385 U.S. 554, 562 (1967) ("[T]he jury is expected to follow instructions in limiting . . . evidence to its proper function."); *accord United States v. Stewart,* 433 F.3d 273, 307 (2d Cir. 2006) (noting the "well-settled proposition" that jurors are presumed to follow limiting instructions). There is no basis here to set aside the

presumption, where the defendant's tax history is being offered for a limited purpose on which the jury can be easily instructed.

With respect to the testimony of the other victims (other than the Victim addressed in the Government's letter motion of February 11, 2022), they are expected to testify under their proper names.

### II. Revenue Agent's Summary Witness Testimony

To assist the jury in the examination of various documentary and bank records establishing the defendant's income and the resulting tax consequences, the Government intends to present summary witness testimony. Specifically, as described in its motions *in limine*, the Government proposes to have IRS Revenue Agent Catanzaro testify at trial in the Government's case-in-chief as a summary witness.

### A. Applicable Law

An IRS summary witness may appropriately testify as to what the Government's evidence showed. "Testimony by an IRS agent that allows the witness to apply the basic assumptions and principles of tax accounting to particular facts is appropriate in a tax evasion case." *See United States* v. *Stierhoff*, 549 F.3d 19, 27-28 (1st Cir. 2008) (discussing and affirming summary testimony by an IRS revenue agent). "The key to admissibility is that the summary witness's testimony does no more than analyze facts already introduced into evidence and spell out the tax consequences that necessarily flow from those facts." *Stierhoff*, 549 F.3d at 27-28; *see also United States* v. *Pree*, 408 F.3d 855, 869 (7th Cir. 2005) ("It is well established that the nature of a summary witness' testimony requires that he draw conclusions from the evidence presented at trial." (internal quotation marks omitted)); *United States* v. *Moore*, 997 F.2d 55, 58 (5th Cir. 1993) ("As a summary witness, an IRS agent may testify as to the agent's analysis of the transaction which may necessarily stem from the testimony of other witnesses."). This type of testimony from an IRS revenue agent is routine in tax evasion cases, whether offered under the mantle of summary or expert testimony. *Compare United States v. McElroy*, 587 F.3d 73, 82 (1st Cir. 2009) ("[W]e have found summary witnesses to be appropriate within the context of tax cases" and "in a tax evasion case, a summary witness may be permitted to summarize and analyze the facts of record as long as the witness does not directly address the ultimate question of whether the accused did in fact intend to evade federal income taxes." (*internal quotation marks omitted*)), *with United States* v. *Sherry*, 100 F.3d 943, at *1, (2d Cir. 1996) (affirming the expert testimony of an IRS agent whose testimony was offered "both to assist the jury in understanding the tax computations on each of the relevant returns and to summarize the record evidence").

### B. Discussion

The Government does not intend to qualify Agent Catanzaro as an expert witness. An IRS agent need not be qualified as an expert witness to testify as a summary witness, particularly when the tax calculations are "straightforward and transparent." *Stierhoff*, 549 F.3d at 28 (explaining that "expert witness status is not always a condition precedent to allowing an IRS agent to testify as a summary witness in a tax evasion prosecution"); *see also United States v. Barnwell*, No. 15

CR. 620 (NSR), 2017 WL 1063457, at *5 (S.D.N.Y. Mar. 20, 2017) (allowing IRS revenue agent to "testify as a summary witness regarding the tax returns filed and the tax implications of such returns in accordance with the limitations set forth herein"); *United States* v. *Serafino*, 281 F.3d 327, 331 (1st Cir. 2002) (remarking that a jury would not regard IRS agent's "number-crunching" as an expert opinion, but rather as an objective rendition of the evidence); *Pree*, 408 F.3d at 869 ("When a summary witness simply testifies to what the Government's evidence shows, he does not testify as an expert witness."); *United States v. Sabino*, 274 F.3d 1053, 1067–68 (6th Cir. 2001), *opinion amended and superseded*, 307 F.3d 446 (6th Cir. 2002) (allowing revenue agent as a summary witness and describing that she "analyzed the multitude of documents and testimony admitted into evidence and properly testified as to the government's calculation of tax due from the [defendants]").

