# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

February 25, 2022

**VIA ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:    United States v. Lawrence Ray**
          **20 Cr. 110 (LJL)**

Dear Judge Liman:

We write in response to the Court's order directing the defense to (1) detail its objections to the government's proposed Rule 1006 summary chart of sex video evidence, and (2) submit a counterproposal to the government's proposed summary chart.

Before a summary chart may be admitted into evidence pursuant to Rule 1006, the government must establish the admissibility of the underlying evidence—videos of ▮▮▮▮▮▮ having sex with strangers—reflected on the chart. *See Martin v. Funtime, Inc.*, 963 F.2d 110, 116 (6th Cir. 1992) ("the proponent of the summary [must] establish that the *underlying documents* are admissible in evidence" (quoting *United States v. Johnson*, 594 F.2d 1253, 1256 (9th Cir. 1979) (emphasis added))); *see also United States v. Smyth*, 556 F.2d 1179, 1184 (5th Cir. 1977); *United States v. Conlin*, 551 F.2d 534, 538–39 (2d Cir. 1977) ("A chart submitted by the prosecution is a very persuasive and powerful tool and must be fairly used, since, by its arrangement and use, it is an argument to the jury during the course of the trial. Here, the inadmissible portions were arguably quite damaging. A chart which for any reason presents an unfair picture can be a potent weapon for harm, and permitting the jury to consider it is error.").

This is true even if the videos themselves are not ultimately entered into evidence for the jury to review. *See United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011) ("These materials must be admissible, but need not themselves be admitted into evidence." (citing *United States v. Meyers,* 847 F.2d 1408, 1412 (9th Cir.1988))). Indeed, "a contrary rule would inappropriately provide litigants with a means of avoiding rules governing the admission of evidence such as hearsay." *United States v. Irvin*, 682 F.3d 1254, 1262 (10th Cir. 2012) (quoting *United States v. Samaniego*, 187 F.3d 1222, 1224 (10th Cir. 1999)).

To authenticate the videos, the government "must produce sufficient evidence to support a finding that the item is what the proponent claims it is." *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 542, 568 (E.D.N.Y. 2012) (quoting Fed. R. Evid. 901(a)). Here, that requires testimony from a witness whose memory of the events in the videos is sufficient to establish that the videos are what they are purported to be. *See, e.g.*, *Boykin v. W. Express, Inc.*, No. 12 Civ. 7428 (NSR) (JCM), 2016 WL 8710481, at *5 (S.D.N.Y. Feb. 5, 2016) ("To authenticate the video, Defendant must

Hon. Lewis J. Liman

demonstrate not only that Plaintiff is the individual depicted in the video but also that the video is *authentic* and that the *events* are accurately depicted." (emphasis in original) (citing *Mikus v. United States*, 433 F.2d 719, 725 (2d Cir. 1970))); *McCray v. City of Albany New York*, No. 13 Civ. 00949 (MAT) (HBS), 2019 WL 289777, at *3 (W.D.N.Y. Jan. 23, 2019) (finding insufficient authentication of video where witness "provided no information regarding how the video was created or how the videorecording system was maintained, stating only that the 'video was pulled off of the Five Points Loronics system and is the video which was provided to the Office of the Attorney General during the course of this litigation'" and noting that merely identifying oneself as being depicted in the video "would not necessarily be sufficient").

The videos depict and were filmed by ██████████ Isabella Pollok, and unknown individuals. Neither Ms. Pollok nor any of the unknown individuals shown in the videos will testify at trial. Accordingly, for the videos (and summary chart) to be admissible, ██████ must testify that each video fairly and accurately represents what actually happened on the alleged date of the encounter.[1] *See Soto v. City of New York*, No. 13 Civ. 8474 (LTS) (JLC), 2017 WL 892338, at *1 (S.D.N.Y. Mar. 6, 2017) (finding insufficient testimony to authenticate video where it "is authenticated only by Defendants' attorney, who has no firsthand knowledge of the video's origins" and noting that video evidence is not self-authenticating). There is no indication in the materials disclosed to the defense to date that the government has even shown to ██████ the videos it seeks to admit, let alone that ██████ has an independent recollection of each encounter sufficient to authenticate the evidence.

Nevertheless, assuming the government is able to properly authenticate the underlying videos, making a summary chart generally admissible under Rule 1006, the defense has the following objections to the government's proposed chart, Dkt. 323, Ex. K.

