UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
UNITED STATES OF AMERICA                  :
                                          :
            - v. -                        :
                                          :
                                          :   S2 20 Cr. 110 (LJL)
LAWRENCE RAY,                             :
      a/k/a "Lawrence Grecco,"            :
                                          :
                        Defendant.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S REQUESTS TO CHARGE

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
Attorney for the United States of America

Mollie Bracewell
Lindsey Keenan
Danielle Sassoon
Assistant United States Attorneys
        -Of Counsel-

**TABLE OF CONTENTS**

Request No. 1:        General Requests ...................................................................... 2

Request No. 2:        The Indictment ........................................................................ 3

Request No. 3:        Summary of the Indictment .................................................... 4

Request No. 4:        Multiple Counts ...................................................................... 7

Request No. 5:        General Definitions: Knowingly, Willfully, Unlawfully;
                      Conspiracy; Aiding and Abetting ............................................ 8

Request No. 6:        Aiding and Abetting ................................................................ 9

Request No. 7:        "Unlawfully," "Intentionally," "Willfully," and "Knowingly" ............ 12

Request No. 8:        Federal Law of Conspiracy ................................................... 13

Request No. 9:        State Law of Conspiracy ....................................................... 18

Request No. 10:       Racketeering Conspiracy – General Instructions .................. 20

Request No. 11:       Count One: Racketeering Conspiracy – The Elements ......... 22

Request No. 12:       Count One: Racketeering Conspiracy – First Element (Existence
                      of the Enterprise) .................................................................. 23

Request No. 13:       Count One: Racketeering Conspiracy – Second Element (Effect
                      on Interstate Commerce) ...................................................... 26

Request No. 14:       Count One: Racketeering Conspiracy – Third Element
                      (Association with the Enterprise) .......................................... 27

Request No. 15:       Count One: Racketeering Conspiracy—Fourth Element
                      (Agreement to Commit a Pattern of Racketeering) ............... 28

Request No. 16:       Count One: Racketeering Conspiracy—Fourth Element (Pattern
                      of Racketeering)—Racketeering Predicates—Generally .......... 33

Request No. 17:       Count One: Racketeering Conspiracy—Fourth Element (Pattern
                      of Racketeering)—Racketeering Predicates—Hobbs Act
                      Extortion ................................................................................ 35

Request No. 18:       Racketeering Conspiracy—Fourth Element (Pattern of
                      Racketeering)—Racketeering Predicates—Extortion Under New
                      York Law ................................................................................ 39

i

Request No. 19:        Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—Racketeering Predicates—Sex Trafficking by Force or Coercion ................................................................................ 40

Request No. 20:        Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—Racketeering Predicates—Forced Labor.................... 54

Request No. 21:        Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—Racketeering Predicates—Forced Labor Trafficking ................................................................................................ 59

Request No. 22:        Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—Racketeering Predicates—Use of Interstate Facilities to Promote Unlawful Activity ................................................ 60

Request No. 23:        Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—Racketeering Predicates—Money Laundering............ 64

Request No. 24:        Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—Racketeering Predicates—Witness Tampering ........... 69

Request No. 25:        Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—Racketeering Predicates—Obstruction of Justice ....... 71

Request No. 26:        Count Two -- Extortion Conspiracy ...................................... 74

Request No. 27:        Count Two – Extortion Conspiracy—First Element ............................ 75

Request No. 28:        Count Two – Extortion Conspiracy – Second Element ........................ 76

Request No. 29:        Count Three – Extortion ........................................................ 77

Request No. 30:        Count Four – Sex Trafficking.................................................... 78

Request No. 31:        Count Five – Sex Trafficking Conspiracy ............................................ 79

Request No. 32:        Count Five – Sex Trafficking Conspiracy -- First Element .................. 80

Request No. 33:        Count Five – Sex Trafficking Conspiracy – Second Element .............. 81

Request No. 34:        Count Six – Forced Labor.......................................................... 82

Request No. 35:        Count Seven – Forced Labor Trafficking ............................................ 83

Request No. 36:        Count Eight – Forced Labor Conspiracy .............................................. 84

Request No. 37:        Count Eight – Forced Labor Conspiracy – First Element..................... 85

Request No. 38:        Count Eight – Forced Labor Conspiracy – Second Element ................ 86

Request No. 39:   Count Nine– Use of Interstate Facilities to Promote Unlawful Activity ........................................................................................ 87

Request No. 40:   Count Ten – Use of Interstate Facilities to Promote Unlawful Activity ........................................................................................ 89

Request No. 41:   Counts Nine and Ten – Attempt ............................................ 90

Request No. 42:   Count Eleven – Money Laundering ........................................ 92

Request No. 43:   Counts Twelve through Sixteen – Tax Evasion ..................... 93

Request No. 44:   Counts Twelve through Sixteen – Tax Evasion – Elements ................. 95

Request No. 45:   Counts Twelve through Sixteen – Tax Evasion – First Element ........... 96

Request No. 46:   Counts Twelve through Sixteen – Tax Evasion -- Second Element ........................................................................................ 99

Request No. 47:   Counts Twelve through Sixteen – Tax Evasion – Third Element ....... 102

Request No. 48:   Tax Code Instructions ........................................................... 106

Request No. 49:   Count Seventeen – Violent Crime in Aid of Racketeering ................. 107

Request No. 50:   Count Seventeen – Violent Crime in Aid of Racketeering – Second Element ........................................................................ 108

Request No. 51:   Count Seventeen – Violent Crime in Aid of Racketeering – Third Element ........................................................................... 110

Request No. 52:   Venue ..................................................................................... 111

Request No. 53:   Variance in Dates .................................................................. 112

Request No. 54:   Particular Investigative Techniques Not Required [If Applicable] ..... 113

Request No. 55:   Use of Evidence Obtained Pursuant to Search ..................... 114

Request No. 56:   Testimony of Experts ............................................................ 115

Request No. 57:   Credibility of Witnesses ....................................................... 116

Request No. 58:   Stipulations of Testimony [If Applicable] ........................... 118

Request No. 59:   Stipulations of Fact [If Applicable] ..................................... 119

Request No. 60:   Use of Recordings and Transcripts ...................................... 120

Request No. 61:     Use of Charts and Summaries [If Applicable].....................................121

Request No. 62:     Preparation of Witnesses [If Applicable].............................................122

Request No. 63:     Persons Not on Trial ............................................................................123

Request No. 64:     Immunized Witnesses [If Applicable] ..................................................124

Request No. 65:     Uncalled Witnesses—Equally Available [If Applicable]....................125

Request No. 66:     Redaction of Evidentiary Items [If Applicable]..................................126

Request No. 67:     Defendant's Testimony [If Defendant Testifies] .................................127

Request No. 68:     Defendant's Right Not to Testify [If Requested by Defense].............128

Request No. 69:     Conclusion ...........................................................................................129

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                             :

UNITED STATES OF AMERICA         :

                             :

       - v. -                :

                             :

                             :     S2 20 Cr. 110 (LJL)

LAWRENCE RAY,              :

   a/k/a "Lawrence Grecco,"    :

                             :

               Defendant    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the Jury.

**Request No. 1:    General Requests**

The Government respectfully request that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury.

b.   Indictment Not Evidence.

c.   Statements of Court and Counsel Not Evidence.

d.   Motions, Objections, and Questions by the Court

e.   Government Treated Like Any Other Party.

f.   Burden of Proof and Presumption of Innocence.

g.   Reasonable Doubt.

h.   Jury's Recollection Controls.

i.   Note-taking by Jurors

j.   Definitions, Explanations and Example of Direct and Circumstantial Evidence.

k.   Inferences.

l.   Right to See Exhibits and Have Testimony Read During Deliberations.

m.  Improper considerations.

n.   Punishment Is Not To Be Considered By The Jury.

o.   Sympathy: Oath of Jurors.

p.   Duty to Weigh Evidence Without Prejudice

q.   Duty to Base Verdict on Evidence.

r.   Verdict of Guilt or Innocence Must Be Unanimous.

**Request No. 2:**           **The Indictment**

The defendant, LAWRENCE RAY, is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

**Request No. 3:**          **Summary of the Indictment**

The Indictment contains seventeen counts, or charges. Each count charges a separate offense or crime. Each count must therefore be considered separately by you, and you must return a separate verdict on each count.

Count One charges that from at least in or about 2010, up to and including in or about 2020, RAY conspired, or agreed, with others to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise, through a pattern of racketeering activity, which pattern of racketeering activity included multiple acts involving extortion, sex trafficking, forced labor, forced labor trafficking, the use of interstate commerce to promote unlawful activity, money laundering, witness tampering, and obstruction of justice, in violation of Title 18, United States Code, Section 1962(d).

Count Two charges that from at least in or about 2011, up to and including in or about 2019, Ray conspired with others to commit extortion by using force and threats of force to collect money from victims for supposed wrongdoing, in violation of Title 18, United States Code, Section 1951.

Count Three charges that from at least in or about 2011, up to and including in or about 2019, Ray and others committed extortion by using force and threats of force to collect money from a victim identified as "Female Victim-1" for supposed wrongdoing, in violation of Title 18, United States Code, Sections 1951 and 2.

Count Four charges that from at least in or about 2011, up to and including in or about 2019, Ray committed sex trafficking of Female Victim-1 by force, threats of force, or coercion, or any combination of such means, in violation of Title 18, United States Code, Sections 1951 and 2.

Count Five charges that from at least in or about 2011, up to and including in or about 2019, Ray conspired with others to commit sex trafficking of Female Victim-1 by force, threats of

4

force, or coercion, or any combination of such means, in violation of Title 18, United States Code, Section 1594.

Count Six charges that from at least in or about May 2013, to at least in or about December 2013, Ray obtained forced labor from multiple victims, in violation of Title 18, United States Code, Sections 1589 and 2.

Count Seven charges that from at least in or about May 2013, to at least in or about December 2013, Ray trafficked multiple victims for the purpose of obtaining their forced labor, in violation of Title 18, United States Code, Sections 1590 and 2.

Count Eight charges that from at least in or about May 2013, to at least in or about December 2013, Ray and others conspired to obtain forced labor from multiple victims in violation of Title 18, United States Code, Section 1594.

Count Nine charges that from at least in or about 2014, to at least in or about 2019, Ray used facilities of interstate commerce, and traveled in interstate commerce, to promote, manage, and carry on a criminal business engaged in sex trafficking and prostitution, in violation of Title 18, United States Code, Sections 1952 and 2.

Count Ten charges that from at least in or about 2011, to at least in or about 2019, Ray used facilities of interstate commerce, and traveled in interstate commerce, to promote, manage, and carry out extortion, in violation of Title 18, Untied States Code, Sections 1952 and 2.

Count Eleven charges that from at least in or about 2011, to at least in or about 2019, Ray and others laundered the proceeds of extortion and sex trafficking, in violation of Title 18, United States Code, Sections 1956 and 2.

Counts Twelve through Sixteen charge that Ray committed tax evasion in 2015, 2016, 2017, 2018, and 2019, in violation of Title 26, United States Code, Section 7201.

Count Seventeen charges that on or about October 16, 2018, at a hotel in Manhattan, Ray committed an assault with a dangerous weapon, at least in part to gain entrance to, and maintain and increase his position in an enterprise engaged in racketeering activity, in violation of Title 18, United States Code, Section 1959(a)(3).

**Request No. 4:**          **Multiple Counts**

You must return a separate verdict of guilty or not guilty for each count charged.  Whether you find a defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged against the defendant.  You must analyze and evaluate the evidence separately as to each count.

**Request No. 5:**     **General Definitions: Knowingly, Willfully, Unlawfully; Conspiracy; Aiding and Abetting**

Before I instruct you on each of the counts specifically, I will define some terms and concepts that will come up repeatedly through these instructions.  Specifically, I will be discussing the concepts of both conspiring to commit various crimes and aiding and abetting various crimes, so it makes sense to explain these concepts at the outset.  Similarly, we will discuss whether certain actions are taken "knowingly," "willfully," or "unlawfully," so I will also define these terms before we discuss the counts.  You can take these explanations and definitions and apply them as I instruct you on each of the counts.

One note: as you will learn, although the defendant is charged with federal crimes in a federal court, Count One, which concerns racketeering activity, incorporates some state penal laws as well.  They are called "racketeering acts," and I will discuss them in more detail later.  However, I raise this because there are slight differences between the definitions of conspiracy in state law and federal law.  I will provide you with both.  Please apply federal conspiracy law when considering violations of federal law, and state conspiracy law when considering violations of state law for certain racketeering acts alleged in Count One.

**Request No. 6:**         **Aiding and Abetting**

Before I move on to the counts of the Indictment, I want to instruct you on the concept of aiding and abetting. In connection with Counts One, Three, Four, Six, Seven, Nine, Ten, and Eleven, the defendant is charged with committing certain criminal acts, and also with aiding and abetting the commission of those acts. As to each of those crimes, the defendant can be convicted either if he committed the crime himself or if he aided and abetted the commission of the crime by one or more people. It is not necessary for the Government to show that the defendant himself physically committed a crime for you to find him guilty. If you do not find beyond a reasonable doubt that the defendant physically committed a crime, you may, under certain circumstances, still find him guilty of the crime as an aider and abettor.

Aiding and abetting liability is its own theory of criminal liability. In effect, it is a theory of liability that permits a person to be convicted of a specified crime if the person, while not himself committing the crime, assisted another person or persons in committing the crime.

Under the federal aiding and abetting statute and its New York State analogue, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. You should give these words their ordinary meaning. A person aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime charged to be committed. To "counsel" means to give advice or recommend. To "induce" means to lead or move by persuasion or influence as to some action or state of mind. To "procure" means to bring about by unscrupulous or indirect means. To "cause" means to bring something about, to effect something.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he had committed it himself. Therefore, if you find that the Government has proven beyond a reasonable doubt that another person actually committed a crime, and that the defendant aided

and abetted that person in the commission of the offense, then you may find the defendant guilty of that crime.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

To aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed.

The mere presence of a person where a crime is being committed, even coupled with knowledge by that person that a crime is being committed, or the mere acquiescence by a person in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture, and must take some action to assist or encourage the commission of the crime.

To determine whether the defendant aided and abetted the commission of the crime with which he is charged, ask yourself these questions:

1.  Did he participate in the crime charged as something he wished to bring about?

2.  Did he associate himself with the criminal venture knowingly and willfully?

3.  Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If he did not, then the defendant is not an aider and abettor, and is not guilty as an aider and abettor.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 11-1 and 11-2; the charges of the Honorable Richard J. Sullivan in *United States v. Hussain*, 12 Cr. 45 (RJS) (S.D.N.Y. 2013) and the Honorable Sidney H. Stein in *United States v. Roger Key*, 12 Cr. 712

(S.D.N.Y. 2014); and *United States v. Rosemond*, 134 S. Ct. 1240 (2014).

**Request No. 7:**       **"Unlawfully," "Intentionally," "Willfully," and "Knowingly"**

Throughout these instructions, I will use the terms "Unlawfully," "Intentionally," and "Knowingly."

"Unlawfully" simply means contrary to law. A defendant does not need to have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

A person acts "willfully" and "intentionally" if he acts purposely and voluntarily and with the specific intent to disobey or disregard the law.  It is not necessary that the perpetrator knew he was violating a particular law.  It is enough if he was aware that what he was doing was, in general, unlawful.

A person acts "knowingly" if he acts voluntarily and deliberately and not mistakenly or inadvertently.

Knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. The Government has introduced into evidence certain acts and conversations alleged to have taken place with the defendant or in his presence. You must consider this evidence—or lack of evidence—in determining whether the Government has proven beyond a reasonable doubt the defendant's knowledge of the unlawful purposes of the conspiracy.


Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Jeffrey Otis Redden*, 02 Cr. 1141 (S.D.N.Y. July 27, 2004); the Honorable John F. Keenan in *United States v. Paa Smith*, 02 Cr. 104 (JFK) (S.D.N.Y. July 31, 2002); the Honorable Paul G. Gardephe in *United States v. Efrain Lora*, 14 Cr. 652 (PGG).(S.D.N.Y. June 24, 2016); and the Honorable Cathy Seibel in United States v. Matthew Madonna, 17 Cr. 89 (CS).

**Request No. 8:**         **Federal Law of Conspiracy**

The law of conspiracy applies to Count One, the charge of conspiracy to violate the RICO statute, and Counts Two, Five, and Eight, the charges of conspiracy to commit extortion, sex trafficking, and labor trafficking.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to join together to accomplish some unlawful purpose.

Conspiracy simply means agreement, and the crime of conspiracy to violate a federal law is an independent offense, separate and distinct from the actual violation of any specific federal laws. Such actual violations are called "substantive crimes." You may find a defendant guilty of the crime of conspiracy even if you find that the substantive crimes which were the objects of the conspiracy were never actually committed. Congress has deemed conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.

Elements of Conspiracy – Federal Law

To find the defendant guilty of participating in a conspiracy, you must find the Government has proven beyond a reasonable doubt the following two elements:

First, that the charged conspiracy existed.

Second, that the defendant unlawfully, intentionally, and knowingly became a member of the conspiracy, that is, he knowingly joined in the conspiracy, and intentionally participated in it.

To prove the existence of a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they have formed a conspiracy to violate the law and spelling out all the details. Indeed, it would be extraordinary if there were such a formal document or specific agreement.

Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence

13

of an explicit agreement. Conspirators do not usually reduce their agreements to writing, nor do they publicly broadcast their plans.  By its very nature, a conspiracy is almost always secret in its origin and execution.

It is enough if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.  Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed.  You need only find that two or more people entered into the unlawful agreement in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you should consider the proven acts and conduct of the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old adage, "actions speak louder than words," is applicable here.  Often, the only evidence that is available is that of disconnected acts that, when taken together in connection with one another, show a conspiracy or an agreement to secure a particular result just as satisfactorily and conclusively as more direct proof.

In deciding whether the conspiracy charged in the Indictment existed, you may consider all the evidence of the acts, conduct, and statements of the defendant along with all the evidence of the acts, conduct, and statements of those you determine the Government has proven were co-conspirators of the defendant, and the reasonable inferences to be drawn from that evidence.  When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.  Accordingly, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members of the

14

conspiracy, and all of the members of the conspiracy are responsible for such acts or statements. This rule applies even though such acts or statements were not made or committed in the defendant's presence or were made or committed without his knowledge.

Before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, however, you must first determine that the acts were committed or statements were made during the existence of, and in furtherance of, the alleged unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the charged conspiracy, they may not be considered by you in deciding whether the defendant is guilty of this Count.

Of course, proof concerning the accomplishment of the object of a conspiracy may be the most persuasive evidence that the conspiracy itself existed, but it is not necessary, as I have said, that the conspiracy actually succeeded for you to conclude that it existed.  In deciding whether the conspiracy charged existed, you may consider all the evidence of the acts, conduct, and statements of the alleged conspirators and the reasonable inferences to be drawn from that evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way, and that they agreed, as I have explained, to work together to accomplish an object or objective of the conspiracy.

It is not necessary for the Government to show that an alleged coconspirator was fully informed as to all the details of the conspiracy for you to infer knowledge on that person's part. To have guilty knowledge, a person need not know the full extent of the conspiracy, or all of the activities of all of its participants. It is not necessary for a person to know every other member of the conspiracy. In fact, a person may know only one other member of the conspiracy and still be a

15

co-conspirator. Nor is it necessary for a person to receive any monetary benefit from his or her participation in the conspiracy, or have a financial stake in the outcome. It is enough if that person participated as a conspirator unlawfully, intentionally, and knowingly, as I have defined those terms.

The duration and extent of a person's participation also has no bearing on the issue of the that person's guilt.  An alleged coconspirator need not have joined the conspiracy at the outset, but may have joined it for any purpose at any time in its progress, and will still be held responsible for all that was done before he or she joined and all that was done during the conspiracy's existence while he or she was a member.  Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles; others play minor roles. An equal role is not what the law requires.  Even a single act may be sufficient to draw a person within the ambit of the conspiracy

I want to caution you, however, that the mere association by one person with another does not make that person a member of the conspiracy, even when coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient.  What is necessary is that a defendant has participated in the conspiracy with knowledge of its unlawful purposes and with intent to aid in the accomplishment of its unlawful objectives.

The defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, he becomes a conspirator.

16

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

Adapted from charges of the Honorable Lewis A. Kaplan in *United States v. Redden,* 02 Cr. 1141 (S.D.N.Y. July 27, 2004), the Honorable John F. Keenan, *United States v. Paa Smith,* 02 Cr. 104 (JFK) (S.D.N.Y. July 31, 2002); the Honorable Paul G. Gardephe in *United States v. Efrain Lora*, 14 Cr. 652 (S.D.N.Y. June 24, 2016).

**Request No. 9:**          **State Law of Conspiracy**

As I told you earlier, we will also discuss some state penal laws.  The law of conspiracy in New York State differs from the federal law of conspiracy.

In particular, in order for the Government to prove beyond a reasonable doubt that a person conspired to commit a crime under New York state law, the Government must show the following:

> **First**, that the individual agreed with one or more other persons to engage in or cause the performance of the crime;
>
> **Second**, that the individual did so with the intent that such crime be performed; and
>
> **Third**, that the individual, or one the people with whom he agreed to engage in or cause the performance of the conduct, committed an overt act in furtherance of the conspiracy.

The term "intent" under New York conspiracy law has its own special meaning.  Intent means conscious objective or purpose.  Thus, a person acts with the intent that a murder be performed when his conscious objective or purpose is that the murder should occur.

The Government must also prove that one of the conspirators committed an overt act in furtherance of the conspiracy.  The agreement to engage in or cause the performance of a crime is not itself an overt act.  The overt act must be an independent act that tends to carry out the conspiracy.  The overt act can be, but need not be, the commission of the crime that was the object of the conspiracy.

Note that under state law, unlike the federal law I have described to you, an overt act is an element of a conspiracy.  Accordingly, when considering an intended racketeering act that is alleged to be a violation of state conspiracy laws, consider whether the defendant agreed that either he or a co-conspirator would commit an overt act in furtherance of that racketeering act.  However, when considering either an intended racketeering act that is alleged to be a violation of federal

conspiracy laws—or considering the conspiracies charged in Counts One, Two, Five and Eight—

you need not find an overt act.

Adapted from Honorable Paul A. Engelmayer in *United States v. Mack*, 18 Cr. 834 (PAE) (S.D.N.Y. 2019); *see also* New York State Penal Law, Chapter 40, Article 105.10; 105.30, *see also People v. Ribowsky*, 77 N.Y.2d 284 (1991); *People v. Berkowitz*, 50 N.Y.2d 333 (1980).

**Request No. 10:          Racketeering Conspiracy – General Instructions**

Count One alleges that the defendant conspired to violate Section 1962(c) of Title 18 of the United States Code, which is commonly known as the "RICO" statute, which stands for "Racketeering Influence and Corrupt Organizations." "Racketeering," as used in this statute, is a purely technical term that is defined specifically for this statute.  You should put out of your mind whatever meaning the term may have for you in ordinary English, and the term should not influence your determination of whether the defendant's guilt has been proven on Count One or any other count.  All that matters is whether the government has proved beyond a reasonable doubt each of the elements that make up a violation of this statute, as I'm going to define them for you.

That statute provides, and I quote:

> "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."

The defendant is charged in Count One with participating in a conspiracy to violate the substantive RICO statute, in violation of Title 18 of the United States Code, Section 1962(d), which states: "It shall be unlawful for any person to conspire to violate any of the provisions of the RICO laws."

Count One charges that the defendant participated in a conspiracy whose object was to conduct and participate in the conduct of the racketeering enterprise through a pattern of racketeering activity. Count One defines the Enterprise as a criminal organization whose members and associates engaged in, among other things, acts involving extortion, sex trafficking, forced labor, forced labor trafficking, the use of interstate commerce to promote unlawful activity, money laundering, witness tampering, and obstruction of justice, in and around the Southern District of New York and elsewhere.

Adapted from the charge of the Honorable Paul A. Engelmayer in *United States v. Mack*, 18 Cr. 834 (PAE) (S.D.N.Y. 2019); *see also United States v. Vebeliunas*, 76 F.3d 1283 (2d Cir. 1996) (district court instructed the jury that the term "racketeering" was "only ... used by Congress to define the offense," and should not influence their "determination of whether the guilt of the defendant has been proven"); *United States v. Morales*, 185 F.3d 74, 83 (2d Cir. 1994) (district court "carefully instructed the jurors that they should not be influenced by the use of the word 'racketeering' in determining whether the government has proven the defendants' guilt").

**Request No. 11:**        **Count One: Racketeering Conspiracy – The Elements**

In order to find that the defendant is guilty of the racketeering conspiracy charged in Count One of the Indictment, the government must prove beyond a reasonable doubt each of the following four elements:

First, that at or about the time charged in Count One of the Indictment, the racketeering enterprise alleged in the Indictment existed;

Second, that the enterprise was or would be engaged in, or that its activities affected or would affect, interstate or foreign commerce;

Third, that the defendant was or would be employed by or associated with the enterprise; and

Fourth, that the defendant knowingly agreed with at least one other person that either he or a coconspirator would participate, either directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as described in the indictment; that is, either the defendant or a coconspirator did or would commit at least two acts of racketeering activity.

If the government fails to prove any of those elements beyond a reasonable doubt, then you must find the defendant not guilty.

> Adapted from the charge of the Honorable Paul A. Engelmayer in *United States v. Mack*, 18 Cr. 834 (PAE) (S.D.N.Y. 2019); *see also United States v. Vebeliunas*, 76 F.3d 1283, 1294 (2d Cir. 1996).

**Request No. 12:**     **Count One: Racketeering Conspiracy – First Element (Existence of the Enterprise)**

The first element the government must prove beyond a reasonable doubt with respect to Count One is that the racketeering enterprise alleged in the indictment existed.

So, what is an enterprise? An "enterprise" refers to people who have associated together for a common purpose, have an ongoing organization, either formal or informal, and have personnel who function as a continuing unit. Under the RICO statute, an enterprise does not have to have a particular name -- or, for that matter, have any name at all. Nor must it be registered or licensed as an enterprise. It does not have to be a commonly recognized legal entity, such as a corporation, a trade union, a partnership, or the like. An enterprise may be a group of people informally associated together for a common purpose of engaging in a course of conduct. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.  Here, the government alleges there was such an enterprise.

In addition to having a common purpose, the enterprise must have a core of personnel who function as a continuing unit. Furthermore, the enterprise must continue to exist in substantially similar form for a period similar, substantially similar, to the period charged, which in this case was between in or around 2010 up to and including in or around 2020. This does not mean that the membership must remain exactly identical. The members of the organization can change, and participants in its affairs may come and go, but the enterprise must have a recognizable core that continues during a substantial period within the time frame charged in the indictment. The government must prove the existence of the enterprise charged in the indictment and not some other, different enterprise. Of course, the government need not prove that the enterprise had any particular name, but to convict a defendant it's not sufficient to find that the defendant was a

member of some other enterprise, some different criminal enterprise than the one charged in the

indictment.

The indictment alleges, and I'm quoting:

> "During the time period relevant to this Indictment, RAY led the Enterprise and targeted a group of college students and others (the "Victims") for indoctrination and criminal exploitation by the Enterprise.  RAY recruited ISABELLA POLLOK, and others, known and unknown, to join the criminal scheme and to work on behalf of the Enterprise. . . . Over the course of approximately a decade, between in or about 2010 and in or about 2020, RAY, POLLOK, and others known and unknown, attempted to gain the trust of the Victims before psychologically manipulating and controlling them for the success and furtherance of the Enterprise's ideology and the financial gain of its members.  RAY, POLLOK, and others known and unknown, exploited the Victims for the Enterprise's financial gain.  RAY, with the assistance of POLLOK and others, subjected the Victims to sexual and psychological manipulation, physical abuse, and threats of violence, in order, among other things, to extract purported confessions from the Victims that they had caused harm and damage to members and associates of the Enterprise, including by poisoning RAY, POLLOK, and others.  RAY and POLLOK, and others known and unknown, extorted money from the Victims, forced some of the Victims to perform unpaid manual labor and to provide sexual services, including to strangers, and caused one of the female Victims ("Female Victim-1") to engage in commercial sex acts for the Enterprise's financial benefit."

Of course, the indictment is not evidence and may not be considered by you

as evidence of the guilt of either defendant.

The indictment further alleges that the purpose of the charged enterprise

included the following:

> a. Enriching the members and associates of the Enterprise through, among other things, (1) extortion, (2) sex trafficking, and (3) forced labor;
>
> b. Preserving and protecting the power of the Enterprise, including the power of its leader, LAWRENCE RAY, a/k/a "Lawrence Grecco," the defendant, through violence, threats of violence, and

verbal, physical, and mental abuse.

c. Promoting and enhancing the Enterprise and the activities of its members and associates;

d. Protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence and with threats of retaliation against individuals who witnessed the crimes committed by members and associates of the Enterprise.

In summary, the government must prove beyond a reasonable doubt that there was a group of people characterized by a common purpose or purposes, an ongoing formal or informal organization or structure and core personnel who functioned as a continuing unit during a substantial period within the time frame charged in the indictment, then an enterprise existed.

That's the first element. I'm going to turn now to the second element.

Adapted from the charge of the Honorable Paul A. Engelmayer in *United States v. Mack*, 18 Cr. 834 (PAE) (S.D.N.Y. 2019)

**Request No. 13:**     **Count One: Racketeering Conspiracy – Second Element (Effect on Interstate Commerce)**

The second element the government must prove beyond a reasonable doubt with respect to Count One is that the enterprise was engaged in or had an effect upon interstate or foreign commerce.

Although the government must prove that the enterprise did or would engage in interstate commerce or that its activities did or would affect interstate commerce, the effect need not be substantial. A minimal effect is enough. It's sufficient, for example, that in the course of the racketeering activities, members of the enterprise traveled interstate, or used telephone facilities interstate. Interstate commerce includes the movement of goods, services, money, and individuals between states. The commerce affected or potentially affected need not be lawful commerce. Activities affecting or potentially affecting unlawful interstate commerce such as sex trafficking in multiple states falls within the purview of the statute.  Thus, if you find that the alleged racketeering enterprise engaged in sex trafficking, you may find that the government satisfied this element, even if the primary activities of the enterprise all occurred within a single state.

Finally, the Government is not required to prove that the defendant knew that interstate commerce was or would be affected. All that is necessary is that you find beyond a reasonable doubt that the activities of the enterprise affected or would affect interstate commerce in some minimal way.

> Adapted from the charges of the Honorable Paul A. Engelmayer in
> *United States v. Mack*, 18 Cr. 834 (PAE) (S.D.N.Y. 2019), and the
> Honorable Cathy Seibel in *United States v. Madonna*, 18 Cr. 89 (CS)
> (S.D.N.Y. 2019).

**Request No. 14:**     **Count One: Racketeering Conspiracy – Third Element (Association with the Enterprise)**

The third element the government must prove beyond a reasonable doubt with respect to Count One is that at some time during the period charged in the indictment the defendant was associated with the enterprise. It's not required that the government prove that the defendant associated with the enterprise for the entire time that the enterprise existed. The government must also prove that the defendant's association with the enterprise was knowing; that is, made with knowledge of the existence of the criminal enterprise through a general awareness of some of its purposes, activities, and personnel. A person cannot be associated with or employed by an enterprise if he doesn't know of the enterprise's existence or the nature of its activities. The government need not prove that the defendant agreed with every other member of the enterprise, knew all the other members of the enterprise, or had full knowledge of all of the details of the enterprise. However, in proving this element, the government must prove beyond a reasonable doubt that the defendant was connected to the enterprise in some meaningful way and that the defendant knew the general nature of the enterprise and knew that the enterprise existed beyond his individual role.

Adapted from the charge of the Honorable Paul A. Engelmayer in
*United States v. Mack*, 18 Cr. 834 (PAE) (S.D.N.Y. 2019).

**Request No. 15:      Count One: Racketeering Conspiracy—Fourth Element (Agreement to Commit a Pattern of Racketeering)**

The fourth element that the government must prove beyond a reasonable doubt with respect to Count One is that there was a conspiracy among two or more persons, including the defendant, to participate in the conduct of the affairs of that enterprise through the alleged pattern of racketeering activity. There are several concepts in there. I'm going to unpack them and break them down for you now in several parts.

The existence of a conspiracy.

First, as to whether the government has proven the existence of a conspiracy, I have previously instructed you generally on the federal law of conspiracy. You may apply the concepts and definitions applicable to the offense of conspiracy as I defined it for you earlier. As to Count One, however, the charged object or purpose of the alleged criminal agreement is to operate the enterprise defined in Count One by a pattern of racketeering acts, as I'm about to define that term for you in a few minutes.

Second, as to whether the government has proven the defendant's membership in the conspiracy charged in Count One, the government must prove beyond a reasonable doubt that the defendant knowingly and willfully joined the conspiracy. Again, you should apply the same concepts and definitions that I gave you as to membership in a conspiracy that I gave you a moment ago. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of the basic aims and purposes of the unlawful agreement and with the specific intention of furthering its objectives. Again, a defendant's knowledge is a matter of reasonable inference from the facts proved as to his acts and statements as well as those of his alleged coconspirators. In that connection, I'm reminding you that to become a member of the conspiracy, the defendant need not have known the identities of each and every member, nor need he have been apprised of all of their

28

activities. Nor need the defendant have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Again, however, mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. And the fact that the acts of a defendant, without knowledge, merely happen to further the conspiracy's purposes or objectives does not make the defendant a member. More is required under the law. What's necessary is that the defendant have participated with knowledge of at least some of intention of aiding in the accomplishment of these unlawful ends. In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the unlawful, illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

And finally, I told you that the government must prove that the conspiracy was to participate in the affairs of the enterprise through a "pattern of racketeering activity." What does that mean? A pattern of racketeering activity means the commission of at least two related acts of racketeering by either the defendant himself or a coconspirator, within ten years of each other. These acts are referred to as "predicate acts" for the RICO conspiracy charge.

To establish an agreement to commit a "pattern of racketeering activity," as alleged in Count One of the indictment, the government must prove each of the following three elements beyond a reasonable doubt:

First, that the defendant agreed that a conspirator, which could include the defendant himself, would intentionally commit, or cause, or aid and abet the commission of, two or more of the predicate acts of racketeering activity of the types charged in the indictment. And at the end of

this instruction, I'm going to instruct you on the elements regarding each of those charged categories of racketeering acts.

