UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- v. -

LAWRENCE RAY,
                    Defendant.

No. 20 Cr. 110 (LJL)

DEFENDANT LAWRENCE RAY'S REQUEST TO CHARGE

David E. Patton, Esq.
Federal Defenders of New York, Inc.
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8700

*Counsel for Lawrence Ray*

**MARNE L. LENOX, ESQ.**
**ALLEGRA GLASHAUSSER, ESQ.**
**PEGGY CROSS-GOLDENBERG, ESQ.**
**NEIL P. KELLY, ESQ.**
*Of counsel*

To: **DAMIAN WILLIAMS, ESQ.**
    United States Attorney
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York 10007

Attn: **DANIELLE R. SASSOON, ESQ.**
    Assistant United States Attorney
    Southern District of New York

# TABLE OF CONTENTS

REQUEST NUMBER (1) CUSTOMARY INSTRUCTIONS ........................................................ 3

REQUEST NUMBER (2) THE GOVERNMENT AS A PARTY ................................................ 4

REQUEST NUMBER (3) INDICTMENT MERELY AN ACCUSATION ................................. 5

REQUEST NUMBER (4) THEORY OF THE DEFENSE ......................................................... 6

REQUEST NUMBER (5) MULTIPLE COUNTS ..................................................................... 7

REQUEST NUMBER (6) CRIME DEFINED BY STATUTE ONLY ........................................ 8

REQUEST NUMBER (7) EVIDENCE: DIRECT AND CIRCUMSTANTIAL ......................... 9

REQUEST NUMBER (8) DEFENDANT'S DECISION TO TESTIFY ................................... 11

REQUEST NUMBER (9) IMPROPER CONSIDERATION OF MR. RAY'S RIGHT NOT TO TESTIFY .................................................................................................................................. 12

REQUEST NUMBER (10) NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY .............................................................................................................................. 13

REQUEST NUMBER (11) BIAS AND HOSTILITY ................................................................ 14

REQUEST NUMBER (12) SUMMARY CHARTS ................................................................... 15

REQUEST NUMBER (13) INTEREST IN OUTCOME: BENEFITS RECEIVED BY CERTAIN WITNESSES .......................................................................................................... 16

REQUEST NUMBER (14) LAW ENFORCEMENT WITNESS ............................................. 17

REQUEST NUMBER (15) EXPERT TESTIMONY .................................................................. 18

REQUEST NUMBER (16) PROOF BEYOND A REASONABLE DOUBT ............................ 19

REQUEST NUMBER (17) PRESUMPTION OF INNOCENCE ............................................. 21

REQUEST NUMBER (18) CONSIDER ONLY THE CHARGED OFFENSES ....................... 22

REQUEST NUMBER (19) IMPROPER CONSIDERATIONS ................................................ 23

REQUEST NUMBER (20) ADVICE OF COUNSEL ............................................................... 25

REQUEST NUMBER (21) WITNESSES INVOKING THE FIFTH AMENDMENT ............... 26

REQUEST NUMBER (22) GOOD FAITH ............................................................................... 27

REQUEST NUMBER (23) THE INDICTMENT ..................................................................... 28

REQUEST NUMBER (24) KNOWLEDGE AND INTENT; CONSPIRACY ........................... 31

REQUEST NUMBER (25) CONSPIRATOR STATEMENTS AND LIABILITY ..................... 37

REQUEST NUMBER (26) COUNT ONE RICO CONSPIRACY ............................................ 39

REQUEST NUMBER (27) RACKETEERING ACT ONE EXTORTION ................................. 46

REQUEST NUMBER (28) RACKETEERING ACT TWO EXTORTION UNDER NEW YORK STATE LAW ............................................................................................................................. 50

REQUEST NUMBER (29) RACKETEERING ACT THREE SEX TRAFFICKING ............... 54

1

REQUEST NUMBER (30) RACKETEERING ACT FOUR FORCE LABOR .......................... 59

REQUEST NUMBER (31) RACKETEERING ACT FIVE FORCED LABOR TRAFFICKING .................................................................................................................. 64

REQUEST NUMBER (32) RACKETEERING ACT SIX USE OF INTERSTATE COMMERCE TO PROMOTE UNLAWFUL ACTIVITY .................................................................... 66

REQUEST NUMBER (33) RACKETEERING ACT SEVEN MONEY LAUNDERING ......... 76

REQUEST NUMBER (34) RACKETEERING ACT EIGHT TAMPERING WITH A WITNESS, VICTIM, OR AN INFORMANT .................................................................. 80

REQUEST NUMBER (35) RACKETEERING ACT NINE:  OBSTRUCTION OF JUSTICE.. 83

REQUEST NUMBER (36) SPECIAL SENTENCING FACTOR ................................................ 87

REQUEST NUMBER (37) COUNT TWO EXTORTION CONSPIRACY ................................ 91

REQUEST NUMBER (38) COUNT THREE EXTORTION ....................................................... 95

REQUEST NUMBER (39) COUNT FOUR SEX TRAFFICKING ........................................... 96

REQUEST NUMBER (40) COUNT FIVE CONSPIRACY TO COMMIT SEX TRAFFICKING .................................................................................................................. 100

REQUEST NUMBER (41) COUNT SIX FORCED LABOR .................................................... 101

REQUEST NUMBER (42) COUNT SEVEN FORCED LABOR TRAFFICKING ................ 105

REQUEST NUMBER (43) COUNT EIGHT FORCED LABOR CONSPIRACY ................... 107

REQUEST NUMBER (44) COUNT NINE USE OF INTERSTATE COMMERCE TO PROMOTE UNLAWFUL ACTIVITY .................................................................................. 108

REQUEST NUMBER (45) COUNT TEN USE OF INTERSTATE COMMERCE TO PROMOTE UNLAWFUL ACTIVITY .................................................................................. 116

REQUEST NUMBER (46) COUNT ELEVEN MONEY LAUNDERING............................... 122

REQUEST NUMBER (47) COUNT TWELVE TAX EVASION............................................ 125

REQUEST NUMBER (48) COUNT THIRTEEN TAX EVASION.......................................... 129

REQUEST NUMBER (49) COUNT FOURTEEN TAX EVASION ....................................... 130

REQUEST NUMBER (50) COUNT FIFTEEN TAX EVASION ............................................ 131

REQUEST NUMBER (51) COUNT SIXTEEN TAX EVASION............................................. 132

REQUEST NUMBER (52) COUNT SEVENTEEN VIOLENT CRIME IN AID OF RACKETEERING ................................................................................................................. 133

Lawrence Ray, through his attorneys at the Federal Defenders, respectfully requests that the Court charge the Jury as follows. The defense reserves the right to submit additional requests depending on the Court's subsequent rulings.

## REQUEST NUMBER (1)
## CUSTOMARY INSTRUCTIONS

Mr. Ray respectfully requests that the Court give its customary instructions to the Jury regarding the following:

    (a)    Function of Court and Role of Jury;

    (b)    No Outside Communications, Outside Research, or Internet Research;

    (c)    Publicity;

    (d)    Statements of the Court and Counsel are not Evidence;

    (e)    Venue;

    (f)    Redaction of Evidentiary Items;

    (g)    Right to See Exhibits and Hear Testimony;

    (h)    Stipulations;

    (i)    Communication with the Court; and

    (j)    Duty to Consult and Need for Unanimity.

## **REQUEST NUMBER (2)**
## **THE GOVERNMENT AS A PARTY**

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.[1]

---

[1] Verbatim charge of the Hon. Robert P. Patterson, Jr., in *United States v. Anibal Soto*, 12 Cr. 556 (RPP).

## REQUEST NUMBER (3)
## INDICTMENT MERELY AN ACCUSATION

An indictment is not evidence. It merely describes the charges made against a defendant. An indictment is a formal method of bringing a case into court for trial and determination by a jury. It creates no presumption that a crime was committed and no inference of any kind may be drawn from an indictment. You may not consider an indictment as any evidence of a defendant's guilt. The fact that a defendant is the subject of this indictment and is on trial here may not be used against him in any way whatsoever.

In reaching your determination of whether the government has proven a defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or the lack of evidence.[2]

---

[2] Adapted from Leonard B. Sand, John S. Siffert, Walter P. Loughlin, Steven A. Reiss, *Modern Federal Jury Instructions* (hereinafter cited as Sand), Inst. 3-1.

## REQUEST NUMBER (4)
## THEORY OF THE DEFENSE

Defendant requests that the court include a theory of the defense charge, which defendant will submit prior to the final charge conference.

# <u>REQUEST NUMBER (5)</u>
## <u>MULTIPLE COUNTS</u>

As I just explained, the Indictment contains seventeen counts. Each count charges Mr. Ray with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find Mr. Ray guilty or not guilty as to one offense should not affect your verdict as to any other offense charged. You may only find Mr. Ray guilty of a particular count if the government has proven each element of the offense charged with respect to that count beyond a reasonable doubt.

## REQUEST NUMBER (6)
## CRIME DEFINED BY STATUTE ONLY

In our system, we only have crimes that are defined by statute. The fact that something may seem morally wrong to you may not be considered by you in deciding whether any crime has been committed. Statutes define our crimes, and from time to time, I will talk to you about the individual statutes and how they break down into elements so you can consider the elements the government must prove. Some vague feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever. You must break it down to the elements and see if there is proof beyond a reasonable doubt as to each one of those elements. Only then, with that determination made, can you render a verdict.[3]

---

[3] Adapted from the charge of the Hon. Kevin Thomas Duffy in *United States v. Scherer*, 92 Cr. 698 (KTD), Tr. at 196.

**EVIDENCE: DIRECT AND CIRCUMSTANTIAL**

There are two types of evidence that you may properly use in deciding whether a defendant is guilty or not guilty. One type of evidence is called direct evidence. Direct evidence is a witness's testimony as to what she personally saw, heard, or observed. In other words, when a witness testifies about what is known of his own knowledge, by virtue of his own senses, what he sees, feels, touches, or hears, that is called direct evidence.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact indirectly, by inference from another fact. For example, if a fact in dispute is whether it is raining at the moment, none of us in this room can testify directly to that without looking out a window. Assume, however, that we cannot see out of a window, and that as we are sitting here, a person walks in the courtroom wearing a raincoat that is dripping wet and carrying an umbrella that is dripping water. We may infer that it is raining outside. Of course, that inference might be incorrect because it may have stopped raining before the person entered the courtroom. In other words, the fact of rain is an inference that could be drawn from the wet raincoat and dripping umbrella, but need not be. Each juror must be guided by his or her own common sense, experience and judgment in determining what inference, if any, is justified and reasonable under all of the circumstances presented.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. The law requires that before any defendant may be convicted, the jury must be satisfied that the government has proved Mr. Ray's guilt beyond a reasonable doubt after review of all the evidence in the case, direct and circumstantial, as well as the lack of evidence. If you find that

the evidence gives equal or nearly equal circumstantial support to a theory of guilt and a theory

of innocence then you must find Mr. Ray not guilty.[4]

---

[4] Adapted from the charge of the Hon. Robert P. Patterson, Jr. in *United States v. Grayson*, 04 Cr. 1382 (RPP) (Tr. at 221 - 222) and the charge of the Hon. Dennis H. Hurley in *United States v. Rodney Morrison*, 04 Cr. 699 (DHH).

# REQUEST NUMBER (8)
## DEFENDANT'S DECISION TO TESTIFY
### [If Applicable]

As I instructed you earlier, a defendant in a criminal case never has any duty or obligation to testify or come forward with any evidence. This is because the burden of proof, that is proof beyond a reasonable doubt, remains on the government at all times, and Mr. Ray is presumed innocent.

In this case, Mr. Ray did testify and was subject to cross-examination, like any other witness. The fact that he testified does not in any way remove or lessen the burden of the government to prove the charge beyond a reasonable doubt. Mr. Ray did not have to testify and, in fact, did not have to present any evidence whatsoever.

You should examine and evaluate this testimony just as you would the testimony of any other witness in this case. You should not disregard or disbelieve this testimony simply because he is charged as a defendant in this case. I also remind you that Mr. Ray's decision to testify does not in any way shift the burden of proof to him.

Don't ask yourselves whether this testimony convinced you of his innocence. Rather, you must consider all the evidence and lack of evidence presented and then ask yourselves whether or not the government has proven the charge contained in the indictment beyond a reasonable doubt.[5]

---

[5] Adapted from Sand Inst. 7-4, and the charge of the Honorable Robert P. Patterson in *United States v. Jose De La Cruz-Ramirez*, No. 97 Cr. 711 (RPP), also adapted from Honorable Michael B. Mukasey in *United States v. Johnson*, 97 Cr. 499 (MBB).

## REQUEST NUMBER (9)
## IMPROPER CONSIDERATION OF MR. RAY'S RIGHT NOT TO TESTIFY
### [If Applicable]

Mr. Ray has chosen not testify in this case. Under our Constitution, an accused has no obligation to testify or to present any evidence, because it is the government's burden to prove him guilty beyond a reasonable doubt. That burden remains with the government throughout the entire trial and never shifts to the accused. A person accused of a crime is never required to prove that he is innocent.

You may not speculate as to why Mr. Ray did not testify. There are many reasons why a defendant may decide not to testify. A defendant may be embarrassed by his own lack of education, or by his inability to speak well in front of people. You are not to speculate as to these things.

The right of a defendant not to testify is an important part of our Constitution. As the Supreme Court of the United States has said,

> it is not everyone who can safely venture on the witness stand though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others . . . [may] confuse and embarrass [a defendant] to such a degree as to increase rather than remove any prejudice against him. It is not everyone, however honest, who would therefore willingly be placed on the witness stand.

You may not attach any significance to the fact that Mr. Ray has chosen not to testify. No adverse inference of any kind may be drawn from that choice. You may not consider this against Mr. Ray in any way in your deliberations in the jury room.[6]

---

[6] Adapted from Sand Inst. §5.07; **Error! Main Document Only.**Adapted from charges of Hon. Robert P. Patterson, Jr. in *United States v. Owen et al.*, 03 Cr. 649 (RPP); Hon. Jon S. Martin in *United States v. Flanagan*, 95 Cr. 105 (JSM). *See also Carter v. Kentucky*, 450 U.S. 288, 300 n.15 (1981); *Griffin v. California*, 380 U.S. 609, 613 (1965).

## REQUEST NUMBER (10)
## NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY

The fact that one party called more witnesses does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. Indeed, Mr. Ray is not required to call any witnesses or offer any evidence, since he is presumed to be innocent. Additionally, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You must decide which witnesses to believe and determine which facts are true. To do this, you must look at all the evidence or lack of evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side. You should also keep in mind that the burden of proof is always on the prosecution.[7]

---

[7] Adapted from Sand Instr. 4-3.

## REQUEST NUMBER (11)
## BIAS AND HOSTILITY

In connection with your evaluation of the credibility of the witness, you should specifically consider evidence of resentment or anger that some of the government's witnesses may have towards Mr. Ray.

Evidence that a witness is biased, prejudiced or hostile toward Mr. Ray requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.[8]

---

[8] Adapted from Sand Instruction 7-2; *United States v. Masino*, 275 F.2d 129 (2d Cir. 1960).

## REQUEST NUMBER (12)
## SUMMARY CHARTS

Mr. Ray reserves the right to supplement his request to charge with an instruction regarding summary charts once the government has finalized and produced its charts to the defense.

**INTEREST IN OUTCOME: BENEFITS RECEIVED BY CERTAIN WITNESSES**

You have heard evidence that certain witnesses were granted immunity or other benefits related to their testimony at this trial. The government argues, as it is permitted to do, that it must take the witnesses as it finds them. The law allows the government to grant immunity or other benefits to its witnesses. But the testimony of these witnesses must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe. I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of these witnesses.

You should ask yourselves whether these witnesses would benefit more by lying or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that a witness was motivated by hopes of personal gain, was the motivation one that would cause him or her to lie, or was it one that would cause him to tell the truth? Did this motivation color his or her testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to these witnesses.[9]

---

[9] Adapted from *United States v. Raniere*, 18-cr-204 (NGG); Sand Inst. 7- 3.

## REQUEST NUMBER (14)
## LAW ENFORCEMENT WITNESS

You have heard testimony of law enforcement officials. A witness's employment as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is legitimate for the defense to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

As with all witnesses, it is your decision, after reviewing all the evidence and lack of evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.[10]

---

[10] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-16, and the charge in *United States v. Jarrett*, 19 Cr. 670 (LGS) (S.D.N.Y. 2021).

## REQUEST NUMBER (15)
## EXPERT TESTIMONY

Certain witnesses were offered as experts and permitted to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. As I have said with law enforcement witnesses, you may consider whether these witnesses have a personal or professional interest in the outcome of this case. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept the testimony of an expert merely because I allowed the witness to testify as an expert. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.[11]

---

[11] Adapted from Sand Inst. 7-16 and 7-21.

## PROOF BEYOND A REASONABLE DOUBT

I have said that, in order to convict Mr. Ray of a given charge, the government is required to prove that charge beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt which would cause a reasonable person to hesitate to act in a matter of the highest importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The government must overcome the presumption of innocence in order to do that. This burden never shifts to Mr. Ray. Even if Mr. Ray has presented evidence in his defense, it is not his burden to prove himself not guilty.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

Reasonable doubt may be based on a fair and impartial consideration of all the evidence, lack of evidence, and inconsistencies in the evidence. If, after fair and impartial consideration of all the evidence and any lack of evidence, you are satisfied that the government has proven every element beyond a reasonable doubt with respect to a particular charge against him, you should vote to convict. If after fair and impartial consideration of this evidence you have a reasonable

doubt as to Mr. Ray's guilt with respect to an element of a particular charge, it is your duty to

find him not guilty of that charge.[12]

---

[12] Adapted from Sand Inst. 4-2.

## REQUEST NUMBER (17)
## PRESUMPTION OF INNOCENCE

Mr. Ray has pled not guilty. In so doing, he has denied every allegation against him. As a result of Mr. Ray's plea of not guilty, the burden is on the government to prove his guilt beyond a reasonable doubt. This burden never shifts to Mr. Ray for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes a defendant to be innocent of all charges against him. I therefore instruct you that Mr. Ray is to be presumed by you to be innocent now and throughout your deliberations.

