# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE:
FACSIMILE: +1-212-455-2502

| Direct Dial Number | E-mail Address |
|---|---|
| +1-212-455-3070 | brooke.cucinella@stblaw.com |

BY ECF                                                         February 28, 2022

Re:     *United States v. Ray*, 20-cr-110 (LJL) (S.D.N.Y.)

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Liman,

      We represent Jane Doe 2, and we write in response to the Court's February 26, 2022 Order allowing the victims of Defendant Lawrence Ray ("Defendant") to be heard on the issue of whether they should be permitted to testify using only their first names.  We respectfully request that the Court allow our client to testify in open court by her first name only, as while this modest limitation would provide an immense benefit to our client, it would neither interfere with Defendant's rights nor his ability to put on a defense.

      Testifying as a witness at trial will require our client to re-live the most traumatic events of her life.  The public's heightened interest in this case only adds to our client's anxiety and distress about testifying to her difficult past at the hands of a man—the Defendant—who, consistent with the government's allegations in this case, manipulated, humiliated, and threatened her for years.  Moreover, defense counsel's objection to our client testifying by her first name only is yet another transparent effort by Defendant to continue his manipulation and humiliation of his victims from behind bars.  Two months ago, our client relocated to a new state in an effort to move past the trauma she endured and start a new chapter of her life.  Using her full name in open court would put this progress in jeopardy and re-attach the intimate details of what she was forced to experience to the life that she is actively trying to rebuild.  And, significantly, our client testifying by her full name does not fulfill any particularized need by Defendant, who knows our client's full name, among other of her most intimate details which he held over her for years.

      The Crime Victims' Rights Act requires courts to implement procedures to ensure that crime victims are accorded the right to be treated fairly, and "with respect for the victim's dignity and privacy."  18 U.S.C. § 3771 (a)(8).  Allowing our client to use only her

Simpson Thacher & Bartlett LLP

The Honorable Lewis J. Liman -2- February 28, 2022

first name while testifying will help protect her dignity and privacy without contravening Defendant's rights, which are subject to reasonable limitations.  Further, as a court in this District recently observed in the *Maxwell* case, it is common for victims in cases that have garnered media attention and those involving sex abuse to testify using pseudonyms or first names only.  *United States v. Maxwell*, 20 Cr. 330 (AJN) (S.D.N.Y. Nov. 1, 2021), Tr. at 7–8.  The rationale for permitting victims to testify without their full name in those cases is only heightened here, where not only both of those features are present, but the allegations—and subject of the testimony—will detail how the defendant abused and manipulated Jane Doe 2 for almost a decade.

That our client's name has been included in news articles in the past is not a reason to dredge up her full name anew at trial.  Our client has never given any reporter permission to use her full name in any article.  She has never intentionally connected her full name to any of the reporting done on Defendant's crimes.  Indeed, The *New York Magazine* article cited in defense counsel's letter did not include our client's last name.  Neither the existence of that article, nor any news media articles stemming from it, provide a legitimate or fair reason to subject our client to the further, deeper invasions of her privacy.

The Court should not countenance Defendant's objection, which is just a continuation of the same tactics and criminal conduct he used to victimize and degrade our client for years (including posting private information about her on a website bearing her full name as the web address).  Out of consideration for Jane Doe 2's dignity and privacy, this Court should grant the Government's motion.

Respectfully submitted,

/s/ Brooke E. Cucinella

Brooke E. Cucinella

Rachel S. Sparks Bradley

Kathryn Wheelock