**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

February 28, 2022

**VIA ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Lawrence Ray**
      **20 Cr. 110 (LJL)**

Dear Judge Liman:

We write on behalf of Mr. Ray to note objections and respectfully request rulings concerning a few outstanding matters in advance of trial on March 8, 2022.

### I.   The government's new cell site maps are still misleading.

In court on February 22, 2022, the government indicated that a "dot and arrows would be fine" to represent what cell site the phone connected to, Hr'g Tr. 16 (Feb. 22, 2022), and that their cell site location witness "has no way to identify that a cell phone is within th[e] circle [on the map]. It's the cell site that is within the circle." *Id.* at 17 (Feb. 22, 2022). The Court responded, "Why have the circles at all?" and instructed the government to do "more work" on the maps. *Id.* at 17–18.

On February 23, 2022, the government submitted a new map, but this map still does not use dots to show the location of the cell towers. Instead, it uses circles of "approximately 250 feet in diameter." Gov't Ltr. 2 (Feb. 23, 2022). The size of the new circles still has no relationship to the size of the cell site or the location of the phone. Instead, the government asserts that it used this size because it is the smallest size their witness's computer program will make. *Id.* This assertion is non-sensical. First, the government has already produced maps using dots to represent cell towers on pages 9 and 11–14. Thus, it appears the witness is in fact able to use dots to represent cell towers.[1] Second, this assertion underscores that the size of the circles on the maps is completely arbitrary. The government says that their witness will explain that the "map representations are…not to scale." *Id.* But if the map is "not to scale," and the size of the circles is not related to what they are meant to represent, the map should not be used.

Additionally, the smaller circles do nothing to solve the problem that the maps inaccurately suggest that the phone is located within the circle. Indeed, if anything the smaller circles make the

---

[1] Alternatively, if the witness needs to use a different computer program to produce accurate maps, he should do so.

Hon. Lewis J. Liman

problem more acute by inaccurately suggesting that the coverage area of a cell tower is even smaller than it suggested before, with a radius of only 250 feet. As explained in the *Daubert* briefing, cell towers have much greater coverage areas than 250 feet and the coverage areas are not circular, especially in Manhattan which has a great deal of interference from large buildings and waterways.

Finally, the government says without elaboration that "[u]sing a graphic to highlight the area around a cell site location is a useful aid to the jury." *Id.* But the "area around a cell site location" is only meaningful if it is related to the size of the area in which the phone is expected to be located. Otherwise, as the Court noted, "the circle could be read to suggest something about the radius within which a device was located in relationship to the cell tower and that it's meaningful whether the circle is the smaller circle or the larger circle." Hr'g Tr. 17 (Feb. 22, 2022). That is misleading and should not be permitted.

Accordingly, this Court should exclude these maps because they are inaccurate, misleading, and prejudicial.

**II.    The Court should not permit the government to elicit evidence of Mr. Ray's current pretrial incarceration.**

On February 18, 2022, the defense moved for an *in limine* ruling prohibiting the government from referencing Mr. Ray's pretrial detention, including calls Mr. Ray made from the MCC and the MDC that the government seeks to introduce as evidence. Dkt. 371 at 27–30. In discussing the proposed stipulation to admit these calls, the government indicated that it would not omit any reference to prison or jail from the stipulation unless so directed by the Court. *Id.* For the reasons detailed in Mr. Ray's motions *in limine*, the Court should not permit any reference to Mr. Ray's pretrial incarceration. *Id.* The Court's opinion and order on the parties' motions *in limine* did not address this issue. Dkt. 382. Mr. Ray therefore respectfully requests that the Court rule on this matter in advance of trial.

**III.   Mr. Ray respectfully requests additional voir dire questions in light of the Court's *in limine* rulings.**

On February 18, 2022, Mr. Ray submitted his proposed voir dire questions for jury selection. Dkt. 370. In the filing, the defense reserved the right to propose additional lines of inquiry after the Court ruled on the motions *in limine*. In light of the Court's ruling that words such as brainwashing, grooming, cult, gaslighting, and lieutenant are admissible at trial, Mr. Ray respectfully requests to amend its prior filing to propose these additional questions for voir dire: This case involves allegations of "grooming" behavior. Are you familiar with the term "grooming"? Have you, a family member or close friend, ever been sexually groomed? Does the nature of that alleged conduct make it difficult for any of you to render a fair verdict?

**IV.    Mr. Ray should not be precluded from raising the exclusion of testimony from government witnesses Julie Schulman and Tina Sheppard.**

On January 31, 2022, Mr. Ray filed motions *in limine*. Dkt. 324. At that time, Mr. Ray did not have the government's witness list. The government disclosed its original witness list on February 8, 2022, before the parties' responses to motions *in limine* and cross-motions *in limine*

2

Hon. Lewis J. Liman

were due. Until then, Mr. Ray was not aware that the government intended to call Julie Schulman and Tina Sheppard as witnesses at trial. On February 18, 2022, the defense moved to preclude the testimony of Julie Schulman and to limit the testimony of Tina Sheppard. Dkt. 371 at 64–68. The Court ruled that because the motions were made after the deadline for *in limine* motions, the Court will not consider these motions in advance of trial. Dkt. 382 at 65.

The defense raised the issue of the testimony of Julie Schulman and Tina Sheppard as soon after receiving the government's witness list as was practicable, i.e. in its cross-motions *in limine*. Moving to preclude or restrict testimony of these witnesses on January 31, when Mr. Ray's original motions *in limine* were due, would have been merely speculative, as the defense had not then received the government's witness list. Further, the defense timely objected to the testimony of Julie Schulman as a rebuttal expert to Mr. Ray's proposed expert, Dr. Joseph Pierre, requesting a *Daubert* hearing well before Mr. Ray's motions *in limine* deadline, calling into question the reliability of her proffered testimony. Dkt. 309 at 18–22. The Court did not rule on the admissibility of her testimony at that time. Dkt. 329.

Accordingly, the defense respectfully renews its request for an *in limine* order excluding the testimony of Julie Schulman and prohibiting Tina Sheppard from giving opinion testimony.

**V.     The Court should restrict IRS Agent Catanzaro's presence at trial to witnesses whose trial testimony is directly relevant to the tax charges.**

The Court ruled that IRS Agent Catanzaro may testify as a summary witness, and that she may be present during other witnesses' trial testimony in order to compute the tax loss for the tax evasion charges. Dkt. 382 at 37. But because Agent Catanzaro's presence for purposes of tax loss calculation is not essential for every witness that testifies at trial, Mr. Ray respectfully requests that Agent Catanzaro only be permitted to be present for witnesses whose testimony has a direct bearing on the tax loss computation.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/

Marne L. Lenox, Esq.
Peggy Cross-Goldenberg, Esq.
Allegra Glashausser, Esq.
Neil P. Kelly, Esq.

*Counsel for Lawrence Ray*

cc:     Counsel of record