UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                :
UNITED STATES OF AMERICA,                                       :
                                                                :
            -v-                                                 :           20-CR-110 (LJL)
                                                                :
LAWRENCE RAY,                                                   :           ORDER
                                                                :
                        Defendant.                              :
                                                                :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        The Court received the proposed redactions from counsel for the alleged victim which was

copied to all counsel.  The redacted documents are attached hereto for the public record.


        SO ORDERED.

Dated: February 28, 2022
        New York, New York                    _____
                                                       LEWIS J. LIMAN
                                                   United States District Judge

# Kramer Levin

Darren LaVerne
Partner
**T** 212.715.9190
**F** 212.715.8190
dlaverne@kramerlevin.com

1177 Avenue of the Americas
New York, NY 10036
T 212.715.9100
F 212.715.8000

February 28, 2022

**Request to Be Filed Under Seal[1]**

**By Email**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *United States v. Lawrence Ray, et al.*, 1:20-CR-110 (LJL)

Dear Judge Liman:

We respectfully submit this letter on behalf of non-party Jane Doe 1[2] in response to the Court's February 26, 2022 order regarding the government's February 24 motion that Ms. Doe, together with four other witnesses (three of whom are Ms. Doe's family members), be permitted to testify under only their first names. Ms. Doe joins in the motion. We focus here on addressing the arguments raised in the defendant's February 25 opposition.

First, it is not true that the government has "expressly waived" its ability to seek the requested relief, as the defendant contends, particularly as regards Ms. Doe. At the February 22, 2022 hearing, the government did not in fact reveal Ms. Doe's name, and instead expressly maintained her anonymity in light of her "unique present circumstances." Tr. 3:8 (Feb. 22, 2022). Those circumstances include ███████ ████████████████████████ The approach of this trial has required Ms. Doe to reengage with the intense trauma she (as well as her closest family members) suffered at the hands of the defendant. The trial itself, which will require her to testify publicly and in detail about this trauma, will be overwhelmingly stressful and taxing on Ms. Doe's

---

[1] We understand that the parties have filed their letters regarding this issue under seal by email to Chambers, and we are following the same procedure here. For the reasons set forth herein, as well as those set forth in our October 9, 2020 letter (*see* ECF Dkt. No. 79), we agree with the government that these letters should be filed under seal pending determination of the pending motion. Moreover, regardless of how the Court rules, we ask that reference ██████████████████████ be redacted from any publicly filed version of the letters, and will provide proposed redactions to that end upon the Court's request.

[2] As noted in the parties' letters, ████████████████████████ .

February 28, 2022



mental health.  Ms. Doe recognizes that she must persevere through these challenges if she is to be a trial witness.  The government's proposal would help mitigate this trauma and anxiety in a manner that would comply with the Sixth Amendment and cause no prejudice to the defendant.

It certainly is not the case, as the defendant argues, that permitting Ms. Doe to testify under her first name would suggest to the jury that she fears reprisal from the defendant.  There will be no question at trial that the defendant already knows Ms. Doe's identity – she lived with him for an extended period of time (as did Ms. Doe's sister and brother) and revealed to him intimate personal details.  This is not a case where an eyewitness, unknown to the defendant, or confidential informant who knew the defendant only under an assumed name, is testifying with the protection of anonymity.  *Cf. United States v. Hernandez*, No. S1 12-CR-809 (PKC), 2013 WL 3936185 at *3 (S.D.N.Y. July 29, 2013) (permitting use of pseudonym for undercover agent in narcotics case).  As it hears the evidence, the jury will be aware of the nature of Ms. Doe's relationship with the defendant and will not draw the conclusion that she is using her first name to protect her identity from him.  Rather, the natural conclusion that the jury will draw, if any, is that Ms. Doe is testifying under her first name to protect her privacy more generally – which is the truth, and fully consistent with the instruction the government proposes here.  Gov't Ltr. at 3 (Feb. 24, 2022); *see also United States v. Maxwell*, 20-CR-330 (AJN) (S.D.N.Y. Nov. 1, 2021), Tr. at 9 ("any potential prejudice in this regard can be cured with an appropriate instruction explaining that the reason for the precaution is regard for the witnesses' and alleged victims' privacy, and that no inference can or should be drawn against the defendant because of these precautions"); *United States v. Raniere* (E.D.N.Y. May 6, 2019), Dkt. No. 622 at 33-34 (same); *United States v. Marcus*, No. 5- CR-457(ARR), 2007 WL 330388, at *4 (E.D.N.Y. Jan. 31, 2007) (permitting witnesses to testify under first names only, and instructing the jury "[that this is] due to the sensitive nature of the conduct [the witnesses] will describe and the likelihood of embarrassing publicity").

