**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 1, 2022

<u>**VIA ECF**</u>

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** <u>**United States v. Lawrence Ray**</u>
**20 Cr. 110 (LJL)**

Dear Judge Liman:

    We write on behalf of Mr. Ray to move the Court to admit evidence of Claudia Drury's prior sexual conduct under Rule 412.

    Federal Rule of Evidence 412 prohibits "evidence offered to prove that a victim engaged in other sexual behavior" or "evidence offered to prove a victim's sexual predisposition." However, in a criminal case, the rule permits "evidence of specific instances of a victim's sexual behavior" if exclusion of such evidence "would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1).

    As the Court is well aware, Mr. Ray is charged with, *inter alia*, one count of sex trafficking and one count of conspiracy to commit sex trafficking in violation of Title 18 of Section 1951 of the United States Code. Drury is the sole alleged sex trafficking victim. As the government has previewed, to prove its case, the prosecution will assert that Mr. Ray sexually groomed certain of the alleged victims, including Drury. In so doing, the government will introduce evidence of Drury's sexual behavior prior to engaging in commercial sex acts, for instance, evidence and testimony that Drury, at Mr. Ray's suggestion, engaged in non-commercial sex acts with various individuals, including another of the alleged victims and a tool salesman.

    The government cannot use evidence of alleged grooming as both a sword and a shield. Given the government's intent to inject such evidence at trial, Mr. Ray should be permitted to cross examine Drury about her sexual predisposition and behavior before she began having sex in exchange for money as charged. This includes, among other things, questioning Drury about attending sex parties and swingers events, as well as her employment at a sex club. Mr. Ray should further be permitted to inquire about Drury's admission that she gave a man naked photos of herself

Hon. Lewis J. Liman

from a photo hosting site and "gave another guy a Skype session show," and other evidence of this nature.

Drury's prior sexual history is directly relevant in this case. Cross examination about Drury's sexual history is therefore necessary for Mr. Ray to have "a meaningful opportunity to present a complete defense" at trial, *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006), and to confront the witnesses against him by "impeach[ing] the credibility of a prosecution witness by cross-examination." *Davis v. Alaska*, 415 U.S. 308, 309 (1974). *See United States v. Alvarez*, 601 F. App'x 16, 18 (2d Cir. 2015) (upholding the admission of evidence of alleged victims' prostitution history before meeting defendant). To preclude cross examination of this nature would be fundamentally unfair in light of the government's theory of the case.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/

Marne L. Lenox, Esq.
Peggy Cross-Goldenberg, Esq.
Allegra Glashausser, Esq.
Neil P. Kelly, Esq.

*Counsel for Lawrence Ray*

cc: Counsel of record