**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

March 3, 2022

**VIA ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Lawrence Ray**
      **20 Cr. 110 (LJL)**

Dear Judge Liman:

    We write on behalf of Mr. Ray in accordance with the Court's order on March 1, 2022 concerning the admissibility of the government's proffered evidence.

    As discussed at the final pretrial conference, the government intends to introduce hundreds of exhibits through Agent Stephen Flatley, an FBI agent who specializes in forensic technology. Agent Flatley will testify only that he extracted certain materials, including more than 100 audio and video recordings, as well as photographs, from devices recovered pursuant to the searches of Mr. Ray's home and storage unit. Agent Flatley did not otherwise participate in the investigation of this case, is not familiar with the alleged victims, did not create, maintain, or produce the recordings at issue, and will offer no substantive testimony about the specific materials recovered apart from the mere fact that they were extracted from devices in Mr. Ray's possession.

    Following the pretrial conference, the defense previewed for the government certain categories of materials from Agent Flatley's summary chart that the defense expects to object to on hearsay or relevance grounds. The defense then asked the government for an offer of proof as to which witnesses the government expects to rely on to authenticate the recordings extracted by Agent Flatley. The government indicated that while it will show or play some of the recordings for some of the witnesses at trial, it does not intend to play all 100 plus recordings during trial, nor will the government have its witnesses authenticate each of the recordings it introduces through Flatley.[1] Instead, the government plans to introduce the recordings (and all other exhibits on Agent Flatley's summary chart) en masse through Agent Flatley alone, not subject to connection for relevance or authentication, and without any explanation from any witness about what the exhibits

---

[1] This includes the sexually explicit videos of Felicia Rosario referenced in the government's summary chart.

Hon. Lewis J. Liman

depict. The government takes the position that Agent Flatley's extraction testimony sufficiently "authenticates" the materials. This is plainly wrong. The Court must require the government to establish the relevance of the extracted materials and properly authenticate the recordings in accordance with the Federal Rules of Evidence before admitting them into evidence.

It is axiomatic that "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. In the Second Circuit, "since recorded evidence is likely to have a strong impression upon a jury and is susceptible to alteration, we have adopted a general standard, namely, that the government 'produce clear and convincing evidence of authenticity and accuracy" as a foundation for the admission of such recordings.'" *United States v. Fuentes*, 563 F.2d 527, 532 (2d Cir. 1977) (quoting *United States v. Knohl*, 379 F.2d 427, 440 (2d Cir. 1967)).

While the government may introduce the materials extracted from devices, that these materials were in Mr. Ray's possession makes them relevant only for that fact. It does not alleviate the government's burden of establishing (1) the connection between the evidence recovered from the devices and the charges at issue in this case, and (2) that the materials are what the government claims that they are. Fed. R. Evid. 901. What the exhibits depict is far from obvious as the titles of the exhibits are meaningless, including series of exhibits labeled "IMG_[number].JPG" and "IMG_[number].MOV," and they include voices and images of many different individuals. Absent explanation by the government of what each exhibit is, the Court and the defense would be left with no context to access the relevance of the recordings. And, absent testimony about who and what is depicted in the recordings, many of which are exceedingly lengthy, the jury would have no context to understand them at all.[2]

---

[2] Based on conversations with the government, we believe that this same problem will apply to exhibits that the government intends to introduce through Agents Graves and Serra. The government plans to admit numerous journals and notebooks recovered pursuant to search warrants through those two witnesses. The defense has no objection to Agents Graves and Serra testifying that they found the notebooks in Mr. Ray's house or storage area, however, the defense does object to the writing inside the notebooks being admitted through those agents. The notebooks contain hundreds of pages of handwritten notes. As with the audio and video recordings, these documents should not be admitted without the government establishing with respect to each writing, what hearsay exception applies, what it is being admitted for, who wrote it, and when. Absent any explanation of the writings, the contents of the notebooks should not be admitted. A similar issue is likely to arise in connection with the emails and other files the government seeks to introduce en masse via stipulation. The parties have agreed in principle to stipulations regarding account information maintained by Google, Microsoft, and Apple, as well as that individual files were extracted from massive cloud storage accounts, but these files also contain out of court statements that the government appears to seek to introduce for the truth of the matter contained therein. The fact that hearsay statements were stored on cloud storage accounts registered in an individual's name does not obviate the need for the government to establish a proper basis for such statements' admissibility. Nor is there a "complicated case" exception to the Federal Rules of

Hon. Lewis J. Liman

Implicit in the government's assertion that Agent Flatley is qualified to authenticate the extracted material is the assumption that recordings and photographs are self-authenticating. This is false. *See Boykin v. W. Express, Inc.*, No. 12 Civ. 7428 (NSR) (JCM), 2016 WL 8710481, at *5 (S.D.N.Y. Feb. 5, 2016). Authentication of a video requires not only that a particular individual is captured in the video, but also that "the video is *authentic* and that the *events* are accurately depicted." *Id.* (emphasis in original). Indeed, "the drafters of the Federal Rules of Evidence anticipated that, in specified circumstances, certain types of exhibits may be so evidently that which the proponent claims them to be that they may be deemed authentic without extrinsic evidence. That list—which is not open-ended—does not include videotapes, photographs or any pictographic or oral items of evidence." *Leo v. Long Island R. Co.*, 307 F.R.D. 314, 325 (S.D.N.Y. 2015) (citing Fed. R. Evid. 902, 1972 Advisory Committee Notes).

