**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 3, 2022

**Via ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Lawrence Ray**
      **20 Cr. 110 (LJL)**

Dear Judge Liman:

     We write pursuant to the Court's instruction at the final pretrial conference and in response to the proposal by the government that IRS Revenue Agent Valerie Catanzaro be permitted to remain in the courtroom for nearly every witness the government calls at trial. *See* Ex. A.

     The Court has permitted Agent Catanzaro to testify as a "summary witness" based on the government's representation that she "will simply analyze *facts* already introduced into evidence and spell out the tax consequences that necessarily flow from those *facts*." Dkt. 323 at 43 (emphasis added) (quotation omitted). The Court ruled that such factual "summary" testimony was permissible, applying the Second Circuit's holding that testimony is not expert so long as "it was based on [the witness's] 'investigation and reflected [the witness's] investigatory findings and conclusions.'" Dkt. No. 382 at 35–36 (quoting *United States v. Rigas*, 490 F.3d 208, 224 (2d Cir. 2007)).

     But included among the witnesses for whom the government believes Agent Catanzaro should be permitted to remain in the courtroom is Dawn Hughes—the government's expert witness on "coercive control." The Court has permitted Dr. Hughes's *opinion* testimony based on the government's representation that she will not provide any testimony about any alleged victim or witness. Dkt. No. 287 at 26. Specifically, the Court ruled that Dr. Hughes could testify because it believed she would not testify regarding any of alleged victims or invade the province of the jury by opining on Mr. Ray's alleged conduct. *Id.*

     It appears that the government intends to have Agent Catanzaro make this improper connection instead. At the final pretrial conference, the government revealed that it wants the Revenue Agent to sit through testimony "about the extent of [Mr. Ray's] control over those victims, his pattern of thinking." Tr. 62:22–63:1 (Mar. 1, 2022). The only relevance Dr.

Hughes's testimony would have for Agent Catanzaro's calculation of tax losses would be if the Agent were to testify that she determined certain financial transactions and/or funds connected to other witnesses was in fact attributable to Mr. Ray because, based on the Agent's understanding of Dr. Hughes's testimony, Mr. Ray "controlled" the actions of these other witnesses. Such testimony—which would necessarily rely on the Agent's *opinion* and evaluation of the evidence (not mere summary of factual evidence already introduced)—is far afield from the "testimony . . . properly offered by a summary witness" that the Court permitted. Dkt. No. 382 at 36.

Moreover, such testimony would improperly invade the province of the jury. The Court has permitted Dr. Hughes's testimony over the defense's objection because it has ruled that Dr. Hughes would not be opining on an ultimate issue of fact for the jury—i.e., whether Mr. Ray did indeed "control" the alleged victims. If Agent Catanzaro were permitted to testify that: (1) she listened to the alleged victims' testimony, (2) she listened to Dr. Hughes's testimony, (3) she concluded that Mr. Ray had "control over [the] victims," so (4) the money flowing through their accounts was attributable to him for purposes of calculating a tax loss, then Agent Catanzaro will do precisely what the Second Circuit recently reaffirmed government witnesses cannot do— serve an "additional summation" for the prosecution. *See United States v. Zhong*, No. 19-4110, 2022 WL 532947, at *11 (2d Cir. Feb. 23, 2022) (quoting *United States v. Dukagjini*, 326 F.3d 45, 54 (2d Cir. 2003)) (holding it improper for the government to use an expert witness to "interpret" and "vouch for" other evidence it offered); *see also United States v. Hart*, 295 F.3d 451, 452 (5th Cir. 2002) (reversing conviction and remanding for new trial where government's "'summary' witness did far more than summarize previously-presented evidence").[1]

In addition, the government has proposed that Agent Catanzaro be permitted to sit through the testimony of witnesses who will provide no evidence whatsoever about financial matters or issues relevant to the calculation of tax losses—including Agent Flatley (who will solely testify to the extraction of files from seized devices); Mr. Petersohn (who will testify to the purported location of mobile devices at various points in time); Daniel Levin (who will testify that neither he nor anyone related to him ever gave money to Mr. Ray); a custodian who wrote the script pertaining to certain prostitution advertisements; agents who will testify solely to where items were located during the execution of search warrants; and paralegal summary witnesses and records custodian witnesses who will give no substantive testimony other than serving as vehicles for the introduction of various pieces of evidence.

Because none of this information is relevant to the Revenue Agent's testimony regarding the calculation of alleged tax losses in this case, the Agent should be excluded from the courtroom during the testimony of the aforementioned witnesses.

---

[1] For the same reasons, and in light of the government's proffer at the final pretrial conference, the defense renews its objection to Agent Catanzaro's putatively "non-expert" testimony because the Revenue Agent's expertise, opinions, and specialized analysis will clearly form the basis of her anticipated trial testimony. In the alternative, the tax counts should be severed and Agent Catanzaro should provide her testimony in a separate proceeding uninfected by the substantial risk of prejudice her testimony will introduce here.

        Respectfully submitted,

        /s/

        Allegra Glashausser, Esq.
        Marne L. Lenox, Esq.
        Peggy Cross-Goldenberg, Esq.
        Neil P. Kelly, Esq.

cc:    Counsel of record