

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 3, 2022

**BY ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    ***United States v. Lawrence Ray***,
               S2 20 Cr. 110 (LJL)

Dear Judge Liman:

    The Government writes in regards to Agent Catanzaro's presence during the testimony of other witnesses. The Government has conferred with defense counsel and has been unable to reach an agreement regarding the particular witnesses for whom Agent Catanzaro will be present.

    In the first instance, the Government believes it is appropriate for Agent Catanzaro to be present for the entirety of the trial and all witnesses who precede her testimony. As this Court has already recognized, it is routine and unobjectionable for an IRS revenue agent to testify as a summary witness, and it is necessary that the IRS revenue agent hear and see the evidence that will form the basis of her testimony. "The key to admissibility is that the summary witness's testimony does no more than analyze facts already introduced into evidence and spell out the tax consequences that necessarily flow from those facts." *United States* v. *Stierhoff*, 549 F.3d 19, 27-28 (1st Cir. 2008). To the extent that Agent Catanzaro is present for witnesses that do not ultimately bear on her analysis, there is no prejudice as she will simply not rely on it in her summary testimony and therefore will be making no representations about to the jury. It reduces practical and logistic difficulties for her to remain in the courtroom, and eliminates the possibility that – on either direct or cross examination – relevant testimony will be unexpectedly elicited from a witness while Agent Catanzaro is not present, impeding her ability to properly perform her calculations.

    This is particularly a concern here, given that the Government also expects that the defendant may raise as a defense that what Agent Catanzaro identifies as income should instead be characterized in a way that qualifies for an exemption from taxable income under the Internal Revenue Code. Given that the defendant has not produced defense exhibits, the Government does not now know the defendant's expected defenses on the tax evasion charges would be and cannot hypothesize which witness's testimony may be implicated.

In the alternative, the Government submits that Agent Catanzaro should be present for at least the following witnesses, as discussed with defense counsel on March 2, 2022. This reduced list includes witnesses 1) who will testify about extortion; 2) who will testify about sex trafficking; 3) who will testify about relevant documentary or electronic evidence.[1] Specifically the Government provided the following list of proposed witnesses:

- Stephen Flatley
- Matt Frost
- Mark Lubin
- Kelly Maguire
- Andrew Petersohn
- Julie Gonzalez
- Rachel Graves
- Salvatore Hazel
- Dawn Hughes
- Daniel Levin
- Randy Levinson
- Ted O'Neal
- Barry Pool
- Claudia Drury
- Felicia Rosario
- Maritza Rosario
- Santos Rosario
- Yalitza █
- Kristopher Serra
- Kyle Sliger
- Paralegal Summary Witness
- Records Custodians

Agent Catanzaro's presence is necessary and appropriate for the following reasons:

Various documentary exhibits that were seized during the searches reflect cash pick-ups made by Isabella Pollok and Lawrence Ray from Claudia Drury, substantiate the defendant's relationship with Claudia and other victims, and provide information about the defendant's financial arrangements, including his use of others' bank accounts. It is necessary for Agent Catanzaro to hear the testimony that authenticates relevant exhibits and establishes the defendant's connection to them. Such records include particular documents upon which she will rely, like the ledgers, or documents that corroborate the defendant's ongoing control over Claudia Drury, like her journals or mail addressed to her, or documents that show his cash expenditures. FBI Special Agent Rachel Graves, the team leader of the search of the Piscataway residence, and FBI

---

[1] For ease of reference, the Government proposed that Agent Catanzaro not be present for the following witnesses: Frank Piazza; Carlos Pagen; Moussa Cisse; Richard Pleus; Lana Popovic; Julie Schulman; Tina Sheppard; amd Valerie Lederman.

Supervisory Special Agent Kristopher Serra, the team leader of the search of the storage locker, will authenticate these exhibits.

FBI CART Examiner Stephen Flatley is expected to authenticate particular devices, including a prostitution phone belonging to Claudia Drury that, among other things, reflects communications about prostitution proceeds. FBI Forensic Analyst Mark Lubin is expected to describe his analysis and scheduling of various financial records, including nominee bank accounts. Mr. Andrew Petersohn is expected to provide corroborative testimony about the locations of the defendant's, Isabella Pollok's, and Claudia Drury's phones, including at the times of particular pick-ups that the defendant made from Claudia Drury. FBI Analyst Matt Frost is expected to authenticate certain Backpage records depicting Claudia Drury, which explain the source of the money that she provided to the defendant as his income.

Kyle Sliger, a former employee of GoDaddy, is expected to authenticate records related to GoDaddy and to describe his interactions with the defendant, and Isabella Pollok, about the defendant's GoDaddy account, particular registered domains, transactions involving those domains and their valuations. In addition, at present the Government expects to call only a records custodian for the Pierre Hotel. Pierre Hotel records are evidence of the defendant's expenditures using Claudia Drury's sex trafficking proceeds, confirm his control over it, and therefore its proper characterization as his income.

Victims are expected to testify about how they provided money to Lawrence Ray and the circumstances in which they made those payments. In conferring with the Government, the defendant expressed particular objections to victims like Daniel Levin, who did not actually provide payments to the defendant despite being pressured to do so. However, Dan Levin is expected to tetify about the pressure that the defendant applied to him and what he witnessed about the pressure that the defendant applied to other victims, like Claudia Drury and Santos Rosario, who ultimately made payments, including in the charged tax years. Levin also provides context about the defendant's relationship with co-conspirator Isabella Pollok and victim Felicia Rosario, through whose bank accounts the defendant's income passed. In addition, Dan Levin will describe the defendant's activities with respect to GoDaddy, making clear that this domain registration business belonged to the defendant as did funds that flowed through it.

The victims who gave money to the defendant are corroborated by various individuals who they asked for money, such as particular family members who provided money (Maritza Rosario), or particular prostitution clients who provided funds (Randy Levinson, Barry Poole, Ted O'Neal), or friends whom victims asked for money (Julie Gonzalez). How the defendant generated income is relevant to Agent Catanzaro's testimony, including the source of proceeds.

Dawn Hughes is expected to testify about general aspects of coercive control, including ways in which perpetrators exert economic control over their victims, including financial or bank accounts. Hughes's testimony is relevant to explaining how income that was deposited into a bank account in Felicia Rosario's name nonetheless belonged, and is properly viewed as income, to the defendant.

The Government is still working to determine what its paralegal summary witness will cover in testimony, but anticipates it will involve some selection of documentary exhibits,

including communications between the defendant and victims like Claudia Drury and Santos Rosario, and/or communications between the defendant and co-conspirators, like Talia Ray and Isabella Pollok. Given that this testimony will bear on the defendant's sources of income and his distribution or movement of such funds, it is relevant to Agent Catanzaro's calculations and testimony.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: __/s/_____
Mollie Bracewell
Danielle R. Sassoon
Lindsey Keenan
Assistant United States Attorneys
Southern District of New York
(212) 637-2218/1115/1565

cc: Defense Counsel (by ECF)