```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
UNITED STATES OF AMERICA,                                           :
                                                                    :
           -v-                                                      :
                                                                    :           20-cr-110 (LJL)
LAWRENCE RAY,                                                       :
                                                                    :           MEMORANDUM &
                                  Defendant.                        :              ORDER
                                                                    :
------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2022

LEWIS J. LIMAN, United States District Judge:

The defense moves to exclude the cell site maps as misleading. By order of February 24, 2022, the Court ruled that the maps were not misleading. *See* Dkt. No. 382 at 46. That ruling was made with the benefit of defendant's initial briefing and argument but not with the benefit of defendant's February 28, 2022 letter. In the letter, defendant continues to object to the maps because they depict the location of the cell site with a circle rather than a dot. The Court adheres to its ruling. A summary exhibit must "be based on foundation testimony connecting it with the underlying evidence summarized." *Fagiola v. Nat'l Gypsum Co. AC & S.*, 906 F.2d 53, 57 (2d Cir. 1990). "[W]hen summaries are used . . . the court must ascertain with certainty that they are based upon and fairly represent competent evidence already before the jury. . . ." *United States v. Conlin*, 551 F.2d 534, 538 (2d Cir. 1977) (quoting *Gordon v. United States*, 438 F.2d 858, 876 (5th Cir. 1971)). Furthermore, "[a] chart which for any reason presents an unfair picture can be a potent weapon for harm, and permitting the jury to consider it is error." *Conlin*, 551 F.2d at 539 (citing *Steele v. United States*, 222 F.2d 628, 630 (5th Cir. 1955)). What has been characterized as a "dot" is identical to a "circle." The only difference is that the circle only traces a circumference, and the area within the circumference is blank rather than uniformly filled in as a dot would be. The risk of juror confusion with a circle and a dot is identical and, with the revised maps, negligible. The circle is sufficiently small that no reasonable juror could misunderstand it to reflect the location within which the cell phone necessarily was located rather than the area within which the cell site was located. This is particularly so when combined with the witness's testimony that the maps—and the circles on the map—depict where the cell site is located and not necessarily where the device is located. The revised cell site maps thus address the Court's concerns. Nothing on the revised maps indicates that that the circle denotes the limits of where the device is likely located. The Court adheres to its prior ruling.

SO ORDERED.

Dated: March 4, 2022
       New York, New York                           _____
                                                                      LEWIS J. LIMAN
                                                                       United States District Judge