```
                                                        USDC SDNY
                                                        DOCUMENT
UNITED STATES DISTRICT COURT                            ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                           DOC #:_____
-------------------------------------------------------------------X        DATE FILED:__3/4/2022___
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :
          -v-                                       :
                                                    :            20-cr-110 (LJL)
LAWRENCE RAY,                                        :
                                                    :          MEMORANDUM &
                          Defendant.                :             ORDER
                                                    :
-------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

The Government moves for Revenue Agent Catanzaro, who will be testifying as a summary expert to be present during the testimony of other witnesses to be able to calculated the tax loss with respect to the charges in the Indictment charging tax evasion.  By order of February 24, 2022, and over the defense objection, the Court previously granted the Government's motion and permitted Agent Catanzaro to be present notwithstanding the witness sequestration rules of Federal Rule of Evidence 615.  *See* Dkt. No. 382.  The Court concluded:  "The Government has satisfied Federal Rule of Evidence 615's sequestration exception for a witness 'whose presence a party shows to be essential to presenting the party's claim or defense.'  Agent Catanzaro's summary testimony must be based on the evidence.'"  *Id.* at 37 (quoting Fed. R. Evid. 615(c)). At the pretrial conference on March 1, 2022, the defense argued that Agent Catanzaro should be present only for limited testimony.  The Court ordered the parties to meet and confer and present their respective positions.

The defense asks that Agent Catanzaro be excluded for the testimony of Agent Flatley, Mr. Petersohn, Daniel Levin, Dr. Hughes, and a number of other witnesses.  Dkt. No. 409.  It argues that those witnesses "will provide no evidence whatsoever about financial matters or issues relevant to the calculation of tax losses," and thus Agent Catanzaro should be excluded for their testimony.[1]  The Government argues that Agent Catanzaro should be present for the

---

[1] The defense also argues that the Court is improperly allowing Agent Catanzaro to testify as a lay witness.  The Court adheres to its earlier opinion.  *See* Dkt. No. 382 at 36–37.  Moreover, the Court made clear in its earlier opinion that, even if Agent Catanzaro's testimony could be characterized as expert, preclusion of the testimony would not be required or an appropriate remedy for the Government's failure to provide notice because "the defense suffered no prejudice from the Government's failure to designate the agent as an expert pursuant to Federal Rule of Criminal Procedure 16."  *Id.* at 36.  The defense does not address that holding.  It further offers no support for its argument that the tax counts should be severed, a motion that is untimely in any event and could be denied on that basis alone.

testimony of all of the witnesses a trial who precede her and, in the alternative, that she should be present for a list of twenty-two witnesses, whom the Government has identified for the defense. Dkt. No. 410.  It points out that it does not know the defenses that will be raised at trial or the cross-examination that the defense plans to conduct of the Government witnesses and anticipates that the defendant may raise as a defense that some of what Agent Catanzaro identifies as income should instead be characterized in a way that would qualify for an exemption from taxation under the Internal Revenue Code.  It states that to the extent that Agent Catanzaro is present for the testimony of witnesses that do not ultimately bear on her analysis there will be no prejudice, while arguing that if Agent Catanzaro is forced to be absent from the testimony of witnesses whose testimony would be relevant to her summary the Government will suffer great prejudice. This Memorandum and Order resolves that dispute and further elaborates on the Court's earlier Opinion and Order of February 24, 2022.

Federal Rule of Evidence 615 grants a party the right to request the exclusion of a witness from the courtroom in order to prevent the witness from hearing the testimony of other witnesses.  "The rule seeks to prevent the 'tailoring' of a witness's testimony to that evidence given earlier in the trial and helps to uncover fabrication." *Bruneau ex rel. Schofield v. S. Kortright Cent. Sch. Dist.*, 163 F.3d 749, 762 (2d Cir. 1998), *abrogated on other grounds by Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2009) (quoting *Geders v. United States,* 425 U.S. 80, 87 (1976)); *see United States v. Russell*, 2010 WL 717901, at *1 (D. Conn. Feb. 23, 2010) ("Sequestration is rooted in two common law goals: preventing witnesses from tailoring their testimony to match that of earlier witnesses and isolating untruthful testimony").  "A party's request to exclude a witness during trial must be granted as a matter of right, unless the witness sought to be excluded fits into one of [the Rule's] exempted categories." *Bruneau*, 163 F.3d at 762; *United States v. Jackson*, 60 F.3d 128, 134–35 (2d Cir. 1995) (holding that witnesses must be sequestered upon a party's request unless the trial court, in its discretion, determines that a witness falls within one of Rule 615 exemptions).  There are only four limited exceptions to the rule requiring sequestration, Fed. R. Evid, 615(a)-(d), and "[t]he party opposing sequestration therefore has the burden of demonstrating why the pertinent Rule 615 exception applies, and why the policy of the Rule in favor of automatic sequestration is inapplicable in that situation." *Jackson*, 60 F.3d at 135 (internal quotation marks and citations omitted).  At the same time, however, the district court has "discretion in determining whether the witness in question falls within one of the Rule 615 exemptions." *Id.*  One of those exceptions is for "a person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(c). As relevant here, "[t]he determination of whether a witness is essential under Rule 615(3) lies in the discretion of the district court." *In re Omeprazole Pat. Litig.*, 190 F. Supp. 2d 582, 584 (S.D.N.Y. 2002)

"Six factors serve as guides to inform a district court's exercise of its discretion: (1) how critical is the sought-to-be-excluded witness's testimony; (2) whether that testimony is ordinarily subject to tailoring; (3) whether the testimony is likely to cover the same issues as other witnesses; (4) in what order will the witnesses be called; (5) whether any potential for bias exists that could incline a person to tailor his testimony; and (6) whether the witness's presence is essential or simply desirable." *Bruneau*, 163 F.3d at 762 (citing *Jackson,* 60 F.3d at 135).

