

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 6, 2022

**BY ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    ***United States v. Lawrence Ray***,
             S2 20 Cr. 110 (LJL)

Dear Judge Liman:

      The Government respectfully moves to seal certain exhibits, specifically those documenting sexually explicit violent, or degrading circumstances.

      There is no basis for the public disclosure of these materials, whether offered by the Government or by the defendant. Although "the public has an 'especially strong' right of access to evidence introduced in trials," *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995), it "is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also United States v. Graham*, 257 F.3d 143, 149 (2d Cir. 2001). For example, "subject matter [that] is traditionally considered private rather than public" will weigh "heavily against access." *Amodeo*, 71 F.3d at 1050. This includes certain "financial records . . . family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters . . . ." 71 F.3d at 1051; *see, e.g.*, *Application of Newsday, Inc.*, 895 F.2d 74, 80 (2d Cir. 1990) (noting that, when third party privacy interests are at issue, "a district court has the authority to redact a document to the point of rendering it meaningless, or not to release it at all"). "[T]he 'venerable' privacy-interest exception to the presumption of access exists to avert 'cater[ing] 'to a morbid craving for that which is sensational and impure.'" *Amodeo*, 71 F.3d at 1051; *United States v. Cohen*, No. 18 CR 602, 2019 WL 472577, at *8 (S.D.N.Y. Feb. 7, 2019).

      The Government's sealing request is narrowly tailored to prevent public disclosure only of those exhibits which implicate the victims' and third party privacy interests, show victims in revealing or humiliating circumstances, or include personal medical information. There is no basis for public disclosure of such material given that these time of materials are well within the private rather than public sphere. *Amodeo*, 71 F.3d at 1050.

      The Government anticipates requesting such treatment for at least the following exhibits:
          GX 539, 540, 541, 542: Victim hospital records

GX 600-644: Backpage advertisements, containing explicit photographs
GX 802: Contains photographs of Yalitza's bodily injuries while hospitalized
GX 1104: Nude photographs (page 5)
GX 1405: Summary chart of sexually explicit recordings and its underlying contents:
- GX 2155
- GX 2147
- GX 2177
- GX 2156
- GX 2157
- GX 2158
- GX 2160
- GX 2174
- GX 2151
- GX 2154
- GX 2176
- GX 2175
- GX 2148
- GX 2149
- GX 2172
- GX 2178
- GX 2179
- GX 2180
- GX 2181
- GX 2161
- GX 2152
- GX 2162
- GX 2153
- GX 2163
- GX 2164
- GX 2165
- GX 2171
- GX 2166
- GX 2167
- GX 2168
- GX 2182
- GX 2173
- GX 1877
- GX 2169
- GX 2170
- GX 2150
- GX 1878
- GX 1879
- GX 1880

- GX 2159

GX 1881: Use of physical force against Daniel Levin
GX 2024: Sexually explicit video of Daniel Levin
GX 2123-2125: Degrading photographs of Daniel Levin
GX 2138: Santos self-inflicting blows at the defendant's direction
GX 2145: Santos self-inflicting blows at the defendant's direction
GX 2145: Humiliating video of Santos
GX 2144: Use of physical force against Felicia
GX 1882: Use of physical force against Felicia
GX 3052-3053: Nude photographs
GX 3217: email with list of full names of Claudia's prostitution clients
GX 4154: Text messages with sexually explicit photographs
GX 4252: Nude photograph
GX 4228: Nude photographs
GX 4253: Depicts sexual activity

Accordingly, the Government respectfully requests that these materials should be admitted into evidence under seal.

In the event certain exhibits are admitted under seal, the Government respectfully requests that the exhibit not be published on the screen of the public gallery. To the extent sealed video exhibits, or portions of those exhibits, are played for the jury, the Government requests that the jury be directed to listen to those exhibits with wireless headsets provided by Courtroom IT.

Even for video exhibits that are not admitted under seal, the Government requests that the jurors be given the option to listen to audio and video exhibits using wireless headsets. Some of the audio and video were recorded using cellphones and the audio quality of these exhibits varies. Permitting the jurors to use a headset will enable the jurors to better hear the evidence and follow along. *See, e.g.*, *United States v. Joseph Merlino*, 16 Cr. 522 (RJS) (jurors had the option to listen to audio evidence with wireless headsets or through the courtroom speakers).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: __/s/_ Mollie Bracewell_____
Mollie Bracewell
Danielle R. Sassoon
Lindsey Keenan
Assistant United States Attorneys
Southern District of New York
(212) 637-2218/1115/1565

cc:    Defense Counsel (by ECF)