# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 6, 2022

**VIA ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Lawrence Ray**
      **20 Cr. 110 (LJL)**

Dear Judge Liman:

We write on behalf of Mr. Ray in light of newly-discovered information the defense reviewed on Friday, March 4. As a result of the late disclosure of this material, we request that the Court preclude certain testimony and other evidence concerning Mr. Ray's alleged psychological manipulation, as well as videos and the government's proposed summary chart related to Felicia Rosario's sexual activities. In the alternative, we move to admit evidence of Felicia Rosario's prior sexual conduct under Rule 412.

Pursuant to the search of Mr. Ray's home and storage area, the government seized a number of the complainants' journals and notebooks. The government's exhibit list includes many of these journals, including those marked GX 1550 and GX 1563, scanned copies of which had been produced to the defense in discovery. Last week, defense counsel physically inspected some of the government's exhibits, including the physical journals marked GX 1550 and GX 1563. The physical inspection revealed that these journals were different than the scanned copies that had been produced to the defense, both in discovery and as government exhibits. The physical items the government intended to introduce into evidence were two written journals, one kept by Felicia Rosario (GX 1550) and one kept by Yalitza ████ (GX 1563), that were kept before they met Mr. Ray (the "March 4 notebooks"). Both notebooks contain exculpatory information. For example, the notebook kept by Felicia Rosario details at least one explicit sexual experience with a man in 2008, prior to meeting Mr. Ray. And the notebook kept by Yalitza ████ includes a series of handwritten drafts of letters from early 2010—before she met Mr. Ray—requesting readmission to Columbia University following a medical leave. The defense can proffer additional details regarding the exculpatory information *in camera*.

In response to our inquiry about the discrepancy, the government informed the defense that "a scanned version of these notebooks was inadvertently never produced" and that "duplicates of

Hon. Lewis J. Liman

the scans [of two other notebooks] were produced instead." *See* Exh. A (Email exchange dated March 4, 2022). The government further informed the defense that it intended to remove the two notebooks from its exhibits and summary chart. This is an inadequate remedy. The March 4 notebooks contain exculpatory information and their production for the first time on the eve of trial is insufficient for the defense to make use of them. Additional remedies are necessary and would be just in light of all of the facts and circumstances of this case.

Congress recently amended the Federal Rules of Criminal Procedure to require explicit instructions to the government regarding the production of *Brady* material and explicit warnings regarding possible sanctions for failing to properly disclose *Brady* material. *See* Fed. R. Crim. P. 5(f). This Court issued a written order on October 29, 2020, reminding the government of its obligations and possible consequences for violations. *See* Dkt. No. 91. Among the possible consequences for the failure to timely produce *Brady* material were evidentiary sanctions, dismissal of charges, and "any other order that is just under the circumstances." *Id.* at 2. The Court orally reiterated these warnings and possible sanctions on November 20, 2020.

Other judges in this district recently have confronted *Brady* violations and have crafted remedies designed to address both the immediate violation and prevent future violations. *See, e.g.*, *United States v. Nejad*, 18 Cr. 224 (AJN), 487 F. Supp. 3d 206 (S.D.N.Y. 2020) (dismissing indictment after conviction following disclosure failures and responding "in an effort to prevent these issues from recurring"); *United States v. Ahuja*, 18 Cr. 328 (KPF) (SDNY), Dkt. No. 457 at 7 (noting macro, systemic disclosure issue as well as micro issue related to case); *United States v. Pizarro*, 17 Cr. 151 (AJN) (SDNY), Dkt. No. 135.

As an initial matter, scanned copies of the March 4 notebooks should have been produced as part of the government's Rule 16 obligations. The government concedes this point. That they were not raises questions regarding the completeness of the government's production and its "responsiveness review." The government has previously represented to the Court and to defense counsel that the prosecution team was working off the materials that were produced to the defense in its "responsiveness review." Yet members of the prosecution team had access to scanned copies of these notebooks, scans that were not produced to the defense.  In our August 11, 2020, motion, the defense requested that the government be ordered to timely identify all *Brady* material in its voluminous document production.  *See* Dkt. No. 36 at 26-31.  Had it done so, its failure to disclose the March 4 Notebooks would have been discovered at that time.

There is no question that the March 4 notebooks contain readily apparent exculpatory material. The government has indicated that it intends to elicit evidence of Felicia Rosario's sexual interactions with strangers as evidence of forced labor and forced labor trafficking and will argue that Mr. Ray forced or coerced her into engaging in such interactions. The March 4 notebooks reflect at least one similar public sexual encounter that she had prior to meeting Mr. Ray. This information directly contradicts the government's theory that Mr. Ray forced her to engage in such activities. The government also has indicated that it intends to prove that Mr. Ray coerced complainants, including Yalitza ████, into recording series of drafts of written documents. The March 4 notebooks, which were created before either sister met Mr. Ray, directly refute the government's theory that complainants kept written journals and documents as a result of Mr. Ray's influence.

Hon. Lewis J. Liman

Nor can there be a question that the government was aware of the notebooks. The notebooks were on the government's exhibit list and were reflected in a summary chart. The government had prepared a witness to introduce them into evidence.

There must be a sanction beyond the government's offer to not introduce the March 4 notebooks as evidence. While that evidentiary sanction might be appropriate for a violation of discovery deadlines, it is inappropriate here as these notebooks are *helpful* to the defense.  It is not a sanction for the government to choose not to admit them.  Additionally, it is inadequate to address the *Brady* violation this close to trial.  The defense asks that the Court do so in two ways: first, by precluding the government from offering evidence of Felicia Rosario's sexual interactions, including video evidence and the summary chart regarding that evidence; and second, by precluding evidence that Mr. Ray psychologically manipulated complainants by having them repeatedly revise so-called confessions.

