

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2022

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Lawrence Ray*,
             S2 20 Cr. 110 (LJL)

Dear Judge Liman:

      The Government writes in further support of its request for Special Agent Maguire to remain in the courtroom during trial. The general rule that a court must order trial witnesses excluded so that they cannot hear other witnesses' testimony "has an exception for a witness who is 'an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney.'" *United States v. Lee*, 834 F.3d 145, 162 (2d Cir. 2016) (quoting Fed. R. Evid. 615(b)). It is the longstanding practice in this District to exempt case agents—the chief investigating agents in a criminal case—from any order excluding witnesses, and "it is well settled that such an exemption is proper under Rule 615(b), deeming the agent-witness a 'representative' of the government." *Id.* (quoting *United States v. Rivera*, 971 F.3d 876, 889 (2d Cir. 1992)).

      This case presents no exception to the standard practice in this district of exempting case agents from orders excluding witnesses from the courtroom, and the Court should permit the case agent to assist the Government at trial as the Government's representative, for two reasons.  First, a case agent's presence in the courtroom will be necessary to assist the Government at trial, given the agent's familiarity with the case and the underlying investigation.  As the Court knows, this case involves substantial amounts of electronic and documentary evidence, with which Special Agent Maguire is especially familiar as the person who conducted extensive responsiveness reviews and who led this complex investigation.  Her knowledge and assistance will therefore be of invaluable assistance to the Government at trial.  She is also familiar with the physical evidence. With respect to the very first trial witness, Special Agent Rachel Graves, the Government expects to rely on Special Agent Maguire to facilitate the presentation of marked physical exhibits to Special Agent Graves for identification.

      Second, Special Agent Maguire will testify chiefly as a summary witness, and not as a percipient witness.  For this reason, permitting a case agent to sit at counsel table and assist in presenting the Government's case before testifying would not raise any of the core issues that Rule

615 is aimed at resolving, because a witness who testifies about the contents of documents and digital evidence cannot tailor his or her testimony based on the testimony of other witnesses. Because a case agent is necessary to assist the Government at trial as the Government's representative, and because excluding the case agent from the courtroom is not necessary to protect any of the core principles of Rule 615, the Government respectfully requests that the Court exempt the case agent, pursuant to Rule 615(b), from any order excluding witnesses.

                                                Respectfully submitted,

                                                DAMIAN WILLIAMS
                                                United States Attorney

                                       By: __/s/__Danielle Sassoon___
                                                Mollie Bracewell
                                                Danielle R. Sassoon
                                                Lindsey Keenan
                                                Assistant United States Attorneys
                                                Southern District of New York
                                                (212) 637-1115

cc:      Defense Counsel (by ECF)