```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                   :
UNITED STATES OF AMERICA,                                          :
                                                                   :
            -v-                                                    :
                                                                   :      20-cr-110 (LJL)
LAWRENCE RAY,                                                      :
                                                                   :      MEMORANDUM &
                                                Defendant.         :      ORDER
                                                                   :
------------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/8/2022
```

LEWIS J. LIMAN, United States District Judge:

The Government moves for an order permitting FBI Special Agent Maguire to be present at trial notwithstanding the witness sequestration rules of Federal Rule of Evidence 615. The defense objects. The Government's motion is granted, and Special Agent Maguire will be permitted to be present during trial.

Federal Rule of Evidence 615 grants a party the right to request the exclusion of a witness from the courtroom in order to prevent the witness from hearing the testimony of other witnesses. "The rule seeks to prevent the 'tailoring' of a witness's testimony to that evidence given earlier in the trial and helps to uncover fabrication." *Bruneau ex rel. Schofield v. S. Kortright Cent. Sch. Dist.*, 163 F.3d 749, 762 (2d Cir. 1998), *abrogated on other grounds by Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2009) (quoting *Geders v. United States,* 425 U.S. 80, 87 (1976)); *see United States v. Russell*, 2010 WL 717901, at *1 (D. Conn. Feb. 23, 2010) ("Sequestration is rooted in two common law goals: preventing witnesses from tailoring their testimony to match that of earlier witnesses and isolating untruthful testimony"). "A party's request to exclude a witness during trial must be granted as a matter of right, unless the witness sought to be excluded fits into one of [the Rule's] exempted categories." *Bruneau*, 163 F.3d at 762; *United States v. Jackson*, 60 F.3d 128, 134–35 (2d Cir. 1995) (holding that witnesses must be sequestered upon a party's request unless the trial court, in its discretion, determines that a witness falls within one of Rule 615 exemptions). There are only four limited exceptions to the rule requiring sequestration, Fed. R. Evid, 615(a)-(d), and "[t]he party opposing sequestration therefore has the burden of demonstrating why the pertinent Rule 615 exception applies, and why the policy of the Rule in favor of automatic sequestration is inapplicable in that situation." *Jackson*, 60 F.3d at 135 (internal quotation marks and citations omitted). At the same time, however, the district court has "discretion in determining whether the witness in question falls within one of the Rule 615 exemptions." *Id.* One such exemption is for "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." Fed. R. Evid. 615(b).

The Second Circuit repeatedly has held that "the district court has 'discretion to exempt the government's chief investigative agent from sequestration, and it is well settled that such an

1

exemption is proper under Rule 615[b], deeming the agent-witness a "representative" of the government.'" *United States v. Lee*, 834 F.3d 145, 162 (2d Cir. 2016) (quoting *United States v. Rivera*, 971 F.2d 876, 889 (2d Cir. 1992)); *see also United States v. Teman*, 465 F. Supp. 3d 277, 322 (S.D.N.Y. 2020) (citing cases). Moreover, the interests protected by the sequestration rule are not implicated here. As the Second Circuit noted in *United States v. Pellegrino*, "the chief investigative agent may be of significant help to the prosecution during the course of the trial." 470 F.2d 1205, 1208 (2d Cir. 1972). The Government represents that Special Agent Maguire is familiar with and has helped manage the exhibits in this case; she has also been present for the witness interviews and has helped coordinate the attendance by the witnesses at trial. Moreover, there is little risk that her testimony will be subject to tailoring. She is not a percipient witness to any of the alleged acts underlying the crimes charged in the indictment here. Her testimony is unlikely to overlap with that of other witnesses, particularly the lay witnesses. And there is little risk that her presence will give rise to the potential for bias. *Bruneau ex rel. Schofield v. S. Kortright Cent. Sch. Dist.*, 163 F.3d 749, 762 (2d Cir. 1998) (listing factors), *abrogated on other grounds by Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2009). Moreover, since Agent Maguire is expected to testify in part as a summary witness her presence might be "viewed as essential." 4 Weinstein's Federal Evidence 615.04 (2021).

SO ORDERED.

Dated: March 8, 2022
      New York, New York

                                LEWIS J. LIMAN
                              United States District Judge