```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
UNITED STATES OF AMERICA,                                           :
                                                                    :
        -v-                                                         :      20-cr-110 (LJL)
                                                                    :
LAWRENCE RAY,                                                       :
                                                                    :          ORDER
                                    Defendant.                      :
                                                                    :
------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __3/8/2022__

LEWIS J. LIMAN, United States District Judge:

      The Government moves to seal certain exhibits that it represents contains sexually explicit or violent or degrading circumstances or that show alleged victims in "revealing or humiliating circumstances, or include personal medical information." Dkt. No. 420.  It identifies specific exhibits that it requests be admitted into evidence under seal and, if admitted played for the jury if at all through wireless headsets and not published on the screen of the public gallery. *Id.*

      "[T]he public has an 'especially strong' right of access to evidence introduced in trials." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (quoting *In re Application of Nat'l Broad. Co. (United States v. Myers)*, 635 F.2d 945, 952 (2d Cir. 1980)).  A request to seal exhibits implicates "both the singular importance of protecting the rights of criminal defendants and the particular interest of the public in scrutinizing the operation of our criminal justice system." *United States v. Graham*, 257 F.3d 143, 149 (2d Cir. 2001). "[I]t is 'difficult to single out any aspect of government of higher concern and importance to the people than the manner in which criminal trials are conducted.'" *Id.* (quoting *Myers*, 635 F.2d at 951).  A "strong presumption" of access applies to exhibits admitted at trial. *Id.* at 154.  Under these circumstances items such as "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Amodeo*, 71 F.3d at 1051; *see United States v. Cohen*, 366 F. Supp. 3d 612, 624 (S.D.N.Y. 2019) (same).

      The Court grants the motion to seal the following exhibits, each of which contains pictures of genitalia or sexual conduct or the list of prostitution clients:  GX1104, GX3052–53, GX 3217; GX4154; GX4252; GX4228; GX4253; the series of exhibits summarized in GX1405 that appear on the Government's letter at Dkt. No. 420 on pages 2 and 3, beginning with GX2155 and ending with GX 2159; and GX2024.  The Court denies the motion without prejudice with respect to the following exhibits:  GX 539–542, GX 600–644, GX802, GX1405, GX1882, GX2123–25, GX2138, GX2144, and GX2145.  With respect to all but GX802, many of the other exhibits appear to contain no further information than is expected to be the subject of

testimony at trial. None of them depict sexual activity or pictures of intimate body parts. While certain of these exhibits contain personal medical information, the Court understands that such personal medical information is central to certain of the charges against the defendant and, more importantly, is expected to be revealed at trial in as much detail as is in the records. GX802 and GX 1881 appears to be no more revealing or embarrassing than the pictures of victims of violent acts that are regularly admitted in Court without sealing. With respect to each of these exhibits, the Court will entertain a motion for reconsideration based upon either the application of the alleged victims or new information presented by the Government that is not included in the letter at Dkt. No. 420.

SO ORDERED.

Dated: March 8, 2022
New York, New York

LEWIS J. LIMAN
United States District Judge