```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
UNITED STATES OF AMERICA,                                           :
                                                                    :
        -v-                                                         :
                                                                    :           20-cr-110 (LJL)
LAWRENCE RAY,                                                       :
                                                                    :              ORDER
                        Defendant.                                  :
                                                                    :
------------------------------------------------------------------- X
```

LEWIS J. LIMAN, United States District Judge:

The defense moves for an order precluding the Government from offering certain testimony and other evidence concerning alleged psychological manipulation, as well as videos and the Government's proposed summary chart related to Felicia Rosarios' sexual activities; it does so on the grounds that that Government has violated its *Brady* obligations.  Dkt. No. 421.  In the alternative, it moves to admit evidence of Ms. Rosario's prior sexual conduct under Rule 412.

During Rule 16 discovery, and in order to facilitate the review of evidence, the Government produced scanned copies of journals and notebooks drafted by the alleged victims that were seized during its search of Mr. Ray's home and storage area.  The Government intended to offer certain of those notebooks into evidence.  However, it failed, apparently inadvertently, to produce two notebooks that were written by two of the alleged victims before they had met Mr. Ray.  After the notebooks were included on the Government exhibit list and after the defense conducted a physical examination of the notebooks, the defense discovered that the physical copies were different from the scanned copies that had been provided to the defense.  In particular, the disc provided to the defense contained two copies of two other notebooks and neglected to include the two notebooks at issue here.  The notebook kept by Felicia Rosario describes a sexual experience she had with a man in 2008, prior to meeting Ray.  The notebook kept by the other alleged victim includes a series of handwritten drafts of letters from early 2010, before she met Mr. Ray, requesting readmission to Columbia University following a medical leave.

The Government proffers that it will eliminate the notebooks from its exhibits and its summary chart.  *See* Dkt. No. 423 at 5.  The defense responds that that is an inadequate remedy.  According to the defense, evidence that Felicia had a public sexual encounter prior to meeting Mr. Ray undermines the Government's theory that Mr. Ray forced her to engage in such activities.  Dkt. No. 421 at 2.  The defense also argues that the evidence with respect to the other alleged victim "directly refute the [G]overnment's theory that complainants kept written journals and documents as a result of Mr. Ray's influence."  *Id.*

This order addresses the allegation of a *Brady* violation and the request for the exclusion of evidence. The defense request that it be permitted to inquire into the specific instances of Felicia's sexual behavior will be addressed in a separate order, after the Court has conducted a 412 hearing.[1]

The defense motion to exclude the evidence is denied. The Government has an obligation under the Due Process Clause to make a timely disclosure of any exculpatory or impeaching evidence that is material and in its possession. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). A violation of this obligation deprives the defendant of a fair trial only when he "show[s] that: (1) the Government, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice." *United States v. Coppa*, 267 F.3d 132, 140 (2d Cir. 2001). There is no justification here for the order of preclusion the defense seeks. The failure to include the two notebooks was plainly inadvertent. As the Government explains it, it received a scan of all seized paper records from the FBI, the law enforcement agency with custody of the seized records, and then produced scanned versions for the defense on May 21, 2021. It states:

In producing the scanned versions on May 21, 2020, it appears that the Government made a copying error from the FBI disc. Instead of producing scanned copies of all 84 notebooks, the production included a pdf file for each notebook, but instead of 84 unique files, two of those scans were duplicates of other notebooks in the production. . . . Unfortunately, the Government did not notice at the time of the production that two of the scanned notebooks were omitted from the scanned production, and duplicates of other notebooks were produced instead." Dkt. No. 423 at 2. The Government should not have made this mistake, but any suggestion that the failure to include the two notebooks was other than a mistake and represented a willful failure to disclose evidence is undermined by the facts that (1) the original notebooks were always available for the defense to review; and (2) the notebooks were included on the Government's exhibit list and the Government intended to offer the notebooks at trial. Any suggestion that the Government should have noticed the error before it was brought to the Government's attention by the defense is undermined by the fact that the defense—which worked with the disc from the Government—apparently did not notice the duplication of exhibits itself.[2]

Without prejudging the Rule 412 issues that have now come before the Court or the 403 issue that would inevitably be raised even if the 412 issue were resolved in the defense's favor, the probative value of the notebooks to the defense is limited at best. The Felicia Rosario notebook contains her notations about a consensual sexual encounter with someone she knew and states that she would have wanted to have the encounter in an outdoor location "if there weren't the threat of [people] walking in on us." Dkt. No. 423 at 3. Assuming the exhibit is

---

[1] In light of the late production of the notebooks, the Court excused the defense failure to comply with the Rule 412 deadline set by the Court.

[2] The Government does not argue, nor would the evidence support, that the defense was negligent in not noticing the duplication. The defense was diligent in inspecting the physical copies prior to trial.

admissible in evidence, it does not show that, prior to meeting Mr. Ray, Felicia had a predilection of having sexual encounters with people she did not know or that she lacked inhibitions about engaging in such encounters witnessed by others.  The exhibit with respect to the other alleged victim is also of marginal value.

      Finally, the defense has not been able to articulate any prejudice from the absence of the notebooks from the disc.  It noticed that the notebooks were missing prior to trial.  The witnesses are not scheduled to testify until the second half of this multi-week trial.  Assuming the exhibits are at all admissible, the defense will have ample time to prepare for the cross-examinations.

SO ORDERED.

Dated: March 9, 2022
      New York, New York

                                   LEWIS J. LIMAN
                                  United States District Judge