```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
UNITED STATES OF AMERICA,                                           :
                                                                    :
        -v-                                                         :
                                                                    :     20-cr-110 (LJL)
LAWRENCE RAY,                                                       :
                                                                    :          ORDER
                              Defendant.                            :
                                                                    :
------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/10/2022

LEWIS J. LIMAN, United States District Judge:

    The defense moves for an order permitting it to cross-examine Claudia Drury about a writing regarding a sexual encounter that is contained within a notebook that the Government intends to offer as evidence in its case-in-chief. The Government and counsel for Ms. Drury object on Federal Rule of Evidence 412 grounds.

    The evidence is not excludable under Rule 412. Rule 412 addresses "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412. The proposed line of examination falls into neither category. It does not constitute "other sexual behavior." As both the defense and counsel for the alleged victim agreed at the Rule 412 hearing, the encounter described in the notebook is not other than that charged in the Indictment. It occurred within the same time frame as the sexual grooming and sexual manipulation charged in the Indictment and is included in that conduct. It is intrinsic to and, at a minimum, "inextricably intertwined" with the sexual behavior charged in the Indictment. *See* Fed. R. Evid. 412, Advisory Committee Notes to 1994 Amendments ("The word 'other' is used to suggest some flexibility in admitting evidence 'intrinsic' to the alleged sexual misconduct"); *cf. United States v. Johnson*, 469 F. Supp. 3d 193, 204 (S.D.N.Y. 2019) (discussing "inextricably intertwined" rule in context of Rule 404(b) "Other Crimes, Wrongs, or Acts" evidence) (citing, *inter alia*, *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997)). Nor, as the defense has explained it, do they intend to conduct the examination to show "sexual predisposition." Rather, the examination is directed to a question directly at issue in this litigation—whether the sexual conduct engaged in by the alleged victim was the product of manipulation or the exercise of self-will independent of manipulation.

    The objection lodged by the Government and counsel for the alleged victim go more to issues under Rule 403 and Rule 611, as well as perhaps the Crime Victims' Rights Act, and, most particularly, whether the probative value of the line of examination is substantially outweighed by the dangers of unfair prejudice, confusing the jury, needlessly presenting cumulative evidence and the like. Accordingly, while the Court rejects the motion under Rule 412, it will reserve on the permissibility of the line of examination until the time of cross-

examination when it will be able to make an informed decision regarding the probative value of the evidence and whether it is needless cumulative, as well as whether it presents the dangers of unfair prejudice and the other concerns under Rule 403.[1]

SO ORDERED.

Dated: March 10, 2022
       New York, New York

                                                                       _____
                                                                       LEWIS J. LIMAN
                                                                       United States District Judge

---

[1] The Court therefore need not and does not reach the issue of whether the defense's 412 notice is untimely.