**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 15, 2022

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Lawrence Ray**
      **20 Cr. 110 (LJL)**

Dear Judge Liman:

We are writing in response to the government's letter of March 15, 2022 seeking to admit four of Claudia Drury's statements as prior consistent statements. We object. The statements the government is seeking to admit are unrelated and unconnected to the defense's general statement that Drury was a storyteller. Instead, admitting these documents would impermissibly bolster her testimony with hearsay.

Federal Rule of Evidence 801(d)(1)(B) provides that, if the witness is "subject to cross-examination about a prior statement," a party may rehabilitate the witness by introducing a statement "consistent with the declarant's testimony" "(i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground." Fed. R. Evid. 801(d)(1)(B) (emphasis added).[1] The plain text of the rule requires a link between the prior consistent statement and the challenge to the witness's credibility. As the rule states, once the witness is subject to cross-examination "about a prior statement," then a statement that is "consistent" may be offered to rehabilitate the witness's credibility.  Fed. R. Evid. 801(d)(1)(B) (emphasis added).

---

[1] The Court has received previous briefing and heard oral argument about the clause "subject to cross-examination," and has decided, over the defense objection, that this phrase includes general comments on credibility in the opening statement, thus, allowing the government to introduce prior consistent statements on direct examination. We understand Your Honor has already ruled on this point and, thus, do not argue it further here.

1

The Second Circuit's caselaw supports this logical reading of the rule. In *United States v. Flores*, 945 F. 3d 687 (2d Cir. 2019), the Circuit upheld the government's use of a prior consistent statement related to an interview after the defense argued that the agent had a "motive to fabricate or embellish" what was said during that same interview. Thus, the credibility attack and the prior consistent statement were directly related. Specifically, the defense's opening in *Flores* challenged the agent's memory of an interview that had not been recorded. *See id.* at 705 (noting that counsel told the jury that "when th[e] agent tells you what he recalls of those hour-long statements a year later, you will have only his word for it without any way to verify what he is saying"). The government was permitted to rebut this argument by admitting the agent's notes of the same interview as a prior consistent statement.

Similarly, in *United States v. Purcell*, the credibility attack and the prior statement were also directly related: "[D]efense counsel highlighted the aspects of [the witness]'s 2012 statements to the State College police that seemed most inconsistent with her trial testimony." 967 F.3d 159, 197 (2d Cir. 2020). The government rehabilitated the witness on this point by introducing testimony recounting the witness's "statements to police in full." *Id. See also United States v. O'Connor*, 650 F.3d 839, 862 (2d Cir. 2011) (note relating to the witness's mother admitted as prior consistent statement when the witness's credibility with respect to statements about her mother had been challenged); *Phoenix Assocs. III v. Stone*, 60 F.3d 95, 104 (2d Cir. 1995) (the prior consistent statement "supported the existence of the oral agreement Ambrosini claimed he negotiated with Stone" and was "offered to rebut a charge that Ambrosini fabricated that agreement").

Here, however, the government is seeking to use Rule 801(d)(1)(B) to introduce statements that have no direct link to any defense challenge of Drury's general credibility. Under the government's reading of the rule, any time the defense attacks a witness's credibility in any fashion, all prior statements that are consistent with the witness's anticipated testimony are transformed into non-hearsay. This reading of the rule would eliminate the rules against hearsay for all prior statements for any witness subject to cross examination based on completely unrelated arguments about the witness's credibility. This is not the rule.

Specifically, the government seeks to introduce GX 3220, GX 3217, and GX 1549 p. 9 for their truth.[2] GX 3220 is an email indicating the hotel where Drury was planning to stay, the amount of money she had in her bank account and in cash, and her schedule for the day. GX 3217 is a list of Drury's "main clients/regulars and many others." GX 1549 is a page that begins with a paragraph starting "I guess that was a lie" and ends with a paragraph starting with, "I'm really really really really scared I'm going to jail."

The defense has not attacked Drury's credibility as it relates to these specific statements. GX 3220 and 3217 both relate to prior statements by Drury about her sex work. The defense has not and will not dispute that Drury worked as an escort, and had sex in exchange for money.

---

[2] The government also seeks to admit GX 1547, p. 3-4. Prior to the government filing its letter this morning, the defense had already conveyed that we did not object to the admission of this document and will stand by that representation.

2

Indeed in the opening statement, the defense stated that Drury "started working as an escort." Thus, there has been no credibility attack that is related to these documents and no cause to bolster Drury's testimony with these documents.

Similarly, the defense has made no comment related to Drury's fear or lack of fear of going to jail. This topic has simply not been addressed. Thus, there is no basis to admit GX 1549 to rehabilitate an attack on her credibility related to this topic.

Finally, with respect to the other exhibits we understand the government intends to admit through Drury, we object to the following exhibits on hearsay grounds: GX 404, 1101, 1102, 1103, 1104, 1105, 1106, 1549, 1635, 1705, 1713, 3151A, 3186A, 3194, 3217, 4060, 4151, & 4156. We additionally object to GX 4156 on relevance grounds. We object to GX 4184 on authentication, as there appears to be an unidentified voice in the background.

                                            Respectfully submitted,
                                                 */s/*

                                            Marne L. Lenox
                                            Peggy Cross-Goldenberg
                                            Allegra Glashausser
                                            Neil P. Kelly

                                            *Counsel for Lawrence Ray*