# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 15, 2022

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    **United States v. Lawrence Ray**
       **20 Cr. 110 (LJL)**

Dear Judge Liman:

We write on behalf of Mr. Ray to renew our objections to the testimony of Federal Bureau of Investigation Forensic Analyst Matthew Frost, in light of newly disclosed material that the government provided to the defense earlier today.[1]

As the Court is aware, the government intends to call Agent Frost to testify, as a purported custodian of Backpage records, about reconstructed Backpage advertisements originally posted by one of the complainants, Claudia Drury. In Mr. Ray's March 7, 2022 letter, the defense argued that Agent Frost's testimony should be excluded because his testimony about the recreation of advertisements applying computer code to seized electronic data from a now-defunct company will be based on "scientific, technical, or other specialized knowledge" and was not properly disclosed as expert testimony on the schedule ordered by the Court. (Doc. No. 424 at 2.) In response, the government argued that the defense has had notice of the prosecution's intent to call Agent Frost since February 8, 2022 and so should have moved to preclude his testimony earlier and given the government an opportunity to cure any notice deficiencies to eliminate prejudice to the defense.[2] (Tr. 40:4–18.) This was on March 7.

---

[1]   In overruling the defense's previous objections to Agent Frost's testimony, the Court expressly noted that the defense could raise additional objections based on newly disclosed information "if there are issues with respect to the defense genuinely being surprised." (Tr. 41:18–25.)

[2]   At no point before Mr. Ray filed the March 7, 2022 letter motion did the government provide the defense with any reason to believe that Matthew Frost was an FBI Forensic Analyst with any specialized knowledge or expertise. The government's February 8, 2022 witness list included only the name "Matt Frost," and the two subsequent one-page 3500 productions did not reference his job title, include his CV, or provide any indication that he had previously testified on this subject, including having been qualified as an expert on this topic at least once

Agent Frost was expected to testify today, March 15, 2022. This morning in court, moments before trial was to begin, the government handed the defense a six-page "Report of Examination" signed by Agent Frost and addressed to Special Agent McGuire, dated February 24, 2022. (Ex. A.) This Report of Examination conclusively establishes that Agent Frost's testimony is expert testimony based on specialized and technical knowledge, which should have been noticed on the schedule set by the Court. For example, Agent Frost's Report of Examination discloses, among other things, that:

- "Due to the nature of the extraction from a live server, write protection is software enabled by user access control. The user account used for extractions only has SQL Select options granted." (*Id.* at 2.)
- "Connecting to the backpage.com databases, on the standalone system, the requested searches were completed, which subsequently identified associated data. The associated Backpage data, required to generate Ad recreations, was extracted to include: ad data, uploaded images, user account data, and other associated ad related data." (*Id.*)
- "A subset of ads were identified and recreations were updated to correct the 'Created Data' field in the admin section of the Ad recreation." (*Id.*)
- "Message Digest 5 (MD5) values were generated and verified for the extracted data and also saved to the results copy." (*Id.* at 3.)
- "Extracted databases were then added to a standalone SQL MariaDB instance." (*Id.*)
- "The network share containing the images was mounted read only." (*Id.*)
- "All extracted data was hashed . . . . Post examination hash verification was completed, all hashes matched." (*Id.* at 5.)

This abstruse, technical jargon must be translated to the defense by someone with the relevant technical expertise so that this information may be understandable, let alone usable by the defense on such short notice. Although the government has tried to minimize the expertise required to undertake what Agent Frost has purportedly done by claiming that all "he is doing here is simply testifying about data and how he retrieves it" (Tr. 30:19–20), it is clear that Agent Frost needed to have and apply a high level of specialized knowledge to query, sort, and reconstruct the data about which he intends to testify.

Moreover, at least one member of the prosecution team has possessed this information for nearly three weeks, since February 24, 2022—*i.e.*, since before the defense moved on March 7 to preclude Agent Frost's testimony for lack of expert disclosure. Yet the government did not provide Agent Frost's "Report of Examination" until the morning of his anticipated testimony. This late disclosure of highly technical and specialized information is a violation not only of the Court's November 15, 2021 expert disclosure deadline, but also the government's obligations to disclose 3500 material and prior witness statements, which the Court ordered the government to provide three weeks in advance of trial or as such materials were generated.

In light of this significantly belated disclosure of indisputably expert material, the defense renews its objections to Agent Frost's anticipated testimony and moves to exclude him as a witness at trial.[3]

---

before.

[3]   In our March 7, 2022 letter, the defense further noted that the Backpage data and

Respectfully submitted,

/s/

Marne L. Lenox
Peggy Cross-Goldenberg
Allegra Glashausser
Neil P. Kelly

*Counsel for Lawrence Ray*

---

reconstructed advertisements the government has disclosed cannot be introduced through Agent Frost because he is not an appropriate custodian witness: Agent Frost never worked for Backpage, is unfamiliar with their recordkeeping practices, and has no personal knowledge that the records the government seeks to introduce were "kept in the regularly conducted activity of [Backpage]." Fed. R. Evid. 803(6). As such, the disclosed reconstructed advertisements and the data on which they are based are inadmissible hearsay. Fed R. Evid. 802. The Court has not ruled on this hearsay objection, and the defense intends to renew and/or elaborate on this objection in light of Agent Frost's testimony at trial, if he is permitted to testify.