# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 15, 2022

**VIA ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Lawrence Ray**
      **20 Cr. 110 (LJL)**

Dear Judge Liman:

We write to update the Court on the status of the defense's so-ordered subpoenas for transcripts and recordings of interviews with government witnesses in connection with a movie about the facts underlying this case.  It is our current understanding that attorneys for Hulu intend to file a motion to quash the subpoenas tomorrow.  We intend to oppose this application.

Last month, the government provided the defense with the transcript of the interviews of one of the government's witnesses, Daniel Levin.  Mr. Levin is also an executive producer of the film.  Last week, the government informed the defense that other government witnesses also had participated in interviews in connection with the film.  The transcripts of those interviews are likely to contain relevant exculpatory and impeachment material, as the transcripts of Mr. Levin's interviews do.  In light of the potential importance of the transcripts, and in the interest of expediting the defense receipt of the transcripts, the Court directed the government to ask its witnesses "if they have copies of the transcripts and, if not, if they can ask the producer to give them copies of the transcripts if they don't have them."  The government represented that it would do so. Tr. March 8, 2022, at 15.

The Court so-ordered four defense subpoenas on March 8 as well. Subpoenas to Daniel Levin and Daniel Levin Productions were served on Mr. Levin's attorneys, who informed defense counsel that neither was in possession of transcripts or recordings of interviews of the other witnesses. The government transmitted the same information to the Court by email on March 8. Hulu was served via email on March 8. We were unable to affect personal service on Relentless Productions, whose offices are located in a locked office complex in California.  Because Relentless falls under the Hulu umbrella, we forwarded that subpoena to Hulu as well.

Hon. Lewis J. Liman

On Friday, March 11, the government informed us that Hulu's outside counsel had not yet received the subpoena from Hulu and provided the defense with an email address for Hulu's outside counsel.  We forwarded the subpoena and proof of service to Hulu's outside counsel and, in an abundance of caution, we personally served an additional subpoena on the filmmaker as well. We received an email from Hulu's outside counsel requesting that we direct future communications regarding the subpoena to them.

On Sunday, March 13, the government informed the defense that, in addition to participating in interviews with the filmmakers, government witness Felicia Rosario had produced recordings and provided them and other documents to the filmmaker, and that the government was in the process of obtaining those materials.[1]  The government has also informed the defense that Ms. Rosario provided to the documentary filmmaker certain communications with and recordings of her attorneys, as well as potentially certain medical records over which Ms. Rosario has asserted a privilege in connection with the Rule 17 subpoena litigation.

In accordance with the Court's direction that the parties meet and confer prior to raising issues with the Court, the defense reached out to the government with several follow-up questions, including whether the government had asked its witnesses to ask Hulu for copies of the transcripts of their interviews. Our understanding is that, as of this morning, the government had not done so. We also asked whether other government witnesses provided recordings and other materials to the filmmakers and asked that any such material be produced to the defense.

Over the past two days, we have met and conferred with the attorneys for Hulu to see if we could reach an agreement regarding subpoena compliance that would obviate the need for litigation and, if not, whether we could narrow the scope of the dispute that would be presented to the Court. We agreed to continue the time for responding to the subpoena while we continued to confer.

The discussions depended, in part, on information the defense had requested from the government and, to date, has not received.  If, for example, other government witnesses had produced material to the filmmakers, the transcripts may not have been necessary.  Or, if the producers provided the witnesses with copies of their transcripts, the defense could obtain them from the government witnesses.  As part of these discussions, the defense indicated that it would accept the production of transcripts and would be prepared to have them authenticated by affidavit without the need for a testifying custodian.

After additional conversations this afternoon, the defense and attorneys for Hulu could not reach an agreement and Hulu confirmed that it intends to file a letter motion seeking to quash the subpoenas tomorrow.  The attorneys plan to email the motion to Chambers and the parties tomorrow.  We intend to oppose that motion.

---

[1]     Earlier today, the government provided an initial set of these materials to the defense. They comprise 67 GB of material.  Our preliminary review of the materials produced today indicates that these materials contain about 700 files, approximately 150 of which are videos, as well as approximately 4 GB of emails, which we have not yet been able to access.  Special accommodations will be necessary to ensure that Mr. Ray is able to review these materials at the MDC, and there may be additional issues for the defense raise necessary issues with the Court.

Hon. Lewis J. Liman

Thank you for your time and attention to this matter.

Respectfully submitted,

*/s/*

Marne L. Lenox, Esq.
Peggy Cross-Goldenberg, Esq.
Allegra Glashausser, Esq.
Neil P. Kelly, Esq.

*Counsel for Lawrence Ray*

cc:     Counsel of record

3