

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 16, 2022

**BY ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Lawrence Ray*, S2 20 Cr. 110 (LJL)

Dear Judge Liman:

    The Government writes briefly in response to the defense's argument that the "plain text" of Rule 801(d)(1)(B) requires that a witness first be cross examined about a prior statement, before a "statement that is 'consistent' may be offered to rehabilitate the witness's credibility." (Dkt. 441). The defense misinterprets the plain language of the Rule. Contrary to the defense's suggestion, a prior consistent statement is not admissibly only once the witness is cross examined, let alone once they are cross-examined about their prior statements.[1] Rather, a consistent statement offered to rehabilitate the declarant's credibility may be admitted, so long as the declarant testifies and is subject to cross examination about *that* prior consistent statement. The language "is subject to cross-examination about a prior statement," merely means that prior consistent statements are only admissible when the declarant in fact testifies at trial (unlike, for example, Rule 804, which only applies when a declarant is unavailable as a witness). *See, e.g.*, *United States v. Flores*, 945 F.3d 687, 706 (2d Cir. 2019) ("The Rule applies to a witness who '*is subject* to cross-examination,' Fed. R. Evid. 801(d)(1) (emphasis added), about the prior statement; this language does not restrict admissibility to statements of one who has already been cross-examined"); *United States v. O'Connor*, 650 F.3d 839, 862-63 (2d Cir. 2011) (prior consistent statement admissible where "it was clear" that the declarant would be called to testify and "could be cross-examined by the defense about the statement").

    Rule 801, as amended, does not—as the defense suggests—require the Court to parse whether the defense attacked the witness's credibility as to the specific prior consistent statement.

---

[1] The defense states that it is not challenging the Court's prior ruling that prior consistent statements may be admitted before cross examination (Dkt. 441), but the defense is advocating for an even more restrictive requirement than the one already rejected: that the witness must be cross examined *specifically about their prior statements* before any consistent statement may be admitted.

Instead, the amended rule "extend[s] substantive effect to consistent statements that rebut other attacks on a witness—such as the charges of inconsistency or faulty memory." Fed. R. Evid. 801 (Advisory Committee's Note to 2014 Amendment).  As outlined in the Government's previous letter, such charges have already been made here.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

by: /s/ _Danielle R. Sassoon_____
     Mollie Bracewell
     Lindsey Keenan
     Danielle R. Sassoon
     Assistant United States Attorneys
     (212) 637-2218 / 1565 / 1115