U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 16, 2022

**BY ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Lawrence Ray*, S2 20 Cr. 110 (LJL)

Dear Judge Liman:

The Government previously moved to admit certain text message exchanges between Isabella Pollok and Claudia Drury into evidence, including to show Pollok's knowledge of the defendant's sex trafficking operation.

The Government writes to offer these statements, and other statements by Drury, for the truth of the matter under Federal Rule of Evidence 801(d)(2)(E).  Although the Government submits that Drury acted as a consequence of the defendant's force and coercion, she was nonetheless a coconspirator in the defendant's scheme to violate the Travel Act under 18 U.S.C. § 1952.  *See, e.g.*, *United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999) ("The conspiracy between the declarant and the defendant need not be identical to any conspiracy that is specifically charged in the indictment.").

Specifically, the evidence will show that Drury traveled in interstate commerce to distribute to the defendant and Pollok the proceeds of unlawful activity, namely prostitution.  *See* 18 U.S.C. § 1952(b).  The text messages—which communicate to Pollok information pertinent to the collection of prostitution proceeds, such as hotel locations and monetary amounts—were made in furtherance of the conspiracy to violate the Travel Act.  *See, e.g.*, *United States v. Padilla*, 203 F.3d 156, 161 (2d Cir. 2000) ("the district court may consider the hearsay statement itself" as evidence of "the existence of a conspiracy").

Similarly, for example, when Drury transmitted to Pollok the list of her prostitution clients, *see* GX 3217, Drury was providing Pollok an update on the status of the conspiracy and keeping her apprised of her activities on behalf of the conspiracy.  *See, e.g.*, *United States v. Desena*, 260

F.3d 150, 158 (2d Cir. 2001); *United States v. Rastelli*, 870 F.2d 822, 837 (2d Cir. 1989).

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

by: /s/ Danielle R. Sassoon
    Mollie Bracewell
    Lindsey Keenan
    Danielle R. Sassoon
    Assistant United States Attorneys
    (212) 637-2218 / 1565 / 1115