

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 16, 2022

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    ***United States v. Lawrence Ray***,
              S2 20 Cr. 110 (LJL)

Dear Judge Liman:

      The Government writes in response to the Court's order of March 15, 2022, and to the defendant's renewed motion to exclude the testimony of FBI Forensic Examiner Matt Frost.

      *First*, the Government respectfully submits that Mr. Frost's testimony will not be cumulative of Ms. Drury's. Mr. Frost is expected to authenticate approximately 44 exhibits. Each exhibit represents the content of a posted Backpage advertisement consisting of both user-generated content (such as title, the text of the posting, and associated images) and associated administrative data (such as created time, advertisement cost, and user identification information). While Ms. Drury is expected to be able to identify content within the exhibits, including its text and/or titles within the advertisements, the photographs, or the listed email address and phone numbers, she cannot authenticate the administrative data, describe the seizure of Backpage data, or explain the process of retrieving the data in the exhibitss. Accordingly, her testimony is not a substitute for Mr. Frost's testimony and the Government does not intend to review each advertisement with Ms. Drury during her testimony.

      *Second*, the Government opposes the defendant's renewed motion to exclude Mr. Frost's testimony. The Government does not intend to qualify him as an expert, and submits that his testimony about retrieval of data from Backpage servers is appropriate lay testimony.

      A motion for "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d, 403 n.6 (S.D.N.Y. 2011).

This Court denied the defendant's motion to exclude Mr. Frost on the record on March 7, 2022. *See* Ex. A, Final Pre-Trial Conference on March 7, 2022, Tr. at 32:24-25.

As the Government made clear then, Mr. Frost is expected to testify about data he retrieved from Backpage. As explained, Mr. Frost "collects relevant data based on whatever identifiers the agents have provided him." Tr. at 31:19-21. He then furnishes that data to the prosecution team. Mr. Frost has provided similar testimony on approximately 13 to 14 occasions. He has never been qualified as an expert in those occasions.[1] Tr. 30:6-18. He is unfamiliar with Ms. Drury, and is only expected to testify about how the data contained in Government Exhibits 600 through 644 came from servers seized from Backpage.

The Government understands that Mr. Frost generated a report about his work in this case dated February 24, 2022. Although this report was accessible to Agent Maguire within the FBI system, the Government first learned of the report in speaking with Mr. Frost yesterday, on March 15, 2022, and then promptly obtained and provided it before the trial day began. The Government apologizes for its delay in learning of and obtaining the report, but any delay is harmless. By the time Mr. Frost takes the stand, the defense will have had two days to review the six-page document.

Furthermore, nothing about this report changes the nature of Mr. Frost's testimony. The fact that Mr. Frost has technical expertise that bears on his work as a forensic examiner is beside the point. His retrieval of data is a straightforward and routine component of forensic examination, and his testimony will not go beyond that. The fact that a witness's 3500 includes technical jargon does not necessitate that they be qualified as an expert, and the Government does not intend to elicit testimony about this jargon from Mr. Frost. The defense does not need to hire an expert in forensic examination to understand and conduct cross-examination of a forensic examiner who has retrieved relevant evidence.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: __/s/__ Mollie Bracewell___
    Mollie Bracewell
    Danielle R. Sassoon
    Lindsey Keenan
    Assistant United States Attorneys
    Southern District of New York
    (212) 637-2218

cc:    Defense Counsel (by ECF)

---

[1] As the Government noted on the record, Mr. Frost was qualified as an expert in a prosecution related to the Backpage investigation, where the substance of his testimony was different in kind.