

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 16, 2022

**BY ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Lawrence Ray*, S2 20 Cr. 110 (LJL)

Dear Judge Liman:

    The Government writes in response to the Court's order to provide the following responses to the defense objections:

- Government Exhibit 404 is a screenshot of a prior homepage of claudiadrury.com. This is not being offered for the truth of the matter (it says, among other things, "I Claudia Drury attempted murder"), but for the fact that it was posted. Claudia will testify that this document accurately reflects content that was on the claudiadrury.com website that the defendant took credit for posting.

- Government Exhibits 1101 through 1106 are excerpts from a phone used by Claudia Drury that was seized when she was arrested for prostitution. Claudia will authenticate her phone and these documents. The excerpts include call logs of her calls with Isabella Pollok and the defendant, which are admissible to show the fact of communication between Claudia and Pollok/the defendant, not for the underlying content of those conversations. The excerpts include messages between Claudia and Pollok (GX 1103)/the defendant (GX 1104). As with the other text messages offered by the Government (GX 4061/GX 4062) that the Court has deemed admissible, the defendant's and Pollok's own statements are admissible under Rule 801(d)(2), and Claudia's messages are admissible to show the fact that she was communicating with Pollok/the defendant. As outlined in the Government's letter filed earlier today, the exchanges between Claudia and Pollok/the defendant are also admissible under Rule 801(d)(2)(E), because Claudia is conveying information to further the conspiracy between Claudia, Pollok, and the defendant to violate the Travel Act. The same is true of GX 1107, which are texts between Claudia and a prostitution client scheduling meetings for commercial sex. GX 1105 consists of emails received by Claudia on her phone from Backpage. These emails are admissible not for the truth of the matter asserted in the emails, but for the fact that Claudia is receiving correspondence from

Backpage, which is relevant proof of the sex trafficking. The Government does not seek to introduce GX 1106 at this time.

- GX 1549 includes journal entries written by Claudia about being afraid of going to jail. These statements are admissible to show Claudia's state of mind (Fed. R. Evid. 803(3)) and admissible as prior consistent statements, for the reasons outlined in the Government's prior letter, under Rule 801(d)(1)(B)(ii).

- The Government no longer intends to offer GX 1635 during Claudia's testimony.

- GX 1705 and 1713 are audio recordings of the defendant and Claudia. The defendant's statements are admissible under Rule 801(d)(2), and Claudia's statements are admissible for context and their effect on the listener.

- GX 3151A and GX 3186A are emails sent to the defendant by Claudia. They are not being offered for the truth of the matter, but to show the defendant's knowledge and intent.

- GX 3217 is an email from Claudia to Pollok sending her a list of her prostitution clients. As argued in the Government's previous letters, GX 3217 is a prior consistent statement and a coconspirator statement.

- GX 4060 are text messages between Pollok and Claudia that are admissible as Pollok's and Claudia's coconspirator statements, to show Pollok's knowledge and the fact that certain information was conveyed to her, and as Claudia's prior consistent statements.

- GX 4151 and GX 4152 are text messages between the defendant and Claudia that are admissible as the defendant's own statements (Rule 801(d)(2)) and to show the defendant's knowledge and the fact that certain information was conveyed to him. Apart from Claudia's text messages that include hotel, banking, and client appointment information (*see, e.g.*, GX 4152 at 3 ("Just finishing with someone will call you right back"); *id.* at 6 ("I am staying at the Times Square Intercontinental"); *id.* at 23), Claudia's statements are not being offered for the truth of the matter asserted in these messages.

- GX 4156, which is a text message from Claudia reporting her location to the defendant, is admissible as a coconspirator statement by Claudia in furtherance of the conspiracy, as a prior consistent statement, and to show the defendant's knowledge and intent. The defense also raises a relevance objection, but Claudia is expected to testify that she saw escort clients at the Time Hotel and that the defendant came to meet her at the Time Hotel.

- GX 4184 is a telephone call between Claudia and the defendant. She is expected to authenticate the recording based on her and the defendant's voice. Any other voices in the recording do not bear on her ability to authenticate the recording.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: /s/  Danielle R. Sassoon
Mollie Bracewell
Lindsey Keenan
Danielle R. Sassoon
Assistant United States Attorneys
(212) 637-2218 / 1565 / 1115