**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 16, 2022

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  **United States v. Lawrence Ray**
     **20 Cr. 110 (LJL)**

Dear Judge Liman:

    We are writing in response to the government's three letters of March 16, 2022. Two of these letters seek to admit Claudia Drury's statements either as prior consistent statements or as statements of a coconspirator. The third letter argues that additional statements by Drury should also be admitted as coconspirator statements, GX 4060 and 4156. These arguments should be rejected and these statements should not be admitted for their truth.

<u>Drury's prior statements are inadmissible hearsay because they are unrelated to the defense argument about Drury's credibility.</u>

    Yesterday, the defense submitted a letter explaining that Rule 801(d)(1)(B) requires a link between the attack on the witness's credibility and the consistent statement the government seeks to admit. Def. Ltr. 3-15-22, citing, *United States v. Flores*, 945 F. 3d 687 (2d Cir. 2019); *United States v. Purcell*, 967 F.3d 159 (2d Cir. 2020); *United States v. O'Connor*, 650 F.3d 839 (2d Cir. 2011); *Phoenix Assocs. III v. Stone*, 60 F.3d 95 (2d Cir. 1995).

    In its response, the government fails to address the defense argument or cite any contrary case law. Instead, the government reiterates its previous argument about timing – that the witness does not need to be cross examined before a prior consistent statement is admitted. The defense is not relitigating the timing objection. The timing is unrelated to the defense's current objection that there is no link between the defense statements about Drury's credibility and the statements the government seeks to introduce. Drury's credibility has not been attacked on any topic related to the statements the government now seeks to admit. Indeed, a number of these statements relate to a topic that is not in dispute – the parties agree that Drury was a sex worker – and the defense does not intend to cast any doubt on that fact on cross-examination.

    These statements are, thus, inadmissible as prior consistent statements.

1

<u>Drury cannot be a coconspirator in the same crime in which she is also the only victim.</u>

In a second letter, the government raises a different argument for admitting these same statements. In a surprising twist, the government asserts for the very first time that Drury was a coconspirator with Mr. Ray and Ms. Pollok and that Drury's statements should be admitted as coconspirator statements.[1] This argument is illogical and must be rejected. Alternatively, if Drury is a coconspirator in crimes related to her sex work, then she cannot be a victim of sex trafficking related to the very same sex work. If the government intends to prove Drury is a coconspirator rather than a victim, the sex trafficking charge should be dismissed.

The government's new argument to admit Drury's statements for their truth is that Drury – a person the government has been pointing to as the victim of sex trafficking for the past two years since Mr. Ray's arrest – was actually a coconspirator in committing the crime of "Interstate and foreign travel or transportation in aid of racketeering enterprises," under 18 U.S.C. § 1952(b). The government now states that the "evidence will show that Drury traveled in interstate commerce to distribute …the proceeds of unlawful activity, namely prostitution." Gov. Ltr. 3.16.22. Thus, when Drury sent Ms. Pollok a "list of her prostitution clients [ ], Drury was providing Pollok an update on the status of the conspiracy and keeping her apprised of her activities on behalf of the conspiracy." Gov. Ltr. 3.16.22.

Drury cannot be both a victim and a coconspirator in a crime relating to the same acts of prostitution. A conspiracy requires a meeting of the minds and an agreement to commit a crime. For Drury to be a coconspirator in the crime of distributing proceeds from her unlawful prostitution, the government would have to be arguing – and introducing evidence showing – that Drury knowingly and willingly entered into an agreement with Mr. Ray and Ms. Pollok to commit the crime of distributing proceeds from her unlawful prostitution. *See e.g.*, *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) (to prove a conspiracy, "the government must prove that the defendant agree[d] on the essential nature of the plan") (citation omitted); *United States v. Jones*, 393 F.3d 107, 111 (2d Cir. 2004) ("The agreement between the party charged and his co-conspirators is the gist of the crime of conspiracy") (citation omitted); Sand and Siffert, Modern Federal Jury Instructions, 19-3S (Conspiracy merely requires "an agreement among two or more persons to achieve an unlawful object"). *See also United States v. Salameh*,

---

[1] The government has <u>never</u> before suggested that it considered Drury a coconspirator despite numerous disclosures on this topic. *See e.g.,* Gov. Ltr. June 11, 2021 (confirming that Drury was "identified as [a] victim[ ]"); Gov. Ltr. Jan. 18, 2022 (enterprise letter discussing Drury only as a victim); Gov. email Feb 10, 2022 (providing a list of people who acted in furtherance of the conspiracy and whose statements the government planned to offer as co-conspirator statements; Drury was not on this list). The government's argument should also be rejected as it should be prohibited from surprising the defense by recharacterizing Drury's role mid-trial in order to introduce her statements for their truth. This is especially true given that the defense has repeatedly requested clarification concerning the government's view of who is a conspirator and who is an alleged victim.

152 F.3d 88, 145 (2d Cir. 1998) (a conspiracy requires "knowing[] participat[ion] …with the specific intent to commit the offenses that were the objects of the conspiracy").

      The government's entire prosecution against Mr. Ray for sex trafficking depends on the government proving that Drury was not a willing participant in prostitution but was instead forced to engage in prostitution by Mr. Ray and Ms. Pollok. Drury cannot both have agreed with Mr. Ray and Ms. Pollok to engage in sex work and distribute the money and at the same time have been forced to engage in sex work and distribute the money. These two arguments are mutually exclusive.

      Given the government's opening argument that Drury was forced to prostitute herself by threats of violence and actual violence, and the government's comment in its letter that "Drury acted as a consequence of [Mr. Ray's] force and coercion," it seems unlikely that the government now intends to switch gears and prove that Drury agreed with Mr. Ray and Ms. Pollok to engage in prostitution and then distribute funds from that prostitution. Instead, it seems as though this is just an evidentiary strategy to admit otherwise inadmissible hearsay statements by Drury. This ploy must be rejected. However, if the government does intend to prove that Drury was a willing coconspirator in prostituting herself and distributing the proceeds, then Mr. Ray is not guilty of sex trafficking and that charge should be dismissed.

      Respectfully submitted,
      /s/

      Marne L. Lenox
      Peggy Cross-Goldenberg
      Allegra Glashausser
      Neil P. Kelly

      *Counsel for Lawrence Ray*