

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

<small>The Silvio J. Mollo Building<br>
One Saint Andrew's Plaza<br>
New York, New York 10007</small>

March 16, 2022

**BY ECF**

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *United States v. Lawrence Ray*, S2 20 Cr. 110 (LJL)

Dear Judge Liman:

  The Government writes in response to the defense letter describing the Government's evidentiary arguments as "illogical" and "mutually exclusive" with the Government's theory of the defendant's guilt. The defense is mistaken. The Government alleges that Claudia engaged in prostitution as a result of force, threats of harm, and other methods of coercion. It has never asserted that her actions were unconscious or unknowing, or that she did not engage in the illegal activity of prostitution as a result of the defendant's force, threats, and coercion. The defense argument depends on a faulty premise about the meaning of knowing and willful participation as a legal term of art. It is absolutely the case that Drury could have agreed to distribute money from sex work, while at the same time being forced and coerced to engage in that work within the meaning of the sex trafficking statute.

  As the Second Circuit just recently reaffirmed, the "intent to undertake some act is perfectly consistent with the motive of avoiding adverse consequences which would otherwise occur." *See United States v. Smith Pitterson*, 2022 WL 779256, at *2 (2d Cir. Mar. 15, 2022) (quoting *Rosemond v. United States*, 572 U.S. 65, 81 n.10 (2014) (dictum)). Thus, a person's "conscious participation" in illegal activity is not "any less intentional or willful for purposes of criminal law if his conduct was motivated by threats as opposed to a desire for profit." *Id.* at *2. And even where an individual acts under legal duress, that "does not negate a defendant's criminal state of mind when the applicable offense requires a defendant to have acted knowingly or willfully." *Dixon v. United States*, 548 U.S. 1, 7 (2006); *id.* at 6 (duress "may excuse conduct that would otherwise by punishable," but it does not "normally controvert elements of the offense"); *id.* (duress "allows a defendant to avoid liability because coercive conditions negate a conclusion of guilt even though the necessary *mens rea* was present"). The Supreme Court has also long recognized that a person may conspire to commit a crime "even though he was incapable of committing the substantive offense" himself or herself, *Ocasio v. United States*, 578 U.S. 282, 289 (2016), and that a woman who is the "victim" of Mann Act transportation may also be a coconspirator, *see United States v. Holte*, 236 U.S. 140 (1915).

The defense is simply incorrect to the extent it implies that the Government is now required to argue to the jury that Claudia conspired with the defendant and Pollok, particularly where she did not participate in any of the charged conspiracies.  *See, e.g.*, *United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999) ("The conspiracy between the declarant and the defendant need not be identical to any conspiracy that is specifically charged in the indictment.").  The defense is mixing apples and oranges—what the Government must show to admit evidence and what it must prove to convict the defendant are two distinct things.  It is for the Court to determine whether these statements are admissible. *See* Fed. R. Evid. 104.  If the Court finds that the relevant conspiracy existed by a preponderance of the evidence, the Government is not required to argue or prove the existence of that underlying conspiracy to the jury beyond a reasonable doubt, nor is it appropriate to explain to the jury the reason the evidence was admitted (just as the Court will not inform the jury whether it has concluded that it has found, by a preponderance, that the defendant conspired with Talia Ray or Isabella Pollok).  Claudia's testimony will establish that she engaged in prostitution, that she did so at the behest of the defendant and Pollok (as a consequence of force, threats, and coercion), that she kept them apprised of her prostitution, and that she distributed the proceeds to them.  That suffices to admit her statements pertaining to the prostitution under Rule 801(d)(2)(E).  *See, e.g.*, *United States v. Desena*, 260 F.3d 150, 158 (2d Cir. 2001); *United States v. Rastelli*, 870 F.2d 822, 837 (2d Cir. 1989).  If the defense wishes to argue that her involvement in prostitution was not the product of force, threats, or other coercion, it remains free to do so, just as it did before.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: /s/  Danielle R. Sassoon
Mollie Bracewell
Lindsey Keenan
Danielle R. Sassoon
Assistant United States Attorneys
(212) 637-2218 / 1565 / 1115