UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                          :

UNITED STATES OF AMERICA,                        :
                                                           :

          -v-                            :
                                                           :                          20-cr-110 (LJL)

LAWRENCE RAY,                             :
                                                           :                    MEMORANDUM &
                       Defendant.              :                       ORDER
                                                           :
------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/16/2022__

LEWIS J. LIMAN, United States District Judge:

The Government seeks to introduce four exhibits during the testimony of Claudia Drury as prior consistent statements pursuant to Fed. R. Evid. 801(d)(1)(B).  Dkt. No. 440.  The defense objects to the introduction of three of the exhibits, GX 3217, GX 3220, and GX 1549 p.9.  To date, the Government has not proffered any other basis upon which the exhibits can be introduced for the truth.

GX 3217 is an email sent by Drury, under the moniker "The Girl," to Ray's alleged co-conspirator Isabella Pollok. It relays the name and password of an email account that Drury was maintaining in the course of her prostitution activities, the login information for an account she maintained with a website that contained client information, and a long list of clients.  GX 3220 is an email from Drury to Pollok titled "Hotel & Check in" that contains the name of a hotel in New York where Drury was heading and where she would be staying and the times of prostitution appointments with the amounts she will be paid.  It also relays how much money she has in her bank account and how much she has in cash.  There is no evidence that Pollok replied to either of the emails.  GX1549 is a diary prepared by Drury apparently in the summer of 2014. On page nine of the diary, Drury states that she was lying so she would not go to jail, that she is

1

afraid of going to jail, and "I really just want like, a week, of a totally normal life. . . . But still, one week of just not being the person who poisoned other people for 5 yrs [sic]."

The defense argues that Rule 801(d)(1)(B) should be read to permit a prior consistent statement only when the prior consistent statement and the testimony that has been called into question are "directly related." Dkt. No. 441 at 2.   It states that exhibits GX 3217 and GX 3220 each support solely Drury's anticipated testimony that she engaged in commercial sex acts and the defense "has not and will not dispute that Drury worked as an escort, and had sex in exchange for money." *Id.*  It also statues that the topic of Drury's fear of going to jail has not been addressed and there is therefore "no basis to admit GX 1549 to rehabilitate an attack on her credibility related to this topic." *Id.* at 3.  The objection is sustained in part.  Although the first two exhibits are admissible to show that Pollok had knowledge of Drury's commercial sex acts and participated in the sex trafficking of Drury, they are not admissible for the truth under Rule 801(d)(1)(B), which excludes prior consistent statements from the definition of hearsay.  The Court reserves judgment on the third exhibit.

Federal Rule of Evidence 801(d)(1)(B) provides that, a party may introduce a witness's prior consistent statement for its truth if that witness "testifies and is subject to cross-examination about [the] prior statement," where (1) "the statement is consistent with the declarant's testimony" and (2) it is offered either "(i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground." Fed. R. Evid. 801(d)(1)(B).

The Court permitted the Government to introduce a prior consistent statement of Santos Rosario[1] under Rule 801(d)(1)(B).  The statement related to an incident in which one of the persons who was living with the defendant had been the subject of a violent threat and attack by the defendant, and the statement was consistent with Mr. Rosario's testimony on direct examination.  Mr. Rosario's general credibility had been attacked during the opening, in which the defense told the jury who to expect the Government to call as witnesses at trial and then called each of them "storytellers," highlighting not only that they told stories to one another during the period of the indictment but that each of them to some extent fabricated stories to serve his or her interests either before or after the conduct charged in the indictment.  The defense contrasted their stories—which built on the truth—with the truth itself, which it characterized as more complex.  The Court thus rejects the defense assertion that it was merely telling the facts of the case from the defense perspective.  The opening went far beyond that. Reading the opening closely and in its entirety, it clearly was a general attack on the credibility as witnesses of each of the persons the Government was expected to call at trial and on the credibility of the testimony those witnesses were expected to deliver.

Even then, however, the Court did not view a general attack on witness credibility to open the door through which the Government could offer any out-of-court statement by the witness for its truth regardless of its relation to the subject on which the witness's credibility was attacked.  It permitted the defense to introduce Mr. Rosario's prior consistent statement only after Mr. Rosario was extensively and effectively cross-examined on his prior inconsistent statements to the United States Attorney's Office including that the defendant had always told

---

[1] The Court refers to Santos Rosario as Mr. Rosario to distinguish him from his sisters who are also witnesses in this case.  There are no other relatives of Drury who are expected to testify so she—as well as others in the case—are referred to only by their surnames.

Mr. Rosario to tell the truth, that the defendant was someone Mr. Rosario could talk to about his

problems, that Ray had never demanded money or repayment from Mr. Rosario, and that his

views about Ray had only changed after he had met with the Government for almost a year and

being asked the same questions over and over again and only after Mr. Rosario was extensively

cross-examined on his mental health history; the Court permitted the defense to introduce—over

Government objection—medical records suggesting that Mr. Rosario may have had delusional

beliefs.  Tr. 404–05, 412–13, 452–58.