Agent Catanzaro's testimony will consist of straightforward tax calculations that stem from the testimony of other witnesses and admitted documentary evidence. Agent Catanzaro will not offer an opinion or draw on some special skill, knowledge, or experience that the jurors themselves do not possess, nor will she offer an opinion on the defendant's state of mind. Therefore, her testimony is admissible as non-expert summary testimony. Agent Catanzaro will apply the Internal Revenue Code to the evidence introduced in the case as it relates to the defendant's straightforward obligations to file federal individual income tax returns, report his income and pay taxes. In this District, IRS Revenue Agents, including Agent Catanzaro, are routinely permitted to testify as summary witnesses without being qualified as experts. *See, e.g.*, *United States v. Ariel Jimenez*, 18 Cr. 879 (SHS) (Agent Catanzaro provided summary non-expert testimony in February 2022); *United States v. Rebecca Bayuo*, 15 Cr. 576 (JGK) (Agent Catanzaro provided summary non-expert testimony in October 2018); *United States* v. *Joseph Scali*, 16 Cr. 466 (NSR) (Agent Catanzaro provided summary non-expert testimony in February 2018); *Barnwell*, 2017 WL 1063457, at *5 (revenue agent provided summary non-expert testimony). As set forth in Agent Catanzaro's curriculum vitae, which was provided to defense counsel on February 8, 2022 with the other 3500 material, she has only testified as an expert witness in one case in the Eastern District of New York. *See* Ex. A (Curriculum Vitae, Agent Valerie Catanzaro).

However, if the Court believes that Agent Catanzaro's testimony requires her to testify as an expert, the Government is prepared to so qualify her. Defense counsel has been aware since the time of the first superseding indictment that the Government intends to prove that the defendant committed tax evasion for the tax years 2015 through 2019. The proposed testimony does nothing more than set forth the tax liability that underpins Counts Twelve through Sixteen. The fact that the Government did not notice Agent Catanzaro's testimony, which will summarize facts otherwise in evidence and the personal income tax liability that flows from those facts, could not have prejudiced the defendant. Moreover, the defendant has had notice about Agent Catanzaro's expected testimony since January 31, 2022, when the Government disclosed in its motions in limine that: "Based on the testimony of witnesses and the presentation of evidence at trial, the Government anticipates that Revenue Agent Catanzaro will compute the tax due during the calendar years 2015 through 2019, as charged in the Indictment, and will testify about the resulting tax liability. Revenue Catanzaro is also expected to testify concerning her creation of summary charts reflecting the sources of income otherwise presented in the trial." It is certainly relevant to any evaluation of prejudice that, since that date, defense counsel never inquired into Agent Catanzaro's testimony nor requested an expert disclosure or tax loss computation.

### C. Revenue Agent's Expected Computations

The Government has not disclosed Agent Catanzaro's expected computations, but has long since produced the documents on which those computations will be based.

For example, GX 1634 contains a series of documents recovered from the defendant's residence at the time of his arrest, including pages that provide a sum total of cash pick-ups in 2017, 2018 and 2019.  *See* Ex. B (GX 1634 at pp. 1, 3-11).  The Government expects that Agent Catanzaro's testimony will rely upon this document, as clarified and corroborated by witness testimony, to conservatively estimate the defendant's income for tax years 2017 through 2019.  GX 1634 was originally produced in the sixth production, on May 21, 2020, with other hard copy documents recovered in the search.

The Government is prepared to disclose draft summary charts setting forth the defendant's income and tax liability for the years 2015 through 2019 by the end of the week.  The Government expects that the summary charts will be finalized upon admission of relevant testimony and documentary exhibits.

                                                Respectfully submitted,

                                                DAMIAN WILLIAMS
                                                United States Attorney

                                      By:  /s/_____
                                                Mollie Bracewell
                                                Danielle R. Sassoon
                                                Lindsey Keenan
                                                Assistant United States Attorneys
                                                Southern District of New York
                                                (212) 637-2218/1115/1565

cc:     Defense Counsel (by ECF)