## I.      General objections to the government's summary chart

The defense objects to hearsay contained within the proposed summary chart, *see* Fed. R. Evid. 801, 802, as well as information conveyed by the description in the chart that is not otherwise apparent from watching the video itself or is plainly inaccurate.[2] For instance, the description of the first video on the chart states that it occurred "in California" and Mr. Ray was "on the phone directing her what to do." Dkt. 323, Ex. K. Similarly, the description of videos 21, 22, 23, 24, 25, and 26 includes that they occurred "at the W Hotel." *Id.* These specifics are not apparent on the face of the videos and therefore should not be included in their description. There should also be no reference to whom was filming a particular encounter, as that is not necessarily known based on an independent review of the videos. *E.g.*, videos 3, 32, 36, 39. Further, the descriptions of a number of videos, including videos 10, 13, 15, and 21, contain inadmissible hearsay. The file names should also be redacted for hearsay. Examples of this include, "IZ_██ Bar bathroom," video 4; "██ Guys Apt," video 9; ██ Belk Dressing Room," video 35.[3] Dkt. 323, Ex. K.

---

[1] The defense agrees with the Court that a summary chart may be admitted into evidence in lieu of the videos, but maintains that the evidence underlying the chart must still be admissible even if not admitted into evidence in order for the summary chart to be admitted.

[2] Should the Court admit the videos into evidence for the jury to review during deliberations as the government contemplates, the government must redact all hearsay within the videos.

[3] The government has agreed to redact racially inflammatory language from file names.

Hon. Lewis J. Liman

Further, the Court should limit the number of videos referenced in the chart. Many of the videos on the chart capture a different part of the same sexual encounter. *E.g.*, videos 3 and 4; videos 6 and 7; videos 8–11; videos 12–14; videos 16–18; videos 19–26; videos 27–30; videos 32–34; videos 36–37. The needlessly cumulative nature of the videos unduly prejudices Mr. Ray, and, to the extent that the chart suggests that each video is a separate sexual encounter with different people, misleads the jury. Fed. R. Evid. 403. The Court should restrict the government from referencing more than one video per sexual encounter in the summary chart.

**II.     Specific objections to the government's summary chart**

### A.     Video 1

The government represents that Video 1 was taken in California, as reflected in the description section of its summary chart. Because the government the summary chart is intended to reflect ▇▇▇▇▇ sexual encounters with strangers in and around New York City, this video does not belong in the summary chart.

### B.     Video 2

The government's description of Video 2 states, "FR is in a bar on the phone telling LR that she is trying to find someone to have sex with; she propositioned the bouncer but he turned her down." Dkt. 323, Ex. K. This is pure hearsay. ▇▇▇▇▇ is the only audible voice in the video; you cannot hear the person on the other end of the phone, let alone identify the person as Mr. Ray. Given that the video consists entirely of ▇▇▇▇▇ prior out-of-court statements that are being introduced for the truth of the assertions therein, this video is inadmissible hearsay. Fed. R. Evid. 801, 802. Reference to this video should be excluded from the chart altogether.

### C.     Video 40

The government has stated that its summary chart reflects videos of ▇▇▇▇▇ "providing sexual services to strangers." Dkt. 323 at 22. But video 40 does not show ▇▇▇▇▇ engaging in sex with strangers. Rather, it depicts ▇▇▇▇▇ performing oral sex on Ms. Pollok. Given that this video is not evidence of the type the summary chart is intended to reflect, it should be excluded.

                                         *          *          *

For these reasons and those detailed in Mr. Ray's motions *in limine* and at oral argument, the Court should preclude evidence of ▇▇▇▇▇ sex with strangers. In the alternative, the Court should not permit the jury to review videos or still images of ▇▇▇▇▇ having sex with strangers. Should the Court permit a summary chart of ▇▇▇▇▇ sex videos under Rule 1006, the Court should admit the defense's proposed summary chart only after the government has laid the proper foundation. *See* Ray Proposed Summary Chart, Ex. A.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/*

Marne L. Lenox, Esq.

Hon. Lewis J. Liman

Peggy Cross-Goldenberg, Esq.
Allegra Glashausser, Esq.
Neil P. Kelly, Esq.

*Counsel for Lawrence Ray*


cc:      Counsel of record

# EXHIBIT A

REDACTED