And second, that the predicate acts forming the "pattern of racketeering" had a "nexus" – meaning, a connection -- to the enterprise and that the predicate acts are "related" to one another. Predicate act has a "nexus," or connection, to the enterprise if it has a meaningful connection to the enterprise. To be "related," the predicate acts must have the same or similar purposes, results, participants, victim, or methods of commission, or be otherwise interrelated by distinguishing characteristics and not be  merely isolated events. Two racketeering events may be "related" even though they're dissimilar or not directly related to each other, provided that the racketeering acts are related to the same enterprise. For example, for both "nexus" and "relatedness" purposes, the requisite relationship between the RICO enterprise and a predicate racketeering act may be established by evidence that the defendant was enabled to commit the racketeering act solely by virtue of his position in the enterprise or his involvement in or over its affairs or by evidence that the defendant's position in the enterprise facilitated his commission of the racketeering act, or by evidence that the racketeering act benefitted the enterprise, or by evidence that the racketeering act was authorized by the enterprise, or by evidence that the racketeering act promoted or furthered the purposes of the enterprise.

And third, to establish a pattern of racketeering activity, the government must prove that the predicate acts themselves either extended over a substantial period of time or they posed or would pose a threat of continued criminal activity. The government need not prove such a threat of continuity by any mathematical formula or by any particular method or proof but, rather, may prove it in a variety of ways. For example, the threat of continued unlawful activity may be established when the evidence shows that the racketeering acts are part of a long-term association

that exists for criminal purposes or when the racketeering acts are shown to be the regular way of conducting the affairs of the enterprise. Moreover, in determining whether the government has proven the threat of continued unlawful activity, you're not limited to consideration of the specific racketeering acts that the defendant himself is alleged to have committed. Rather, in addition to considering such acts, you may also consider the nature of the enterprise and other unlawful activities of the enterprise and its members, viewed in their entirety, including both charged and uncharged unlawful acts.

For the government to meet its burden of proof on Count One, the government must prove beyond a reasonable doubt that the defendant intended to further an endeavor which, if completed, would have satisfied all the elements of the substantive racketeering offense. The government is not required to prove that the defendant personally committed or agreed any act of racketeering, nor is it required to prove that any acts of racketeering actually occurred. Rather, the government must prove that the defendant agreed to participate in the enterprise with the knowledge and intent that at least one member of the racketeering enterprise, which could be the defendant himself, would commit at least two related predicate acts in the conduct of the affairs of the enterprise and that these acts would constitute a pattern of racketeering activity as defined above. Let me make clear that the enterprise is not the same thing as the pattern of racketeering activity. To convict, the government must prove beyond a reasonable doubt both that there was an enterprise and that the enterprise's affairs were conducted through a pattern of racketeering activity.

As I've mentioned, the enterprise in this case is alleged to be a group of individuals who were associated together for a common purpose of engaging in a course of conduct. A pattern of racketeering, on the other hand, is a series of criminal acts. The existence of the enterprise is proved by evidence of an ongoing organization, formal or informal, with a common purpose and by

evidence that various core personnel of the group functioned as a continuing unit. The pattern of racketeering activity, on the other hand, is proved by evidence of a minimum of two related acts of racketeering that the participants in the enterprise committed or aided and abetted. The proof used to establish these separate elements may be the same or overlapping. For example, if you find that an ongoing enterprise existed, the existence of this enterprise may help establish that the separate racketeering acts were part of a "pattern" of continuing criminal activity. Nevertheless, you should bear in mind that proof of an enterprise doesn't necessarily prove a pattern of racketeering activity, and vice versa. Each element must be proved by the government beyond a reasonable doubt.

> Adapted from the charge of the Honorable Paul A. Engelmayer in
> *United States v. Mack*, 18 Cr. 834 (PAE) (S.D.N.Y. 2019).

**Request No. 16:**        **Count One: Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—Racketeering Predicates—Generally**

Continuing on with Count One, I'm now going to explain the specific racketeering acts that are alleged in the indictment. I'm going to go through them one by one.

As to the racketeering activity alleged here, Count One alleges that the following categories of acts and offenses were committed, or were intended to be committed, as part of the conspiracy:

a. Acts involving extortion and conspiracy to commit extortion in violation of federal law, specifically the Hobbs Act, Title 18, United States Code, Sections 1951 and 2;

b. Acts involving extortion, conspiracy to commit extortion, and attempted extortion in violation of New York State Penal Law Sections 155.05(2)(e), 155.40(2), 155.30(6), 110.00, and 20.00;

c. Acts involving sex trafficking by force or coercion in violation of federal law, specifically Title 18, United States Code, Sections 1591 and 2;

d. Acts involving forced labor in violation of federal law, specifically Title 18, United States Code, Sections 1589 and 2;

e. Acts involving forced labor trafficking in violation of federal law, specifically Title 18, United States Code, Sections 1590 and 2;

f. Acts involving the use of interstate commerce to promote unlawful activity, in violation of federal law, specifically Title 18, United States Code, Sections 1952 and 2;

g. Money laundering, in violation of federal law, specifically, Title 18, United States Code, Sections 1956 and 2;

h. Acts involving witness tampering, in violation of federal law, specifically Title 18, United States Code, Sections 1512 and 2; and

i. Acts involving the obstruction of justice in violation of federal law, specifically Title 18, United States Code, Sections 1503 and 2.

In a moment, I will instruct you on the substantive law of each of these offenses. Before I do, let me remind you that the Government must prove beyond a reasonable doubt that the defendant agreed that either he or a co-conspirator would commit two acts in violation of these statutes within ten years of each other as part of the charged RICO conspiracy. As I have said, the

33

Government need not prove that the defendant himself committed or agreed to personally commit any of these offenses.

You also will note that, for some of the charged categories of predicate offenses, the Indictment charges a violation of more than one statute. I instruct you that, in order to find that a given predicate offense was an object of the charged RICO conspiracy, you need not find that the object of the conspiracy involved violations of all the listed statutes; rather, you need only find that the object of the conspiracy involved the violation of at least one of the specified statutes, but you must be unanimous as to which one or ones.

You'll also note as to some of these offenses, I'm going to use the term "aiding and abetting," which I have already defined for you.

Adapted from the charge of the Honorable Paul A. Engelmayer in
*United States v. Mack*, 18 Cr. 834 (PAE) (S.D.N.Y. 2019).

**Request No. 17:Count One: Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—Racketeering Predicates—Hobbs Act Extortion**

The Indictment alleges that one of the categories of criminal violations that was committed or was intended to be committed as part of the RICO conspiracy charged in Count One, that is, one of the predicate acts, was violations of the Hobbs Act, Title 18, United States Code, Section 1951. The Hobbs Act makes it illegal to interfere with commerce through robbery or extortion. Section 1951 provides, in relevant part:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of an article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section [commits a crime].

To find that a person committed extortion in violation of Section 1951, the Government must prove beyond a reasonable doubt that:

First, that the individual wrongfully obtained the property of another;

Second, that the individual obtained this property with the victim's consent, but that this consent was compelled by the wrongful use or threat of force, violence, or fear; and

Third, that, as a result of the individual's actions, interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree.

The term "property" includes money and other tangible and intangible things of value that are capable of being transferred from one person to another.

With respect to the second element of federal extortion, it is not necessary that force, violence and fear all were used or threatened. It is enough if any of them were used or threatened. Now let me turn for a moment to the concept of threat. Threats need not be direct. They may be veiled threats made by suggestion, implication or inference, though such inference on the part of the person extorted must be reasonable. You may also consider whether the implicit threat of

violence permeated the relationship.  Whether an implied or veiled reference amounts to a threat is a matter for you to decide under all the circumstances.

If you find that the defendant, or the alleged enterprise, cultivated a reputation for violence and intimidation, you may consider that reputation in assessing whether payments were induced by the exploitation of existing fear without an explicit or implicit threat.

In considering whether force, violence, or fear was used or threatened, you should give those words their common and ordinary meaning, and understand them as you normally would in conversation.  The threatened violence does not have to be directed at the person whose property was taken.  The use of a threat of force or violence might be aimed at a third person, or at causing economic, rather than physical harm.  A threat may be made verbally or by a physical gesture, or, as I explained earlier, a threat may be veiled or implied.  Whether a statement or physical gesture actually was a threat depends on all of the circumstances.

Fear exists if at least one victim experiences anxiety, concern or worry over expected personal harm, or loss, or financial security.  The existence of fear must be determined by the facts that existed at the time property was taken.  Your decision whether fear or injury has been used or threatened involves a decision about people's state of mind at the time the property is taken.  It is obviously impossible to ascertain or prove directly what a person actually felt.  You cannot look into a person's mind to see what his state of mind actually was, but a careful consideration of the circumstances and the evidence should enable you to decide whether fear reasonably would have been the person's state of mind.

Fear of physical or economic injury or personal harm may be found to be reasonable if, considering the demand for money, the person who would have made the demand, and the nature of the conduct, a reasonable person would get the message clearly.  There need not be an explicit

demand for money; the demand may have been implicit in the perpetrator's conduct or other statements.

Looking at the situation and the actions of people involved may help you determine what their state of mind was. You can consider this kind of evidence in deciding whether property was obtained or sought through the use or threat of fear.

It is not necessary that the fear be a consequence of a direct threat. It is sufficient that the surrounding circumstances render the person's fear reasonable. You must find that a reasonable person would have been fearful in the circumstances.

If you find that the Government has proved beyond a reasonable doubt that the defendant used or threatened force or violence or attempted to induce fear for the prohibited purpose of obtaining money with his victim's consent, then the element of wrongfulness has been satisfied and in those circumstances it makes no difference whether the defendant was actually owed any money by the alleged victims or thought he was. Using force or violence or threats of force or violence to obtain property is wrong. The extortion statute charged here is meant to punish any effort to obtain property by inherently wrongful means, such as force or threats of force, regardless of any claim of right to the property by the perpetrator.

I have already instructed you regarding what affecting interstate commerce means, and you should apply that law here. Money is obtained in a manner that affects interstate commerce if the money is the proceeds of an illegal business that operated across state lines.

I have also already instructed you generally as to the meaning of aiding and abetting under federal law, and you should apply those instructions here.

> Adapted from the charge given by the Honorable Paul G. Gardephe in *United States v. Johnson*, 16 Cr. 281 (PGG); the charge of the Honorable Katherine B. Forrest in *United States v. Delligatti*, 15 Cr. 491 (KBF) (S.D.N.Y. 2018); 3 Modern Federal Jury Instructions-

Criminal P 50.01, Inst. 50-3 (2019); 3 Modern Federal Jury Instructions-Criminal P 50.02, Instr. 50-10 through 50-15 (2019); *see also McLaughlin v. Anderson*, 962 F.3d 187 (2d Cir. 1992); *United States v. Parkes*, 497 F.3d 220, 231 (2d Cir. 2007) (the interstate element may be satisfied if the extortion affects an illegal enterprise engaged in interstate commerce); *United States v. Zappola*, 677 F.2d 264, 270 (2d Cir. 1982) (jury properly instructed that "If you find that the government has proved beyond a reasonable doubt that a particular defendant used or threatened force or violence or attempted to induce fear for the prohibited purpose of obtaining money with his victim's consent, then the element of wrongfulness has been satisfied and in that circumstances it makes no difference whether the defendant was actually owed any money by the victims or thought he was."); *United States v. Castelle*, 836 F. App'x 43, 49 (2d Cir. 2020) (evidence supported extortion where the victim would not have given the defendant money, "[b]ut for the implicit threat of violence that permeated the relationship"); *United States v. Coppola*, 671 F.3d 220, 242 (2d Cir. 2012) ("[W]here an organized crime enterprise cultivates a reputation for violence and intimidation in achieving its conspiratorial goal of control throughout an industry or area, a jury may reasonably consider that reputation in assessing whether payments were induced by the exploitation of existing fear without an explicit or implicit threat."); *United States v. Mulder*, 273 F.3d 91, 103–04 (2d Cir.2001) (noting that "[b]ad reputation is relevant to the fear element in a Hobbs Act conspiracy since such a reputation frequently conveys a tacit threat of violence").

**Request No. 18:**       **Racketeering      Conspiracy—Fourth      Element      (Pattern      of Racketeering)—Racketeering Predicates—Extortion Under New York Law**

The second category of predicate acts the Indictment alleges was committed or was intended to be committed as part of the RICO conspiracy was extortion, and aiding and abetting the same, in violation of New York State law.

In order for you to find that a person committed extortion under New York State law, the Government must prove beyond a reasonable doubt that:

First, that the individual took, obtained, or withheld property;

Second, that the individual took, obtained or withheld such property from a person, and that the person was an owner thereof;

Third, that the individual acted with intent to deprive another of such property or to appropriate the same to himself or to a third person; and

Fourth, that the individual obtained such property by compelling or inducing such person to deliver such property to himself or to a third person by means of instilling a fear that, if such property was not so delivered, the actor or another would cause physical injury to some person, or damage to property, in the future.

Adapted from Criminal Jury Instructions 2d [NY] § 155.40(2); and the charge of Honorable Cathy Seibel in United States v. Matthew Madonna, 17 Cr. 89 (CS).

**Request No. 19:      Racketeering    Conspiracy—Fourth    Element    (Pattern    of Racketeering)—Racketeering Predicates—Sex Trafficking by Force or Coercion**

### A.  Sex Trafficking -- Generally

The third category of predicate acts the Indictment alleges was committed or was intended to be committed as part of the RICO conspiracy was the crime of sex trafficking by force, threats of force, or coercion, or any combination of such means, and aiding and abetting the same. This crime is set forth in Title 18, United States Code, Section 1591.  I will refer to this as substantive sex trafficking as opposed to conspiracy to commit sex trafficking, which is another crime charged in the Indictment.

Section 1591 provides, in pertinent part:

> Whoever knowingly . . . [,] in or affecting interstate . . . commerce, . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or . . . benefits, financially or by receiving anything of value, from participation in a venture which has engaged in [such] an act . . . , knowing, or, except where the act constituting [such] . . . violation . . . is advertising, in reckless disregard of the fact, that means of force, threats of force . . . coercion . . . , or any combination of such means will be used to cause the person to engage in a commercial sex act . . . [is guilty of a federal crime].

The crime of sex trafficking by force, threats of force, or coercion, or any combination of such means has the following three elements:

<u>First</u>, the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited the victim.

<u>OR</u>

The defendant knowingly benefitted, financially or by receiving anything of value, from participating in a venture that recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited the victim;

40

Second, the defendant knew or recklessly disregarded the fact that force, threats of force, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act;

Third, the defendant's acts were in or affecting interstate or foreign commerce.

I have already instructed you generally as to the meaning of aiding and abetting under federal law, and you should apply those instructions here.

> Adapted from 18 U.S.C. § 1591(a)(1) & (a)(2); Sand, *Modern Federal Jury Instructions*, Instr. 47A-18.

## B. **Sex Trafficking – First Element**

The first element of the crime of sex trafficking is that a defendant either: (1) knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized or solicited the victim; **OR** (2) knowingly benefitted, financially or by receiving anything of value, from participating in a venture that recruited, enticed, harbored, transported, provided, obtained, maintained, advertised, patronized or solicited a person.

Therefore, there are two different ways for the Government to satisfy the first element. The first is by proving that the defendant knowingly engaged in one of the prohibited trafficking acts; that is, recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting a person. The second way is by proving that the defendant knowingly took part in a venture that engaged in one of those trafficking activities and benefitted financially or by receiving a thing of value, from that venture. The Government does not have to prove that the defendant violated the statute both ways.

With respect to your consideration of whether the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized or solicited a person, I instruct you to use the ordinary, everyday definitions of these terms. "Recruit" means to seek to

41

enroll.  "Entice" means to attract, induce or lure using hope or desire.  "Harbor" means to give or afford shelter to, such as in a house or other place.  "Transport" means to take or convey from one place to another.  "Provide" means to furnish, supply or make available.  "Obtain" means to gain possession of or acquire.  "Advertise" means to publicize. "Patronize" means to visit or obtain services in exchange for money.  "Solicit" means to seek out. "Maintain" means to keep in an existing state or support.  I instruct you, however, that you may not consider conduct that occurred before May 29, 2015, when determining whether the defendant "advertised," "solicited" or "patronized" another person.

The second, or alternative, way to prove the first element of sex trafficking is for the Government to show that there was a venture that engaged in recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting a person, that the defendant knowingly participated in some way in that venture, and that the defendant knowingly benefitted, financially or by receiving anything of value, from that venture.  Again, you may not consider conduct that occurred before May 29, 2015, when determining whether the defendant benefitted from a venture that engaged in "advertising," "soliciting" or "patronizing" another person.

In considering whether the defendant participated in such a venture, I instruct you that a venture is defined as "any group of two or more individuals associated in fact, whether or not as a legal entity."  You may find that the defendant participated in a venture prohibited by the sex trafficking law if the defendant took part in that venture in any way.  The defendant may be, but need not be, responsible for forming that venture.  Likewise, the defendant need not be organizers or main participants in the venture, and need not have participated throughout the length of the venture.  It is enough if the defendant took some part in the venture for any period of time while

the venture was still ongoing, even if the parts they played were minor, and even if they were not related to the actual recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing or soliciting of a person for commercial sex.

To benefit, financially or by receiving anything of value, from a venture, the defendant must receive some form of profit, benefit, value or advantage, no matter how minor, or intangible from the venture.