Mr. Ray began the trial here with a clean slate. The presumption of innocence alone is sufficient to acquit Mr. Ray of each charge, unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt on a given charge after a careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden of proof on a given charge, you must find Mr. Ray not guilty of that charge. This presumption was with Mr. Ray when the trial began, remains with him even now as I speak to you and will continue with him into your deliberations unless and until you are convinced that the government has proven beyond a reasonable doubt that he is guilty of a particular charge.[13]

---

[13] Adapted from the charge of the Hon. Denny Chin in *United States v. Jason Smith*, 08 Cr. 84 (DC).

## REQUEST NUMBER (18)
## CONSIDER ONLY THE CHARGED OFFENSES
### [IF NECESSARY]

Mr. Ray is not charged with committing any crimes other than the offenses specifically charged in the Indictment. You have heard evidence of other acts that he allegedly committed. When that evidence was introduced, I instructed you that it was to be considered by you only for a limited purpose. I want to emphasize that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the Indictment.

## REQUEST NUMBER (19)
## IMPROPER CONSIDERATIONS

Your verdict must be based solely upon the evidence or lack of evidence at trial, or the lack of evidence, and the law as I instruct you. In reaching your decision as to whether the prosecution has met its burden of proof, it would be improper for you to consider any personal feelings you may have about Mr. Ray's race, religion, national origin, sex, or age. All persons are entitled to the presumption of innocence and the prosecution has the burden of proof, as I have discussed.[14]

Similarly, you should not permit your deliberations or decision to be influenced by unconscious or implicit biases.

Growing scientific research indicates that each one of us has "implicit biases" or hidden feelings, perceptions, fears and stereotypes in our subconscious. All of us, no matter how hard we try, tend to look at other people and consider what they say through the lens of our own experience and background. We each have a tendency to stereotype others and make assumptions about them. Often we see life and evaluate evidence through a filter that tends to favor those like ourselves. While it is difficult to control one's subconscious thoughts, being aware of these hidden biases can help counteract them. As a result, I ask you to recognize that all of us may be affected by implicit biases in the decisions that we make. Because you are making very important decisions in this case, I strongly encourage you to critically evaluate the evidence and resist any urge to reach a verdict influenced by stereotypes, generalizations, or impicit biases.[15]

---

[14] Adapted from Sand Inst. 2-11.
[15] Adapted from Sand Inst. 2-11; the charge in United States v. McDaniels, 17-CR-184(JVF)(S.D.N.Y) and Judge Mark W. Bennett, *Unraveling the Gordian Knot of Implicet bias in Jury Seleciton: The Problems of Judge-Dominated Voir Dire, the Failed Promise of Batson and Proposed Solutions*, 4 Harv. L. & Pol'y Rev. 149, 171 n.85 (2010) (explaining instruction he gives in every jury trial).

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision making process. Everyone, has feelings, assumptions, perceptions, fears, and stereotypes—that is unconscious biases—that we may not be aware of. These hidden thoughts can impact our impressions of what we see and hear, how we remember what we see and hear, and how we make important decisions. Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. The law demands that you return a just verdict based solely on the evidence or lack of evidence; your individual evaluations of that evidence and of the credibility of witnesses; your reason; your common sense; and these instructions. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.[16]

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

---

[16] Adapted from Judge Mark W. Bennett, *Unraveling the Gordian Knot of Implicit Bias in Jury Selection: The Problems of Judge-Dominated Voir Dire, the Failed Promise of Batson, and Proposed Solutions*, 4 HARV. L. & POL'Y REV. 149, 171 n.85 (2010) (explaining instruction he gives in every jury trial). *See also supra* n.1.

**REQUEST NUMBER (20)**
**ADVICE OF COUNSEL**
**[IF APPLICABLE]**

You've heard evidence that Mr. Ray consulted with a lawyer, Glenn Ripa. You may consider that evidence in deciding whether Mr. Ray acted knowingly to commit extortion conspiracy, extortion, and money laundering, as alleged in Counts Two, Three, and Eleven; and with the intent to carry out an unlawful act to commit the use of interstate commerce to promote extortion, as alleged in Count Ten.

The mere fact that Mr. Ray received legal advice does not necessarily constitute a complete defense to the charges. Instead, you must ask yourself whether Mr. Ray honestly and in good faith sought the advice of a competent lawyer as to what he may lawfully do, whether he fully and honestly laid all the facts before his lawyer, and whether in good faith he honestly followed such advice, relying on it and believing it to be correct. In short, you should consider whether, in seeking and obtaining advice from a lawyer, Mr. Ray intended that his acts shall be lawful. If he did so, it is the law that he cannot be convicted of a crime that involves willful and unlawful intent, even if such advice were an inaccurate construction of the law. On the other hand, no person can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of his lawyer. Whether Mr. Ray acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether he made a full and complete report to his lawyer, and whether he acted substantially in accordance with the advice received are questions for you to determine.[17]

---

[17] Adapted from the charge in *United States v. Teman*, No. 1:19-cr-00696-PAE, 02/14/20 Tr. Tran., Dkt. 107 at 1092-94.

# REQUEST NUMBER (21)
## WITNESSES INVOKING THE FIFTH AMENDMENT
### [IF APPLICABLE]

There are persons who you have been told are invoking their Fifth Amendment rights not to testify during the course of the trial. No unfavorable presumption may be drawn from the failure to call a witness that is equally unavailable to both sides. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence[18]

---

[18] Adapted from Sands Inst. 6-7; *see also United States v. Vincent*, 648 F.2d 1046 (5th Cir. 1981).

<u>**REQUEST NUMBER (22)**</u>
<u>**GOOD FAITH**</u>

You have heard testimony that Mr. Ray believes in good faith that the complainants in this case owed him money and, seeking to absolve themselves of guilt, were repaying him for damage they had caused to Mr. Ray and his family. It is a defense to the charges of extortion, extortion conspiracy, and the use of interstate commerce to promote state law extortion -- where those charges do not involve the use or threats of force or violence -- if money is obtained under a claim of right made in good faith. Such a good faith belief would also be a defense to commit money laundering -- because the person would not have a specific intent to conceal criminal activity -- and to tax evasion, because the failure to pay taxes on income a person does not know is taxable is not willful.

The burden of establishing lack of good faith and criminal intent rests upon the prosecution. An honest mistake does not constitute a lack of good faith, even if it is unreasonable. The government is required to prove beyond a reasonable doubt, a conscious, knowing, intent to obtain money that Mr. Ray believed he was not entitled to.  Mr. Ray is under no burden to prove good faith; rather, the prosecution must prove bad faith, or that Mr. Ray acted knowingly or wrongfully, beyond a reasonable doubt.

If the evidence in this case leaves you with a reasonable doubt that Mr. Ray believed that he was entitled to the money he received from the complainants in this case, then you must find him not guilty of extortion, extortion conspiracy, the use of interstate commerce to promote state law extortion, money laundering, and tax evasion.[19]

---

[19] Adapted from Sand Inst. 8-1; Penal Law § 155.15 [1]; *United States v. Jackson*, 180 F.3d 55, 69; Cheek v. United States, 498 U.S. 192, 199–200, 111 S. Ct. 604, 112 L. Ed. 2d 617 (1991).

Mr. Ray has been formally charged in what is called an "Indictment." An Indictment is a charge or accusation. It is not evidence. It is not proof of Mr. Ray's guilt. Mr. Ray begins trial with an absolutely clean slate and without any evidence against him. You must give no weight to the fact that an Indictment has been returned against Mr. Ray.

I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

The Indictment in this case contains 17 separate counts and you will be called upon to render a separate verdict on each. I am briefly going to summarize each count, and then will give you the law in greater detail.

Count One charges Mr. Ray with a conspiring to violate the Racketeer Influenced and Corrupt Organizations Act, also known as "RICO," from at least in or around 2010, up to and including in or around 2020. The racketeering conspiracy contains a number of predicate crimes called "racketeering acts," which I will explain shortly.

Count Two charges Mr. Ray with conspiring to commit extortion from in or about 2011, up to and including at least in or about 2019.

Count Three charges Mr. Ray with committing extortion from in or about 2011, up to and including at least in or about 2019.

Count Four charges Mr. Ray with engaging in sex trafficking from in or about 2011, up to and including at least in or about 2019.

---

[20] Adapted from *United States v. Maxwell*, No. 1:20-cr-00330-AJN, Dkt. No. 565, pp. 15-16.

Count Five charges Mr. Ray with conspiring to engage in the sex trafficking from in or about 2011, up to and including at least in or about 2019.

Count Six charges Mr. Ray with committing forced labor from in or about May 2013, up to and including at least in or about December 2013.

Count Seven charges Mr. Ray with committing forced labor trafficking from in or about May 2013, up to and including December 2013.

Count Eight charges Mr. Ray with conspiring to commit forced labor trafficking from in or about May 2013, up to and including at least in or about December 2013.

Count Nine charges Mr. Ray with the use of interstate commerce to promote an unlawful activity, namely a business enterprise involving sex trafficking and prostitution, in violation of New York Penal Law from in or about 2014, up to and including at least in or about 2019.

Count Ten charges Mr. Ray with the use of interstate commerce to promote an unlawful activity, namely extortion, in violation of New York Penal Law from in or about 2011, up to and including at least in or about 2019.

Count Eleven charges Mr. Ray with committing money laundering from in or about 2011, up to and including at least in or about 2019.

Count Twelve charges Mr. Ray with attempting to evade the income tax due in 2015 to the United States of America.

Count Thirteen charges Mr. Ray with attempting to evade the income tax due in 2016 to the United States of America.

Count Fourteen charges Mr. Ray with attempting to evade the income tax due in 2017 to the United States of America.

Count Fifteen charges Mr. Ray with attempting to evade the income tax due in 2018 to the United States of America.

Count Sixteen charges Mr. Ray with attempting to evade the income tax due in 2019 to the United States of America.

Count Seventeen charges Mr. Ray with committing a violent crime in aid of racketeering on October 16, 2018.

**REQUEST NUMBER (24)**
**KNOWLEDGE AND INTENT; CONSPIRACY**

**Knowledge and Intent**

During these instructions, you will hear me use the words "knowingly" and "intentionally" from time to time.

A person acts "knowingly" when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether a defendant acted knowingly may be proved by his conduct and by all of the facts and circumstances surrounding the case. A person acts "intentionally" when he acts deliberately and purposefully. That is, Mr. Ray's acts must have been the product of his conscious, objective decision rather than the product of a mistake or accident.

These issues of knowledge and intent require you to make a determination about Mr. Ray's state of mind, something that rarely can be proved directly. A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to Mr. Ray's state of mind. Indeed, in your everyday affairs, you frequently are called upon to determine a person's state of mind from his or her words and actions in a given circumstance. You are asked to do the same here.[21]

**Conspiracy**

I will now instruct you on the law of conspiracy. You should understand that a conspiracy is an offense separate from the commission of any offense that may have been committed pursuant to the conspiracy. That is because the formation of a conspiracy, of a partnership for

---

[21] *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at 28-37.

31

criminal purposes, is in and of itself a crime. If a conspiracy exists, even if it fails to achieve its purpose, it is still punishable as a crime. The essence of the charge of conspiracy is an understanding or agreement between or among two or more persons that they will act together to accomplish a common objective that they know is unlawful.

The elements of the crime of conspiracy are as follows:

> First, that two or more persons entered the unlawful agreement charged in the conspiracy count that you are considering;

> Second, that the defendant knowingly and intentionally became a member of the conspiracy with the intent to accomplish its unlawful purpose;

> Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment; and

> Fourth, that the overt act(s) that you find to have been committed was (were) committed to further some objective of the conspiracy.

> Let me now discuss these elements in more detail.[22]

First, as to the existence of a charged conspiracy, the government must prove that two or more persons entered into the unlawful agreement that is charged in the count or racketeering act that you're considering. One person cannot commit the crime of conspiracy alone. Rather, the proof must convince you that at least two people joined together in a common criminal scheme. The government does not have to prove an express or formal agreement when it seeks to prove a conspiracy. It need not prove that the conspirators stated in words or in writing what the scheme was, its object or purpose, or the means by which it was to be accomplished. It's sufficient if the proof establishes that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or a common design.

---

[22] Adapted from Sand Inst. 19-3; *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at 28-37.

Put another way, to establish a conspiracy, the government is not required to prove that the conspirators sat around a table and entered into a solemn contract, orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plans, the means by which the unlawful project is to be carried out or the part to be played by each conspirator. It would be extraordinary if there were such a formal document or specific oral agreement. Common sense would suggest that when people do, in fact, undertake to enter into a conspiracy, much is left to an unexpressed understanding. A conspiracy, by its very nature, is almost invariably secret in both origin and execution. Therefore, it is sufficient for the government to show that the conspirators somehow came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common scheme. Moreover, since a conspiracy is, by its very nature, characterized by secrecy, you may infer its existence from the circumstances of the case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

The second element requires that, if you find that a conspiracy existed, you must determine whether Mr. Ray was a member. That is, you must determine whether he participated in the conspiracy willfully and with knowledge of its unlawful purpose and in furtherance of its unlawful purpose.

To act "willfully" means to act knowingly and purposely with an intent to do something the law forbids. A defendant's knowledge is a matter of inference from the facts proved. To

become a member of the conspiracy, a defendant need not have known the identities of every member, nor need he have been apprised of all of their activities. Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his or her part. However, that defendant must agree on the essential nature of the plan and be conscious of its general nature and extent.

The extent or duration of a defendant's participation does not necessarily bear on the issue of that defendant's guilt. An equal role in the conspiracy is not what the law requires. If you find that the conspiracy existed and if you further find that Mr. Ray participated in it knowingly and willfully, the extent or degree of his participation is not material. Moreover, it is not required that a person be a member of the conspiracy from its very start.

I want to caution you, however, that Mr. Ray's mere presence at the scene of criminal activities does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make Mr. Ray a member. A person may know or be friendly with a criminal without being a criminal himself. Indeed, a person may be a criminal without being a member of the charged conspiracy. Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I further caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. The fact that the acts of a defendant merely happen to further the purposes or objectives of the conspiracy, without his knowledge, does not make that defendant a member. More is required under the law. What is necessary is that Mr. Ray must have

participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.[23]

The third element that the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged in the indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged.

Similarly, you need not find that Mr. Ray in this case committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the indictment. It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.

Finally, you must find that either the agreement was formed or that an overt act was committed in the Southern District of New York.

The fourth, and final, element that the government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the indictment. You are

---

[23] *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at 28-37.

instructed that the overt act does not have to be an act that, in and of itself is criminal or constitutes an objective of the conspiracy.[24]

---

[24] Adapted from Sand Inst. 19-3.

# REQUEST NUMBER (25)
## CONSPIRATOR STATEMENTS AND LIABILITY[25]

The charges against Mr. Ray allege that he participated in certain conspiracies. In that regard, I admitted into evidence against Mr. Ray the acts and statements of others because these acts and statements were committed by persons who, the government alleges, were also confederates or conspirators of Mr. Ray on trial.

The reason for allowing this evidence to be received against Mr. Ray has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

Thus, if you find that Mr. Ray was a member of a charged criminal conspiracy, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against Mr. Ray. This is so even if such acts were done and statements were made in Mr. Ray's absence and without his knowledge.

---

[25] *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at pp. 37-38.

Before you may consider the statements or acts of a conspirator in deciding the issue of Mr. Ray's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of that conspiracy, they may not be considered by you as evidence against Mr. Ray as to that conspiracy.

Count One of the Indictment charges Mr. Ray with conspiring to violate the RICO statute. In order to convict Mr. Ray on the RICO conspiracy offense charged in the indictment, the government must prove that Mr. Ray knowingly agreed that he and/or a conspirator would commit racketeering, in violation of section 1962(c) of the RICO statute, which reads as follows:[26]

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

The word "racketeering" has certain implications in our society. Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of this defendant has been proven. The term is only a word used by Congress to describe the statute.[27]

In order to prove that Mr. Ray violated section 1962(d), the government must establish beyond a reasonable doubt each of the following elements of the offense:

> First, that there was an agreement among two or more persons to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity;
>
> Second, that Mr. Ray knowingly and willfully became a member of that agreement; and

---

[26] Adapted from *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at p. 112.
[27] Adapted from Sand, et al., *Model Federal Jury Instructions – Criminal* ("Sand"), Inst. 52-27; *see also United States v. Ljubas*, 81 Cr. 402 (S.D.N.Y. 1982).

Third, that Mr. Ray or another member of the conspiracy agreed to commit two racketeering acts, as I will define that term for you.[28]

The first element the government must establish beyond a reasonable doubt is that there was a conspiracy among two or more persons to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity.

As I previously instructed, a "conspiracy" is an agreement among two or more persons to achieve an unlawful object. To show a conspiratorial agreement, the government is not required to prove that two or more people entered into a solemn pact, but only that two or more persons explicitly or implicitly came to an understanding to achieve the specified unlawful object, whether or not they were successful.[29]

In this case, the alleged unlawful act is the formation of an enterprise whose activities would affect interstate commerce through a pattern of racketeering activity. Let me define these terms for you.

First, for the purposes of this case, an enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.

---

[28] Adapted from Sand Inst. 52-28; *see also United States v. Zemlyansky*, 908 F.3d 1, 11 (2d Cir. 2018).

[29] Adapted from Sand Inst. 52-29.

If you find that this was a group of people characterized by (1) a common purpose, (2) an ongoing formal or informal organization, and (3) by personnel who function as a continuing unit, then you may find that an enterprise existed.

If you find that this enterprise existed, you must also determine whether this enterprise continued in an essentially unchanged form during substantially the entire period charged in the indictment—from at least in or about 2010, up to in or including 2020. This does not mean that everyone involved has to be the same, but the core of the enterprise has to be the same throughout.[30]

However, with respect to this conspiracy offense, the government is not required to prove that the enterprise actually came into existence as long as it proves beyond a reasonable doubt that if the objective of the conspiracy had been achieved, the enterprise would have been established.[31]

Second, the definition of "interstate commerce" is the movement of goods, services, money, and individuals between states, or between states and the District of Columbia.