Nor is there any risk, as the defendant also argues, that jurors who know Ms. Doe personally will be seated during voir dire.  Def. Ltr. at 3 (Feb. 25, 2022).  As we understand it, under the government's proposal, Ms. Doe's full name will simply be shown to the jurors, rather than read to them in open court.  This was the procedure used in *United States v. Maxwell* and would address the defendant's professed concern.[3]  *See Maxwell*, 20-CR-330 (AJN) (Nov. 23, 2021), at 7 Dkt. 497 (instructing the jury that to

---

[3]  The defendant also raises supposed logistical concerns relating to the authentication of evidence.  Def. Ltr. at 3 (Feb. 25, 2022).  While these concerns would be best addressed by the government, it seems clear that witnesses can simply read the relevant documents to themselves and testify whether they are their own, or whether they accurately state their email addresses or account information, rather than reading their last names out loud.

February 28, 2022



protect witnesses' privacy the Court "permitted witnesses, if they choose, to be referred to in open court by either their first name or a pseudonym" and adding that "full names of the witnesses are known to the Government, the defendant, and to the Court, and were shown to you during jury selection.  This process should not bear in any way on your evaluation of the evidence in this case").

Finally, the defendant is incorrect that the fact that Ms. Doe's name was mentioned in prior media coverage precludes the relief sought here.  As noted by the defendant himself, the April 2019 *New York* Magazine article did not reference Ms. Doe's last name.  Def. Ltr. at 1, Feb. 25, 2022 ("The April 2019 *New York* Magazine article that prompted the government's investigation included the complaining witnesses' *first names*" (emphasis added)).  The defendant cites one other article, published nearly three years ago, in which Ms. Doe's full name appears.  *Daily Mail*, April 19, 2019 (reporting that ███████████████ is among the students whom the defendant believes poisoned him and others).  None of the other articles cited by the defendant include her full name, and a google search for her name brings up no reference to this case.

In any event, even if Ms. Doe's name had appeared more prominently or widely in prior media coverage, that would not be a reason to preclude her from testifying under her first name at trial.  As the courts found in *United States v. Kelly* and *United States v. Maxwell* – where certain victims had been previously identified in the press and had in fact spoken out publicly – pretrial publicity was not sufficient reason to limit further dissemination of the victims' full names by allowing them to testify using their first names in court.[4]  *United States v. Maxwell*, 20-CR-330 (AJN) (S.D.N.Y.Nov. 1, 2021), at 6 (quoting *United States v. Raniere*, No. 18 CR 204, Dkt. No. 622 at 34, n. 17) ("[T]he fact that some alleged victims have previously publicly disclosed some of their allegations" did not "obviate the need to limit disclosure. As another district court has held, 'just because some victims' names are publicly available does not mean that the details of their experience are already available'"); *United States v. Kelly*, No. 19-CR-286 (E.D.N.Y. Aug. 3, 2021), at 53 (holding that the fact that a witness had spoken in other forums was "not …a reason to force them to testify about these particular things using their full names").

---

[4]  The defendant seeks to distinguish *Maxwell* and *Raniere* on the ground that Ms. Doe will testify about events that took place when she was an adult, rather than a minor.  In truth, as Judge Nathan recognized in *Maxwell*, courts have permitted witnesses to testify under pseudonyms or their first names "whether or not the alleged victims are minors or adults testifying about abuse that allegedly occurred when they were minors." *Maxwell*, 20-CR-330 (AJN) (S.D.N.Y. Nov. 1, 2021), at 6 (*citing Raniere*, No. 18 CR 204, Dkt. No. 622 at 32).  The relevant question is whether "requiring alleged victims to publicly provide their names could chill their willingness to testify for fear of having their personal histories publicized," not whether the victims are minors or adults.  *Id.*

February 28, 2022



   While permitting Ms. Doe and her family members to testify using their first names will not entirely insulate them from publicity during this trial or eliminate the intense anxiety that testifying will bring, it will substantially mitigate these concerns.  As victims, they are entitled by statute to be treated with respect for their dignity and privacy.  Crime Victims' Rights Act, 18 U.S.C. § 3771, §§ (a)(1), (a)(8).  It is good for our justice system to protect the privacy of victims and thus encourage them to come forward and participate, particularly where doing do does not prejudice the other interests at stake.  The defendant has not identified any such prejudice, or any other reason for denying to Ms. Doe this relatively modest measure that has been adopted in other cases involving the kinds of "humiliating and explicit acts of abuse" alleged here.  *Kelly*, No. 19 Cr. 286, (E.D.N.Y. Nov. 4, 2021), Dkt. No. 255, at 20-21.  Accordingly, the Court should grant the government's motion.

        Respectfully submitted,

        /s/ Darren A. LaVerne     
        Darren A. LaVerne

        KRAMER LEVIN NAFTALIS &
        FRANKEL LLP
        1177 Avenue of the Americas
        New York, NY  10036
        Telephone:  212.715.9190

cc:  Counsel of Record (via ECF)