To be sure, the authentication of evidence may come in different forms. As the court in *Leo v. Long Island R. Co.* observed,

> In general, a party may provide proper foundation for the admission of a videotape by providing 1) testimony demonstrating that the videotape fairly and accurately illustrates the events filmed; 2) testimony regarding the checking, operation, and handling of the recording equipment; 3) testimony that the videotape admitted at trial is the same as the one the witness inspected previously, or 4) testimony that the videotape has not been edited and fairly and accurately recorded the actual appearance of the area and events that transpired.

307 F.R.D. at 324 (internal quotation and citation omitted). *See also Usov v. Marc Lazar, Inc.*, No. 13 CIV. 818, 2016 WL 6905978, at *1 (S.D.N.Y. Nov. 22, 2016) (listing factors for courts to consider when determining the admissibility of audio recordings) (quoting *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 264 (S.D.N.Y. 2003)).

Agent Flatley can do none of this. That the agent extracted certain recordings from devices belonging to Mr. Ray does not magically render those materials "genuine," *Leo*, 307 F.R.D. at 324, nor does it make the contents of the recordings relevant and admissible. For the evidence to be admissible, the government must take the additional step of demonstrating both its relevance and authenticity, neither of which can be accomplished through Agent Flatley. As Your Honor noted in *King v. Wang*, if "a witness testifies that the videos are fair and accurate representations of the exhibition, they will be received. It is sufficient that a witness with personal knowledge of what the video or photograph purports to depict testify that it is a fair and accurate representation of what they observed." 14 Civ. 7694 (LJL), 2021 WL 5232454, at *10 (S.D.N.Y. Nov. 9, 2021).

Agent Flatley's extraction is not sufficient evidence to support a finding that the extracted audio and video recordings are what the government claims they are, let alone establish the relevance of the materials extracted from the devices to the issues in this case. Flatley did not operate the recording device, was not present at the time of the recording, has no personal knowledge of the events recorded, and cannot identify the voices or images of the individuals

---

Evidence that relieves the proponent of evidence of the need to lay a proper foundation for the admission of each piece of evidence.

3

Hon. Lewis J. Liman

depicted on the recordings. *Cf. Louis Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966, 973–74 (2d Cir. 1985) (finding videotape properly authenticated where "[t]he district court allowed the videotape to be played after hearing [witness's] testimony that the tape accurately depicted the events in the hotel room"). Simply put, Agent Flatley's testimony cannot satisfy Rules 401, 402 or 901.

Certainly, there are instances in which law enforcement alone may properly authenticate audio and video recordings. But the circumstances under which law enforcement testimony satisfies the requirements of Rule 901 are inapplicable here. In *Behiry v. United States*, for instance, the court found video recordings were properly authenticated by the testimony of an agent "who directly controlled, managed and created the video recordings." 16 Cr. 763 (LGS), 2022 WL 421124, at *3 (S.D.N.Y. Feb. 11, 2022). Similarly, in *United States v. Ikezi*, the Second Circuit ruled that "evidence that agents set up the equipment, tested it and verified the nature of the taped meeting with the informant" was sufficient to authenticate recordings. 353 F. App'x 482, 483 (2d Cir. 2009). *See also United States v. Barone*, 913 F.2d 46, 49 (2d Cir. 1990) ("A proper foundation for the Barone/Sacco recording was therefore laid through the testimony of the agent who operated the recording device.").

Here, in stark contrast, the agent upon whom the government intends to rely for authentication had nothing at all to do with the creation, production, or maintenance of the evidence at issue. He was not involved with the investigation of the case nor did he participate in the making of the recordings. He is not competent to identify the individuals whose voices and images appear in recordings and photographs. Indeed, there is no indication that the agent has any knowledge of the contents of the exhibits at all. Agent Flatley's testimony will establish only that certain materials were recovered from Mr. Ray; he has no personal knowledge to substantiate that the extracted recordings or photographs are what the government purports them to be. *Cf. United States v. Ida*, S1 96 Cr. 430 (LAK), 1997 WL 122753, at *1 (S.D.N.Y. Mar. 18, 1997) (holding video surveillance was properly authenticated by two agents who testified about the creation and maintenance of the recordings themselves). Under the government's plan, the government also will not explain to the jury (or the Court and the defense) what the government purports the exhibits themselves to be.

For these reasons, the Court should only admit recordings and photographs through Agent Flatley subject to connection through the testimony of a competent witness or witnesses who can establish their relevance and properly authenticate the materials. Allowing the government to admit over 100 exhibits without any context, not only contravenes the rules of evidence, but also promises to introduce confusion into the trial, leaving everyone guessing about what the exhibits are meant to show.

Hon. Lewis J. Liman

Thank you for your consideration of this matter.

                                            Respectfully submitted,

                                                     /s/

                                            Marne L. Lenox, Esq.
                                            Peggy Cross-Goldenberg, Esq.
                                            Allegra Glashausser, Esq.
                                            Neil P. Kelly, Esq.

                                            *Counsel for Lawrence Ray*

cc:     Counsel of record