A leading treatise has explained that "[o]ne type of witness often viewed as essential is a 'summary witness,' who testifies to summarize voluminous information such as documents, charts, or tapes, to clarify the situation for the jury."  4 Weinstein's Federal Evidence 615.04 (2021).  It goes on to say that such witnesses are "automatically recognized as essential to the presentation of a party's case," but will "usually qualify independently for exemption from exclusion as expert witnesses."  *Id.*; *see also United States v. Barnwell*, 2017 WL 1063457, at *3 (S.D.N.Y. Mar. 20, 2017) (holding that IRS summary agent's presence was essential to the presentation of the Government's case and that it would be more efficient to allow the agent "to follow the evidence as it is presented to ensure she only comments on evidence properly admitted at trial, and to ensure the accuracy of her testimony should cross-examination 'bring out any facts not considered' by the Government's other witnesses" (quoting *United States v. Mohney*, 949 F.2d 1397, 1401 (6th Cir. 1991)).[2]

Agent Catanzaro will be permitted to be present for the testimony of all witnesses who precede her.  Neither of the goals of sequestration would be served from excluding her.  *See Russell*, 2010 WL 717901, at *1 (explaining that the two common law goals underlying sequestration are "preventing witnesses from tailoring their testimony to match that of earlier witnesses and isolating untruthful testimony").  Her presence plainly is "essential to presenting" the Government's tax evasion claim, Fed. R. Evid. 615(c)—without a witness to testify that there is a substantial sum due and owing, the Government will not be able to present its tax evasion claim, *see United States v. Litwok*, 678 F.3d 208, 216 (2d Cir. 2012) ("With respect to the tax evasion counts of conviction under 26 U.S.C. § 7201, the Government was required to prove three elements at trial: '(1) *the existence of a substantial tax debt*, (2) willfulness of the nonpayment, and (3) an affirmative act by the defendant, performed with intent to evade or defeat the calculation or payment of the tax.'" (quoting *United States v. Josephberg*, 562 F.3d 478, 488 (2d Cir. 2009) (emphasis added)).

The *Bruneau* factors support Agent Catanzaro being permitted to attend the trial notwithstanding the rule against sequestration.  Her testimony, which is critical to five of the counts charged, is not susceptible to tailoring.  She is a summary witness whose role it will be to provide tax calculations based on the testimony of others at trial.  *See United States v. Prichard*, 781 F.2d 179, 183 (10th Cir.1986) (explaining that testimony regarding "simple objective facts" is "ordinarily not subject to tailoring, and, if it were, it could have been exposed easily").   It therefore also will not cover the same issues as other witnesses because she alone will provide the Government's tax calculations; others will provide the testimony upon which the tax calculations are based.  There should be no overlap.  *See Jackson*, 60 F.3d at 137 (holding that there was no error in failing to sequester agent where "there was virtually no overlap in the testimony of the agents and other witnesses, except in one noted instance").  Although she will testify towards the end of trial, that factor is not dispositive where—as here—there is no potential for bias that would incline the witness to tailor her testimony.  As previously stated, her

---

[2] The defense argues that some of Agent Catanzaro's testimony would go beyond that of a summary witness and transgress the limitations set forth in the Second Circuit's decision in *United States v. Zhong*, 2022 WL 532947, at *11 (2d Cir. Feb. 23, 2022).  To the extent that the defense believes that any questions to Agent Catanzaro would exceed permissible summary witness testimony or would be otherwise improper, it may object to the questions at trial.

testimony is essential.  While in the end it may prove to have been unnecessary for her to have been present for the testimony of each of the witnesses, the Government cannot know that for sure in advance.  Even if the Government does not know anticipate that a witness will offer evidence on direct that will inform Agent Catanzaro's summary, it does not know what might come out on cross-examination that would be relevant.   And as Judge Román has cogently noted, the presence of the summary witness at trial can only make her testimony more accurate for the jury and all participants at trial by "ensur[ing] she only comments on evidence properly admitted at trial." *Barnwell*, 2017 WL 1063457, at *3.

SO ORDERED.

Dated: March 4, 2022
      New York, New York

                              LEWIS J. LIMAN
                       United States District Judge