To the extent it remains relevant, the defense requests that the Court permit cross examination of Felicia Rosario regarding specific instances of prior sexual conduct.  As noted above, some of the material disclosed on March 4 relates to Felicia Rosario's sexual conduct prior to meeting Mr. Ray. On March 1, 2022, the defense moved to admit evidence of specific instances of Claudia Drury's sexual behavior pursuant to Federal Rule of Evidence 412. *See* Dkt. No. 403. In light of the newly-disclosed information, we now make the same motion with respect to Felicia Rosario and information regarding her sexual conduct prior to meeting Mr. Ray. Excluding this evidence "would violate [Mr. Ray's] constitutional rights." Fed. R. Evid. 412(b)(1). In light of the government's intention to use Felicia Rosario's sexual encounters with strangers as evidence of Mr. Ray's influence on her, it is necessary for Mr. Ray to have "a meaningful opportunity to present a complete defense" at trial, *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006), and to confront the witnesses against him by "impeach[ing] the credibility of a prosecution witness by cross-examination." *Davis v. Alaska*, 415 U.S. 308, 309 (1974). *See United States v. Alvarez*, 601 F. App'x 16, 18 (2d Cir. 2015) (upholding the admission of evidence of alleged victims' prostitution history before meeting defendant). Precluding the defense from cross examining Felicia Rosario on the sexual conduct recounted in her newly-disclosed journal would be fundamentally unfair in light of the government's theory of the case.

The Court already has recognized the extreme challenges presented by both the pandemic and the volume of discovery in this case and has indicated that both are relevant factors in considering the defense's ability to make use of *Brady* material.  Tr. 9/4/2020, Dkt. No. 52, at 36. The defense position remains that these challenges likely have left many needles in the haystacks, that within the massive amount of discovery in this case, there is information that would have been useful to the defense that Mr. Ray and his counsel were not able to identify.  But the March 4 notebooks are a step beyond that:  they are needles that were not even placed in the haystack.  The remedies requested here are just under the circumstances.

Hon. Lewis J. Liman

Thank you for your consideration of this matter.

Respectfully submitted,

/s/

Marne L. Lenox, Esq.
Peggy Cross-Goldenberg, Esq.
Allegra Glashausser, Esq.
Neil P. Kelly, Esq.

*Counsel for Lawrence Ray*

cc:     Counsel of record

# Exhibit A

## Peggy Cross-Goldenberg

| | |
|---|---|
| **From:** | Sassoon, Danielle (USANYS) <Danielle.Sassoon@usdoj.gov> |
| **Sent:** | Friday, March 4, 2022 5:52 PM |
| **To:** | Marne Lenox; Keenan, Lindsey (USANYS); Bracewell, Mollie (USANYS); Hernandez, Claudia (USANYS) [Contractor] |
| **Cc:** | Peggy Cross-Goldenberg; Allegra Glashausser; Neil Kelly; Larissa Archondo |
| **Subject:** | RE: Ray Exhibits |
| **Attachments:** | BLACK NOTEBOOK 001.pdf; BLACK NOTEBOOK 002.pdf |

Hi Marne,
Attached are the correct versions of those two documents. Although the physical items have been available for inspection since they were seized in this case, a scanned version of these notebooks was inadvertently never produced because duplicates of the scans you sent me were produced instead.  Given the inadvertent mislabeling and omission in the scanned discovery, we are going to remove these from our exhibits (and from the notebook summary chart).
Best,
Danielle

---

**From:** Marne Lenox <Marne_Lenox@fd.org>
**Sent:** Friday, March 4, 2022 2:17 PM
**To:** Sassoon, Danielle (USANYS) <DSassoon@usa.doj.gov>; Keenan, Lindsey (USANYS) <LKeenan@usa.doj.gov>; Bracewell, Mollie (USANYS) <MBracewell@usa.doj.gov>; Hernandez, Claudia (USANYS) [Contractor] <CHernandez2@usa.doj.gov>
**Cc:** Peggy Cross-Goldenberg <Peggy_Cross-Goldenberg@fd.org>; Allegra Glashausser <Allegra_Glashausser@fd.org>; Neil Kelly <Neil_Kelly@fd.org>; Larissa Archondo <Larissa_Archondo@fd.org>
**Subject:** [EXTERNAL] Ray Exhibits

All,

I'm writing to follow up on two government exhibits we reviewed earlier today, journals marked GX 1550 and GX 1563. These journals are on the government's exhibit list as being part of 1B24, which is where they were located when we reviewed them in person today. However, the exhibits produced to the defense, GX 1550, 1B014-Black Notebook 002 and GX 1563, 1B014-Black Notebook 001, attached, are different than the journals we reviewed in person marked GX 1550 and GX 1563. Can you please point us to where in our original discovery we can find the journals that have been marked GX 1550 and GX 1563? Also, please re-produce the correct copies of GX 1550 ("Black Notebook 002.pdf") and GX 1563 ("Black Notebook 001.pdf") as soon as you are able.

Thank you,
Marne

Marne L. Lenox
she/her/hers
Assistant Federal Defender | Federal Defenders of New York
Southern District of New York
52 Duane Street, 10th Floor
New York, NY  10007
o: (212) 417-8721
c: (917) 890-9963