The Court applied the defense's view that the attack on credibility had to "relate" to the

statement alleged to be consistent, even if the Court did not apply that principle as narrowly as

the defense might have wished.   Although the defense artfully steered clear of a specific

question about the use of violence against Mr. Rosario and the roommates, the Court did not read

Rule 801(d)1)(B) to be so circumscribed as to limit the introduction of a prior consistent

statement only to the circumstances where the consistent statement was identical to a precise

statement challenged on cross-examination.  As Judge Friendly stated in a related context, "the

problem [is] more complex and not susceptible to any bright-line solution."  *United States v.*

*Rubin*, 609 F.2d 51, 67 (2d Cir. 1979) (Friendly, J., concurring).  It requires the exercise of

judgment.    It is sufficient that the cross-examination challenged statements on the same or

closely related topics and that the prior statement operated not just to rehabilitate the witness's

credibility generally but also to rehabilitate the witness's credibility with respect to the testimony

that has been challenged.  *Cf. United States v. Flores*, 945 F.3d 687, 705 (2d Cir. 2019)

(analyzing defense attack on witness's general recollection of the post-arrest interview).   Here,

the import of the cross-examination was clear:  Mr. Rosario's testimony that Ray came to

routinely use violence against Mr. Rosario and the roommates should not be trusted since it was

inconsistent with the person Mr. Rosario had described to the prosecutors, and the later

testimony was the product of Government influence and mental fragility.  The routine use of

violence by Defendant was the fact of consequence.  *Cf.* Fed. R. Evid. 401.   The prior consistent

statement was admissible under both 801(d)(1)(B)(i) and (ii).  That Mr. Rosario relayed in a

message to his sister and at a time nearly contemporaneous with the event (and before he ever

met the Government) that Ray had threatened and attacked the roommate made more likely that

his testimony on the same subject at trial—the subject matter of which was generally attacked—

was the product of his genuine recollection and not a recollection that was "recently fabricated"

or generated  as a result of "improper influence or motive."  It also was admissible under Rule

801(d)(1)(B)(ii).  The defense extensively cross-examined Mr. Rosario on his relationship with

Ray and his views generally on Ray, and it clearly suggested to the jury that his views were

positive regarding Ray.   The fact that he had those positive views at the same time that he

explained to his sister an incident in which Ray exercised violence against another puts the

positive views in context and thus helps to explain the apparent inconsistency was not an

inconsistency at all.  *See United States v. Purcell*, 967 F.3d 159, 197 (2d Cir. 2020) (prior

consistent statements that put in context alleged inconsistent statements are admissible under

Rule 801(d)(1)(B)(ii)).

        The first two exhibits with respect to Drury fall into an entirely different category.

Although the defense may attack the premise that Drury was engaged in commercial sex acts at

the behest of or with the participation of defendant, the defense has accepted and does not intend

to dispute that Drury was engaged in commercial sex acts.  The alleged consistent statements do

not relate to any testimony that is expected to be challenged; they are not offered to rebut a claim

of recent fabrication on those subjects or to rehabilitate the witness on any topic as to which

rehabilitation would be necessary.  They are offered for the naked purpose of introducing for the truth evidence that would otherwise be relevant but inadmissible simply because Drury's credibility has been attacked generally and not on this topic.  To accept the Government's theory here would be to give broad license to any litigant to, whenever the general credibility of its witnesses is challenged, introduce any out of court statements by that witness regardless of its relation to the subject on which the witness is attacked.  The cases upon which the Government relies do not support that broad proposition.  In *United States v. Flores*, 945 F.3d 687, the Second Circuit held that the district court did not abuse its discretion in admitting the contemporaneous notes and reports of a Drug Enforcement Administration agent regarding post-arrest statements made by two defendants on their flights to the United States.  These documents were admitted after defense counsel in their openings pointed out that the interviews had not been recorded, argued that the agent's recollection of the interviews could not no longer be trusted, and suggested that the agent had a motive to fabricate or embellish because the investigation had been "botched" with the government learning that just before the trial began.  *Id.* at 705.  In that circumstance, the notes and reports "constitute[ed] a proper response to defendants' attacks on [the agents] credibility and memory."  *Id.* at 706.  In  *United States v. Purcell*, the court held that it was proper for the government to offer evidence of the entirety of a witness's statements to the police which "largely matched" the witness's testimony at trial in response to a defense cross-examination that undermined the witness's credibility by suggesting that the witness had only told half-truths and had edited her answers to the police.  967 F.3d at 197.  The introduction of the remainder of the statements made by the witness to the police thus directly rebutted the charge of inconsistency, and in that sense, fell squarely within the type of prior statements admissible at common law as rehabilitation.  *Id.* at 197; *see also United States v. Pierre*, 781