Of course, if you find that the defendant himself recruited, enticed, harbored, transported, provided, obtained, maintained, advertised, patronized or solicited a person, you need not consider whether or not the defendant benefitted from doing so.

The Government must prove that the defendant acted knowingly in either the prohibited trafficking activity or joining in a venture that engaged in a prohibited trafficking activity. An act is done "knowingly" if it is done deliberately and purposely; that is, the defendant's actions must have been their conscious objective rather than a product of a mistake or accident, or mere negligence or some other innocent reason.

In deciding whether or not the first element of the sex trafficking statute has been satisfied, you need not all agree that the Government has proven the element the first way or the second way. Stated differently, you need not all agree the defendant actually recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized or solicited a person, or also all agree that the defendant participated in a venture that did one of those things and benefitted thereby. You need only agree that the Government has proven beyond a reasonable doubt that the defendant did one or the other of those two alternatives that I described for you.

Adapted from the charge of the Honorable Jesse M. Furman in *United States v. Hubert Dupigny*, 18 Cr. 528 (JMF) (S.D.N.Y. 2020); *see Smith v. United States*, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning."); Webster's Ninth New Collegiate Dictionary (9th ed. 1983) (defining "recruit," "harbor," "transport," "provide," "obtain," "entice," "maintain"); 18 U.S.C. § 1591(e)(5) (defining "venture"); *United States v. Williams*, 705 F.2d 603, 623 (2d Cir. 1983) (construing "anything of value" language broadly in context of bribery statute); *United States v. Herrera*, 584 F.2d 1137, 1144 (2d Cir. 1978) (defining "harboring" for purposes of 8 U.S.C. § 1324); *United States v. Paris*, No. 03:06-CR-64(CFD), 2007 WL 3124724, at *12 (D. Conn. Oct. 24, 2007) (finding that "[j]urors are required to unanimously conclude that the elements of an offense are satisfied, but are not required to unanimously agree on which means a defendant used to commit a particular element"). *See also Richardson v. United States*, 526 U.S. 813, 817 (1999) (finding that "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime"); *Schad v. Arizona*, 501 U.S. 624, 631(1991) (same); *United States v. Powell*, 2006 WL 1155947, at * 1 (N.D. Ill. April 28, 2006) (grouping of two different means of violating 18 U.S.C. § 1591 into a single count was not improper given that the jury is "not required to unanimously agree by which means a defendant committed a crime") (citing *Schad*);*United States v. Yeaman*, 194 F.3d 442, 453-54 (3d Cir. 1999) (same); *United States v. Weller*, 238 F.3d 1215, 1220 (10th Cir. 2001) (distinguishing means from elements); *United States v. Powell*, 226 F.3d 1181, 1195 (10th Cir. 2000) (same); *United States v. Dean*, 969 F.2d 187, 195 (6th Cir. 1992) ("The conviction may be upheld upon proof of either of the alternative means of committing the offense."); *United States v. Hathaway*,798 F.2d 902, 913 (6th Cir. 1986) (an "indictment count that alleges in the conjunctive a number of means of committing a crime can support a conviction if any of the alleged means are proved").

**C. Sex Trafficking – Second Element**

The second element of substantive sex trafficking requires the Government to prove beyond a reasonable doubt that the defendant knew, or recklessly disregarded, that force, threats of force, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act.

This element speaks to the defendant's state of mind while engaging in any of the actions I described in connection with the first element. Like the first element, this second element can be proven in two different ways.

One way to prove the second element is to demonstrate that the defendant engaged in any of the actions I described in connection with the first element knowing that that force, threats of force, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act. Here, I instruct you to apply the definition of "knowing" that I have previously provided to you.

In the alternative, this second element can proven for all of the actions I described in connection with the first element *except for advertising* if it is demonstrated the defendant acted in reckless disregard of the fact that that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act.

"Reckless disregard" means that the defendant acted with deliberate indifference to facts that, if considered and weighed in a reasonable manner, indicate the highest probability that force, threats of force, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act. In order to prove beyond a reasonable doubt that a defendant "recklessly disregarded" this fact, the Government must prove that the defendant deliberately

closed his eyes to what would otherwise have been obvious to him. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding beyond a reasonable doubt of the intent of the defendant to avoid knowledge or enlightenment would permit the jury to find that this element has been satisfied. Stated another way, a person's reckless disregard of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

With respect to advertising, as I noted, if you find that a defendant himself advertised a person for a commercial sex act or joined a venture doing the same, you must find the defendant acted with knowledge that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act.

For any of the other actions I described in connection with the first element of substantive sex trafficking—that is, a defendant who recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited the victim—you need not find a defendant acted knowingly and instead may find the defendant acted in reckless disregard of the fact that force, threats of force, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act.

To help you in determining whether the defendant acted with knowledge, or in reckless disregard of, the fact that force, threats of force, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act, I need to instruct you on the meanings of force, coercion, as well as the meaning of "commercial sex act."

I will start with the term "commercial sex act." That term means any sex act, on account of which anything of value is given to or received by any person. The term "sex act" includes

more than sexual intercourse and expands to "any" act of sex, which is ordinarily understood to be an act performed with another for sexual gratification.

The term "force" means any form of power, violence, or physical pressure directed against another person.

The term "fraud" means that a misstatement or omission of a material fact was knowingly made to entice another person. A material fact is one that would reasonably be expected to be of concern to a reasonable person in relying upon the representation or statement in making a decision.

The term "coercion" has three meanings. It means any threat of serious harm to or physical restraint against any person; **OR**, any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; **OR**, any abuse or threatened abuse of law or the legal process.

The term "serious harm" includes threats of any harm, whether physical or non-physical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same situation as the trafficked person to perform or continue performing commercial sex acts in order to avoid incurring that harm. The repeated physical, verbal, and emotion abuse of a person by the defendant can rise to the level of serious harm.

"Abuse or threatened abuse of law or legal process," means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action. "Abuse or threatened abuse of law or legal process" includes threats to send a person to jail or to deport a person that are sufficient,

under all the surrounding circumstances, to compel or coerce a person to perform a commercial sex act that the person would not have otherwise been willing to perform.

If you find that any of these prohibited means was used—or any combination of these means—you must then determine whether such use was sufficient to cause the victim to engage in a commercial sex act against the victim's will. In making that determination, you may consider the cumulative effect of the conduct of a defendant on the victim.

You may also consider the special vulnerabilities, if any, of the victim.

By this I mean that you may consider any aspect of the victim's age, background, station in life, physical or mental condition, experience or education, or any inequalities between the victim and the defendant. Simply put, you may ask whether the victim was vulnerable in some way such that the use of force, threats of force, or coercion, or any combination of such means, even if not sufficient to compel another person to engage in a commercial sex act, would have been enough to compel a reasonable person in the same circumstances and with the same background as the victim to engage in a commercial sex act.

To prove sex trafficking, the Government does not need to link any specific commercial sex act to any particular threat made, or any particular action taken, on the part of the defendant. If the defendant's use of force, threats of force, or coercion, or any combination of such means, was sufficient to give rise to a climate of fear that would compel a reasonable person in the victim's situation to comply with the defendant's demands, in light of the totality of the defendant's conduct, the surrounding circumstances, and any vulnerabilities of the victim, then you likewise may find that the second element has been met.

You may also consider whether the defendant's conduct gave rise to a climate of fear that overcame the will of the victim. Such a climate of fear may arise not only from a defendant's

threats and other acts directed at the victim, but also from conduct directed at others that the victim is aware of.

The Government also need not prove physical restraint—such as the use of chains, barbed wire, or locked doors—in order to establish the offense of sex trafficking.  The fact that the victim may have had an opportunity to escape is irrelevant if a defendant placed the victim in fear of leaving or created circumstances such that the victim did not reasonably believe the victim could leave.  A victim is under no affirmative duty to try to escape.

Further, whether a person is paid or is able to keep some of their earnings is not determinative of the question of whether that person has been compelled to engage in sex trafficking. In other words, if a person is compelled to engage in a commercial sex act through force, threats of force, or coercion, or any combination of such means, such service is involuntary even if the person is paid or compensated for the work.

Finally, the victim does not need to have been subjected to force, threats of force, or coercion, or any combination of such means, for the entirety of the period in which the victim engaged in commercial sex acts for the defendant.  If there is just one instance in which the defendant used force, threats of force, or coercion, or any combination of such means, to cause the victim to perform a commercial sex act, that is sufficient.  Therefore, the fact that a person may have initially acquiesced or agreed to perform a commercial sex act, or voluntarily engaged in commercial sex acts apart from the defendant, does not preclude a finding that the person was later compelled to engage in prostitution through the use of force, threats of force, or coercion, or any combination of such means.  For example, if a victim willingly engaged in an act of prostitution, either with the defendant or otherwise, then later wanted to withdraw but was compelled to continue to perform acts of prostitution through force, threats of force, or coercion, or any

combination of such means, then you may find that the victim's later acts of prostitution were

compelled by force, threats of force, or coercion, or any combination of such means.

> Adapted from the charges of the Honorable Jesse Furman in *United States v. Dupigny*, 18 Cr. 528 (JMF) (S.D.N.Y. Jan. 17, 2020); and the Honorable Nicholas G. Garaufis in *United States v. Keith Raniere*, 18 Cr. 204 (NGG) (E.D.N.Y. June 18, 2019); *see also* 18 U.S.C. § 1591(e)(2) (defining coercion); 18 U.S.C. § 1591(e)(3) (defining commercial sex act); *United States v. X-Citement Video*, 513 U.S. 64, 72 n.2 (1994); O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 17.09 (5th Ed. 2000); *see* 1 Devitt & Blackmar, *Federal Jury Practice Instructions*, § 17.07 (4th ed. 1992) [Proof Of Intent Or Knowledge] (modified to relate only to issue of knowledge); *see also United States v. Lothian*, 976 F.2d 1257, 1267 (9th Cir. 1992); *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir. 1991); *United States v. Laykin*, 886 F.2d 1534, 1540 (9th Cir. 1989); O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 17.07 (5th ed. 2000) (modified); *United States v. Bibbs*, 564 F.2d 1165 (5th Cir. 1977) (affirming conviction where victims initially agreed to work for defendants); *see also*
>
> **Commercial Sex Act**
> 18 U.S.C. § 1591(e)(3); *United States v. Tollefson*, 367 F. Supp. 3d 865, 878-79 (E.D. Wis. 2019) (defining "commercial sex act"); *United States v. Vado*, No. 14 Cr. 666 (PAE), 2015 WL 1611337, at *7, *10 (S.D.N.Y. Apr. 10, 2015) (stating, in context other than Section 1591, that the "term . . . 'sexual,' is commonly understood to mean 'having or involving sex" and that the "ordinary meaning of 'sexual'" means "for a purpose associated with sexual gratification" (citation and internal quotation marks omitted)).
>
> **Serious Harm**
> *United States v. Bradley*, 390 F.3d 145, 150-52 (1st Cir. 2004) (suggesting that "serious harm" under Section 1590 extends to improper, i.e., illegitimate threats of non-physical consequences); *Guobadia v. Irowa*, 103 F. Supp. 3d 325, 335 (E.D.N.Y. 2015) (repeated physical, verbal, and emotional abuse" of a victim by a defendant can "rise to the level of 'serious harm' under Section 1589."); *accord Saraswat v. Selva Jayaraman, Bus. Integra, Inc.*, No. 15-CV-4680, 2016 WL 5408115, at *5-6 (E.D.N.Y. Sept. 28, 2016).
>
> **Scheme, Plan or Pattern**
> *Smith v. United States*, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its

ordinary or natural meaning."); Merriam-Webster Online Dictionary, www.m-w.com/dictionary.

**Victim Vulnerability**
*Bradley*, 390 F.3d at 152-53; *United States v. Kozminski*, 487 U.S. 931, 948, 952 (1988) ("the vulnerabilities of the victim are relevant in determining whether the physical or legal coercion or threats thereof could plausibly have compelled the victim to serve."); *United States v. Veerapol*, 312 F.3d 1128, 1131-32 (9th Cir. 2002); *United States v. Alzanki*, 54 F.3d 994, 1002 (1st Cir. 1995); *United States v. Rivera*, 799 F.3d 180, 186-87 (2d Cir. 2015) ("The correct standard is a hybrid: it permits the jury to consider the particular vulnerabilities of a person in the victim's position but also requires that her acquiescence be objectively reasonable under the circumstances." (discussing sex trafficking in violation of 18 U.S.C. § 1591)).

**Climate of Fear**
*Alzanki*, 54 F.3d at 999 (noting, in describing the facts, that "[t]he climate of fear was enhanced by [the victim's] witnessing one incident involving [her employer's] physical abuse of [his wife], and by learning from [the wife] that [the employer] struck [her] again shortly thereafter."); *United States v. King*, 840 F.2d 1276, 1281 (6th Cir. 1988) (force, threats, and other coercion created "pervasive climate of fear""); *United States v. Warren*, 772 F.2d 827, 833-34 (11th Cir. 1985) (finding "grotesque" the "use, or threatened use, of physical force to create a climate of fear"); *United States v. Harris*, 701 F.3d 1095, 1100 (4th Cir. 1983) (evidence that the defendant beat people other than victim was relevant because it contributed to a "reign of physical terror"); *United States v. Booker*, 655 F.2d 562, 566 (4th Cir. 1981) (assaults and threats created "climate of fear"); *United States v. Marcus*, 487 F. Supp 2d 289, 310 (E.D.N.Y. 2007).

**Opportunity to Escape**
*Bradley*, 390 F.3d at 153-54; *Alzanki*, 54 F.3d at 1000; *Warren*, 772 F.2d at 834; *United States v. Bibbs*, 564 F.2d 1165, 1168 (5th Cir. 1977); *Booker*, 655 F.2d at 567 (4th Cir. 1981) (holding that trial court "should not have charged the jury that it would have to find that the defendants' use of force effectively denied the possibility of escape to the victims. The availability of escape . . . or even a situation where the discipline of terror is not constantly enforced, does not preclude a finding that persons are held as slaves.").

**Initial Agreement**
Pattern Crim. Jury Instr. 11th Cir., § 49 ("In considering whether service or labor was performed by someone involuntarily, it makes

no difference that the person may have initially agreed, voluntarily, to render the service or perform the work. If a person willingly begins work, but later desires to withdraw and is then forced to remain and perform work against that person's will by the use or threatened use of coercion, that person's service becomes involuntary.").

**Payment**
*Bradley*, 390 F.3d at 154; *Heflin v. Sanford*, 142 F.2d 798, 799 (5th Cir. 1944) ("Whether [the victim] was to be paid much, or little or nothing, is not the question. It is not uncompensated service, but involuntary misconduct which is prohibited by the Thirteenth Amendment. Compensation for service may cause consent, but unless it does it is no justification for forced labor."); Pattern Crim. Jury Instr. 11th Cir., § 49 ("Also, whether a person is paid a salary or a wage is not determinative of the question of whether that person has been held in involuntary misconduct. In other words, if a person is forced to labor against that person's will by the use or threatened use of coercion, such service is involuntary even though the person is paid for the work.").

## D. Sex Trafficking – Third Element

To satisfy the third and final element of the crime of sex trafficking, the Government must prove beyond a reasonable doubt that the defendant's sex trafficking activities were in interstate commerce or affected interstate commerce. The Government need not prove both that the activities were in interstate commerce and affected interstate commerce. I previously defined the interstate commerce element as to Count One, and you should use that instruction here.

With respect to sex trafficking, if you find beyond a reasonable doubt that the defendant's recruitment, enticement, harboring, transportation, providing, obtaining, advertising, maintaining, patronizing, or soliciting, of a person for the purpose of engaging in a commercial sex act was economic in nature and affected the flow of money to any degree, however minimal, you may find that the interstate commerce requirement of the offense of sex trafficking by force, threats of force, or coercion, or any combination of such means, has been satisfied.

18 U.S.C. § 1591; *United States v. Angelilli,* 660 F.2d 23, 35 (2d Cir. 1981) (This requirement "may be satisfied by a showing of a very slight effect on interstate commerce.  Even a potential or subtle effect on commerce will suffice."); *United States v. Holston*, 343 F.3d 83, 91 (2d Cir. 2003) (acts and transactions which are economic in nature and affect the flow of money in the stream of commerce to any degree, however minimal, "affect" interstate commerce); *United States v. King*, 276 F.3d 109 (2d Cir. 2002) (acts and transactions which cross state lines are "in" interstate commerce); *United States v. Paris*, 2007 U.S. Dist. Lexis 78418 at *25 (D. Conn. Oct. 23, 2007) (use of cell phones, use of hotel rooms and distribution of condoms all affected interstate commerce in sex trafficking venture).

**Request No. 20:        Racketeering        Conspiracy—Fourth        Element        (Pattern        of
                        Racketeering)—Racketeering Predicates—Forced Labor**

### A.  Forced Labor -- Generally

The fourth category of predicate acts the Indictment alleges was committed or was intended

to be committed as part of the RICO conspiracy was obtaining or providing forced labor by various

unlawful means, and aiding and abetting the same. This crime is set forth in Title 18, United States

Code, Section 1589. The relevant statute reads as follows:

> Whoever knowingly obtains the labor and services of another person
> by means of force, threats of force, physical restraint or threats of
> physical restraint to that person or another person, by means of
> serious harm or threats of serious harm to that person or another
> person, or by means of any scheme, plan, pattern, intended to cause
> the person to believe that if that person did not perform such labor
> or services, that person or another person would suffer serious harm
> or physical restraint, shall be guilty of a crime.