The government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It does not have to prove that the racketeering activity affected interstate commerce, although proof that racketeering acts did affect interstate commerce is sufficient to satisfy this element. It is not necessary to prove that the acts of Mr. Ray affected interstate commerce as long as the acts of the

---

[30] Adapted from Sand Inst. 52-20.
[31] Adapted from Sand Inst. 52-29; *see also United States v. Burden*, 600 F.3d 204, 214–16 (2d Cir. 2010); *United States v. Eppolito*, 543 F.3d 25, 49 (2d Cir. 2008); *United States v. Turkette*, 452 U.S. 576, 583 (1981)

enterprise had such effect. Finally, the government is not required to prove that Mr. Ray knew he was affecting interstate commerce.[32]

As with the enterprise element, it is not required that the government prove that the enterprise actually affected interstate commerce as long as it proves beyond a reasonable doubt that if the objective of the conspiracy had been achieved, the enterprise would have affected interstate commerce.

Finally, to prove that the acts constituted a pattern of racketeering activity, the government must prove that the acts of racketeering are related to each other and that they pose a threat of continued criminal activity. It is not sufficient for the government to prove only that Mr. Ray committed two of the racketeering acts. A series of disconnected acts does not constitute a pattern, and a series of disconnected crimes does not constitute a pattern of racketeering activity, nor do they amount to or pose a threat of continued racketeering activity.

To prove that the acts of racketeering are related, the government must prove that the acts had the same or similar purposes, results, participants, victims, or methods of commission, or that they are otherwise interrelated by distinguishing characteristics and are not isolated events.

To prove that the racketeering acts pose a threat of continued racketeering activity, the government must establish that the acts are part of a long-term association that exists for criminal purposes; or the acts are a regular way of conducting Mr. Ray's ongoing legitimate business.[33]

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether Mr. Ray was, in

---

[32] Sand Inst. 52-21.
[33] Adapted from Sand Inst. 52-23; *United States v. Cain*, 671 F.3d 271, 284–85, 287–88 (2d Cir. 2012); *United States v. Eppolito*, 543 F.3d 25, 50–51 (2d Cir. 2008).

fact, a member of the conspiracy, you should consider whether Mr. Ray knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that Mr. Ray had such an interest, that is a factor that you may properly consider in determining whether or not Mr. Ray was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before Mr. Ray can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether Mr. Ray joined the conspiracy with an awareness of the basic aims and purposes of the unlawful agreement.

It is important for you to note that Mr. Ray's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged conspirators, and the reasonable inferences that may be drawn from them.

Mr. Ray's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, Mr. Ray need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, Mr. Ray need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

I want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of Mr. Ray, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make Mr. Ray a

member. More is required under the law. What is necessary is that Mr. Ray must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, Mr. Ray, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement-that is to say, a conspirator.[34]

The third element the government must prove beyond a reasonable doubt is that Mr. Ray or another member of the conspiracy agreed to commit two racketeering acts.

The focus of this element is on Mr. Ray's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on Mr. Ray's agreement to commit the individual criminal acts. The government must prove that Mr. Ray participated in some manner in the overall objective of the conspiracy, and that the conspiracy involved, or would have involved, the commission of two racketeering acts. The government is not required to prove either that Mr. Ray agreed to commit two racketeering acts or that he actually committed two such acts, although you may conclude that he agreed to participate in the conduct of the enterprise from proof that he agreed to commit or actually committed such acts.

For the purposes of this count, the indictment alleges nine racketeering acts, which I will instruct you on shortly. Again, the government must prove that two of these acts were, or were intended to be, committed as part of the conspiracy, although it need not prove that Mr. Ray

---

[34] Sand Inst. 52-30.

committed or agreed to commit any of these acts as long as the government proves that he knew about and agreed to facilitate[35] in some manner in the overall objective of the conspiracy.[36]

I will now explain the law governing the nine racketeering acts that the government has alleged. In order to convict Mr. Ray of the racketeering conspiracy offense, your verdict must be unanimous as to which type or types of predicate racketeering activity Mr. Ray agreed would be committed; for example, at least two of the following types of acts: extortion, under either federal or state law, sex trafficking, forced labor, forced labor trafficking, the use of interstate commerce to promote unlawful activity, money laundering, witness tampering, obstruction of justice.[37] If you find that the conspiracy did not exist, or that it did not affect interstate commerce, or that Mr. Ray was not a member of the conspiracy or enterprise, you should not consider whether the government has established any of the racketeering acts.

---

[35] *See Salinas v. United States*, 552 U.S. 52, 66 (1997)
[36] Adapted from Sand Inst. 52-31
[37] Adapted from *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at p. 115; *see also United States v. Applins*, 637 F.3d 59, 72–75 (2d Cir. 2011) (requiring jury to unanimity regarding "types" rather than "specific" acts).

## REQUEST NUMBER (27)
## RACKETEERING ACT ONE: EXTORTION

The first racketeering act charged in Count One of the Indictment that the government alleges was committed or intended to be committed as part of the RICO conspiracy[38] is acts relating to extortion. Extortion is the obtaining of another person's property or money with his consent, when this consent is induced or brought about through the wrongful use, or threatened use, of force, violence or fear.[39]

In order for the offense of extortion to be considered as a racketeering act, the government must prove that Mr. Ray or a co-conspirator agreed to or committed each of the elements beyond a reasonable doubt:

> First, that they wrongfully obtained the property of another;
>
> Second, that they obtained this property with the victim's consent, but that consent was compelled by the wrongful use or threat of force, violence, or fear; and
>
> Third, that interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree as a result of the their actions.[40]

The first element that the government must prove beyond a reasonable doubt is that Mr. Ray or a co-conspirator wrongfully obtained or took the personal property of another, or from the presence of another.

The term "property" includes money and other tangible and intangible things of value that are capable of being transferred from one person to another.[41]

---

[38] Adapted from *United States v. Giovinco*, Case 1:18-cr-00014-JSR, The Court's Instructions of Law to the Jury, Dkt. 319 at 23.

[39] Adapted from Sand Inst. 50-9; *see also United States v. Gotti*, 459 F.3d 296 (2d Cir. 2006); *United States v. Zhou*, 428 F.3d 361 (2d Cir. 2005).

[40] Adapted from Sand Inst. 50-10; *see also Stirone v. United States*, 361 U.S. 212 (1960).

[41] Adapted from Sand Inst. 50-11; *Sekhar v. United States*, 570 U.S. 729 (2013); *Scheidler v. National Organization for Women, Inc.* (Scheidler II), 537 U.S. 393 (2003).

The second element the government must prove beyond a reasonable doubt is that Mr. Ray or a co-conspirator wrongfully took this property by actual or threatened force, violence, or fear of injury or economic harm, whether immediately or in the future.

In considering whether they used, or threatened to use force, violence or fear, you should give those words their common and ordinary meaning, and understand them as you normally would. The use or threat of violence does not have to be directed at the person whose property was taken. The use or threat of force or violence might be aimed at a third person, or at causing economic rather than physical injury. A threat may be made verbally or by a physical gesture. Whether a statement or physical gesture actually was a threat depends upon the surrounding facts.[42]

As I have just instructed you, you must determine whether Mr. Ray or a co-conspirator used, or threatened to use, force, violence, or fear to unlawfully obtain the property. Fear exists if a person experiences anxiety, concern, or worry over expected personal harm or business loss, or over financial or job security. The existence of fear must be determined by the facts existing at the time of the actions.

[If applicable: You have also heard the testimony of some witnesses describing their state of mind—that is, how they felt—in giving up the property. This testimony was allowed, so as to help you in deciding whether the property was obtained by fear. You should consider this testimony for that purpose only.]

The term wrongful means that Mr. Ray had no lawful right to the property obtained. If the object or purpose of Mr. Ray was to obtain money or property to which Mr. Ray was

---

[42] Adapted from Sand Inst. 50-12; *United States v. Tolub*, 309 F.2d 286 (2d Cir. 1962).

lawfully entitled, then Mr. Ray did not act in a wrongful manner.  Using force or violence or threats of force or violence to obtain property is wrongful.[43]

If you decide that Mr. Ray obtained another's property, against his will, by the use or threat of force, violence, or fear of injury, you must then decide whether this action would affect interstate commerce in any way or degree. You must determine whether there is an actual or potential effect on commerce between any two or more states or between one state and the District of Columbia.

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal. For example, if a successful robbery of money would prevent the use of those funds to purchase articles that travel through interstate commerce, that would be a sufficient effect on interstate commerce.

If you decide that interstate commerce would potentially or probably be affected if Mr. Ray had successfully and fully completed his actions, then the element of affecting interstate commerce is satisfied. You do not have to find that interstate commerce was actually affected. However, if Mr. Ray has finished his actions, and done all he intended to do, and you determine there has been no effect on interstate commerce, then you cannot find Mr. Ray guilty.

You do not have to decide whether the effect on interstate commerce was harmful or beneficial to a particular business, or to commerce in general. The government satisfies its burden of proving an effect on interstate commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not.

---

[43] Adapted from Sand Inst. 50-14; *see also United States v. Zappola*, 677 F.2d 264, 269 (2d Cir. 1982); *United States v. Jackson*, 180 F.3d 55, 69).

Mr. Ray need not have intended or anticipated an effect on interstate commerce. You may find the effect is a natural consequence of his actions. If you find that Mr. Ray intended to take certain actions in order to obtain property and you find those actions have either caused an effect on interstate commerce, then you may find the requirements of this element have been satisfied.[44]

---

[44] Adapted from Sand Inst. 50-15; *see also Stirone v. United States*, 361 U.S. 212 (1960); *United States v. Daley*, 564 F.2d 645 (2d Cir. 1977); *United States v. Tropiano*, 418 F.2d 1069 (2d Cir. 1969).

## REQUEST (28)
## RACKETEERING ACT TWO: EXTORTION UNDER NEW YORK STATE LAW

The second racketeering act that the government alleges was committed or intended to be committed as part of the RICO conspiracy charged in Count One of the Indictment is fourth-degree grand larceny and second-degree grand larceny under New York State law under Penal Law Sections 155.30(6) and 155.40(2).

In order for the offense of state law extortion to be considered as a racketeering act, the government must prove that Mr. Ray or a co-conspirator agreed to or committed each element of fourth-degree grand larceny or second-degree grand larceny beyond a reasonable doubt.

Under New York State law section 155.30(6), a person is guilty of grand larceny in the fourth degree when such person steals property and when the property, regardless of its nature and value, is obtained by extortion.

A person commits steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or herself, or to a third person, such person wrongfully takes, obtains, or withholds such property from an owner of the property.

The following terms used in that definition have a special meaning:

> Property means any money, personal property, or thing of value.
>
> Owner means a person having a right to possession of the property superior to that of
>
> the person who takes it.
>
> Intent means conscious objective or purpose. Thus, a person acts with intent to deprive another of property or to appropriate property to himself or herself, or to a third person, when such person's conscious objective or purpose is:
>
> 1. to withhold the property or cause it to be withheld permanently, or
>
> 2. to exercise control over the property or to aid a third person to exercise control over it, permanently.

A person wrongfully takes, obtains, or withholds property from an owner when that person obtains such property, regardless of its nature or value, by extortion.

A person obtains property by extortion when he/she compels or induces another person to deliver such property to himself/herself, or to a third person, by means of instilling in him/her a fear that, if the property is not so delivered, the actor or another will:

Cause physical injury to some person in the future;

Cause damage to property;

Engage in other conduct constituting a crime;

Accuse some person of a crime or cause criminal charges or removal proceedings be instituted against him/her;

Expose a secret or publicize an asserted fact, whether true or false, tending to subject some person to hatred, contempt or ridicule; or

Perform any other act which would not in itself materially benefit the actor but which is calculated to harm another person materially with respect to his/her health, safety, business, calling, career, financial condition, reputation or personal relationships.

The government is required to prove, from all of the evidence in the case, beyond a reasonable doubt, both of the following two elements:

(i) The defendant wrongfully took, obtained, or withheld property from its owner by extortion; and

(ii) The defendant did so with the intent to deprive another of the property or to appropriate the property to himself/herself or to a third person.[45]

Under New York Penal Law section 155.40(2), a person is guilty of Grand Larceny in the Second Degree when that person steals property and when the property, regardless of its nature

---

[45] Adapted from New York State Courts, Criminal Jury Instructions § 155.30(6).

and value, is obtained by extortion committed by instilling in the victim a fear that the actor or another will cause physical injury to some person in the future.

The term, "steals property," used in this definition has its own special meaning in our law. I will now give you the meaning of that term.

A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or herself, such person wrongfully takes, obtains, or withholds such property from an owner of the property.

The following terms used in that definition have a special meaning:

Property means any money, personal property, or thing of value.

Owner means a person having a right to possession of the property superior to that of the person who takes it.

Intent means conscious objective or purpose. Thus, a person acts with intent to deprive another of property or to appropriate property to himself or herself when such person's conscious objective or purpose is:

to withhold the property or cause it to be withheld permanently, *or*

to exercise control over the property permanently.

A person wrongfully takes, obtains, or withholds property from an owner when that person obtains such property, regardless of its nature or value, by extortion.

A person obtains property by extortion when that person compels or induces another person to deliver such property to himself or herself by means of instilling in that person a fear that, if the property is not so delivered, the actor or another will cause physical injury to some person in the future.

The government is required to prove, from all of the evidence in the case, beyond a reasonable doubt, each of the following two elements:

1. Mr. Ray wrongfully obtained property from its owner by extortion; and

2. That the Mr. Ray did so with the intent to deprive another of the property or to appropriate the property to himself.[46]

It is a defense to the charge of larceny in the fourth degree and second degree that the property was taken, withheld, or obtained under a claim of right made in good faith.

In other words, a defendant who takes, withholds, or obtains property of another, believing in good faith, though perhaps mistaken, that he or she has a right to possess the property superior to that of the other person, does not have the intent necessary to be guilty of larceny.

---

[46] Adapted from New York State Courts, Criminal Jury Instructions § 155.40(2).

**RACKETEERING ACT THREE:  SEX TRAFFICKING**

The third racketeering act that the government alleges was committed or intended to be committed as part of the RICO conspiracy charged in Count One of the Indictment is sex trafficking by force, fraud, or coercion.

That section provides:

Whoever knowingly–

(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, (or, for conduct after May 29, 2015, patronizes or solicits by any means a person), or

(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act [just] described … , knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, or coercion … or any combination of such means will be used to cause the person to engage in a commercial sex act . . . shall be [guilty of a crime].

In order for the offense of sex trafficking to be considered as a racketeering act, the government must prove each of that Mr. Ray or a co-conspirator agreed to or committed each element of sex trafficking beyond a reasonable doubt.

First, that Mr. Ray knowingly transported, recruited, enticed, harbored, provided, obtained, maintained, patronized, or solicited a person by any means; <u>or</u> that Mr. Ray knowingly benefitted

financially or by receiving something of value from participating in a venture that did one of these things.[47]

Second, that Mr. Ray knew that he was in reckless disregard of the fact that force, fraud, or coercion would be used with respect to this person;

Third, that Mr. Ray knew that he was in reckless disregard of the fact that this person would be engaged in a commercial sex act, as I will define that term for you;

Fourth, that Mr. Ray's conduct was in or affecting interstate or foreign commerce.[48]

The first element of the offense that the government must prove beyond a reasonable doubt is that Mr. Ray knowingly transported recruited, enticed, harbored, provided, obtained, maintained, patronized, or solicited an individual by any means. An act is done knowingly when it is done purposely and intentionally, as opposed to mistakenly or inadvertently.

To "harbor" someone means simply to provide shelter to that person.

To "obtain" someone means to acquire, control, or possess that person, even if only for a short period.[49]

The second element of the offense that the government must prove beyond a reasonable doubt is that Mr. Ray knew or was in reckless disregard of the fact that force, fraud, or coercion would be used with respect to this individual.

Fraud, as I just used that term, means that Mr. Ray knowingly made a misstatement or omission of a material fact to entice this individual. A material fact is one that would reasonably be expected to be of concern to a reasonable person in relying upon the representation or statement in making a decision.

---

[47] Adapted from *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at 94-95 (adding clause "or that the defendant . . . knowingly benefitted financially or by receiving something of value from participating in a venture that did one of these things").
[48] Adapted from Sand Inst. 47A-18.
[49] Adapted from Sand Inst. 47A-19.

Coercion, as I just used that term, means a threat of serious harm or physical restraint against a person.[50]

A threat is a serious statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to cause harm. In addition, Mr. Ray must make the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat.

The term "serious harm" includes both physical and non-physical types of harm, including psychological, financial, or reputational harm, that is sufficient under all of the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm. In determining whether Mr. Ray made a threat of serious harm that could reasonably be believed by an individual, you should consider that individual's particular station in life, physical and mental condition, age, education, training, experience, and intelligence. A threat of serious harm must be sufficient in kind or degree to completely overcome the will of an ordinary person having the same general station in life as that of the individual, causing a reasonable belief that there was no reasonable choice except to engage in a commercial sex act as directed by Mr. Ray. Coercion, as I just used that term, also means that Mr. Ray engaged in a course of behavior intended to cause the individual to believe that if he did

---

[50] Adapted from Sand Inst. 47A-21.

not engage in a commercial sex act as directed by Mr. Ray, the individual would suffer serious harm.

Coercion, as I just used that term, also means that Mr. Ray engaged in a course of behavior intended to cause the person to believe that if he or she did not engage in a commercial sex act as directed by Mr. Ray, the person or her family would suffer serious harm.

Coercion, as I just used that term, also means to use threats of legal action, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed in order to coerce someone into working against that person's will.

To satisfy this element, the government must prove that force, fraud, or coercion, as I just defined those terms, was used, and also that Mr. Ray knew or was in reckless disregard of the fact, that it would be used against the victim.