F.2d 329, 333 (2d Cir. 1986) ("[A] prior consistent statement may be used for rehabilitation when the statement has a probative force bearing on credibility beyond merely showing repetition. When the prior statement tends to cast doubt on whether the prior inconsistent statement was made or on whether the impeaching statement is really inconsistent with the trial testimony, its use for rehabilitation purposes is within the sound discretion of the trial judge. Such use is also permissible when the consistent statement will amplify or clarify the allegedly inconsistent statement."); *United States v. Rubin*, 609 F.2d at 67  (Friendly, J., concurring) (explaining that, where allegedly inconsistent and consistent statements are contained in one set of records made at substantially the same time, "a court that has received inconsistent statements . . . for impeachment should be generous in allowing consistent ones for rehabilitation, since they bear on whether, looking at the whole picture, there was any real inconsistency"). Finally, in *United States v. O'Connor*, 650 F.3d 839, 862 (2d Cir. 2011), the witness's prior consistent statement—that the defendant had "used" her—was consistent with the witness's testimony at trial that she was the victim of incest and sex trafficking and directly responded to the defense attacks that such testimony should not be credited because it was belated. Introduction of GX 3217 and GX 3220 for their truth would not rehabilitate Drury's testimony on any subject as to which she is expected to be challenged or respond to any attack by the party opponent. The exhibits therefore are not admissible as a prior consistent statement.

GX 1549 may fall into a different category. The document does not relate to Drury's commercial sex acts or any subject as to which the defense indicates it will not attack Drury's credibility. The defense opening plainly attacked Drury's general credibility by arguing that she fabricated stories before and apart from meeting the defendant. The Court therefore reserves judgment on it.

Defendant has made a number of other hearsay objections to exhibits expected to be offered during Drury's testimony.  Dkt. No. 441 at 3.  The Court rules as follows:

- GX 404 is not being offered for its truth and is relevant for what it conveys.  The hearsay objection is therefore moot and the exhibit will be received not for the truth.

- GX 1101 through GX 1104 will be received for the limited reasons stated in the Government's letter of March 16, 2022 (i.e., to show the fact of communications between Drury and Pollok and/or the defendant and—in case of the statements by defendant and Pollok—as statements in furtherance of the conspiracy under Federal Rule of Evidence 801(d)(2)(E) with Drury's statements as context and—in the case of defendant—as admissions under 801(d)(2)(A) and (B))).

- GX 1105 is relevant and is being offered not for the truth.  It will be received not for the truth.

- GX1106 is being withdrawn so the hearsay objection is moot.

- With respect to GX 1549, to the extent the objection is to hearsay, the objection is overruled if the exhibit is offered not for the truth.  To the extent that the Government wishes to offer specific portions for the truth, the Government will need to identify those portions and identify a basis for the admission for the truth.  The Court is reserving with respect to the admission of any of the statements as prior consistent statements.

- The Government no longer will offer GX1635 during Drury's testimony.  Any objection is therefore denied as moot.

- GX 1705 and GX1713 are admissible for the reasons stated by the Government—as admissions by defendant and for context in the case of Drury's statements.  The objection is overruled.

- GX 3151A and GX 3186A are admissible not for the truth for the reasons stated by the Government (i.e., to show the defendant's knowledge and intent).  The objection is overruled.

- GX 4060 will be received to show Pollok's knowledge and intent and that certain information was conveyed to her, as well as statements by Pollok in furtherance of the alleged conspiracy.  To the extent the exhibit is being offered as a prior consistent statement, the Court sustains the objection and concludes that that rule does not apply to the statements.  To the extent that the Government wishes to offer the exhibit as a co-conspirator statement by Drury, the Court will hear from the parties as to the evidence it

believes will support the proposition that Drury had agreed to an illegal plan at the time of the relevant communications in furtherance of that plan and whether that theory is inconsistent with the theory of sex trafficking alleged in the Indictment.[2]

- GX4151 will be received for the reasons stated by the Government in the first sentence of its letter of March 15, 2022.  To the extent that the Government is offering the specific Drury statements identified in the second sentence as prior consistent statements, the hearsay objection is sustained on the grounds that such statements are not prior consistent statements within the meaning of the Rule.  The Court reserves judgment as to whether the statements might be admissible for the truth on any other grounds, including as adoptive admissions.

- The Government has not responded to the defense objection to GX 3194.  The Court reserves judgment.

- GX 4156 will be received at a minimum not for the truth but to show defendant's knowledge and intent.  It will not be received as a prior consistent statement.  The Court reserves on the receipt of the exhibit as a co-conspirator statement made by Drury, pending a proffer by the Government sufficient to show that evidence has been offered or will be offered that Drury was a co-conspirator.

- GX 4184 is admissible for the reasons stated by the Government.

SO ORDERED.

Dated: March 16, 2022
      New York, New York

                         LEWIS J. LIMAN
                      United States District Judge

---

[2] The defense also objects to the Government not providing earlier notice that it would present Drury as a co-conspirator.  The Court addressed and rejected this precise argument in connection with Defendant's request for a bill of particulars.  *See United States v. Ray*, 2021 WL 3168520, at *6 (S.D.N.Y. July 27, 2021).  "Ray is not entitled to have the government commit beforehand to whom it will present at trial as a victim and whom as a co-conspirator." *Id.*