The Government must prove the following three elements beyond a reasonable doubt to

prove that the defendant committed this Racketeering Act.

First, the defendant obtained the labor or services of a victim.

Second, the defendant did so through one of the following prohibited means: (i) force,

threats of force, physical restraint, or threats of physical restraint to the victim or another person,

(ii) serious harm or threats of serious harm to the victim or any other person, (iii) abuse or threated

abuse of law or legal process, or (iv) a scheme, plan, pattern, intended to cause victim to believe

that not performing would result in serious harm to or physical restraint against the victim or any

other person.

Third, the defendant acted knowingly.

I have already instructed you generally as to the meaning of aiding and abetting under

federal law, and you should apply those instructions here.

**B. Forced Labor – First Element**

The first element the Government must prove is that the defendant obtained a victim's labor and services. To obtain means to acquire, control or possess, even if only for a short period. Labor means the expenditure of physical or mental effort. Services means conduct or performance that assists or benefits someone.

The Government does not have to prove that a victim performed work for the defendant in the economic sense, although that would satisfy this element. Labor or services can include, but is not limited to, sexual services. All the Government must prove is that a victim provided labor or services as I just defined them.

**C. Forced Labor – Second Element**

As to the second element, if you find that the defendant obtained the labor or services of a victim, then you have to determine whether he did so through one of the prohibited means. That is, either through force, threats of force, physical restraint, or threats of physical restraint to the victim or another person, through serious harm or threats of serious harm to the victim or any other person, through means of the abuse or threated abuse of law or legal process, or through any scheme, plan, pattern, intended to cause victim to believe that not performing would result in serious harm to or physical restraint against the victim or any other person.

To find that this element has been satisfied, you must find beyond a reasonable doubt that at least one of the prohibited means that I just mentioned was used to obtain a victim's labor or services. Some of the terms that you will be considering in determining whether this element of the forced labor predicate act has been satisfied, include the term serious harm, which I have already defined, and the term abuse or threatened abuse of law or legal process. The term abuse or threatened abuse of the law or legal process means the use or threatened use of a law or legal

process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action. Threatening to contact the police and have a victim arrested constitutes the threatening abuse of law or legal process.

You should give the ordinary meaning to the words, scheme, plan and pattern. The scheme, plan or pattern does not have to involve actual threats of serious harm, but may involve any other means, including deception or psychological coercion used to cause the victim to reasonably believe that she, her family, or any other person would suffer serious harm if she refused to continue providing labor or services.

If you find that any of the prohibited means that I mentioned earlier was used, you then have to determine whether the means was sufficient to cause the victim reasonably to believe that she had no choice, but to provide labor or services to the defendant. In making that determination, you may consider the cumulative effect on the victim of the defendant's conduct.

A few final things about the second element of forced labor. To prove forced labor, the Government does not need to link each of the threats allegedly made or actions allegedly taken against a victim to particular labor or service tasks that she performed. If a victim was threatened with or suffered certain consequences in connection with the services she rendered, either as punishment or as part of a climate of fear that overcame her will and compelled her service, that is sufficient to establish the second element of the offense of forced labor.

The Government also does not have to prove physical restraint, like chains, barbed wire or locked doors, in order to establish the offense of forced labor. The fact that a victim may have had the opportunity to escape is irrelevant if the defendant placed her in such fear or circumstances

that she did not reasonably believe that she could leave. A victim who has been placed in such fear or circumstances is under no affirmative duty to try to escape.

Finally, when you consider whether service performed by someone was involuntary, I am instructing you that it is not a defense to the crime of forced labor that the person might have initially agreed voluntarily to render the service or perform the labor. If a person willingly begins service or labor, but later wants to withdraw and then is forced to remain and perform the labor or services against her will by threats of serious harm, or by a scheme, plan or pattern intended to cause her to believe that not performing the labor or services will result in serious harm to her or someone else, then her service becomes involuntary.

Also, whether a person is paid a salary or a wage does not determine the question of whether that person has been held in forced labor. In other words, if someone is compelled to do labor against her will by any one of the means prohibited by the forced labor statute, that service is involuntary, even if she is paid or compensated for the labor or services.

### D. Forced Labor – Third Element

The third element I have already described to you, requires that the defendant acted knowingly.

> Adapted from the charge of the Honorable Ann M. Donnelly in *United States v. Kelly*, 19 Cr. 286 (AMD) (E.D.N.Y. 2021); *United States v. McTague*, No. 14-CR-55, 2017 WL 1378425, at *7 (W.D. Va. Apr. 10, 2017) ("Threatening to contact the police and have the victims arrested are words of similar import as threatening abuse of law or legal process."); *United States v. Zhong*, No. 19-4110 (2d Cir. Feb. 23, 2022) ("[A] victim's initial willingness to perform certain labor does not preclude the possibility that the victim's continued labor may become forced."); *Cf.* H.R. Conf. Rep. 106-939, Victims of Trafficking and Violence Protection Act of 2000, at 101 (Oct. 5, 2000) ("Section 1589 is intended to address the increasingly subtle methods of traffickers who place their victims in modern-day slavery . . . . Section 1589 will provide federal prosecutors with the tools to combat severe forms of worker exploitation that do not rise

57

to the level of involuntary servitude . . . .  The term 'serious harm' as used in this Act refers to a broad array of harms, including both physical and nonphysical, and section 1589's terms and provisions are intended to be construed with respect to the individual circumstances of victims that are relevant in determining whether a particular type or certain degree of harm or coercion is sufficient to maintain or obtain a victim's labor or services, including the age and background of the victims.").

**Request No. 21:      Racketeering      Conspiracy—Fourth      Element      (Pattern      of Racketeering)—Racketeering Predicates—Forced Labor Trafficking**

The fifth category of predicate acts the Indictment alleges was committed or was intended to be committed as part of the RICO conspiracy was forced labor trafficking, in violation of Title 18, United States Code, Section 1590, and aiding and abetting the same. The relevant portion of that statute provides: "whoever knowingly recruits, harbors, transports, provides or obtains by any means, any person for labor or services in violation of this chapter" shall be guilty of a crime.

This crime has three elements.

First, that the defendant recruited, harbored, transported, provided or obtained, by any means, a person for labor or services.

Second, that such labor or services were obtained or maintained in violation of the statute we discussed a moment ago, Title 18, United States Code, Section 1589.

Third, that the defendant acted knowingly.

In other words, if you find beyond a reasonable doubt that as part of the RICO conspiracy, the defendant committed or intended to commit forced labor under Section 1589, he is also guilty of conspiring to violate Section 1590 if you find beyond a reasonable doubt that, as part of the RICO conspiracy, he recruited, harbored, transported, provided, or obtained the victim to perform the forced labor, or intended to do one of those things.

I have already instructed you generally as to the meaning of aiding and abetting under federal law, and you should apply those instructions here.

For purposes of these instructions, you should apply the definitions I previously provided for the terms "recruit," "harbor," "transport," "provide," and "obtain."

See Adia v. Grandeur Mgmt., Inc., 933 F.3d 89, 94 (2d Cir. 2019) ("Section 1590 employs the disjunctive 'or' in delineating the ways in which a defendant can violate the statute. Therefore, if a defendant violates section 1589, he also violates section 1590 if he recruited the person to perform forced labor.").

**Request No. 22:**     **Racketeering     Conspiracy—Fourth     Element     (Pattern     of Racketeering)—Racketeering Predicates—Use of Interstate Facilities to Promote Unlawful Activity**

## A.  Travel Act -- Generally

The sixth category of predicate acts the Indictment alleges was committed or was intended to be committed as part of the RICO conspiracy was the use of interstate facilities to promote unlawful activity, and aiding and abetting the same.

The relevant statute for this charge, which is also known as the Travel Act, is Title 18, United States Code, Section 1952(a)(3), which provides that "[w]hoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to . . . otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, and thereafter performs or attempts to perform, an act" to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, is guilty of a federal crime.

To prove that the defendant violated the Travel Act, the government must establish beyond a reasonable doubt each of the following elements of the offense.

First, that the defendant used or caused someone else to use an interstate facility;

Second, that this use of an interstate facility was done with the intent to promote, manage, establish, or carry on an unlawful activity; and

Third, that after this use of an interstate facility, the defendant performed or attempted to perform an act in furtherance of this same unlawful activity.

I have already instructed you generally as to the meaning of aiding and abetting under federal law, and you should apply those instructions here.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 60-2.

60

**B.  Travel Act – First Element**

The first element that the government must prove beyond a reasonable doubt is that the defendant used or caused someone else to use an interstate facility.

An interstate facility is any vehicle or instrument that crosses state lines in the course of commerce. For example, a freight carrier that carries items from one state to another is an interstate facility. Any use of the Internet or mails constitutes the use of an interstate facility, regardless of whether the mailed item crossed a state line. Making a telephone call from one state to another is also the use of an interstate facility.

To meet its burden of proof on the first element, it is not necessary for the government to prove that the defendant himself used an interstate facility. The Travel Act also applies to a person who causes another person to use an interstate facility. Therefore, if the government has proved beyond a reasonable doubt that the defendant caused another person to use an interstate facility, then you may find that the government has proven the first element of the offense.

The government does not have to prove that the defendant knew that the use of an interstate facility would occur. It is sufficient that defendant's unlawful activity caused the use.

Further, it does not matter whether the defendant knew that he was using interstate facilities. Nor does it matter whether the defendant intended to use interstate facilities. It also does not matter whether the defendant agreed that another would use interstate facilities. All the government must prove with respect to the first element is that the defendant did, in fact, use interstate facilities or that a co-conspirator did.

Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 60-3, 60-4, 60-6.

### C.  Travel Act – Second Element

The second element that the government must prove beyond a reasonable doubt is that the defendant's use of an interstate facility was done with the intent to promote, manage, establish or carry on an unlawful activity.

It is not enough for the government to prove only that the defendant used an interstate facility. The government must also prove beyond a reasonable doubt that the defendant used the interstate facility for the purpose of facilitating the unlawful activity.

The government does not have to prove that the furtherance of the unlawful activity was the defendant's sole purpose in using an interstate facility. It is sufficient if the government proves that one of the defendant's reasons for using an interstate facility was to further the unlawful activity. Thus, if you find that the defendant used interstate facilities with the intent to facilitate the unlawful activity, and you also find that the defendant undertook this same use of interstate facilities for other reasons that have nothing to do with the unlawful activity, you may still find that the government has met its burden of proof on the second element of the offense.

You are thus being asked to look into the defendant's mind and ask what was the defendant's purpose in using interstate facilities. You may determine the defendant's intent from all the evidence that has been placed before you, including the statements of the defendant and his conduct before and after the use of the facilities.

The government must prove that the defendant used an interstate facility with the intent to facilitate an activity that the defendant knew was illegal. The government does not have to prove that the defendant knew that his use of facilities was illegal. However, the government must prove beyond a reasonable doubt that the defendant knew that the activity he intended to facilitate was illegal. Further, the unlawful activity that the interstate facility was used to facilitate must have

been a business enterprise. That is, the unlawful activity must have been part of a continuous course of criminal conduct, and not simply an isolated criminal incident. If you find that the unlawful activity was an isolated incident, and was not part of an ongoing course of criminal conduct, you must find the defendant not guilty.

The government does not, however, have to prove that the use of interstate facilities was essential to the unlawful activity or fundamental to the unlawful scheme, or that the unlawful activity could not have been accomplished without the use of interstate facilities. So long as the government proves that the defendant used interstate facilities with the necessary unlawful intent, the government may rely on any use of interstate facilities by the defendant that made the unlawful activity easier to accomplish.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 60-7, 60-8, 60-9, 60-11.

### D. Travel Act -- Third Element

The third element that the government must prove beyond a reasonable doubt is that the defendant's use of an interstate facility was followed by his performance or attempted performance of an act in furtherance of the unlawful activity. This act need not itself be unlawful. However, this act must come after the use of an interstate facility. Any act that happened before the use of a facility cannot satisfy this element.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 60-12.

**Request No. 23:**  **Racketeering  Conspiracy—Fourth  Element  (Pattern  of Racketeering)—Racketeering Predicates—Money Laundering**

### A. Money Laundering – Generally

The seventh category of predicate acts the Indictment alleges was committed or was intended to be committed as part of the RICO conspiracy was money laundering, in violation of Title 18, United States Code, Section 1956, and aiding and abetting the same.

Money laundering occurs when a defendant conducts a financial transaction knowing that the transaction was designed in whole or in part to conceal or disguise the proceeds of specified unlawful activity. Here, the specified unlawful activity is sex trafficking and extortion.

To prove money laundering, the Government must establish the following four elements beyond a reasonable doubt:

First, that the defendant conducted (or attempted to conduct) a "financial transaction," which must in some way or degree have affected interstate or foreign commerce.

Second, that the financial transaction at issue involved the proceeds of specified unlawful activity, which here was sex trafficking and extortion.

Third, that the defendant knew that the financial transaction involved the proceeds of some form of unlawful activity.

And fourth, that the defendant knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of the unlawful activity.

I have already instructed you generally as to the meaning of aiding and abetting under federal law, and you should apply those instructions here.

> Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States v. Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand et al., *Modern Federal Jury Instructions*, Instr. 50A-7.

64

### B.  Money Laundering – First Element

The first element of money laundering is that the defendant conducted a financial transaction.

The term "conducts" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.

The term "financial transaction" means (1) a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments. I instruct you that an insured bank constitutes a "financial institution."

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through or to a financial institution by whatever means.

The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services.

I previously instructed you on the definition of interstate commerce with respect to the second element of the racketeering conspiracy. Foreign commerce means the same thing, except it is between a person, place, or entity in the United States and a person, place, or entity in a foreign country. As with determining whether someone is engaged in, or whether his activities affect interstate commerce, when determining whether someone is engaged in, or whether his activities affect foreign commerce, the involvement in foreign commerce can be minimal. Any involvement at all will satisfy this element.

65

You do not have to decide whether the effect on interstate or foreign commerce was harmful or beneficial to a particular business or to commerce in general. The Government satisfies its burden of proving an effect on interstate or foreign commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not. In addition, it is not necessary for the Government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce by his actions or that commerce was actually affected. All that is necessary is that the natural and probable consequences of the acts the defendant agreed to take would affect interstate or foreign commerce.

> Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States v. Wedd,* 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand et al., *Modern Federal Jury Instructions*, Instr. 50A-8.

### C.  Money Laundering – Second Element

The second element of money laundering, which the Government must prove beyond a reasonable doubt, is that the financial transactions must involve the proceeds of "specified" unlawful activity.

Here, the "specified" unlawful activities are sex trafficking and federal extortion. I instruct you, as a matter of law, that the term "specified unlawful activity" includes sex trafficking and federal extortion, as I have defined those crimes for you. The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity.

> Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States v. Wedd,* 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand et al., *Modern Federal Jury Instructions*, Instr. 50A-8.

### D.  Money Laundering – Third Element

The third element of money laundering, which the Government must prove beyond a reasonable doubt, is that the defendant knew that the financial transactions at issue involved the proceeds of some form, though not necessarily which form, of unlawful activity.

Keep in mind that it is not necessary for the defendant to believe that the proceeds came from sex trafficking or extortion; it is sufficient that the defendant believed that the proceeds came from some unlawful activity.

> Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States v. Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand et al., *Modern Federal Jury Instructions,* Instr., 50A-9.

### E.  Money Laundering – Fourth Element

The fourth and final element of money laundering concerns the purpose of the transaction.

Specifically, the Government must prove beyond a reasonable doubt that the defendant conducted financial transactions with knowledge that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

As I have previously instructed, to act knowingly means to act purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason. That is, the acts must be the product of the defendant's conscious objective.

If you find that the evidence establishes beyond a reasonable doubt that the defendant knew the purpose of the particular transaction in issue and that the transaction was either designed to conceal or disguise the true origin of the property in question, then this element is satisfied. However, if you find that the defendant knew of the transaction, but did not know that it was either designed to conceal or disguise the true origin of the property in question, but instead thought that

the transaction was intended to further an innocent transaction, you must find that this element has not been satisfied and find the defendant not guilty.

For the fourth element to be satisfied, the defendant need not know which "specified unlawful activity" he was agreeing to help conceal. He need only know that a purpose of the financial transaction was concealing the nature, location, source, ownership, or control of the funds.

> Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States v. Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand et al., *Modern Federal Jury Instructions,* Instr., 50A-10.

**Request No. 24:**     **Racketeering     Conspiracy—Fourth     Element     (Pattern     of Racketeering)—Racketeering Predicates—Witness Tampering**

The eighth category of predicate acts the Indictment alleges was committed or was intended to be committed as part of the RICO conspiracy was witness tampering, in violation of Title 18, United States Code, Section 1512, and aiding and abetting the same.   The relevant statute is 18 U.S.C. § 1512(c)(2). It provides: "Whoever … obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be [guilty of a crime]."

In order for you to find that a person tampered with a witness in violation of Section 1512, the Government must prove beyond a reasonable doubt that:

<u>First</u>, that the defendant obstructed, influenced, or impeded an official proceeding; and

<u>Second</u>, defendant acted corruptly.