Whether or not Mr. Ray had this knowledge is a question of fact to be determined by you on the basis of all the evidence. An act is done knowingly only if it is done purposely and deliberately, and not because of accident, mistake, negligence, or other innocent reason. If you find that the evidence establishes, beyond a reasonable doubt, that Mr. Ray actually knew that coercion would be used, then this element is satisfied. Even if the evidence does not establish actual knowledge, this element is satisfied if you find that the government has proved, beyond a reasonable doubt, that Mr. Ray acted with reckless disregard of the facts concerning the use of coercion. The phrase "reckless disregard of the facts" means deliberate indifference to facts that, if considered and weighed in a reasonable manner, indicate the highest probability that the victim was coerced to engage in a commercial sex act.)

The third element that the government must prove beyond a reasonable doubt is that Mr. Ray knew that the individual would be engaged in a commercial sex act. A "commercial sex act" is any sex act on account of which anything of value is given to or received by any person.

The fourth element that the government must prove beyond a reasonable doubt is that Mr. Ray's conduct was in or affecting interstate or foreign commerce. Interstate or foreign commerce simply means the movement of goods, services, money, and individuals between any two or more states. To satisfy this element, the government must prove that Mr. Ray's conduct affected interstate commerce in any way, no matter how minimal. You do not have to find that Mr. Ray's conduct actually affected interstate commerce if you find that Mr. Ray's conduct would have affected interstate commerce if Mr. Ray had successfully and fully completed his actions. Finally, the government is not required to prove that Mr. Ray knew he was affecting interstate commerce.[51]

---

[51] Adapted from Sand Inst. 47A-23.

**RACKETEERING ACT FOUR:  FORCED LABOR**

The fourth racketeering act that the government alleges was committed or intended to be committed as part of the RICO conspiracy charged in Count One of the Indictment is forced labor.

Section 1589 of Title 18 of the United States Code provides in part:

Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means–

(i) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;

(ii) by means of serious harm or threats of serious harm to that person or another person;

(iii)by means of the abuse or threatened abuse of law or legal process; or

(iv)by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint shall be guilty of a crime.

In order for the offense of forced labor to be considered as a racketeering act, the government must prove that Mr. Ray or a co-conspirator agreed to or committed each element of forced labor beyond a reasonable doubt.

First, that Mr. Ray obtained or provided the labor or services of another;

Second, that Mr. Ray did so through one of the following prohibited means:  (a) through physical restraint against a person or another person; (b) through serious harm or threats of serious harm to the person or any other person; (c) through abuse of law or the legal process and (d) through a scheme, plan, pattern intended to cause the person to believe that the non-performance of such labor or services could result in serious harm to or physical restraint against that person or another other person; and

Third, that Mr. Ray acted knowingly.[52]

I will now explain each of these three elements in greater detail.

The first element of the offense that the government must prove beyond a reasonable doubt is that Mr. Ray obtained (or provided) the labor or services of another person.

To "obtain" means to gain or acquire. "Labor" means the expenditure of physical or mental effort. "Services" means conduct or performance that assists or benefits someone.

If you find that Mr. Ray obtained the labor or services of the individual, then you must determine whether Mr. Ray did so through one of the four prohibited means; that is, through (1) forced or physical restrain or threatening to do either to the person or to another person; (2) serious harm or threats of serious harm to the person or another person; (3) abuse or threatened abuse of the legal process; or (4) a scheme, plan or pattern intended to cause the person to believe that serious harm would result if the person did not perform the labor or services required of that person.[53]

I now want to define for you some of the terms you will be considering in determining whether this second element has been satisfied.

"Physical restraint" means being confined by being tied, bound, or locked up.[54]

A threat is a serious statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a

---

[52] Adapted from Sand Inst. 47A-9; *United States v. Sabhnani*, 539 F. Supp. 2d 617 (E.D.N.Y. 2008), aff'd, 599 F.3d 215 (2d Cir. 2010).
[53] Adapted from *United States v. Zhong*, No. 1:16-cr-00614-AMD, Dkt. 47 at p. 2168-69.
[54] Adapted from *United States v. Zhong*, No. 1:16-cr-00614-AMD, Dkt. 47 at p. 2169.

serious expression of an intent to cause harm. In addition, Mr. Ray must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat.

The term "serious harm" includes both physical and non-physical types of harm including psychological, financial, or reputational harm. A threat of serious harm includes any threat that is sufficient under all of the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

In determining whether Mr. Ray made a threat of serious harm that could reasonably be believed, you should consider the individual's particular station in life, physical and mental condition, age, education, training, experience, and intelligence. A threat of serious harm must be sufficient in kind or degree to completely overcome the will of an ordinary person having the same general station in life as that of the individual, causing a reasonable belief that there was no reasonable choice except to provide labor and services to Mr. Ray.[55]

The term "abuse or threatened abuse of law or legal process," means the use or threatened use of law or legal process, whether it's administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed in order to coerce someone into working against that person's will.[56]

You should give the words "scheme, plan and pattern" their ordinary meanings. A "scheme" is a plan or program of action. A "plan" is a method for achieving an end or a detailed

---

[55] Adapted from Sand Inst. 47A-13.
[56] Adapted from Sand Inst. 47A-13; Adapted from *United States v. Zhong*, No. 1:16-cr-00614-AMD, Dkt. 47 at p. 2170-71.

formulation of a program of action. A "pattern" is a mode of behavior or series of acts that are recognizably consistent.[57]

The fact that the individual may have had an opportunity to escape is irrelevant if Mr. Ray placed the individual in such fear or circumstances that she reasonably believed that she could not leave.

In considering whether the service performed by someone was involuntary, you are instructed that it is not a defense to the crime of forced labor that the person may have initially agreed, voluntarily, to render the service or perform the work. If a person willingly begins work, but later desires to withdraw, and is then forced to remain and perform work against their will by threats of serious harm or physical restraint, or by a scheme, plan or pattern intended to cause them to believe that non-performance will result in serious harm or physical restraint to them or another person, then their service becomes involuntary.

Also, whether a person is paid a salary or a wage is not determinative of the question of whether that person has been held in forced labor. In other words, if a person is compelled to labor against her will by any one of the means prohibited by the forced labor statute, such service is involuntary even if she is paid or compensated for the work.

However, the restate what I have already explained, you must find that Mr. Ray threatened serious harm to or physical restraint against a person, or engaged in a scheme or plan intended to cause the person to believe that non-performance would result in serious harm or

---

[57] Adapted from *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at p. 86.

physical restraint, for the purpose of obtaining labor or services, and that he thereby obtained labor or services. [58]

The third element that the government must prove beyond a reasonable doubt is that Mr. Ray acted knowingly.

An act is done knowingly when it is done purposely and intentionally, as opposed to mistakenly or inadvertently.

To satisfy this element, the government must prove that Mr. Ray acted knowingly caused the individual to fear harm in order to obtain the individual's individual labor or services. [59]

---

[58] Adapted from *United States v. Marcus*, No. 1:05-cr-00457-ARP, 02/21/07 Tr. Tran., Dkt. 245 at p. 1269-70.
[59] Adapted from Sands Inst. 47A-15.

**RACKETEERING ACT FIVE:  FORCED LABOR TRAFFICKING**

The fifth racketeering act that the government alleges was committed or intended to be committed as part of the RICO conspiracy charged in Count One of the Indictment is forced labor trafficking.

In order for the offense of forced labor trafficking to be considered as a racketeering act, the government must prove that Mr. Ray or a co-conspirator agreed to or committed each element of forced labor trafficking beyond a reasonable doubt.

First, Mr. Ray recruited, harbored, transported, provided, or obtained an individual;

Second, Mr. Ray did so for the purpose of providing or obtaining the labor or services of an individual in violation of the forced labor statute, Section 1589. That is, that Mr. Ray "trafficked" an individual as I have just described, with the purpose of providing or obtaining her labor or services by means of serious harm, or threats of serious harm, to an individual, or by means of any scheme, plan, or pattern intended to cause an individual to believe that, if the individual did not perform such labor or services, the individual or another person would suffer serious harm or physical restraint; and

Third, Mr. Ray acted knowingly.

With respect to the first element, the word "harbor" means simply to provide shelter to that person. To "obtain" someone means to acquire, control, or possess that person, even if only for a short period.

With respect to the second element, the government must prove beyond a reasonable doubt that Mr. Ray recruited, harbored, transported, provided, or obtained an individual for the purpose of providing or obtaining that individual's forced labor—that is, labor or services provided or obtained by one of the prohibited means I described a moment ago. The crime prohibited by Section 1590 is "trafficking" a person for this unlawful purpose. To establish this element, the government does not need to prove that Mr. Ray or a co-conspirator actually

obtained or attempted to obtain the individual's forced labor, only that Mr. Ray "trafficked" the individual for the purpose of providing or obtaining it.

I have already defined the terms "labor", "services", "threat", "serious harm", and "scheme, plan, or pattern" and you should apply those definitions here.

If you find that Mr. Ray trafficked an individual for the unlawful purpose I have described, the fact that the individual may have had an opportunity to escape is irrelevant if Mr. Ray placed her in such fear or circumstances that the victim reasonably believed that she could not leave.

I previously instructed you as to the definition of "knowingly" and you should apply that definition to the third element here.[60]

---

[60] Adapted from *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at 82-87.

**RACKETEERING ACT SIX:  USE OF INTERSTATE COMMERCE TO PROMOTE
UNLAWFUL ACTIVITY**

The sixth racketeering act that the government alleges was committed or intended to be

committed as part of the RICO conspiracy charged in Count One of the Indictment is a violation

of the Travel Act. The Travel Act, which makes it a federal crime for anyone to travel in

interstate (or foreign) commerce for the purpose of carrying on an unlawful activity in violation

of state law.[61]

The Travel Act, which is found in section 1952 of Title 18 of the United States Code,

provides:

Whoever travels in interstate or foreign commerce or uses the mail or any facility in

interstate or foreign commerce, with intent to—

(1) distribute the proceeds of any unlawful activity; or

(2) commit any crime of violence to further any unlawful activity; or

(3) otherwise promote, manage, establish, carry on, or facilitate the promotion,
management, establishment, or carrying on of any unlawful activity, and
thereafter performs or attempts to perform any of these acts is guilty of a crime.

In order for the offense of use of commerce to promote unlawful activity to be considered

as a racketeering act, the government must prove each of that Mr. Ray or a conspirator agreed to

or committed each element of use of commerce to promote unlawful activity beyond a

reasonable doubt.

First, that Mr. Ray traveled or caused someone else to travel interstate (or used or caused
someone else to use an interstate facility);

---

[61] Adapted from Sand Inst. 60-1.

Second, that this travel (or use of an interstate facility) was done with the intent to promote, manage, establish, or carry on (or to distribute the proceeds of or to commit a violent crime in furtherance of) an unlawful activity; and

Third, that after this interstate travel (or use of an interstate facility), Mr. Ray performed or attempted to perform an act in furtherance of (or distributed the proceeds of) this same unlawful activity.[62]

The first element that the government must prove beyond a reasonable doubt is that Mr. Ray traveled or caused someone else to travel interstate, or used or caused someone else to use an interstate facility.[63]

Interstate travel is simply travel between one state and any other state or the District of Columbia.

If the government has proved these facts beyond a reasonable doubt, then you may find that it has proved the first element of the Travel Act charge against Mr. Ray.

In order to meet its burden of proof on the first element, it is not necessary for the government to prove that Mr. Ray himself traveled interstate (or used an interstate facility). The Travel Act also applies to a person who causes another person to travel interstate (or use an interstate facility). Therefore, if the government has proved beyond a reasonable doubt that Mr. Ray caused another person to travel interstate (or to use an interstate facility), then you may find that the government has proven the first element of the offense.[64]

The second element that the government must prove beyond a reasonable doubt is that Mr. Ray's travel or use of an interstate facility was done with the intent to promote, manage,

---

[62] Adapted from Sand Inst. 60-2; *see United States v. Salameh*, 152 F.3d 88, 152 (2d Cir. 1998); *United States v. Jenkins*, 943 F.2d 167 (2d Cir. 1991).
[63] Adapted from Sand Inst. 60-3.
[64] Adapted from Sand Inst. 60-4.

establish, carry on, or to distribute the proceeds of or to commit a crime of violence in furtherance of an unlawful activity.

It is not enough for the government to prove only that Mr. Ray traveled interstate or used an interstate facility. The government must also prove beyond a reasonable doubt that Mr. Ray embarked on his interstate trip or used the interstate facility for the purpose of facilitating or distributing the proceeds of or committing a crime of violence in furtherance of the unlawful activity.

The government does not have to prove that the furtherance of the unlawful activity or the distribution of the proceeds was Mr. Ray's sole purpose in traveling interstate or using an interstate facility. It is sufficient if the government proves that one of Mr. Ray's reasons for traveling interstate or using an interstate facility was to further or distribute the proceeds of the unlawful activity. Thus, if you find that Mr. Ray traveled interstate or used interstate facilities with the intent to facilitate or distribute the proceeds of the unlawful activity, and you also find that Mr. Ray undertook this same travel or use of interstate facilities for other reasons that have nothing to do with the unlawful activity, you may still find that the government has met its burden of proof on the second element of the offense.

You are thus being asked to look into Mr. Ray's mind and ask what was Mr. Ray's purpose in traveling interstate or using interstate facilities. You may determine Mr. Ray's intent from all the evidence that has been placed before you, including the statements of Mr. Ray and his conduct before and after the travel or use of the facilities.[65]

---

[65] Adapted from Sand Inst. 60-6; *see United States v. Walsh*, 700 F.2d 846 (2d Cir. 1983); *United States v. Herrera*, 584 F.2d 1137 (2d Cir. 1978).

As I have instructed you, the government must prove that Mr. Ray intended the interstate travel or use of interstate facilities to facilitate or further the unlawful activity. The government does not, however, have to prove that the interstate travel or use of interstate facilities was essential to the unlawful activity or fundamental to the unlawful scheme, or that the unlawful activity could not have been accomplished without the interstate travel or use of interstate facilities. So long as the government proves that Mr. Ray traveled or used interstate facilities with the necessary unlawful intent, the government may rely on any interstate travel or use of interstate facilities by Mr. Ray that made the unlawful activity easier to accomplish.[66]

The government must prove that Mr. Ray traveled interstate or used an interstate facility with the intent to facilitate an activity that Mr. Ray knew was illegal. The government does not have to prove that Mr. Ray knew that his travel or use of facilities was illegal. However, the government must prove beyond a reasonable doubt that Mr. Ray knew that the activity he intended to facilitate was illegal.[67]

Mr. Ray has been charged with traveling in interstate commerce or using an interstate facility to facilitate prostitution and/or extortion. The government must prove to you beyond a reasonable doubt that the activities Mr. Ray intended to facilitate were, in fact, unlawful under New York Law.

In order to prove this, the government must prove beyond a reasonable doubt that Mr. Ray performed an act in furtherance of prostitution, promoting prostitution in the second degree,

---

[66] Adapted from Sand Inst. 60-8.
[67] Adapted from Sand Inst. 60-9.

promoting prostitution in the third degree, promoting prostitution in the fourth degree, or grand larceny in the fourth degree with the intent that each element of the offense be completed.[68]

Under New York State law section 230.00, a person is guilty of Prostitution when such person engages, or agrees or offers to engage, in sexual conduct with another person in return for a fee.

The government is required to prove, from all of the evidence in the case, beyond a reasonable doubt, that Mr. Ray engaged, or agreed or offered to engage, in sexual conduct with another person in return for a fee.[69]

Under New York State law section 230.30, a person is guilty of Promoting Prostitution in the Second Degree when he or she knowingly advances prostitution by compelling a person by force or intimidation to engage in prostitution or profits from such coercive conduct by another.

The following terms used in that definition have a special meaning:

Prostitution means the act or practice of engaging, or agreeing or offering to engage in sexual conduct with another person in return for a fee.

A person "advances prostitution" when, acting other than as a person in prostitution or as a patron thereof, he or she knowingly causes or aids a person to commit or engage in prostitution, procures or solicits patrons for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid or facilitate an act or enterprise of prostitution.

A person knowingly advances prostitution when that person is aware that he or she is doing so.

---

[68] Adapted from Sand Inst. 60-10; *see also United States v. Kahn*, 472 F.2d 272, 277 (2d Cir. 1973).
[69] Adapted from New York Courts, Criminal Jury Instructions § 230.00.

The government is required to prove, from all of the evidence in the case, beyond a reasonable doubt, each of the following two elements:

1. The defendant advanced prostitution by compelling a person by force or intimidation to engage in prostitution, or profited from such coercive conduct by another; and

2. That the defendant did so knowingly.[70]

Under New York State law section 230.25, a person is guilty of Promoting Prostitution in the Third Degree when that person knowingly advances or profits from prostitution by managing, supervising, controlling, or owning, either alone or in association with others a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more persons in prostitution.

The following terms used in that definition have a special meaning:

Prostitution means the act or practice of engaging or agreeing or offering to engage in sexual conduct with another person in return for a fee.

A person advances prostitution when, acting other than as a person in prostitution or as a patron thereof, he or she knowingly causes or aids a person to commit or engage in prostitution, procures or solicits patrons for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid or facilitate an act or enterprise of prostitution.

A person profits from prostitution when, acting other than as a person in prostitution receiving compensation for personally rendered prostitution services, he or she accepts or receives money or other property pursuant to an agreement or understanding with any person whereby he or she participates or is to participate in the proceeds of prostitution activity.

A person patronizes a person for prostitution when pursuant to a prior understanding, he or she pays a fee to another person as compensation for such person or a third person having engaged in sexual conduct with him or her; or he or she pays or agrees to pay a fee to another person pursuant to an understanding that in return therefor such person or a

---

[70] Adapted from New York Courts, Criminal Jury Instructions § 230.30.

third person will engage in sexual conduct with him or her; or he or she solicits or requests another person to engage in sexual conduct with him or her in return for a fee.

A person knowingly advances or profits from prostitution when that person is aware that he or she is advancing or profiting from prostitution.