An official proceeding means a proceeding before a court, judge or federal agency. The proceeding may be civil or criminal.

The law does not require that a proceeding be pending at the time of perpetrator's actions as long as the proceeding was foreseeable such that perpetrator knew that his actions were likely to affect the proceeding. In addition, the Government does not have to prove that perpetrator knew the nature of the proceeding.

To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede or influence the due administration of justice.   The Government does not have to prove that the defendant directly impeded, or attempted to impede directly, with an official proceeding.   In addition, the defendant's actions need not be successful in impeding or obstructing justice, so long as his acts had the natural and probable consequence of interfering with an official proceeding that was foreseeable even if not then pending.

69

I have already instructed you generally as to the meaning of aiding and abetting under

federal law, and you should apply those instructions here.

> Adapted from Sand et al., *Modern Federal Jury Instructions,* Instr., 46-69, 46-70, 46-71; *see also* charge of the Hon. Kenneth M. Karas in *United States v. Brega*, 17 Cr. 58 (KMK); *Arthur Andersen LLP v. United States*, 544 U.S. 696, 708 (2005) (although an official proceeding "need not be pending or about to be instituted at the time of the offense, the defendant must have the knowledge that it is foreseeable (quoting 18 U.S.C. § 1512(e)(1))); *United States v. Pugh*, 945 F.3d 9, 15 (2d Cir. 2019) ("The government need not prove that a defendant knew that the proceeding was or would be federal."); *id.* at 21-22 ("[t]he actions of the defendant need not have directly impeded, or attempted to impede directly, the official proceeding . . . the defendant's actions need not be successful in impeding or obstructing justice ... so long as his acts had the natural and probable consequence of interfering with an official proceeding that was foreseeable even if not then pending.") (internal citations omitted).

**Request No. 25:      Racketeering      Conspiracy—Fourth      Element      (Pattern      of Racketeering)—Racketeering Predicates—Obstruction of Justice**

### A.  Obstruction of Justice -- Generally

The ninth category of predicate acts the Indictment alleges was committed or was intended to be committed as part of the RICO conspiracy was obstructing justice, in violation of Title 18, United States Code, Section 1503, and aiding and abetting the same.   The statute provides in relevant part:

> Whoever … by threats or force … influences, obstructs or impedes, or endeavors to influence, obstruct or impede the due administration of justice shall be guilty of a crime.

This law is designed to prevent a miscarriage of justice resulting from corrupt methods. It is aimed at a variety of means by which the orderly and due process of the administration of justice may be impeded, thwarted or corrupted.

The due administration of justice refers to the fair, impartial, uncorrupted and unimpeded investigation, prosecution, disposition or trial of any matter—civil or criminal—in the courts of the United States. It includes every step in a matter or proceeding in the federal courts to assure the just consideration and determination of the rights of parties, whether government or individual.

Thus, due administration of justice includes but is not limited to a grand jury proceeding or investigation (or a federal, civil or criminal trial).

The sweep of the statute extends to any corrupt endeavor or effort to interfere with a (grand) juror (or federal judge, magistrate or officer) in the discharge of his or her duties.

The key word in the statute is "endeavor." As used in this statute, "endeavor" means any effort or any act, however contrived, to obstruct, impede or interfere with the trial (or grand jury proceeding). It is the endeavor that is the gist of this crime.

Success of the endeavor is not an element of the crime. Any effort, whether successful or not, that is made for the purpose of corrupting, obstructing or impeding the proceeding is condemned.

To prove the defendant guilty of this charge, the government must the following elements beyond a reasonable doubt.

First, that on or about the date set forth in the indictment, there was a proceeding pending before a federal court (or grand jury).

Second, that the defendant knew of the proceeding;

Third, that the defendant used or threatened force against the victims as charged in the indictment; and

Fourth, that the defendant's conduct influenced, obstructed, or impeded, or endeavored to influence or obstruct or impede, the due administration of justice in the proceeding.

I have already instructed you generally as to the meaning of aiding and abetting under federal law, and you should apply those instructions here.

> Adapted from Sand et al., *Modern Federal Jury Instructions,* Instr., 46-14, 46-15, 46-16.

## B. Obstruction of Justice – First Element

The first element the government must prove beyond a reasonable doubt is that on or about the date set forth in the indictment, there was a proceeding pending before a federal court.

> Adapted from Sand et al., *Modern Federal Jury Instructions,* Instr., 46-17.

## C. Obstruction of Justice – Second Element

The second element the government must prove beyond a reasonable doubt is that the defendant knew that such a proceeding was in progress. To satisfy this element, you need only

determine that the defendant knew on or about the date charged, a federal criminal proceeding was in progress.

Adapted from Sand et al., *Modern Federal Jury Instructions,* Instr., 46-18.

### D.  Obstruction of Justice – Third Element

The third element the government must prove beyond a reasonable doubt is that the defendant used, or threatened to use force against a witness.

Adapted from Sand et al., *Modern Federal Jury Instructions,* Instr., 46-19.

### E.  Obstruction of Justice – Fourth Element

The fourth element the government must prove beyond a reasonable doubt is that the defendant's conduct influenced, obstructed, or impeded, or endeavored to influence or obstruct or impede, the due administration of justice in the proceeding.

As I stated previously, the due administration of justice refers to the fair, impartial, uncorrupted and unimpeded investigation, prosecution, disposition or trial of any matter in the courts of the United States. It includes every step in a matter or proceeding in the federal courts to assure the just consideration and determination of the rights of parties, whether government or individual.

Adapted from Sand et al., *Modern Federal Jury Instructions,* Instr., 46-20.

**Request No. 26:     Count Two -- Extortion Conspiracy**

Count Two of the Indictment charges the defendant with conspiracy to commit extortion between 2011 and 2019, by agreeing with others to extort money from victims.

To find the defendant guilty of Count Two, you must find that the Government has proven beyond a reasonable doubt each of the following two elements:

First, that the conspiracy charged in Count Two existed.  That is, that from in or about 2011 up to and including on or about 2019, there was agreement or understanding among two or more persons to extort money from the victims;

Second, that the defendant unlawfully, intentionally, and knowingly became a member of the conspiracy, that is, he knowingly joined in the conspiracy, and intentionally participated in it.

**Request No. 27:          Count Two – Extortion Conspiracy—First Element**

I have already instructed you regarding finding the existence of a conspiracy, and you should apply those instructions here.

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Here, it is extortion.  I have already instructed you on the law governing federal extortion in connection with the first category of predicate acts of the racketeering conspiracy charged in Count One, and you should follow those instructions here.

**Request No. 28:**          **Count Two – Extortion Conspiracy – Second Element**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy you are considering existed, and that the conspiracy had as its object the illegal purpose charged in the Indictment, then you must next determine whether the defendant intentionally participated in that conspiracy with knowledge of its unlawful purposes, and with the intent to further its unlawful objectives.

The Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with criminal intent – that is, with a purpose to violate the law – and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

**Request No. 29:          Count Three – Extortion**

Count Three of the indictment charges the defendant with extorting a victim between 2011 and 2019, and aiding and abetting the same. I have already instructed you on the law governing extortion in connection with the first category of predicate acts of the racketeering conspiracy charged in Count One, and you should follow those instructions here.

I have also instructed you generally as to the meaning of aiding and abetting under federal law, and you should apply those instructions here.

**Request No. 30:        Count Four – Sex Trafficking**

Count Four of the indictment charges the defendant with sex trafficking a victim between 2011 and 2019, and aiding and abetting the same.

I have already instructed you on the law governing sex trafficking in connection with the third category of predicate acts of the racketeering conspiracy charged in Count One, and you should follow those instructions here.

I have also instructed you generally as to the meaning of aiding and abetting under federal law, and you should apply those instructions here.

**Request No. 31:          Count Five – Sex Trafficking Conspiracy**

Count Five of the Indictment charges the defendant with conspiracy to commit sex trafficking between 2011 and 2019, by agreeing with others to sex traffic a victim.

To find the defendant guilty of Count Five, you must find that the Government has proven beyond a reasonable doubt each of the following two elements:

First, that the conspiracy charged in Count Five existed.  That is, that from in or about 2011 up to and including on or about 2019, there was agreement or understanding among two or more persons to sex traffic a victim;

Second, that the defendant unlawfully, intentionally, and knowingly became a member of the conspiracy, that is, he knowingly joined in the conspiracy, and intentionally participated in it.

**Request No. 32:**          **Count Five – Sex Trafficking Conspiracy -- First Element**

I have already instructed you regarding finding the existence of a conspiracy, and you should apply those instructions here.

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Here, it is sex trafficking.  I have already instructed you on the law governing sex trafficking in connection with the third category of predicate acts of the racketeering conspiracy charged in Count One, and you should follow those instructions here.

**Request No. 33:          Count Five – Sex Trafficking Conspiracy – Second Element**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy you are considering existed, and that the conspiracy had as its object the illegal purpose charged in the Indictment, then you must next determine whether the defendant intentionally participated in that conspiracy with knowledge of its unlawful purposes, and with the intent to further its unlawful objectives.

The Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with criminal intent – that is, with a purpose to violate the law – and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

**Request No. 34:        Count Six – Forced Labor**

Count Six of the indictment charges the defendant with obtaining forced labor between in or about May 2013 and in or about December 2013, and aiding and abetting the same.

I have already instructed you on the law governing forced labor in connection with the fourth category of predicate acts of the racketeering conspiracy charged in Count One, and you should follow those instructions here.

I have also instructed you generally as to the meaning of aiding and abetting under federal law, and you should apply those instructions here.

**Request No. 35:          Count Seven – Forced Labor Trafficking**

Count Seven of the indictment charges the defendant with forced labor trafficking between in or about May 2013 and in or about December 2013, and aiding and abetting the same.

I have already instructed you on the law governing forced labor in connection with the fifth category of predicate acts of the racketeering conspiracy charged in Count One, and you should follow those instructions here.

I have also instructed you generally as to the meaning of aiding and abetting under federal law, and you should apply those instructions here.

**Request No. 36:          Count Eight – Forced Labor Conspiracy**

Count Eight of the Indictment charges the defendant with conspiring to obtain forced labor between in or about May 2013 and in or about December 2013, by agreeing with others to obtain forced labor from victims.

To find the defendant guilty of Count Eight, you must find that the Government has proven beyond a reasonable doubt each of the following two elements:

<u>First</u>, that the conspiracy charged in Count Eight existed.  That is, between in or about May 2013 and in or about December 2013, there was agreement or understanding among two or more persons to obtain forced labor from victims;

<u>Second</u>, that the defendant unlawfully, intentionally, and knowingly became a member of the conspiracy, that is, he knowingly joined in the conspiracy, and intentionally participated in it.

**Request No. 37:          Count Eight – Forced Labor Conspiracy – First Element**

I have already instructed you regarding finding the existence of a conspiracy, and you should apply those instructions here.

As I have instructed, the object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve.  Here, it is obtaining forced labor.  I have already instructed you on the law governing forced labor in connection with the fifth category of predicate acts of the racketeering conspiracy charged in Count One, and you should follow those instructions here.

**Request No. 38:**          **Count Eight – Forced Labor Conspiracy – Second Element**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy you are considering existed, and that the conspiracy had as its object the illegal purpose charged in the Indictment, then you must next determine whether the defendant intentionally participated in that conspiracy with knowledge of its unlawful purposes, and with the intent to further its unlawful objectives.

The Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with criminal intent – that is, with a purpose to violate the law – and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

**Request No. 39:**        **Count Nine– Use of Interstate Facilities to Promote Unlawful Activity**

Counts Nine of the indictment charges the defendant with using interstate facilities to promote unlawful activity, in violation of the Travel Act, which we have already discussed.

Specifically, Count Nine charges that between in or about 2014 and in or about 2019, the defendant used interstate facilities to carry on a criminal business engaged in sex trafficking in violation of federal law, and prostitution in violation of New York Penal Law Sections 230.00, 230.20, 230.25, 230.30, and 230.32.

I have already instructed you on the law governing the Travel Act, and sex trafficking, in connection with the predicate acts of the racketeering conspiracy charged in Count One, and you should follow those instructions here.

The defendant has also been charged with using an interstate facility to facilitate a criminal business engaged in prostitution and promoting prostitution, in violation of New York law. The government must prove to you beyond a reasonable doubt that the activities the defendant intended to facilitate were, in fact, unlawful under New York's Penal Law.

To prove this, the government must prove beyond a reasonable doubt that the defendant performed or attempted to perform an act in furtherance of the unlawful activity alleged in the indictment with the intent that each element of the following offenses be accomplished: (i) prostitution, in violation of New York Penal Law Section 230.00; (ii) promoting prostitution in the fourth degree, in violation of New York Penal Law Section 230.20; (iii)  promoting prostitution in the third degree, in violation of New York Penal Law Section 230.25; and (iv) promoting prostitution in the second degree, in violation of New York Penal Law Section 230.30.

The element of prostitution, in violation of New York Penal Law Section 230.00 is as follows:  That an individual engaged, or agreed or offered to engage, in sexual conduct, with another person in return for a fee.

The element of promoting prostitution in the fourth degree, in violation of New York Penal Law Section 230.20 includes:  That an individual knowingly advances or profits from prostitution.

The element of promoting prostitution in the third degree, in violation of New York Penal Law Section 230.25 is as follows:  That an individual knowingly advances or profits from prostitution by managing, supervising, controlling or owning, either alone or in association with others, a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more prostitutes.

The element of promoting prostitution in the second degree, in violation of New York Penal Law Section 230.30 is as follows: That an individual knowingly advances prostitution or profits from prostitution by compelling a person by force or intimidation to engage in prostitution.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 60-10;
> New York Criminal Jury Instructions, Instr. 230.00, 230.20, 230.25,
> 230.30.

**Request No. 40:        Count Ten – Use of Interstate Facilities to Promote Unlawful Activity**

Counts Ten of the indictment charges the defendant with using interstate facilities to promote unlawful activity, in violation of the Travel Act, which we have already discussed.

Specifically, Count Ten charges that between in or about 2011 and in or about 2019, the defendant used interstate facilities to carry on a criminal business engaged in extortion in violation of New York Penal Law Section 155.30(6).

I have already instructed you on the federal law governing the Travel Act, and the New York Penal Law governing extortion in connection with the predicate acts of the racketeering conspiracy charged in Count One, and you should follow those instructions here.

**Request No. 41:**       **Counts Nine and Ten – Attempt**

Counts Nine and Ten alternatively charge the defendant with attempting to use an interstate facility to promote an unlawful activity.

In order to find the defendant guilty of Counts Nine and Ten under an attempt theory, the Government must prove beyond a reasonable doubt that: (1) the defendant intended to commit the crime charged, as I have described that crime to you; and (2) the defendant willfully took some action that was a substantial step, in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that he intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, you must distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, without more, is not an attempt. On the other hand, some preparations when taken together may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt where the acts themselves indicate an intent to willfully commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

There is no requirement that the attempt be successful or that the defendant actually have carried out the crime he was trying to commit.

If you find beyond a reasonable doubt that the defendant attempted to commit the crimes charged in Counts Nine and Ten then he is guilty with respect to that Count.

> Adapted from the charge of the Hon. Edgardo Ramos in *United States v. El Gammal*, 15 Cr. 588 (ER) (S.D.N.Y. 2017) (Tr. 1966-67); the charge of the Hon. Lewis A. Kaplan in *United States v.*

*Ghailani*, S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2006) (Tr. 2496-97); the charges of the Hon. John F. Keenan in *United States v. Kassir*, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2271-72), and *United States v. Haouari*, 00 Cr. 15 (JFK) (S.D.N.Y. 2001) (Tr. 1013-14); and Sand, *Modern Federal Jury Instructions*, Instrs. 10-1, 10-3.

**Request No. 42:**        **Count Eleven – Money Laundering**

Count Eleven of the indictment charges the defendant with money laundering between in or about 2011 and in or about 2019, and aiding and abetting the same.

Specifically, the indictment alleges the defendant conducted and attempted to conduct financial transactions involving the proceeds of extortion and sex trafficking knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of sex trafficking and extortion, and to avoid a transaction reporting requirement under state and federal law.

I have already instructed you on the law governing money laundering in connection with the seventh category of predicate acts of the racketeering conspiracy charged in Count One, and you should follow those instructions here.

I have also instructed you generally as to the meaning of aiding and abetting under federal law, and you should apply those instructions here.

**Request No. 43:**          **Counts Twelve through Sixteen – Tax Evasion**

Count Twelve through Sixteen of the Indictment charge that the defendant committed tax

evasion for the calendar years 2015, 2016, 2017, 2018, and 2019, in violation of Section 7201 of

Title 26 of the United State Code.

That section provides as follows, in relevant part:

> Any person who willfully attempts in any manner to evade or defeat
> any tax imposed by this title or the payment thereof shall . . . be
> guilty of a [crime].