The government is required to prove, from all of the evidence in the case, beyond a reasonable doubt, both of the following two elements:

1. The defendant advanced or profited from prostitution by managing, supervising, controlling, or owning, either alone or in association with others, a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more persons in prostitution.

2. That the defendant did so knowingly.[71]

Under New York State law section 230.20(1), a person is guilty of Promoting Prostitution in the Fourth Degree when that person knowingly advances or profits from prostitution.

The following terms used in that definition have a special meaning:

Prostitution means the act or practice of engaging, or agreeing or offering to engage in sexual conduct[1] with another person in return for a fee.

A person advances prostitution when, acting other than as a person in prostitution or as a patron thereof, he or she knowingly causes or aids a person to commit or engage in prostitution, procures or solicits patrons for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid or facilitate an act or enterprise of prostitution.

A person profits from prostitution when, acting other than as a person in prostitution receiving compensation for personally rendered prostitution services, he or she accepts or receives money or other property pursuant to an agreement or understanding with any person whereby he or she participates or is to participate in the proceeds of prostitution activity.

---

[71] Adapted from New York Courts, Criminal Jury Instructions § 230.25.

A person knowingly advances or profits from prostitution when that person is aware that he or she is advancing or profiting from prostitution.

The government is required to prove, from all of the evidence in the case, beyond a reasonable doubt, each of the following two elements:

1. That the defendant advanced or profited from prostitution; and

2. That the defendant did so knowingly.[72]

As I previously instructed you, under New York State law section 155.30(6), a person is guilty of grand larceny in the fourth degree when such person steals property and when the property, regardless of its nature and value, is obtained by extortion.

A person commits steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or herself, or to a third person, such person wrongfully takes, obtains, or withholds such property from an owner of the property.

The following terms used in that definition have a special meaning:

Property means any money, personal property, or thing of value.

Owner means a person having a right to possession of the property superior to that of the person who takes it.

Intent means conscious objective or purpose. Thus, a person acts with intent to deprive another of property or to appropriate property to himself or herself, or to a third person, when such person's conscious objective or purpose is:

(1) to withhold the property or cause it to be withheld permanently, or

(2) to exercise control over the property or to aid a third person to exercise control over it, permanently.

A person wrongfully takes, obtains, or withholds property from an owner when that person obtains such property, regardless of its nature or value, by extortion.

_____

[72] Adapted from New York Courts, Criminal Jury Instructions § 230.20(1)

A person obtains property by extortion when he/she compels or induces another person to deliver such property to himself/herself, or to a third person, by means of instilling in him/her a fear that, if the property is not so delivered, the actor or another will:

Cause physical injury to some person in the future;

Cause damage to property;

Engage in other conduct constituting a crime;

Accuse some person of a crime or cause criminal charges or removal proceedings be instituted against him/her;

Expose a secret or publicize an asserted fact, whether true or false, tending to subject some person to hatred, contempt or ridicule; or

Perform any other act which would not in itself materially benefit the actor but which is calculated to harm another person materially with respect to his/her health, safety, business, calling, career, financial condition, reputation or personal relationships.

The government is required to prove, from all of the evidence in the case, beyond a reasonable doubt, both of the following two elements:

(iii) The defendant wrongfully took, obtained, or withheld property from its owner by extortion; and

(iv) That the defendant did so with the intent to deprive another of the property or to appropriate the property to himself/herself or to a third person.[73]

The government must prove that the unlawful activity that Mr. Ray traveled (or used an interstate facility) to facilitate was a business enterprise. That is, the government must prove that the unlawful activity was part of a continuous course of criminal conduct, and not simply an isolated criminal incident. If you find that the unlawful activity was an isolated incident, and was not part of an ongoing course of criminal conduct, you must find Mr. Ray not guilty.

---

[73] Adapted from New York State Courts, Criminal Jury Instructions § 155.30(6).

However, to prove that the unlawful activity was a business enterprise, the government does not have to show that the alleged illegal activity was engaged in for a particular length of time. Nor must the government prove that such activity was defendant's primary pursuit or occupation, or that it actually turned a profit. What the government must prove beyond a reasonable doubt is that Mr. Ray engaged in a continuous course of criminal conduct for the purpose of profit, rather than casual, sporadic, or isolated criminal activity.[74]

The third element that the government must prove beyond a reasonable doubt is that Mr. Ray's interstate travel or use of an interstate facility was followed by his performance or attempted performance of an act in furtherance or the distribution or attempted distribution of the proceeds of the unlawful activity. This act need not itself be unlawful. However, this act must come after the interstate travel or use of an interstate facility. Any act that happened before the travel or use of a facility cannot satisfy this element.

---

[74] Adapted from Sand Inst. 60-11.

**RACKETEERING ACT SEVEN:  MONEY LAUNDERING**

The seventh racketeering act that the government alleges was committed or intended to be committed as part of the RICO conspiracy charged in Count One of the Indictment is money laundering.

Section 1956 of Title 18, United States Code, deals with participation in a financial transaction that involves property constituting the proceeds of specified unlawful activity.

Specifically, section 1956(a)(1)(B) provides:

Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . knowing that the transaction is designed in whole or in part:

> (i)  to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or
>
> (ii) to avoid a transaction reporting requirement under State or Federal law is guilty of a crime.

In order for the offense of money laundering to be considered as a racketeering act, the government must prove that Mr. Ray or a co-conspirator agreed to or committed each element of money laundering beyond a reasonable doubt.

First, that Mr. Ray conducted a financial transaction involving property constituting the proceeds of an unlawful activity.

Second, that Mr. Ray knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

Third, that Mr. Ray knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity (or to avoid a transaction reporting requirement under state or federal law).[75]

---

[75] Adapted from Sand Inst. 50A-7.

I will now explain these in more detail.

The first element that the government must prove beyond a reasonable doubt is that Mr. Ray conducted a financial transaction involving property constituting the proceeds of specified unlawful activity, namely extortion and sex trafficking. A number of these terms require definition.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means a transaction involving a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or a transaction that in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel or aircraft.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase of sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

The term "monetary instrument" includes, among other things, coin or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank

checks, money orders, and investment securities or negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.[76]

The second element that the government must prove beyond a reasonable doubt is that Mr. Ray knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

To satisfy this element, the government must prove that Mr. Ray knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law. Thus, the government does not have to prove that Mr. Ray specifically knew that the property involved in the transaction represented the proceeds of extortion or sex trafficking or any other specific offense. The government only has to prove that Mr. Ray knew it represented the proceeds of some illegal activity that was a felony. I instruct you as a matter of law that extortion and sex trafficking are felonies under federal law.[77]

The third element that the government must prove beyond a reasonable doubt is that Mr. Ray acted with knowledge that the transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, namely extortion or sex trafficking or to avoid a transaction reporting requirement under federal or state law.

If you find that the evidence establishes beyond a reasonable doubt that Mr. Ray knew of the purpose of the particular transaction in issue, and that he knew that the transaction was either

---

[76] Adapted from Sand Inst. 50A-8; *see also United States v. Skinner*, 946 F.2d 176 (2d Cir. 1991).
[77] Adapted from Sand Inst. 50A-9; *see also United States v. Cota*, 953 F.2d 753 (2d Cir. 1992).

designed to conceal or disguise the true origin of the property in question (or to avoid a requirement of reporting the transaction), then this element is satisfied.

However, if you find that Mr. Ray knew of the transaction but did not know that it was either designed to conceal or disguise the true origin of the property in question (or to avoid a requirement to report the transaction), but instead thought that the transaction was intended to further the innocent transaction, you must find that this element has not been satisfied and find Mr. Ray not guilty.[78]

---

[78] Adapted from Sand Inst. 50A-10.

# REQUEST NUMBER (34)
## RACKETEERING ACT EIGHT:  TAMPERING WITH A WITNESS, VICTIM, OR AN INFORMANT

The eighth racketeering act that the government alleges was committed or intended to be committed as part of the RICO conspiracy charged in Count One of the Indictment is the tampering with a witness by physical force or threat.

The relevant statute on this subject is 18 U.S.C. § 1512(a)(2). It provides:

Whoever uses physical force or the threat of physical force against any person, or attempts to do so with intent to

    A.  influence, delay, or prevent the testimony of any person in an official proceeding;

    B.  cause or induce any person to

        (i)  withhold testimony, or withhold a record, document, or other object, from an official proceeding;

        (ii) alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding;

        (iii)evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

        (iv)be absent from an official proceeding to which that person has been summoned by legal process; or

    C.  hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings shall be guilty of a crime.

The statute is designed to protect persons who are victims of federal crimes, persons who may be called to testify or give evidence in a federal proceeding and persons who have information about federal crimes. The integrity of the federal system of justice depends upon the cooperation of such victims and potential witnesses. If persons with information do not come forward, produce evidence and appear when summoned, the criminal justice system will be

significantly impaired. This statute was devised to make it unlawful for anyone to tamper with such a witness in the manner described by the statute.[79]

In order for the offense of witness tampering to be considered as a racketeering act, the government must prove that Mr. Ray or a co-conspirator agreed to or committed each element of witness tampering beyond a reasonable doubt.

First, Mr. Ray knowingly used physical force or the threat of physical force against name of person, or attempted to do so; and

Second, that Mr. Ray acted knowingly and with the intent to hinder, delay or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a federal offense or a violation of conditions of probation, supervised release, parole, or release pending a federal judicial proceeding.[80]

The first element the government must prove beyond a reasonable doubt is that Mr. Ray knowingly used physical force or the threat of physical force against an individual, or attempted to do so.

"Physical force" simply means physical action against another, and includes confinement of a person against his or her will.

A threat is simply the expression of an intention to do harm that has a reasonable tendency to intimidate. A threat may be communicated by words as well as gestures. In order to find that Mr. Ray used threats of physical force, as charged in the indictment, you need not find that he intended to carry out the threat.[81]

The second element the government must prove beyond a reasonable doubt is that Mr. Ray acted knowingly and with the intent to influence, delay, or prevent the testimony of an

---

[79] Adapted from Sand Inst. 46-50.
[80] Adapted from Sand Inst. 46-51; *see also United States v. Baker*, 262 F.3d 124 (2d Cir. 2001).
[81] Adapted from Sand Inst. 46-52.

individual in an official federal proceeding or cause or induce an individual to (a) withhold testimony or a record or a document from an official proceeding, (b) alter, destroy, mutilate or conceal an object with the intent to impair the object's integrity or availability for use in an official federal proceeding, (c) evade legal process summoning that person to appear, or produce a record, document or other object, in an official federal proceeding, or (d) to be absent from an official proceeding to which such person has been summoned by legal process.

To act with the intent to influence the testimony of a witness means to act for the purpose of getting that witness to change or color or shade his or her testimony in some way. It is not necessary for the government to prove that the witness's testimony was in fact changed in any way.

You are instructed that a federal criminal trial is an official proceeding.

The law does not require that the federal proceeding be pending at the time of defendant's actions as long as the proceeding was foreseeable such that defendant knew that his actions were likely to affect the proceeding and there was a 'nexus' between Mr. Ray's conduct and the pending, or foreseeable, official proceeding. The existence of a nexus, for obstruction-of-justice purposes, is determined by whether Mr. Ray's acts have a relationship in time, causation, or logic with the judicial proceedings.[82]

---

[82] Adapted from Sand Inst. 46-53; *United States v. Reich*, 479 F.3d 179, 185 (2d Cir. 2007).

# REQUEST NUMBER (35)
## RACKETEERING ACT NINE:  OBSTRUCTION OF JUSTICE

The ninth racketeering act that the government alleges was committed or intended to be committed as part of the RICO conspiracy charged in Count One of the Indictment is the obstruction of justice. The relevant statute on this subject is 18 U.S.C. § 1503. It provides:

Whoever … by threats or force … endeavors to influence, intimidate, or impede any grand or petit juror or officer in or of any court of the United States [or] by threats or force … influences, obstructs or impedes, or endeavors to influence, obstruct or impede the due administration of justice shall be guilty of a crime.

This law is designed to prevent a miscarriage of justice resulting from corrupt methods. It is aimed at a variety of means by which the orderly and due process of the administration of justice may be impeded, thwarted, or corrupted.

The due administration of justice refers to the fair, impartial, uncorrupted and unimpeded investigation, prosecution, disposition or trial of any matter—civil or criminal—in the courts of the United States. It includes every step in a matter or proceeding in the federal courts to assure the just consideration and determination of the rights of parties, whether government or individual.

Thus, due administration of justice includes but is not limited to a grand jury proceeding, an investigation, or federal trial.

The sweep of the statute extends to any corrupt endeavor or effort to interfere with a grand juror in the discharge of his or her duties.

The key word in the statute is "endeavor." As used in this statute, "endeavor" means any effort or any act, however contrived, to obstruct, impede or interfere with the trial or grand jury proceeding. It is the endeavor that is the gist of this crime.

Success of the endeavor is not an element of the crime. Any effort, whether successful or not, that is made for the purpose of corrupting, obstructing or impeding the proceeding is condemned.

The word "corruptly" as used in the statute means simply having the improper motive or purpose of obstructing justice.[83]

In order for the offense of obstruction of justice to be considered as a racketeering act, the government must prove each of that Mr. Ray or a conspirator agreed to or committed each element of obstruction of justice beyond a reasonable doubt.

First, that there was a proceeding pending before a federal court (or grand jury);

Second, that Mr. Ray knew of the proceeding;

Third, that Mr. Ray used or threatened force or physical force; and

Fourth, that Mr. Ray's conduct influenced, obstructed, impeded, or endeavored to influence or obstruct or impede the due administration of justice in the proceeding.[84]

The first element the government must prove beyond a reasonable doubt is that there was a proceeding pending before a federal court or grand jury.[85]

The second element the government must prove beyond a reasonable doubt is that Mr. Ray knew that such a proceeding was in progress. In order to satisfy this element, you need only determine that Mr. Ray knew that a proceeding before a federal court or grand jury proceeding was in progress.[86]

_____

[83] Adapted from 46-15.
[84] Adapted from 46-16.
[85] Adapted from 46-17.
[86] Adapted from 46-18; *see also Pettibone v. United States*, 148 U.S. 197, 13 S. Ct. 542, 37 L. Ed. 419 (1893).

The third element the government must prove beyond a reasonable doubt is that Mr. Ray used or threatened force.

It is not necessary for the government to prove that Mr. Ray personally injured anyone. It is sufficient to satisfy this element if you find that Mr. Ray knowingly used or threaten force.

An act is done knowingly if it is done intentionally and purposely and not by accident or mistake.[87]

The fourth element the government must prove beyond a reasonable doubt is that Mr. Ray's conduct influenced or obstruct or impede or endeavor to influence or obstruct or impede the due administration of justice in the proceeding.

As I stated previously, the due administration of justice refers to the fair, impartial, uncorrupted and unimpeded investigation, prosecution, disposition or trial of any matter in the courts of the United States. It includes every step in a matter or proceeding in the federal courts to assure the just consideration and determination of the rights of parties, whether government or individual.[88]

That concludes the final predicate act alleged. Please remember that, as to all the kinds of predicate racketeering acts described above, the government must prove beyond a reasonable doubt that Mr. Ray and/or a co-conspirator agreed to commit or committed at least two types of related acts of any of these kinds as part of the continuing conduct of the enterprise. However,

[87] Adapted from Sand Inst. 46-19.
[88] Adapted from Sand Inst. 46-20.

you must be unanimous as to which two (or more) such predicate acts you find they agreed to commit.[89]

---

[89] Adapted from *United States v. Giovinco*, Case 1:18-cr-00014-JSR, The Court's Instructions of Law to the Jury, Dkt. 319 at 26; *see also Salinas v. United States*, 522 U.S. 52, 63, 118 S. Ct. 469, 139 L. Ed. 2d 352 (1997); *United States v. Yannotti*, 541 F.3d 112, 121–23 (2d Cir. 2008); *United States v. Viola*, 35 F.3d 37, 43–45 (2d Cir. 1994).

# REQUEST NUMBER (36)
## SPECIAL SENTENCING FACTOR

The government has alleged a special sentencing factor with respect to Count One. If you find that Mr. Ray is not guilty of Count One, then you don't need to consider this factor. If you find him guilty of Count One, you must consider whether government has proven beyond a reasonable doubt that Mr. Ray engaged in sex trafficking of Claudia Drury "as part of his agreement to conduct and participate in the enterprise through a pattern of racketeering activity."

The government must prove each of the elements beyond a reasonable doubt:

First, that Mr. Ray knowingly transported, recruited, enticed, harbored, provided, obtained, maintained, patronized, or solicited a person by any means; <u>or</u> that Mr. Ray knowingly benefitted financially or by receiving something of value from participating in a venture that did one of these things.[90]

Second, that Mr. Ray knew that he or she was in reckless disregard of the fact that force, fraud, or coercion would be used with respect to this person;

Third, that Mr. Ray knew that he or she was in reckless disregard of the fact that this person would be engaged in a commercial sex act, as I will define that term for you;

Fourth, that Mr. Ray's conduct was in or affecting interstate or foreign commerce.[91]

The first element of the offense that the government must prove beyond a reasonable doubt is that Mr. Ray knowingly transported recruited, enticed, harbored, provided, obtained, maintained, patronized, or solicited an individual by any means. An act is done knowingly when it is done purposely and intentionally, as opposed to mistakenly or inadvertently.

To "harbor" someone means simply to provide shelter to that person.

---

[90] Adapted from *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at 94-95 (adding clause "or that the defendant . . . knowingly benefitted financially or by receiving something of value from participating in a venture that did one of these things").
[91] Adapted from Sand Inst. 47A-18.

To "obtain" someone means to acquire, control, or possess that person, even if only for a short period.[92]

The second element of the offense that the government must prove beyond a reasonable doubt is that Mr. Ray knew that he or she was in reckless disregard of the fact that force, fraud, or coercion would be used with respect to this individual.

Fraud, as I just used that term, means that Mr. Ray knowingly made a misstatement or omission of a material fact to entice this individual. A material fact is one that would reasonably be expected to be of concern to a reasonable person in relying upon the representation or statement in making a decision.