Specifically, Count Twelve charges, and I am now reading from the Indictment,

> During calendar 2015, the defendant received substantial taxable
> income, upon which there was substantial income tax due and owing
> to the United States of America, to wit proceeds of the offenses
> charged in Counts One through Five of this Indictment. Knowing
> the foregoing facts and failing to make an income tax return on or
> before April 15, 2016, as required by law, to any proper officer of
> the Internal Revenue Service, and to pay the income tax to the
> Internal Revenue Service, RAY from in or about January 2015
> through on or about April 15, 2016, in the Southern District of New
> York and elsewhere, willfully and knowingly did attempt to evade
> and defeat a substantial part of the income tax due and owing by
> RAY to the United States of America for calendar year 2015 by
> various means, including, among others: (a) causing nominees to
> deposit a substantial part of RAY's unreported income into bank
> accounts in the nominees' names, including at bank branches and
> ATMs in the Southern District of New York, and subsequently to
> transfer the income to RAY through cash and electronic transfers;
> and (b) using unreported income deposited into bank accounts in the
> nominees' names to pay for personal expenses, including to
> purchase numerous domain names for which RAY was the
> registrant.

Count Thirteen charges the same, with respect to income received in calendar year 2016,

and the defendant's failure to make an income tax return on or before April 15, 2017.

Count Fourteen charges the same, with respect to income received in calendar year 2017,

and the defendant's failure to make an income tax return on or before April 15, 2018.

Count Fifteen charges the same, with respect to income received in calendar year 2018, and the defendant's failure to make an income tax return on or before April 15, 2019.

Count Sixteen charges the same, with respect to income received in calendar year 2019, and the defendant's failure to make an income tax return on or before July 15, 2020.

Each of these counts, Twelve through Sixteen, involve tax crimes. As you know, the United States has a system for the collection of income taxes that relies on the honesty of taxpayers. We prepare our own tax returns; we report our own income; we compute our own tax. Our system can function successfully only if taxpayers report timely, completely, and honestly all taxes they owe, so the government can collect the taxes due. Therefore, Congress has created criminal sanctions to assure compliance.

A preliminary word about what this case is not about: It has nothing to do with the actual collection of any taxes that may be due to the government. This is a criminal case. We are not concerned here with civil liability, that is, whether taxes claimed to be due have been paid or will be paid. Rather, the issue here is whether the government has proved beyond a reasonable doubt that the defendant committed the tax crimes charged in the Indictment.

> Adapted from the charges of Judge John Walker in *United States v. Helmsley*, 88 Cr. 219 (JMW) (S.D.N.Y. 1989) (Tr. 25-26), and Judge Lawrence M. McKenna in *United States v. Trupin*, 97 Cr. 97 (LMM) (S.D.N.Y. 1999) (Tr. 5714), and from Sand, *Modern Federal Jury Instructions*, Instr. 59-2; *Spies v. United States*, 317 U.S. 492, 495 (1943); *United States v. Nunan*, 236 F.2d 576, 589 (2d Cir. 1956) ("[T]he filing of the amended returns under the circumstances could give appellant no immunity on account of any prior willful misstatement or omission of taxable income").

94

**Request No. 44:**     **Counts Twelve through Sixteen – Tax Evasion – Elements**

To sustain its burden of proof with respect to the charges of tax evasion in Counts Twelve through Sixteen of the Indictment, the government must prove beyond a reasonable doubt the following three elements:

*First*, that the defendant either owed substantially more federal income tax than was declared on his income tax return for that year, or failed to file a timely federal income tax return for the year in question despite owing a substantial amount of federal income tax for that year;

*Second*, that the defendant committed an affirmative act constituting an evasion or an attempted evasion of assessment of the tax, as described in the Indictment; and;

*Third*, that, in evading or attempting to evade the assessment of taxes due and owing for the year in question, the defendant acted knowingly and willfully.

The Indictment charges five separate tax evasion counts. Each count and, therefore, each charged calendar year (2015, 2016, 2017, 2018, and 2019) must be considered separately.

> Adapted from the charge of the Hon. Miriam Cedarbaum in *United States v. Gilmartin*, 12 Cr. 287 (MGC), Tr. 879-81 (S.D.N.Y. 2013); from the charge of the Hon. Loretta A. Preska in *United States v. Hundley*, 02 Cr. 441 (LAP) (S.D.N.Y.), Tr. 8856-57; from the charge of the Hon. Charles Brieant in *United States v. Josephberg*, 04 Cr. 1002 (S.D.N.Y. 2007), Tr. 2317-18; from the charge of the Hon. Colleen McMahon in *United States v. O'Donnell*, S1 02 Cr. 411 (CM), Tr. 697; from the charge of the Hon. John Walker in *United States v. Helmsley*, 88 Cr. 219 (JMW), Tr. 45-46 (S.D.N.Y. 1989); and from Sand, Modern Federal Jury Instructions, Instruction 59-1, 59-3; *see United States v. Josephberg*, 562 F.3d 478, 488 (2d Cir. 2009) (setting forth three elements); *United States v. Plitman*, 194 F.3d 64, 65 (2d Cir. 1999) (same); *Sansone v. United States*, 380 U.S. 343, 351 (1965); *United States v. Coplan*, 2012 WL 5954654, at *13 (2d Cir. Nov. 29, 2012); 26 U.S.C. § 7201.

**Request No. 45:         Counts Twelve through Sixteen – Tax Evasion – First Element**

The first element of the offense that the government must prove beyond a reasonable doubt is that the defendant had a substantial tax due and owing for the year in question. This element can be proven in two different ways.

For each of these counts, Twelve through Sixteen, the Indictment alleges that the defendant failed to file a timely federal income tax return. This element is satisfied as to Counts Twelve through Sixteen if you find that the defendant failed to file a timely federal income tax return for the year in question despite owing a substantial amount of federal income tax for that year. I instruct you that the law requires the filing of a timely return, and a tax return filed months or years late does not constitute a timely filing.

Again, each count, and thus each year, must be considered separately.

The government does not have to prove the exact amount of the taxes that the defendant owed or evaded for these years, nor need the computations be exact in an accounting sense. All it has to do is prove that there is a substantial amount of tax due.

In addition, the government does not have to prove that the defendant attempted to evade or defeat payment of all the taxes owed for those years. Instead, the government need only prove that the amount owed for each of the tax years was substantial and that the defendant attempted to evade or defeat all or a substantial part of the taxes owed.

Whether the amount of tax due is substantial is an issue for you to decide. Substantiality is not measured in terms of gross or net income or by any particular percentage of the tax shown to be due and payable. All of the attendant circumstances must be taken into consideration. A few thousand dollars of evaded tax may in a given case may be considered substantial, depending on the circumstances.

To prove that a substantial tax was due, the government must prove beyond a reasonable doubt two things: (1) that the defendant received unreported or incorrectly reported income; and (2) that there was a substantial tax due, or substantial additional tax due, as a result of the receipt of that unreported or incorrectly reported income.

An unlawful gain, as well as a lawful one, constitutes taxable income when the recipient derives readily realizable economic value from it.

In reaching your decision on whether the defendant owed substantial federal income taxes for the years 2015 through 2019, you should consider, along with all the other evidence, the testimony and exhibits introduced during the trial concerning the computation of the defendant's tax liabilities. If you find, based on all the evidence, that the government has established beyond a reasonable doubt that the defendant received unreported income and that, as a result of that income, there was a substantial amount of tax due and owing, then the first element is satisfied.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 59-4-5; from the charge of the Hon. Loretta A. Preska in *United States v. Hundley*, 02 Cr. 441 (LAP) (S.D.N.Y.); from the charge of the Hon. Colleen McMahon in *United States v. O'Donnell*, S1 02 Cr. 411 (CM), Tr. 698-701; from the charge of the Hon. Charles Brieant in *United States v. Josephberg*, 04 Cr. 1002 (S.D.N.Y. 2007), Tr. 2319-20, 2353; *see United States v. Cunningham*, 723 F.2d 217, 231 (2d Cir. 1983); *United States v. Ellett*, 527 F.3d 38, 40 (2d Cir. 2008) (deficiency must be substantial); *United States v. Helmsley*, 941 F.2d 71,84 (2d Cir. 1991) (same); *United States v. Cole*, 463 F.2d 163, 167 (2d Cir. 1972) ("Although the government may not have proved every dollar of income alleged by the indictment to have been concealed, proof of some lesser amount will sustain a verdict if, as here, it remains material"). *See also* 2B Kevin F. O'Malley et al., *Federal Jury Practice and Instructions*, § 67.21 (5th Ed. 2000); *James v. United States*, 366 U.S. 213, 218 (1961) ("[T]he obvious intent of … Congress [is] to tax income derived from both legal and illegal sources, to remove the incongruity of having the gains of the honest laborer taxed and the gains of the dishonest immune."); *Rutkin v. United States*, 343 U.S. 130, 137 (1952) ("An unlawful gain, as well as a lawful one, constitutes taxable income when its

recipient has such control over it that, as a practical matter, he derives readily realizable economic value from it.").

**Request No. 46:**    **Counts Twelve through Sixteen – Tax Evasion -- Second Element**

The second element of the tax evasion offense the government must prove beyond a reasonable doubt is the defendant committed an affirmative act constituting an evasion, or an attempted evasion, of assessment of the tax, as described in the Indictment.

The phrase "attempt to evade or defeat" an income tax involves two things: first, the formation of an intent to evade or defeat a tax or the payment thereof; and second, willfully performing some act to accomplish the intent to evade or defeat that tax.

Counts Twelve through Sixteen allege that the defendant knew and believed that in each of the years 2015, 2016, 2017, 2018, and 2019 he had substantial taxable income upon which there was a substantial amount of tax due and owing, and that he tried in some way to evade the assessment of a substantial portion of the tax due and owing for each of those years. Therefore, to prove these counts, the government must prove beyond a reasonable doubt that, for each year charged, the defendant intended to evade or defeat a substantial portion of the tax due, and willfully committed some act designed to misrepresent or conceal his income from the IRS.

Now, the mere failure to do what the law requires is not an affirmative act. Thus, failing to file income tax returns and failing to pay income taxes, standing alone, are not sufficient by themselves to make out the affirmative act of attempting to evade or defeat taxes. The defendant must do something more to be guilty of tax evasion.

There are many different ways in which a tax may be evaded, or an attempt made to evade it. The statute, Section 7201 of the United States Code, provides that the attempt can be "in any manner." A general rule is that any conduct, the likely effect of which would be to mislead or conceal for tax evasion purposes, is sufficient to establish an affirmative act of attempting to evade or defeat income taxes. The only requirement is that the defendant must take some affirmative action with that purpose in mind.

The defendant's conduct must be conduct that is likely to misrepresent or conceal income from the IRS. Even an otherwise lawful act can constitute an attempt to evade and defeat if that act is performed by the defendant with the intent to evade or defeat income tax.

Conduct that constitutes or is sufficient to establish an affirmative attempt to evade a tax includes, but is not limited to:

- the making of false statements to the IRS;
- using third-party or entity bank accounts;
- transferring income, money, or property in an attempt to conceal ownership;
- causing debts to be paid through and in the name of others;
- dealing extensively in cash;
- or any other conduct, the likely effect of which would be to mislead or to conceal, including directing other individuals to do any of the things that I have just mentioned.

In this case, the government alleges that the defendant committed multiple affirmative acts of evasion. With respect to the calendar years 2015 through 2019, the government alleges that the defendant committed affirmative acts of evasion by, among other things, routing his income through bank accounts held by others, called nominees, and using the nominee accounts to pay for personal expenses including to purchase domain name registrations.

Although the government must prove that the defendant committed some affirmative act during each year charged constituting an attempt to evade, it need not prove each act alleged in the Indictment. The proof of one affirmative act is enough. So, with regard to Counts Twelve through Sixteen, the government must prove that the defendant took some affirmative step with respect to each of the years 2015, 2016, 2017, 2018, and 2019, with the intention of misrepresenting or concealing income from the IRS. But you, the jury, must be unanimous. In other words, for each year charged, you must all agree that the defendant committed at least one affirmative act that constituted the attempt to evade.

Adapted from the charge of the Hon. Colleen McMahon in *United States v. O'Donnell*, S1 02 Cr. 411 (CM), Tr. 701-02; from the charge of the Hon. Charles Brieant in *United States v. Josephberg*, 04 Cr. 1002 (S.D.N.Y. 2007), Tr. 2323-24; from the charge of the Hon. Miriam Cedarbaum in *United States v. Gilmartin*, 12 Cr. 287 (MGC), Tr. 884-85 (S.D.N.Y. 2013); from Sand, *Modern Federal Jury Instructions*, Instr. 59-7; *see United States v. Sansone*, 380 U.S. 343, 351 (1965); *Spies v. United States*, 317 U.S. 492, 499 (1943); *United States v. Klausner*, 80 F.3d 55, 62 (2d Cir. 1996); *United States v. Pollen*, 978 F.2d 78, 88 (3d Cir. 1992); *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992); *United States v. McGill*, 964 F.2d 222, 233 (3d Cir. 1992); *United States v. Conley*, 826 F.2d 551, 553 (7th Cir. 1987); *United States v. Hook*, 781 F.2d 1166, 1169 (6th Cir. 1986); *United States v. Shorter*, 809 F.2d 54, 57 (D.C. Cir. 1987); *Cohen v. United States*, 297 F.2d 760, 762 (9th Cir. 1962); *United States v. Masat*, 896 F.2d 88, 97 (5th Cir. 1990); *United States v. Mackey*, 571 F.2d 376, 387 (7th Cir. 1978); Devitt, Blackmar and O'Malley, *Federal Jury Practice and Instructions* § 56.04 (4th ed. 1990).

**Request No. 47:**         **Counts Twelve through Sixteen – Tax Evasion – Third Element**

The third element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

To show the defendant acted knowingly, the government must prove beyond a reasonable doubt that the defendant knew that he owed substantially more federal income tax for the year you are considering than was declared on his income tax returns for that year, or if no return was timely filed, that he knew he owed a substantial amount of tax for the year. Whether or not the defendant had this knowledge is a question of fact to be determined by you on the basis of all the evidence. An act is done knowingly only if it is done purposely and deliberately and not because of mistake, accident, negligence, or other innocent reason.

The government must also prove beyond a reasonable doubt that the defendant acted willfully. A willful act in this context is defined as a voluntary and intentional violation of a known legal duty. Thus, the government must prove beyond a reasonable doubt that the defendant possessed the specific intent to defeat or evade the assessment of taxes that the defendant knew it was his duty to pay.

Mere negligence, even gross negligence, is not sufficient to constitute willfulness. If the defendant actually believed in good faith that he did not owe the taxes the government claims he does, he cannot be guilty of criminal intent to evade taxes. In other words, a defendant does not act willfully if he believes in good faith that his actions comply with the law. Therefore, if you find that the defendant honestly and genuinely believed that he owed no additional taxes for the years in question, even if that belief was unreasonable or irrational, then you should find him not guilty. However, you may consider whether the defendant's belief was actually reasonable or actually unreasonable in deciding whether he held that belief in good faith.

The defendant does not have a burden to establish his good faith. It is the government's burden to prove that the defendant did not have a good faith misunderstanding of the law.

However, a good-faith misunderstanding of the law is different from a disagreement with the law or tax policy. I instruct you that neither the defendant's disagreement with the law, nor his own belief that the law should not apply to him or that it is unconstitutional or against the public interest, no matter how earnestly that belief is held, constitutes a good-faith misunderstanding or mistake. It is the duty of all citizens to obey the law, regardless of whether they agree with it. Good motive is irrelevant if the defendant knows of his duty under the law.

There are certain inferences that the law allows you to make in deciding the issue of willfulness in a tax evasion case. The law does not require you to draw these inferences. They are permissive, they are not mandatory, but you may draw them if you wish. I instruct you that these inferences relate only to the element of willfulness and not to any other element that I have discussed with you.

During the trial, you heard evidence that the defendant filed income tax returns for certain years prior to 2015. If you find that the defendant filed returns for those years, you may infer that the defendant knew the law required him to make and file returns, and you may consider that as you decide whether he willfully failed to do so for the years charged in the Indictment.

The government has also offered evidence that the defendant failed to timely file income tax returns for five consecutive years—2015 through 2019. Such a pattern of behavior, as distinguished from a single occurrence, may be considered by you in determining the defendant's willfulness.

A defendant's attitude towards the IRS, or the reporting and payment of taxes generally, may be considered by you in determining the defendant's willfulness.

If you find willfulness in one year, you may consider that as evidence of willfulness in subsequent or prior years.

In deciding whether the defendant acted willfully, you may also consider the overall way he conducted his affairs. If a person deliberately conducts his affairs in a way that will likely result in deception, concealment of the truth, or the evasion of taxes, it is permissible to infer that he willfully intends to evade taxes.

In this case, the government has alleged that the defendant engaged in a pattern of using evasive means to receive his income in order to misrepresent or conceal his income. If you find that there was such a pattern, you may consider that finding along with the rest of the evidence in deciding whether or not the defendant willfully attempted to evade taxes. You are not required to draw such an inference, but you may do so.

Not filing a tax return is not by itself sufficient to establish willfulness. In deciding about the defendant's state of mind, you should consider all the evidence that in your common sense and experience bears on this question. You will want to consider all of the words, acts, and conduct of the defendant in deciding what he thought and what he intended. You may also consider the general educational background and expertise of the defendant, but only as it relates to the defendant's ability to form the required willfulness.