Coercion, as I just used that term, means a threat of serious harm or physical restraint against a person.[93]

A threat is a serious statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to cause harm. In addition, Mr. Ray must make the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat.

The term "serious harm" includes both physical and non-physical types of harm, including psychological, financial, or reputational harm, that is sufficient under all of the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to

---

[92] Adapted from Sand Inst. 47A-19.
[93] Adapted from Sand Inst. 47A-21.

avoid incurring that harm. In determining whether Mr. Ray made a threat of serious harm that could reasonably be believed by an individual, you should consider that individual's particular station in life, physical and mental condition, age, education, training, experience, and intelligence. A threat of serious harm must be sufficient in kind or degree to completely overcome the will of an ordinary person having the same general station in life as that of the individual, causing a reasonable belief that there was no reasonable choice except to engage in a commercial sex act as directed by Mr. Ray. Coercion, as I just used that term, also means that Mr. Ray engaged in a course of behavior intended to cause the individual to believe that if he did not engage in a commercial sex act as directed by Mr. Ray, the individual or their family would suffer serious harm.

Coercion, as I just used that term, also means to use threats of legal action, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed in order to coerce someone into working against that person's will.

To satisfy this element, the government must prove that force, fraud, or coercion, as I just defined those terms, was used, and also that Mr. Ray knew, or was in reckless disregard of the fact, that it would be used against the victim.

Whether or not Mr. Ray had this knowledge is a question of fact to be determined by you on the basis of all the evidence. An act is done knowingly only if it is done purposely and deliberately, and not because of accident, mistake, negligence, or other innocent reason. If you find that the evidence establishes, beyond a reasonable doubt, that Mr. Ray actually knew that coercion would be used, then this element is satisfied. Even if the evidence does not establish actual knowledge, this element is satisfied if you find that the government has proved, beyond a reasonable doubt, that Mr. Ray acted with reckless disregard of the facts concerning the use of

coercion. The phrase "reckless disregard of the facts" means deliberate indifference to facts that, if considered and weighed in a reasonable manner, indicate the highest probability that the victim was coerced to engage in a commercial sex act.

The third element that the government must prove beyond a reasonable doubt is that Mr. Ray knew that the individual would be engaged in a commercial sex act. A "commercial sex act" is any sex act on account of which anything of value is given to or received by any person.

The fourth element that the government must prove beyond a reasonable doubt is that Mr. Ray's conduct was in or affecting interstate or foreign commerce. Interstate or foreign commerce simply means the movement of goods, services, money, and individuals between any two or more states. To satisfy this element, the government must prove that Mr. Ray's conduct affected interstate commerce in any way, no matter how minimal. You do not have to find that Mr. Ray's conduct actually affected interstate commerce if you find that Mr. Ray's conduct would have affected interstate commerce if Mr. Ray had successfully and fully completed his actions. Finally, the government is not required to prove that Mr. Ray knew he was affecting interstate commerce.[94]

---

[94] Adapted from Sand Inst. 47A-23.

**COUNT TWO:  EXTORTION CONSPIRACY**

Count Two alleges that from in or about 2011, up to and including at least in or about 2019 Mr. Ray conspired with others to commit extortion. I have already instructed you on the general definition of conspiracy. Here, the underlying crime is extortion.

If you find beyond a reasonable doubt that Mr. Ray agreed with at least one other person to commit each element of extortion, then the charge would be proved. Mr. Ray is not required to carry out the action himself.

As I previously instructed, in order for you to find Mr. Ray guilty of extortion, the government must prove each of the elements beyond a reasonable doubt:

> First, that Mr. Ray wrongfully obtained the property of another;
>
> Second, that Mr. Ray obtained this property with the victim's consent, but that her consent was compelled by the wrongful use or threat of force, violence, or fear; and
>
> Third, that interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree as a result of the defendant's actions.[95]

The first element that the government must prove beyond a reasonable doubt is that Mr. Ray wrongfully obtained or took the personal property of another, or from the presence of another.

The term "property" includes money and other tangible and intangible things of value that are capable of being transferred from one person to another.[96]

---

[95] Adapted from Sand Inst. 50-10; *see also Stirone v. United States*, 361 U.S. 212 (1960).
[96] Adapted from Sand Inst. 50-11; *Sekhar v. United States*, 570 U.S. 729 (2013); *Scheidler v. National Organization for Women, Inc.* (Scheidler II), 537 U.S. 393 (2003).

The second element the government must prove beyond a reasonable doubt is that Mr. Ray wrongfully took this property by actual or threatened force, violence, or fear of injury or economic harm, whether immediately or in the future.

In considering whether Mr. Ray used, or threatened to use force, violence or fear, you should give those words their common and ordinary meaning, and understand them as you normally would. The use or threat of violence does not have to be directed at the person whose property was taken. The use or threat of force or violence might be aimed at a third person, or at causing economic rather than physical injury. A threat may be made verbally or by a physical gesture. Whether a statement or physical gesture actually was a threat depends upon the surrounding facts.[97]

As I have just instructed you, you must determine whether Mr. Ray threatened to use, force, violence, or fear, to unlawfully obtain the property. Fear exists if at least one person experiences anxiety, concern, or worry over expected personal harm or business loss, or over financial or job security. The existence of fear must be determined by the facts existing at the time of Mr. Ray's actions.

[If applicable:  You have also heard the testimony of some witnesses describing their state of mind—that is, how they felt—in giving up the property. This testimony was allowed, so as to help you in deciding whether the property was obtained by fear. You should consider this testimony for that purpose only.]

The term wrongful means that Mr. Ray had no lawful right to the property obtained. If the object or purpose of Mr. Ray was to obtain money or property to which Mr. Ray was

---

[97] Adapted from Sand Inst. 50-12; *United States v. Tolub*, 309 F.2d 286 (2d Cir. 1962).

lawfully entitled, then Mr. Ray did not act in a wrongful manner. If you decide that force or violence was used or threatened to obtain the property, then that is wrongful. You do not have to consider whether Mr. Ray believed that the property is rightfully his. Using force or violence or threats of force or violence to obtain property is wrongful.[98]

If you decide that Mr. Ray obtained another's property, against his will, by the use or threat of force, violence, or fear of injury, you must then decide whether this action would affect interstate commerce in any way or degree. You must determine whether there is an actual or potential effect on commerce between any two or more states or between one state and the District of Columbia.

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal. For example, if a successful robbery of money would prevent the use of those funds to purchase articles that travel through interstate commerce, that would be a sufficient effect on interstate commerce.

If you decide that interstate commerce would potentially or probably be affected if Mr. Ray had successfully and fully completed his actions, then the element of affecting interstate commerce is satisfied. You do not have to find that interstate commerce was actually affected. However, if Mr. Ray has finished his actions, and done all he intended to do, and you determine there has been no effect on interstate commerce, then you cannot find Mr. Ray guilty.

You do not have to decide whether the effect on interstate commerce was harmful or beneficial to a particular business, or to commerce in general. The government satisfies its

---

[98] Adapted from Sand Inst. 50-14; *see also United States v. Zappola*, 677 F.2d 264, 269 (2d Cir. 1982); *United States v. Jackson*, 180 F.3d 55, 69).

burden of proving an effect on interstate commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not.

Mr. Ray need not have intended or anticipated an effect on interstate commerce. You may find the effect is a natural consequence of defendant's actions. If you find that Mr. Ray intended to take certain actions in order to obtain property and you find those actions have either caused an effect on interstate commerce, then you may find the requirements of this element have been satisfied.[99]

---

[99] Adapted from Sand Inst. 50-15; *see also Stirone v. United States*, 361 U.S. 212 (1960); *United States v. Daley*, 564 F.2d 645 (2d Cir. 1977); *United States v. Tropiano*, 418 F.2d 1069 (2d Cir. 1969).

## REQUEST NUMBER (38)
## COUNT THREE: EXTORTION

Count Three alleges that from in or about 2011, up to and including at least in or about 2019, Mr. Ray engaged in extortion.

I just instructed you on the elements of the crime of extortion under Count Two. You should refer to those instructions here. Unlike the conspiracy charged in Count Two, however, the government must prove beyond a reasonable doubt that Mr. Ray actually committed the crime of extortion.

## COUNT FOUR:  SEX TRAFFICKING

Count Four alleges that from in or about 2011, up to and including at least in or about 2019 Mr. Ray engaged in sex trafficking.

The government must prove each of the elements beyond a reasonable doubt:

First, that Mr. Ray knowingly transported, recruited, enticed, harbored, provided, obtained, maintained, patronized, or solicited a person by any means; or that Mr. Ray knowingly benefitted financially or by receiving something of value from participating in a venture that did one of these things.[100]

Second, that Mr. Ray knew that he or she was in reckless disregard of the fact that force, fraud, or coercion would be used with respect to this person;

Third, that Mr. Ray knew that he or she was in reckless disregard of the fact that this person would be engaged in a commercial sex act, as I will define that term for you;

Fourth, that Mr. Ray's or conduct was in or affecting interstate or foreign commerce.[101]

The first element of the offense that the government must prove beyond a reasonable doubt is that Mr. Ray knowingly transported recruited, enticed, harbored, provided, obtained, maintained, patronized, or solicited an individual by any means. An act is done knowingly when it is done purposely and intentionally, as opposed to mistakenly or inadvertently.

To "harbor" someone means simply to provide shelter to that person.

To "obtain" someone means to acquire, control, or possess that person, even if only for a short period.[102]

---

[100] Adapted from *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at 94-95 (adding clause "or that the defendant . . . knowingly benefitted financially or by receiving something of value from participating in a venture that did one of these things").
[101] Adapted from Sand Inst. 47A-18.
[102] Adapted from Sand Inst. 47A-19.

The second element of the offense that the government must prove beyond a reasonable doubt is that Mr. Ray knew that he or she was in reckless disregard of the fact that force, fraud, or coercion would be used with respect to this individual.

Fraud, as I just used that term, means that Mr. Ray knowingly made a misstatement or omission of a material fact to entice this individual. A material fact is one that would reasonably be expected to be of concern to a reasonable person in relying upon the representation or statement in making a decision.

Coercion, as I just used that term, means a threat of serious harm or physical restraint against a person.[103]

A threat is a serious statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to cause harm. In addition, Mr. Ray must make the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat.

The term "serious harm" includes both physical and non-physical types of harm, including psychological, financial, or reputational harm, that is sufficient under all of the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm. In determining whether Mr. Ray made a threat of serious harm that could reasonably be believed by an individual, you should consider that individual's particular

---

[103] Adapted from Sand Inst. 47A-21.

station in life, physical and mental condition, age, education, training, experience, and intelligence. A threat of serious harm must be sufficient in kind or degree to completely overcome the will of an ordinary person having the same general station in life as that of the individual, causing a reasonable belief that there was no reasonable choice except to engage in a commercial sex act as directed by Mr. Ray. Coercion, as I just used that term, also means that Mr. Ray engaged in a course of behavior intended to cause the individual to believe that if he did not engage in a commercial sex act as directed by Mr. Ray, the individual or their family would suffer serious harm.

Coercion, as I just used that term, also means to use threats of legal action, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed in order to coerce someone into working against that person's will.

To satisfy this element, the government must prove that force, fraud, or coercion, as I just defined those terms, was used, and also that Mr. Ray knew, or was in reckless disregard of the fact, that it would be used against the victim.

Whether or not Mr. Ray had this knowledge is a question of fact to be determined by you on the basis of all the evidence. An act is done knowingly only if it is done purposely and deliberately, and not because of accident, mistake, negligence, or other innocent reason. If you find that the evidence establishes, beyond a reasonable doubt, that Mr. Ray actually knew that coercion would be used, then this element is satisfied. Even if the evidence does not establish actual knowledge, this element is satisfied if you find that the government has proved, beyond a reasonable doubt, that Mr. Ray acted with reckless disregard of the facts concerning the use of coercion. The phrase "reckless disregard of the facts" means deliberate indifference to facts that,

if considered and weighed in a reasonable manner, indicate the highest probability that the victim was coerced to engage in a commercial sex act.

The third element that the government must prove beyond a reasonable doubt is that Mr. Ray knew that the individual would be engaged in a commercial sex act. A "commercial sex act" is any sex act on account of which anything of value is given to or received by any person.

The fourth element that the government must prove beyond a reasonable doubt is that Mr. Ray's conduct was in or affecting interstate or foreign commerce. Interstate or foreign commerce simply means the movement of goods, services, money, and individuals between any two or more states. To satisfy this element, the government must prove that Mr. Ray's conduct affected interstate commerce in any way, no matter how minimal. You do not have to find that Mr. Ray's conduct actually affected interstate commerce if you find that Mr. Ray's conduct would have affected interstate commerce if Mr. Ray had successfully and fully completed his actions. Finally, the government is not required to prove that Mr. Ray knew he was affecting interstate commerce.[104]

---

[104] Adapted from Sand Inst. 47A-23.

## REQUEST NUMBER (40)
## COUNT FIVE:  CONSPIRACY TO COMMIT SEX TRAFFICKING

Count Five alleges that from in or about 2011, up to and including at least in or about 2019 Mr. Ray and others conspired to commit sex trafficking.

I have already instructed you on the general definition of conspiracy. Here, the underlying crime is sex trafficking. I just instructed you on the elements of the crime of sex trafficking under Count Four. You should apply those instructions here.[105]

---

[105] Adapted from *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at Raniere, 125-26.

**<u>REQUEST NUMBER (41)</u>**
**<u>COUNT SIX:  FORCED LABOR</u>**

Count Six alleges that from in or about May 2013, up to and including at least in or about December 2013, Mr. Ray committed forced labor.

The government must prove each of the elements beyond a reasonable doubt:

First, that Mr. Ray obtained or provided the labor or services of another;

Second, that Mr. Ray did so through one of the following prohibited means:  (a) through physical restraint against a person or another person; (b) through serious harm or threats of serious harm to the person or any other person; (c) through abuse of law or the legal process and (d) through a scheme, plan, pattern intended to cause the person to believe that the non-performance of such labor or services could result in serious harm to or physical restraint against that person or another other person; and

Third, that Mr. Ray acted knowingly.[106]

I will now explain each of these three elements in greater detail.

The first element of the offense that the government must prove beyond a reasonable doubt is that Mr. Ray obtained (or provided) the labor or services of another person.

To "obtain" means to gain or acquire. "Labor" means the expenditure of physical or mental effort. "Services" means conduct or performance that assists or benefits someone.

If you find that Mr. Ray obtained the labor or services of the individual, then you must determine whether Mr. Ray did so through one of the four prohibited means; that is, through (1) forced or physical restrain or threatening to do either to the person or to another person; (2) serious harm or threats of serious harm to the person or another person; (3) abuse or threatened abuse of the legal process; or (4) a scheme, plan or pattern intended to cause the person to

---

[106] Adapted from Sand Inst. 47A-9; *United States v. Sabhnani*, 539 F. Supp. 2d 617 (E.D.N.Y. 2008), aff'd, 599 F.3d 215 (2d Cir. 2010).

believe that serious harm would result if the person did not perform the labor or services required of that person.[107]

I now want to define for you some of the terms you will be considering in determining whether this second element has been satisfied.

"Physical restraint" means being confined by being tied, bound, or locked up.[108]

A threat is a serious statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to cause harm. In addition, Mr. Ray must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat.

The term "serious harm" includes both physical and non-physical types of harm including psychological, financial, or reputational harm. A threat of serious harm includes any threat that is sufficient under all of the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

In determining whether Mr. Ray made a threat of serious harm that could reasonably be believed, you should consider the individual's particular station in life, physical and mental condition, age, education, training, experience, and intelligence. A threat of serious harm must be sufficient in kind or degree to completely overcome the will of an ordinary person having the

---

[107] Adapted from *United States v. Zhong*, No. 1:16-cr-00614-AMD, Dkt. 47 at p. 2168-69.
[108] Adapted from *United States v. Zhong*, No. 1:16-cr-00614-AMD, Dkt. 47 at p. 2169.

same general station in life as that of the individual, causing a reasonable belief that there was no reasonable choice except to provide labor and services to Mr. Ray. [109]

The term "abuse or threatened abuse of law or legal process," means the use or threatened use of law or legal process, whether it's administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed in order to coerce someone into working against that person's will.[110]

You should give the words "scheme, plan and pattern" their ordinary meanings. A "scheme" is a plan or program of action. A "plan" is a method for achieving an end or a detailed formulation of a program of action. A "pattern" is a mode of behavior or series of acts that are recognizably consistent.[111]

The fact that the individual may have had an opportunity to escape is irrelevant if Mr. Ray placed the individual in such fear or circumstances that she reasonably believed that she could not leave. A victim who has been placed in such fear or circumstances is under no affirmative duty to try to escape.

In considering whether the service performed by someone was involuntary, you are instructed that it is not a defense to the crime of forced labor that the person may have initially agreed, voluntarily, to render the service or perform the work. If a person willingly begins work, but later desires to withdraw, and is then forced to remain and perform work ask her will by threats of serious harm or physical restraint, or by a scheme, plan or pattern intended to cause her

---

[109] Adapted from Sand Inst. 47A-13.
[110] Adapted from Sand Inst. 47A-13; Adapted from *United States v. Zhong*, No. 1:16-cr-00614-AMD, Dkt. 47 at p. 2170-71.
[111] Adapted from *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at p. 86.

to believe that non-performance will result in serious harm or physical restraint to her or another person, then her service becomes involuntary.

Also, whether a person is paid a salary or a wage is not determinative of the question of whether that person has been held in forced labor. In other words, if a person is compelled to labor against her will by any one of the means prohibited by the forced labor statute, such service is involuntary even if she is paid or compensated for the work.

However, to restate what I have already explained, you must find that Mr. Ray threatened serious harm to or physical restraint against a person, or engaged in a scheme or plan intended to cause the person to believe that non-performance would result in serious harm or physical restraint, for the purpose of obtaining labor or services, and that he thereby obtained labor or services. [112]

The third element that the government must prove beyond a reasonable doubt is that Mr. Ray acted knowingly.