> Adapted from the charges of the Hon. Colleen McMahon in *United States v. O'Donnell*, S1 02 Cr. 411 (CM), Tr. 706-07, 710-11, and *United States v. Boykoff*, 01 Cr. 493 (CM); from the charge of the Hon. Miriam Cedarbaum in *United States v. Gilmartin*, 12 Cr. 287 (MGC), Tr. 888-90 (S.D.N.Y. 2013); from the charge of the Hon. Charles Brieant in *United States v. Josephberg*, 04 Cr. 1002 (S.D.N.Y. 2007), Tr. 2325, 2327-28; from the charge of the Hon. Chin in *United States v. Miranda*, 96 Cr. 527 (DC) (S.D.N.Y. Jan., 16 1997), Tr. 411-12; from the charge of the Hon. John Walker in *United States v. Helmsley*, 88 Cr. 219 (JMW), Tr. 61-62 (S.D.N.Y. 1989); *see* Sand, *Modern Federal Jury Instructions*, Instr. 59-8; *United States v. Buras*, 633 F.2d 1356, 1359 (9th Cir. 1981) (filing

of returns in prior years supports inference that defendant was aware of obligation to file); *United States v. Greenlee*, 517 F.2d 899, 903 (3d Cir.1975) (failure to file returns for multiple years supports inference of willfulness); *Spies v. United States*, 317 U.S. 492, 499 (1943) (willfulness can be inferred based on "any conduct, the likely effect of which would be to mislead or to conceal"); *United States v. Chestnut*, 533 F.2d 40, 48-49 (2d Cir. 1976) (in a prosecution for illegal campaign contributions, inference of willfulness could be based on evidence that advertising expenses were billed not to the campaign that incurred them, but rather were billed as "consulting fees" to a corporation that paid them with corporate funds).

**Request No. 48:**         **Tax Code Instructions**

To assist you in determining whether the defendant is guilty or not guilty on Counts Twelve through Sixteen, I am now going to instruct you concerning certain federal income tax filing obligations.

The law of the United States requires, and required during the relevant time frame, that a citizen or other person who lives or works in the United States to file a tax return, on or before April 15, if his or her gross income exceeded a threshold amount.  In 2020, for tax returns for the 2019 tax year, that deadline was extended to July 15.

Gross Income: The Internal Revenue Code treats all benefits received from whatever source derived as gross income unless expressly excluded by some other provision of the Internal Revenue Code.  Gross income includes all income from whatever source, including income from illegal sources such as extortion, sex trafficking, or other crimes.

Adapted from the charge of the Honorable Colleen McMahon, *United States v. Sandy Annabi*, 10 Cr. 7 (CM) (S.D.N.Y. 2012) and the Honorable Nelson S. Roman, *United States v. Joseph Scali*, 16 Cr. 466 (S.D.N.Y. 2018); *see Traficant v. C.I.R.*, 89 T.C. 501, 522 (Tax Ct. 1987) ("Gross income is all income from whatever source derived, and includes income from illegal sources . . . "), *affirmed*, 884 F.2d 258 (6th Cir. 1989).

106

**Request No. 49:         Count Seventeen – Violent Crime in Aid of Racketeering**

Count Seventeen charges the defendant with assault with a dangerous weapon in aid of the activity of the racketeering enterprise charged in Count One.  To find the defendant guilty of Count Seventeen, the Government must establish beyond a reasonable doubt each of the following elements:

First, that the enterprise charged in Count One existed, that it engaged in racketeering activity, and that it engaged in or its activities affected interstate commerce, as I have already explained those concepts to you.

Second, that the defendant committed assault with a dangerous weapon; and

Third, that the defendant's general purpose in committing this offense was to gain entrance to the enterprise or to maintain or increase his position in the enterprise.

> Adapted from the charge of the Honorable Cathy Seibel in *United States v. Tyrin Gayle*, 16 Cr. 361 (S.D.N.Y. 2017).

**Request No. 50:**     **Count Seventeen – Violent Crime in Aid of Racketeering – Second Element**

The second element the government must prove beyond a reasonable doubt with respect to Count Seventeen is the defendant committed assault with a dangerous weapon.  Assault with a dangerous weapon may be committed in two ways.

Under New York State law, a person is guilty of assault with a dangerous weapon if the Government proves beyond a reasonable doubt:

<u>First</u>, that the perpetrator intended to cause physical injury to another person; and

<u>Second</u>, that in accordance with that intent, the perpetrator caused physical injury to that person by means of a dangerous weapon.

Assault with a dangerous weapon may also be committed by committing menacing.  Under New York State law, a person is guilty of committing menacing if the Government proves beyond a reasonable doubt:

<u>First</u>, that the defendant intentionally placed or attempted to place another person in reasonable fear of physical injury, serious physical injury, or death; and

<u>Second</u>, that the defendant did so by displaying a dangerous weapon.

Under New York State law, a person intends to cause physical injury to another person when his conscious objective is to cause physical injury to another person. "Physical injury" means impairment of a person's physical condition or substantial pain.

A "dangerous weapon" is any instrument, article, or substance that, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or other serious physical injury, although death or other serious physical injury need not, in fact, be caused. Because it is the "use or threatened use" of the object that is relevant,

virtually any object, including a seemingly innocuous object, can qualify as a dangerous weapon

depending on how it is wielded in the circumstances.

> Adapted from the charge of the Honorable Valerie E. Caproni in *United States v. Jose Caban*, 19 Cr. 166 (S.D.N.Y. 2021); *See* New York Penal Law § 10.00(13) (defining a dangerous instrument as "any instrument . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury"); *United States v. Matthews*, 106 F.3d 1092, 1095 (2d Cir. 1997) ("Because 'it is the *use or threatened use* of the object which makes [an] assault aggravated,' . . . virtually any object—including, without doubt, the multi-purpose implement employed here—can qualify as a dangerous weapon depending on how it is wielded in the circumstances.") (collecting cases); *United States v. Mumuni Saleh*, 946 F.3d 97, 108 (2d Cir. 2019) (regarding eight inch kitchen knife, "the question of whether an object constitutes a dangerous weapon hinges, in part, on 'the manner in which the object is used,' as 'many objects, even those seemingly innocuous, may constitute dangerous weapons.'" (*quoting United States v. Matthews*, 106 F.3d 1092)).

**Request No. 51:      Count Seventeen – Violent Crime in Aid of Racketeering – Third Element**

The third element the Government must prove beyond a reasonable doubt with respect to Count Seventeen is that the defendant's purpose in committing the underlying crime was to gain entrance to the charged enterprise, or to maintain or increase his position within that enterprise.

Your focus on this element is on the general purpose of the defendant. The Government does not need to prove that gaining entrance to or maintaining or increasing position in the enterprise was that person's sole or principal motive so long as one of those purposes was a substantial motivating factor in his decision to participate in the underlying crime or crimes. For example, this element is satisfied if you find that the person committed the underlying crime because he knew it was expected of him by reason of his membership in or association with the enterprise, because it would maintain or enhance his position or prestige in the enterprise, or, with respect to a high-ranking member of the enterprise, if he committed or sanctioned the act of violence to protect the enterprise's operations or advance its objectives. This element could also be satisfied if you find that the person committed the underlying crime to enhance his reputation or wealth within the enterprise, or to avoid losing power within the enterprise. This list of examples is not exhaustive.

> Adapted from the charge of the Honorable Cathy Seibel in *United States v. Tyrin Gayle*, 16 Cr. 361 (S.D.N.Y.); *see also United States v. Thai*, 29 F.3d 785, 817 (2d Cir. 1994).

**Request No. 52:**        **Venue**

In addition to the elements that I have just described to you, you must decide whether any act in furtherance of each of the crimes charged occurred within the Southern District of New York. The Southern District of New York includes, among other places, Manhattan, and Bronxville.

I should note that on this issue—and this issue alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the conspiracy occurred in the Southern District of New York. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime with which the defendant is charged occurred within this District.

If you find that the Government has failed to prove this venue requirement, then you must acquit the defendant.

> Adapted from the charges of the Honorable Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); the Honorable Charles S. Haight, Jr. in *United States v. Rogers*, 90 Cr. 377 (CSH) (S.D.N.Y. 1991); and Sand, *Modern Federal Jury Instructions*, Instr. 3-11. *See also United States v. Gonzalez*, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard), cert. denied, 112 S. Ct. 660 (1991).

**Request No. 53:** **Variance in Dates**

The Indictment alleges that certain conduct occurred on or about various dates or during various time periods.  It is not necessary, however, for the Government to prove that any conduct alleged occurred exactly when the Indictment alleges.  As long as the conduct occurred around any dates or within any time periods the Indictment alleges it occurred, that is sufficient.

Adapted from the charge of the Hon. Katherine B. Forrest in
*United States v. Morales*, 15 Cr. 879 (KBF); Sand, *Modern
Federal Jury Instructions*, Instrs. 3-12 and 3-13.

**Request No. 54:          Particular Investigative Techniques Not Required [If Applicable]**

You have heard reference through the questioning to the fact that certain investigative techniques were used and were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.   Law enforcement officers have no duty to employ in the course of an investigation all of the many tools at their disposal, and the failure to use any particular technique or techniques does not tend, in and of itself, to show that a defendant is not guilty of a crime with which he is charged. While you are to carefully consider the evidence adduced by the Government, or the lack of evidence, you are not to speculate why they used the technique that they did or why they did not use other techniques.

Your concern is whether or not, based on the evidence or lack of evidence, the Government has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from the charge of the the Hon. Katherine B. Forrest in *United States v. Morales*, 15 Cr. 879 (KBF); the Honorable Denise L. Cote in *United States v. Nelson*, 13 Cr. 242 (DLC) (S.D.N.Y. 2017).

**Request No. 55:**        **Use of Evidence Obtained Pursuant to Search**

You have heard testimony about evidence seized in connection with certain searches conducted by law enforcement officers.  Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you.  Such searches were entirely appropriate law enforcement actions and no one's rights were violated.

Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

> Adapted from the charge of the Honorable Katherine B. Forrest in *United States v. Morales*, 15 Cr. 879 (KBF); and the Honorable Paul A. Engelmayer in *United States v. Fernandez*, 13 Cr. 20 (S.D.N.Y. 2013).

.

**Request No. 56:**            **Testimony of Experts**

You have heard testimony from what we call expert witnesses.  Such a witness is permitted to express his opinions on matters about which he has specialized knowledge and training.  The parties present expert testimony to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, his opinions, and his reasons for testifying, as well as all the other considerations that ordinarily apply, including all the other evidence in the case.  You may give expert testimony whatever weight, if any, that you find that it deserves in light of all the evidence in this case.  However, you should not accept witness testimony simply because the witness is an expert.  Nor should you substitute such testimony for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

Adapted from the charge in *United States v. Morales*, 15 Cr. 879 (KBF).

**Request No. 57:**          **Credibility of Witnesses**

How do you evaluate the credibility or believability of the witnesses? The answer is that you use your plain common sense. Common sense is your greatest asset as a juror. You should ask yourselves, did the witness impress you as honest, open, and candid? Or did the witness appear evasive, or as though the witness were trying to hide something? How responsive was the witness to the questions asked on direct examination and on cross-examination? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?

If you find that a witness is intentionally telling a falsehood that is always a matter of importance that you should weigh carefully. If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care. It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe. Few people recall every detail of every event precisely the same way. A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects. It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

On some occasions during this trial, witnesses were asked to explain an apparent inconsistency between testimony offered at this trial and previous statements made by the witness. It is for you to determine whether a prior statement was inconsistent, and if so, how much (if any) weight to give to an inconsistent statement in assessing the witness's credibility at trial. You may consider evidence of a witness's prior inconsistent statement only insofar as it relates to that witness's credibility.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged. You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to yourselves that the testimony is not worthy of belief. On the other hand, you may find, because of a witness's bearing and demeanor and based upon your consideration of all the other evidence in the case, that the witness is truthful.

Adapted from the charge in *United States v. Davis*, 14 Cr. 296 (KBF)

**Request No. 58:**       **Stipulations of Testimony [If Applicable]**

In this case you have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect to be given that testimony.

> Adapted from the charge of the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); and Sand, *Modern Federal Jury Instructions*, Instr. 5-6 & 5-7.

**Request No. 59:**          **Stipulations of Fact [If Applicable]**

In this case you have heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed facts as true.

Sand, *Modern Federal Jury Instructions*, Instr. 5-6.

**Request No. 60:**       **Use of Recordings and Transcripts**

Audio and video recordings, and transcripts of those recordings, have been admitted into evidence.  You were also provided with transcripts as an aid, but it is the recordings that are the evidence.

Some of the recordings you heard were recorded prison calls. Whether you approve or disapprove of the recording or interception of those conversations may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful and it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

If you wish to hear any of the tapes again, or see any of the transcripts of those recordings, they will be made available to you during your deliberations.

> Adapted from the charges of the Honorable Cathy Seibel in *United States v. Young*, 09 Cr. 274 (CS) (S.D.N.Y. 2011); the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); and the Honorable John G. Koeltl in *United States v. Alvarado-Matriller*, 94 Cr. 723 (JGK) (S.D.N.Y. 1995).

**Request No. 61:**          **Use of Charts and Summaries [If Applicable]**

Some of the exhibits that were admitted into evidence were in the form of charts or summaries.  I decided to admit these charts and summaries in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  But it is up to you to decide whether the summary exhibits fairly and correctly reflect the underlying testimony and documents they purport to summarize.  To the extent that the summary exhibits conform to your understanding of the underlying evidence, you may accept them.  To the extent they do not, you should set them aside and rely on the underlying evidence instead.

Adapted from the charge of the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (Sept. 24, 2018); the Honorable Denise L. Cote in *United States v. Nelson*, 13 Cr. 242 (S.D.N.Y. 2017).

**Request No. 62:**          **Preparation of Witnesses [If Applicable]**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the Government lawyers or their own lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I instruct you that there is nothing either unusual or inherently improper about a witness meeting with the Government lawyers or his or her own lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultations.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008); and the Honorable Katherine B. Forrest in *United States v. Morales*, 15 Cr. 879 (KBF).

**Request No. 63:**          **Persons Not on Trial**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial, from the fact that certain persons were not named as a defendant in the Indictment here.  In addition, you are not allowed to speculate as to the reasons why other people are not on trial before you now.  The fact that these persons are not on trial here must play no part in your deliberations.

> Adapted from the charge of the Honorable Katherine B. Forrest in
> *United States v. Morales*, 15 Cr. 879 (KBF).

**Request No. 64:**      **Immunized Witnesses [If Applicable]**

You have heard the testimony of witnesses who have testified under a grant of immunity from this Court, called formal immunity. The testimony of such a witness may not be used against such witnesses in any criminal case except in a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this Court. You are instructed that the Government is entitled to call as a witness a person who has been granted immunity by order of this Court. You should examine the testimony of such a witness to determine whether or not it is colored in any way to further the witness' own interests. If you believe the testimony to be true, you may give it any weight you believe it deserves, and you may convict the defendants on the basis of such witness' testimony alone if you find that the testimony proves the defendants guilty beyond a reasonable doubt.

Adapted from the charge of the Honorable J. Paul Oetken in
*United States v. Gabinskaya*, 12 Cr. 171 (Oct. 3, 2014).

**Request No. 65:**        **Uncalled Witnesses—Equally Available [If Applicable]**

You have heard the names of several people during the course of the trial who did not appear here to testify and one or more of the attorneys may have referred to their absence.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  However, the Government bears the burden of proof, the defendant does not bear the burden of proof.  Therefore, you should not draw any inferences or reach any conclusions as to what these persons would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

> Adapted from the charge in *United States v. Morales*, 15 Cr. 879 (KBF).

**Request No. 66:**          **Redaction of Evidentiary Items [If Applicable]**

Some of the exhibits admitted into evidence include redactions of certain information. "Redacted" means that part of the document or audio recording was taken out.  There is nothing unusual or improper about such redactions.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

> Adapted from the charge of the Honorable Katherine B. Forrest in
> *United States v. Morales*, 15 Cr. 879 (KBF).

126

**Request No. 67:**     **Defendant's Testimony [If Defendant Testifies]**

As you saw, the defendant took the witness stand and testified.  I have already instructed you on how you should evaluate the credibility of the witnesses you have heard in this case.  You should evaluate the defendant's testimony the same way that you judge the testimony of the other witnesses in this case.

> Adapted from the charge of the Honorable J. Paul Oetken in *United States v. Middendorf*, 18 Cr. 036 (Feb. 11, 2019); *see also United States v. Gaines*, 457 F.3d 238, 240 (2d Cir. 2006) ("[I]f the defendant has testified, the trial court should tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses.")

**Request No. 68:          Defendant's Right Not to Testify [If Requested by Defense]**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-21.

**Request No. 69:          Conclusion**

Your function now is to weigh the evidence in this case and to determine if the Government has sustained its burden of proof with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.  Under your oath as jurors, you are not to be swayed by sympathy.  You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result.  Both sides are entitled to a fair trial.  You are to make a fair and impartial decision so that you come to a just verdict.

The Government respectfully requests that the Court close by instructing the jurors regarding the selection of a foreperson, communications with the Court during deliberations, provision of copies of the Indictment and jury charge, and the procedures regarding requests for particular exhibits or testimony.

* * * * *

In submitting these requests to charge, the Government reserves the right to submit additional or modified requests at or near the close of evidence.

Dated:       New York, New York
             February 25, 2022

                                  Respectfully submitted,

                                  DAMIAN WILLIAMS
                                  United States Attorney
                                  Southern District of New York

                     By: /s/ Lindsey Keenan_____
                        Lindsey Keenan
                        Mollie Bracewell
                        Danielle Sassoon
                        Assistant United States Attorneys
                        Southern District of New York
                        (212) 637-2218 / 1565 / 1115