An act is done knowingly when it is done purposely and intentionally, as opposed to mistakenly or inadvertently.[113]

---

[112] Adapted from *United States v. Marcus*, No. 1:05-cr-00457-ARP, 02/21/07 Tr. Tran., Dkt. 245 at p. 1269-70.
[113] Adapted from Sands Inst. 47A-15.

## REQUEST NUMBER (42)
## COUNT SEVEN: FORCED LABOR TRAFFICKING

Count Seven alleges that from in or about May 2013, up to and including at least in or about December 2013, Mr. Ray committed forced labor trafficking.

The government must prove each following elements beyond a reasonable doubt:

First, Mr. Ray recruited, harbored, transported, provided, or obtained an individual;

Second, Mr. Ray did so for the purpose of providing or obtaining the labor or services of an individual in violation of the forced labor statute, Section 1589. That is, that Mr. Ray "trafficked" an individual as I have just described, with the purpose of providing or obtaining her labor or services by means of serious harm, or threats of serious harm, to an individual, or by means of any scheme, plan, or pattern intended to cause an individual to believe that, if the individual did not perform such labor or services, the individual or another person would suffer serious harm or physical restraint; and

Third, Mr. Ray acted knowingly.

With respect to the first element, the word "harbor" means simply to provide shelter to that person. To "obtain" someone means to acquire, control, or possess that person, even if only for a short period.

With respect to the second element, the government must prove beyond a reasonable doubt that Mr. Ray recruited, harbored, transported, provided, or obtained an individual for the purpose of providing or obtaining that individual's forced labor—that is, labor or services provided or obtained by one of the prohibited means I described a moment ago. The crime prohibited by Section 1590 is "trafficking" a person for this unlawful purpose. To establish this element, the government does not need to prove that Mr. Ray or a conspirator actually obtained or attempted to obtain the individual's forced labor, only that Mr. Ray or conspirator "trafficked" the individual for the purpose of providing or obtaining it.

I have already defined the terms "labor", "services", "threat", "serious harm", and "scheme, plan, or pattern" and you should apply those definitions here.

If you find that Mr. Ray trafficked an individual for the unlawful purpose I have described, the fact that the individual may have had an opportunity to escape is irrelevant if Mr. Ray placed her in such fear or circumstances that the victim reasonably believed that she could not leave

I previously instructed you as to the definition of "knowingly" and you should apply that definition to the third element here.[114]

---

[114] Adapted from *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at 82-87.

**COUNT EIGHT:  FORCED LABOR CONSPIRACY**

Count Eight alleges that from at least in or about May 2013, up to and including at least in or about December 2013, Mr. Ray conspired with others to commit the crime of forced labor.

I have already instructed you on the general definition of conspiracy. Here, the underlying crime is forced labor. I just instructed you on the elements of the forced labor under Count Six. You should apply those instructions here.

## REQUEST NUMBER (44)
## COUNT NINE:  USE OF INTERSTATE COMMERCE TO PROMOTE UNLAWFUL ACTIVITY

Count Nine alleges that from in or about 2014, up to and including at least in or about 2019, Mr. Ray used interstate commerce to promote, manage, or carry on a criminal business engaged in prostitution in violation of New York Penal Law Sections 230.00, 230.20, 230.25, and 230.30.

The government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Ray traveled or caused someone else to travel interstate (or used or caused someone else to use an interstate facility);

Second, that this travel (or use of an interstate facility) was done with the intent to promote, manage, establish, or carry on (or to distribute the proceeds of or to commit a violent crime in furtherance of) an unlawful activity; and

Third, that after this interstate travel (or use of an interstate facility), Mr. Ray performed or attempted to perform an act in furtherance of (or distributed the proceeds of) this same unlawful activity.[115]

The first element that the government must prove beyond a reasonable doubt is that Mr. Ray traveled or caused someone else to travel interstate, or used or caused someone else to use an interstate facility.[116]

Interstate travel is simply travel between one state and any other state or the District of Columbia.

If the government has proved these facts beyond a reasonable doubt, then you may find that it has proved the first element of the Travel Act charge against Mr. Ray.

---

[115] Adapted from Sand Inst. 60-2; *see United States v. Salameh*, 152 F.3d 88, 152 (2d Cir. 1998); *United States v. Jenkins*, 943 F.2d 167 (2d Cir. 1991).
[116] Adapted from Sand Inst. 60-3.

In order to meet its burden of proof on the first element, it is not necessary for the government to prove that Mr. Ray himself traveled interstate (or used an interstate facility). The Travel Act also applies to a person who causes another person to travel interstate (or use an interstate facility). Therefore, if the government has proved beyond a reasonable doubt that Mr. Ray caused another person to travel interstate (or to use an interstate facility), then you may find that the government has proven the first element of the offense.[117]

The second element that the government must prove beyond a reasonable doubt is that Mr. Ray's travel or use of an interstate facility was done with the intent to promote, manage, establish, carry on, or to distribute the proceeds of or to commit a crime of violence in furtherance of an unlawful activity.

It is not enough for the government to prove only that Mr. Ray traveled interstate or used an interstate facility. The government must also prove beyond a reasonable doubt that Mr. Ray embarked on his interstate trip or used the interstate facility for the purpose of facilitating or distributing the proceeds of or committing a crime of violence in furtherance of the unlawful activity.

The government does not have to prove that the furtherance of the unlawful activity or the distribution of the proceeds was Mr. Ray's sole purpose in traveling interstate or using an interstate facility. It is sufficient if the government proves that one of Mr. Ray's reasons for traveling interstate or using an interstate facility was to further or distribute the proceeds of the unlawful activity. Thus, if you find that Mr. Ray traveled interstate or used interstate facilities with the intent to facilitate or distribute the proceeds of the unlawful activity, and you also find

---

[117] Adapted from Sand Inst. 60-4.

that Mr. Ray undertook this same travel or use of interstate facilities for other reasons that have nothing to do with the unlawful activity, you may still find that the government has met its burden of proof on the second element of the offense.

You are thus being asked to look into Mr. Ray's mind and ask what was Mr. Ray's purpose in traveling interstate or using interstate facilities. You may determine Mr. Ray's intent from all the evidence that has been placed before you, including the statements of Mr. Ray and his conduct before and after the travel or use of the facilities.[118]

As I have instructed you, the government must prove that Mr. Ray intended the interstate travel or use of interstate facilities to facilitate or further the unlawful activity. The government does not, however, have to prove that the interstate travel or use of interstate facilities was essential to the unlawful activity or fundamental to the unlawful scheme, or that the unlawful activity could not have been accomplished without the interstate travel or use of interstate facilities. So long as the government proves that Mr. Ray traveled or used interstate facilities with the necessary unlawful intent, the government may rely on any interstate travel or use of interstate facilities by Mr. Ray that made the unlawful activity easier to accomplish.[119]

The government must prove that Mr. Ray traveled interstate or used an interstate facility with the intent to facilitate an activity that Mr. Ray knew was illegal. The government does not have to prove that Mr. Ray knew that his travel or use of facilities was illegal. However, the government must prove beyond a reasonable doubt that Mr. Ray knew that the activity he intended to facilitate was illegal.[120]

---

[118] Adapted from Sand Inst. 60-6; *see United States v. Walsh*, 700 F.2d 846 (2d Cir. 1983); *United States v. Herrera*, 584 F.2d 1137 (2d Cir. 1978).
[119] Adapted from Sand Inst. 60-8.
[120] Adapted from Sand Inst. 60-9.

Mr. Ray has been charged with traveling in interstate commerce or using an interstate facility to facilitate prostitution. The government must prove to you beyond a reasonable doubt that the activities Mr. Ray intended to facilitate were, in fact, unlawful under New York Law.

In order to prove this, the government must prove beyond a reasonable doubt that Mr. Ray performed an act in furtherance of prostitution, promoting prostitution in the second degree, promoting prostitution in the third degree, or promoting prostitution in the fourth degree with the intent that each element of the offense be completed.[121]

Under New York State law section 230.00, a person is guilty of Prostitution when such person engages, or agrees or offers to engage, in sexual conduct with another person in return for a fee.

The government is required to prove, from all of the evidence in the case, beyond a reasonable doubt, that Mr. Ray engaged, or agreed or offered to engage, in sexual conduct with another person in return for a fee.[122]

Under New York State law section 230.30, a person is guilty of Promoting Prostitution in the Second Degree when he or she knowingly advances prostitution by compelling a person by force or intimidation to engage in prostitution or profits from such coercive conduct by another.

The following terms used in that definition have a special meaning:

Prostitution means the act or practice of engaging, or agreeing or offering to engage in sexual conduct with another person in return for a fee.[2]

A person "advances prostitution" when, acting other than as a person in prostitution or as a patron thereof, he or she knowingly causes or aids a person to commit or engage in prostitution, procures or solicits patrons for prostitution, provides persons or premises for

---

[121] Adapted from Sand Inst. 60-10; *see also United States v. Kahn*, 472 F.2d 272, 277 (2d Cir. 1973).
[122] Adapted from New York Courts, Criminal Jury Instructions § 230.00.

prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid or facilitate an act or enterprise of prostitution.

A person knowingly advances prostitution when that person is aware that he or she is doing so.

The government is required to prove, from all of the evidence in the case, beyond a reasonable doubt, each of the following two elements:

1.  The defendant advanced prostitution by compelling a person by force or intimidation to engage in prostitution, or profited from such coercive conduct by another; and

2.  That the defendant did so knowingly.[123]

Under New York State law section 230.25, a person is guilty of Promoting Prostitution in the Third Degree when that person knowingly advances or profits from prostitution by managing, supervising, controlling, or owning, either alone or in association with others a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more persons in prostitution.

The following terms used in that definition have a special meaning:

Prostitution means the act or practice of engaging or agreeing or offering to engage in sexual conduct with another person in return for a fee.

A person "advances prostitution" when, acting other than as a person in prostitution or as a patron thereof, he or she knowingly causes or aids a person to commit or engage in prostitution, procures or solicits patrons for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid or facilitate an act or enterprise of prostitution.

A person profits from prostitution when, acting other than as a person in prostitution receiving compensation for personally rendered prostitution services, he or she accepts or receives money or other property pursuant to an agreement or understanding with any

---

[123] Adapted from New York Courts, Criminal Jury Instructions § 230.30.

person whereby he or she participates or is to participate in the proceeds of prostitution activity.

A person patronizes a person for prostitution when pursuant to a prior understanding, he or she pays a fee to another person as compensation for such person or a third person having engaged in sexual conduct with him or her; or he or she pays or agrees to pay a fee to another person pursuant to an understanding that in return therefor such person or a third person will engage in sexual conduct with him or her; or he or she solicits or requests another person to engage in sexual conduct with him or her in return for a fee.

A person knowingly advances or profits from prostitution when that person is aware that he or she is advancing or profiting from prostitution.

The government is required to prove, from all of the evidence in the case, beyond a

reasonable doubt, both of the following two elements:

1. The defendant advanced or profited from prostitution by managing, supervising, controlling, or owning, either alone or in association with others, a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more persons in prostitution.
2. That the defendant did so knowingly.[124]

Under New York State law section 230.20(1), a person is guilty of Promoting Prostitution

in the Fourth Degree when that person knowingly advances or profits from prostitution.

The following terms used in that definition have a special meaning:

Prostitution means the act or practice of engaging, or agreeing or offering to engage in sexual conduct with another person in return for a fee.

A person advances prostitution when, acting other than as a person in prostitution or as a patron thereof, he or she knowingly causes or aids a person to commit or engage in prostitution, procures or solicits patrons for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid or facilitate an act or enterprise of prostitution.

A person profits from prostitution when, acting other than as a person in prostitution receiving compensation for personally rendered prostitution services, he or she accepts or receives money or other property pursuant to an agreement or understanding with any

---

[124] Adapted from New York Courts, Criminal Jury Instructions § 230.25.

person whereby he or she participates or is to participate in the proceeds of prostitution activity.

A person knowingly advances or profits from prostitution when that person is aware that he or she is advancing or profiting from prostitution.

The government is required to prove, from all of the evidence in the case, beyond a reasonable doubt, each of the following two elements:

1. That the defendant advanced or profited from prostitution; and

2. That the defendant did so knowingly.[125]

The government must prove that the unlawful activity that Mr. Ray traveled or used an interstate facility) to facilitate was a business enterprise. That is, the government must prove that the unlawful activity was part of a continuous course of criminal conduct, and not simply an isolated criminal incident. If you find that the unlawful activity was an isolated incident, and was not part of an ongoing course of criminal conduct, you must find Mr. Ray not guilty.

However, to prove that the unlawful activity was a business enterprise, the government does not have to show that the alleged illegal activity was engaged in for a particular length of time. Nor must the government prove that such activity was defendant's primary pursuit or occupation, or that it actually turned a profit. What the government must prove beyond a reasonable doubt is that Mr. Ray engaged in a continuous course of criminal conduct for the purpose of profit, rather than casual, sporadic, or isolated criminal activity.[126]

The third element that the government must prove beyond a reasonable doubt is that Mr. Ray's interstate travel or use of an interstate facility was followed by his performance or attempted performance of an act in furtherance or the distribution or attempted distribution of the

---

[125] Adapted from New York Courts, Criminal Jury Instructions § 230.20(1)
[126] Adapted from Sand Inst. 60-11.

proceeds of the unlawful activity. This act need not itself be unlawful. However, this act must come after the interstate travel or use of an interstate facility. Any act that happened before the travel or use of a facility cannot satisfy this element. If you find that Mr. Ray used interstate commerce to promote a criminal business engaged in prostitution, then you should find Mr. Ray guilty of Count Nine.[127]

---

[127] Adapted from *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at Raniere, 126-27.

**COUNT TEN: USE OF INTERSTATE COMMERCE TO PROMOTE UNLAWFUL ACTIVITY**

Count Ten alleges that from in or about 2011, up to and including at least in or about 2019, Mr. Ray used interstate commerce to promote, manage, or carry on a criminal business involving extortion in violation of New York Penal Law Sections 155.30(6).

The government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Ray traveled or caused someone else to travel interstate (or used or caused someone else to use an interstate facility);

Second, that this travel (or use of an interstate facility) was done with the intent to promote, manage, establish, or carry on (or to distribute the proceeds of or to commit a violent crime in furtherance of) an unlawful activity; and

Third, that after this interstate travel (or use of an interstate facility), Mr. Ray performed or attempted to perform an act in furtherance of (or distributed the proceeds of) this same unlawful activity.

The first element that the government must prove beyond a reasonable doubt is that Mr. Ray traveled or caused someone else to travel interstate, or used or caused someone else to use an interstate facility.

Interstate travel is simply travel between one state and any other state or the District of Columbia.

If the government has proved these facts beyond a reasonable doubt, then you may find that it has proved the first element of the Travel Act charge against Mr. Ray.

In order to meet its burden of proof on the first element, it is not necessary for the government to prove that Mr. Ray himself traveled interstate (or used an interstate facility). The Travel Act also applies to a person who causes another person to travel interstate (or use an interstate facility). Therefore, if the government has proved beyond a reasonable doubt that Mr.

Ray caused another person to travel interstate (or to use an interstate facility), then you may find that the government has proven the first element of the offense.

The second element that the government must prove beyond a reasonable doubt is that Mr. Ray's travel or use of an interstate facility was done with the intent to promote, manage, establish, carry on, or to distribute the proceeds of or to commit a crime of violence in furtherance of an unlawful activity.

It is not enough for the government to prove only that Mr. Ray traveled interstate or used an interstate facility. The government must also prove beyond a reasonable doubt that Mr. Ray embarked on his interstate trip or used the interstate facility for the purpose of facilitating or distributing the proceeds of or committing a crime of violence in furtherance of the unlawful activity.

The government does not have to prove that the furtherance of the unlawful activity or the distribution of the proceeds was Mr. Ray's sole purpose in traveling interstate or using an interstate facility. It is sufficient if the government proves that one of Mr. Ray's reasons for traveling interstate or using an interstate facility was to further or distribute the proceeds of the unlawful activity. Thus, if you find that Mr. Ray traveled interstate or used interstate facilities with the intent to facilitate or distribute the proceeds of the unlawful activity, and you also find that Mr. Ray undertook this same travel or use of interstate facilities for other reasons that have nothing to do with the unlawful activity, you may still find that the government has met its burden of proof on the second element of the offense.

You are thus being asked to look into Mr. Ray's mind and ask what was Mr. Ray's purpose in traveling interstate or using interstate facilities. You may determine Mr. Ray's intent

from all the evidence that has been placed before you, including the statements of Mr. Ray and his conduct before and after the travel or use of the facilities.

As I have instructed you, the government must prove that Mr. Ray intended the interstate travel or use of interstate facilities to facilitate or further the unlawful activity. The government does not, however, have to prove that the interstate travel or use of interstate facilities was essential to the unlawful activity or fundamental to the unlawful scheme, or that the unlawful activity could not have been accomplished without the interstate travel or use of interstate facilities. So long as the government proves that Mr. Ray traveled or used interstate facilities with the necessary unlawful intent, the government may rely on any interstate travel or use of interstate facilities by Mr. Ray that made the unlawful activity easier to accomplish.

The government must prove that Mr. Ray traveled interstate or used an interstate facility with the intent to facilitate an activity that Mr. Ray knew was illegal. The government does not have to prove that Mr. Ray knew that his travel or use of facilities was illegal. However, the government must prove beyond a reasonable doubt that Mr. Ray knew that the activity he intended to facilitate was illegal.

Mr. Ray has been charged with traveling in interstate commerce or using an interstate facility to facilitate extortion. The government must prove to you beyond a reasonable doubt that the activities Mr. Ray intended to facilitate were, in fact, unlawful under New York Law.

In order to prove this, the government must prove beyond a reasonable doubt that Mr. Ray performed an act in furtherance of grand larceny in the fourth degree with the intent that each element of the offense be completed.[128]

---

[128] Adapted from Sand Inst. 60-10; *see also United States v. Kahn*, 472 F.2d 272, 277 (2d Cir. 1973).

Under New York State law section 155.30(6), a person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or herself, or to a third person, such person wrongfully takes, obtains, or withholds such property from an owner of the property.

The following terms used in that definition have a special meaning:

Property means any money, personal property, or thing of value.

Owner means a person having a right to possession of the property superior to that of the person who takes it.

Intent means conscious objective or purpose. Thus, a person acts with intent to deprive another of property or to appropriate property to himself or herself, or to a third person, when such person's conscious objective or purpose is:

    (1) to withhold the property or cause it to be withheld permanently, or

    (2) to exercise control over the property or to aid a third person to exercise control over it, permanently.

A person wrongfully takes, obtains, or withholds property from an owner when that person obtains such property, regardless of its nature or value, by extortion.

A person obtains property by extortion when he/she compels or induces another person to deliver such property to himself/herself, or to a third person, by means of instilling in him/her a fear that, if the property is not so delivered, the actor or another will:

Cause physical injury to some person in the future;

Cause damage to property;

Engage in other conduct constituting a crime;

Accuse some person of a crime or cause criminal charges or removal proceedings be instituted against him/her;

Expose a secret or publicize an asserted fact, whether true or false, tending to subject some person to hatred, contempt or ridicule; or

Perform any other act which would not in itself materially benefit the actor but which is calculated to harm another person materially with respect to his/her health, safety, business, calling, career, financial condition, reputation or personal relationships.

The government is required to prove, from all of the evidence in the case, beyond a reasonable doubt, both of the following two elements:

> (i) The defendant wrongfully took, obtained, or withheld property from its owner by extortion; and
>
> (ii) That the defendant did so with the intent to deprive another of the property or to appropriate the property to himself/herself or to a third person.[129]

The government must prove that the unlawful activity that Mr. Ray traveled (or used an interstate facility) to facilitate was a business enterprise. That is, the government must prove that the unlawful activity was part of a continuous course of criminal conduct, and not simply an isolated criminal incident. If you find that the unlawful activity was an isolated incident, and was not part of an ongoing course of criminal conduct, you must find Mr. Ray not guilty.

However, to prove that the unlawful activity was a business enterprise, the government does not have to show that the alleged illegal activity was engaged in for a particular length of time. Nor must the government prove that such activity was defendant's primary pursuit or occupation, or that it actually turned a profit. What the government must prove beyond a reasonable doubt is that Mr. Ray engaged in a continuous course of criminal conduct for the purpose of profit, rather than casual, sporadic, or isolated criminal activity.[130]

The third element that the government must prove beyond a reasonable doubt is that Mr. Ray's interstate travel or use of an interstate facility was followed by his performance or attempted performance of an act in furtherance or the distribution or attempted distribution of the

---

[129] Adapted from New York State Courts, Criminal Jury Instructions § 155.30(6).
[130] Adapted from Sand Inst. 60-11.

proceeds of the unlawful activity. This act need not itself be unlawful. However, this act must come after the interstate travel or use of an interstate facility. Any act that happened before the travel or use of a facility cannot satisfy this element. If you find that Mr. Ray used interstate commerce to promote a criminal business engaged in extortion, then you should find Mr. Ray guilty of Count Ten.[131]

---

[131] Adapted from *United States v. Raniere*, Case 1:18-cr-00204-NGG-VMS, Jury Charge Final, Dkt. 728 at Raniere, 126-27.

## COUNT ELEVEN:  MONEY LAUNDERING

Count Eleven alleges that from at least in or about 2011, up to and including at least in or about 2019, Mr. Ray committed the crime of money laundering.

The government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Ray conducted a financial transaction involving property constituting the proceeds of an unlawful activity.

Second, that Mr. Ray knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

Third, that Mr. Ray knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity (or to avoid a transaction reporting requirement under state or federal law).[132]

I will now explain these in more detail.

The first element that the government must prove beyond a reasonable doubt is that Mr. Ray conducted a financial transaction involving property constituting the proceeds of specified unlawful activity, namely extortion and sex trafficking. A number of these terms require definition.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means a transaction involving a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or

---

[132] Adapted from Sand Inst. 50A-7.

degree, or a transaction that in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel or aircraft.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase of sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

The term "monetary instrument" includes, among other things, coin or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank checks, money orders, and investment securities or negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.[133]

The second element that the government must prove beyond a reasonable doubt is that Mr. Ray knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

To satisfy this element, the government must prove that Mr. Ray knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law. Thus, the government does not have to prove that Mr. Ray specifically knew that the property involved in

---

[133] Adapted from Sand Inst. 50A-8; *see also United States v. Skinner*, 946 F.2d 176 (2d Cir. 1991).

the transaction represented the proceeds of extortion or sex trafficking or any other specific offense. The government only has to prove that Mr. Ray knew it represented the proceeds of some illegal activity that was a felony. I instruct you as a matter of law that extortion and sex trafficking are felonies under federal law.[134]

The third element that the government must prove beyond a reasonable doubt is that Mr. Ray acted with knowledge that the transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, namely extortion or sex trafficking or to avoid a transaction reporting requirement under federal or state law.

If you find that the evidence establishes beyond a reasonable doubt that Mr. Ray knew of the purpose of the particular transaction in issue, and that he knew that the transaction was either designed to conceal or disguise the true origin of the property in question (or to avoid a requirement of reporting the transaction), then this element is satisfied.

However, if you find that Mr. Ray knew of the transaction but did not know that it was either designed to conceal or disguise the true origin of the property in question (or to avoid a requirement to report the transaction), but instead thought that the transaction was intended to further the innocent transaction, you must find that this element has not been satisfied and find Mr. Ray not guilty.[135]

---

[134] Adapted from Sand Inst. 50A-9; *see also United States v. Cota*, 953 F.2d 753 (2d Cir. 1992).
[135] Adapted from Sand Inst. 50A-10.

**COUNT TWELVE:  TAX EVASION**

Count Twelve alleges that during the calendar year 2015, Mr. Ray committed the crime

of income tax evasion.

In order for the crime of income tax evasion to be proved, the government must establish

beyond a reasonable doubt each of the following elements:

> The first element is that Mr. Ray owed substantially more federal income tax for the calendar year 2015 than was declared due on his income tax return.
>
> The second element is that Mr. Ray committed an affirmative act constituting tax evasion; and
>
> Third, that Mr. Ray acted willfully.[136]

Mr. Ray must know that he owed substantially more federal income tax for the calendar

year 2015 than was declared on his income tax return. Whether or not Mr. Ray had this

knowledge is a question of fact to be determined by you on the basis of all the evidence.

The first element of the offense that the government must prove beyond a reasonable

doubt is that Mr. Ray owed substantially more federal income tax for the calendar year 2015 than

was declared due on his income tax return.

The government does not have to prove the exact amount Mr. Ray owes. Nor does the

government have to prove that all of the tax charged in the indictment was evaded.[137]

To prove that substantial additional tax was due, the government must prove beyond a

reasonable doubt that (a) Mr. Ray received substantial income in addition to what he reported on

---

[136] Adapted from Sand Inst. 59-3.
[137] Adapted from Sand Inst. 59-4.

his income tax return, and (b) there was tax due in addition to what was shown to be due on the return.

If you find, based on all the evidence, that the government has established beyond a reasonable doubt that Mr. Ray received substantial income in addition to what he reported on his income tax return for the year in question, then you must decide whether there was tax due in addition to what was shown to be due on the return, as a result of Mr. Ray's additional, unreported income. In reaching your decision on this issue, you should consider, along with all the other evidence, the expert testimony introduced during the trial concerning the computation of Mr. Ray's additional tax liability, when the alleged additional income was taken into account.

If you find, based on all the evidence, that the government has established beyond a reasonable doubt that Mr. Ray received substantial additional income, and that there was tax due in addition to what was shown to be due on his income tax return, as a result of this additional income, then this first element has been satisfied.[138]

The second element that the government must prove beyond a reasonable doubt is that Mr. Ray committed the affirmative act constituting tax evasion described in the indictment.

The Internal Revenue Code makes it a crime to attempt, in any manner, to evade or defeat any income tax imposed by law. There are many different ways in which a tax may be evaded, or an attempt may be made to evade it. In this case, the indictment alleges that Mr. Ray did attempt to evade and defeat a substantial part of the income tax due by causing nominees to deposit a substantial part of Mr. Ray's unreported income into bank accounts in the "nominees'" names

---

[138] Adapted from Sand Inst. 59-5.

and using unreported income deposited into bank accounts in the nominees' names to pay for personal expenses.

There has been evidence in this case that Mr. Ray failed to file a tax return for the year 2015. I instruct you that the failure to file a tax return is not sufficient by itself to satisfy this element. Instead, the government must prove beyond a reasonable doubt the act of evasion described in the indictment.[139]

The third element of the offense that the government must prove beyond a reasonable doubt is that Mr. Ray acted knowingly and willfully.

To satisfy this element, the government must prove beyond a reasonable doubt that Mr. Ray knew that he owed substantially more federal income tax for the calendar year 2015 than was declared on his income tax return. Whether or not Mr. Ray had this knowledge is a question of fact to be determined by you on the basis of all the evidence. Of course, an act is done knowingly only if it is done purposely and deliberately and not because of mistake, accident, negligence or other innocent reason.

The government must also prove beyond a reasonable doubt that Mr. Ray acted willfully. A willful act is defined as a voluntary and intentional violation of a known legal duty. Thus, the government must prove beyond a reasonable doubt that Mr. Ray possessed the specific intent to defeat or evade the payment of taxes that Mr. Ray knew it was his duty to pay.

A defendant does not act willfully if he believes in good faith that his actions comply with the law. Therefore, if Mr. Ray actually believed that what he was doing was in accord with

---

[139] Adapted from Sand Inst. 59-7; *see United States v. Romano*, 938 F.2d 1569 (2d Cir. 1991).

the tax statutes, and that he paid all of the taxes he owed, he cannot be said to have had the criminal intent to willfully evade taxes. Thus, if you find that Mr. Ray honestly believed that he owed no taxes, even if that belief was unreasonable or irrational, then you should find him not guilty. However, you may consider whether Mr. Ray's belief was actually reasonable as a factor in deciding whether he held that belief in good faith. It should also be pointed out that neither Mr. Ray's disagreement with the law nor his own belief that the law is unconstitutional, no matter how earnestly that belief is held, constitutes a defense of good faith. It is the duty of all citizens to obey the law regardless of whether they agree with it.[140]

In the course of your deliberations concerning the determination of whether any particular portion of Mr. Ray's income was taxable, you should consider income that may have been illegally acquired, as well as funds that the evidence indicates have been lawfully acquired.[141]

---

[140] Adapted from Sand Inst. 59-8; *see also Cheek v. United States*, 498 U.S. 192, 111 S. Ct. 604, 112 L. Ed. 2d 617 (1991); *United States v. Pomponio*, 429 U.S. 10, 97 S. Ct. 22, 50 L. Ed. 2d 12 (1976).
[141] Adapted from Sand Inst. 59-10.

**COUNT THIRTEEN:  TAX EVASION**

Count Thirteen alleges that during the calendar year 2016, Mr. Ray committed the crime of income tax evasion.

I have just described to you the instructions regarding tax evasion and you should apply those instructions here with respect to the tax year 2016.

## COUNT FOURTEEN: TAX EVASION

Count Fourteen alleges that during the calendar year 2017, Mr. Ray committed the crime of income tax evasion.

I have just described to you the instructions regarding tax evasion and you should apply those instructions here with respect to the tax year 2017.

**REQUEST NUMBER (50)**
**COUNT FIFTEEN:  TAX EVASION**

Count Fifteen alleges that during the calendar year 2018, Mr. Ray committed the crime of income tax evasion.

I have just described to you the instructions regarding tax evasion and you should apply those instructions here with respect to the tax year 2018.

## REQUEST NUMBER (51)
## COUNT SIXTEEN:  TAX EVASION

Count Sixteen alleges that during the calendar year 2019, Mr. Ray committed the crime of income tax evasion.

I have just described to you the instructions regarding tax evasion and you should apply those instructions here with respect to the tax year 2019.

## REQUEST NUMBER (52) COUNT SEVENTEEN:
## VIOLENT CRIME IN AID OF RACKETEERING

The indictment charges Mr. Ray with assaulting Claudia Drury, a violent crime in aid of racketeering. Mr. Ray is charged with violating section 1959 of Title 18 of the United States Code. That section reads as follows:

Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires to do so.

In order to prove that Mr. Ray violated section 1959, the government must establish beyond a reasonable doubt each one of the following five elements of the offense:

First, that an enterprise affecting interstate commerce existed;

Second, that the enterprise was engaged in racketeering activity;

Third, that Mr. Ray had a position in the enterprise;

Fourth, that Mr. Ray committed the alleged crime of violence; and

Fifth, that Mr. Ray's general purpose in committing the crime of violence was to maintain his position in the enterprise (or in consideration for the receipt of anything of value).[142]

---

[142] Adapted from Sand Inst. 52-36; *see also United States v. Persico, 645 F.3d 85, 105 (2d Cir. 2011); United States v. Rahman, 189 F.3d 88, 126 (2d Cir. 1999).*

The first element the government must prove beyond a reasonable doubt is that an "enterprise" existed, which was engaged in or had an effect on, interstate (or foreign) commerce.

As I previously instructed you, an enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.

If you find that this was a group of people characterized by (1) a common purpose, (2) an ongoing formal or informal organization, and (3) by personnel who function as a continuing unit, then you may find that an enterprise existed.

To satisfy this element, the government is also required to prove beyond a reasonable doubt that the enterprise was engaged in or had any effect on interstate (or foreign) commerce.

As I previously instructed you, interstate commerce includes the movement of goods, services, money and individuals between states or between states and the District of Columbia.

The government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It is not necessary to prove that the acts of any particular defendant affected interstate commerce as long as the acts of

the enterprise had such effect. Finally, the government is not required to prove that any defendant knew he was affecting interstate commerce.[143]

The second element the government must establish beyond a reasonable doubt is that the enterprise was engaged in racketeering activity.

The indictment alleges that the enterprise was engaged in the racketeering acts that I have described as part of Count One.

It is for you to determine whether the enterprise engaged in these activities as charged. You should give the words "engaged in" their ordinary, everyday meaning. For an enterprise to be engaged in racketeering activity it is enough to show that the enterprise committed or was planning to commit some racketeering activity within a period of time short enough under all of the circumstances so that it is appropriate to say that the enterprise was engaged in racketeering activity.[144]

The third element the government must establish beyond a reasonable doubt is that defendant had (or was seeking) a position in the enterprise.

To establish this element the government must prove that defendant was actively engaged in promoting the illegal activities of the enterprise. It is not enough to prove that defendant was doing business with the enterprise; the government must prove that he was actually a member of the enterprise.[145]

---

[143] Adapted from Sand Inst. 52-36
[144] Adapted from Sand Inst. 52-38.
[145] Adapted from Sand Inst. 52-39; *see also United States v. Polanco*, 145 F.3d 536, 540 (2d Cir. 1998)*; United States v. Brady*, 26 F.3d 282, 289–90 (2d Cir. 1994).

The fourth element the government must establish beyond a reasonable doubt is that defendant committed the assault of Claudia Drury in violation of New York Penal Law Sections 120.05 and/or 120.14. Let me now instruct you on the elements of those sections.[146]

Under New York law section 120.05, a person is guilty of Assault in the Second Degree when, with the intent to cause physical injury to another person, he or she causes such injury to that person by means of a dangerous instrument.

The following terms used in that definition have a special meaning:

Physical Injury means impairment of physical condition or substantial pain.

Intent means conscious objective or purpose. Thus, a person acts with intent to cause serious physical injury to another when that person's conscious objective or purpose is to cause serious physical injury to another.

Dangerous Instrument means any instrument, article or substance which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or other serious physical injury. Under that definition, death or other serious physical injury need not, in fact, be caused.

The government are required to prove, from all the evidence in the case, beyond a reasonable doubt, both of the following two elements:

1. That on or about October 16, 2018, in the county of New York, Mr. Ray caused physical injury to Claudia Drury by means of a dangerous instrument; and

2. That Mr. Ray did so with the intent to cause serious physical injury to Claudia Drury.[147]

Under New York law section 120.14, a person is guilty of Menacing in the Second Degree when he or she intentionally places or attempts to place another person in reasonable fear of physical injury by displaying a dangerous instrument

---

[146] Adapted from Sand Inst. 52-40.
[147] Adapted from New York Courts, Criminal Jury Instructions § 120.05(2).

The following terms used in that definition have a special meaning:

Physical injury means impairment of physical condition or substantial pain.[3]

A person acts intentionally when that person's conscious objective or purpose is to cause a particular result or to engage in particular conduct. Thus, a person intentionally places or attempts to place another person in reasonable fear of physical injury by displaying or dangerous instrument when that person's conscious objective or purpose is to do so.

Dangerous instrument means any instrument, article or substance which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or other serious physical injury. Under that definition, death or other serious physical injury need not, in fact, be caused.

The government is required to prove, from all the evidence in the case, beyond a reasonable doubt, both of the following two elements:

1.    That the defendant placed or attempted to place an individual in reasonable fear of physical injury by displaying a dangerous instrument and

2.    That the defendant did so intentionally.[148]

The fifth element the government must establish beyond a reasonable doubt is that defendant's general purpose in committing the assault was to maintain his position in the enterprise. The government is not required to prove that it was defendant's sole or principal motive.

In determining whether a defendant's purpose in committing the assault was to maintain his position in the enterprise, you should give the word "maintain" its ordinary meaning. You should consider all of the facts and circumstances in making that determination.[149]

---

[148] Adapted from New York Courts, Criminal Jury Instructions § 120.14(1).
[149] Adapted from Sand Inst. 42-51; *see also United States v. Whitten*, 610 F.3d 168, 178 (2d Cir. 2010); *United States v. Payne*, 591 F.3d 46, 63–64 (2d Cir. 2010); *United States v. Dhinsa*, 243 F.3d 635, 671–72 (2d Cir. 2001); United States v. Payne, 591 F.3d 46, 63–64 (2d Cir. 2010); (enhance position or prestige within the enterprise).