**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 17, 2022

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** **United States v. Lawrence Ray**
 20 Cr. 110 (LJL)

Dear Judge Liman:

We are writing in response to the government's letter yesterday stating that Claudia Drury "could have agreed to distribute money from sex work, while at the same time being forced and coerced to engage in that work within the meaning of the sex trafficking statute." Gov. Ltr. 3-16-22. This is a new iteration of the government's brand-new theory that Drury is a co-conspirator as well as a victim. Now, the government appears to be stating that, in their view, Drury was forced into sex work, but was not forced to give Mr. Ray and Ms. Pollok the money from her sex work. Instead, the government argues that Drury <u>agreed</u> with Mr. Ray and Ms. Pollok to "distribute" the money from this forced activity to Mr. Ray and Ms. Pollok. Putting aside whether that theory makes any sense – that Drury was forced to have sex for money, while at the same time entered into a criminal agreement with her alleged perpetrators to "travel[ ] in interstate commerce to distribute to [Mr. Ray] and Pollok the proceeds of unlawful activity, namely prostitution" *see id.* – this theory also ignores that the basis of the extortion charge as related to Drury is that Drury was forced and coerced to provide Mr. Ray and Ms. Pollok money she earned from sex work. The government is making this convoluted argument in an attempt to use Drury's otherwise excluded hearsay statements as evidence of the sex trafficking (of which Drury is the only alleged victim) and extortion (of which Drury is one of the alleged victims). This should be rejected.

The government's theory that Drury was a victim <u>and</u> a coconspirator in either her sex work or the distribution of the money from her sex work or both is not grounded in the facts or the law. As *Ocasio v. United States*, cited by the government, explains, the "fundamental characteristic of a conspiracy is a joint commitment to an endeavor" and "[c]onspirators must pursue the same criminal objective." 578 U.S. 282, 287-88 (2016) (quotation marks omitted). As

an alleged victim of a crime, Drury could not have agreed to pursue the same criminal objective as her alleged perpetrators.

The cases cited by the government do not support this novel argument and are factually inapposite:

- *United States v. Pitterson*, No. 20-2994, 2022 WL 779256, at *2 (2d Cir. Mar. 15, 2022) is a case about drug trafficking, in which the defendant objected to the district court's jury instruction that "duress was not at issue," but that the jury could consider the defendant's claim that he was threatened as relevant to the "defense of entrapment." The government did not allege that Mr. Pitterson was both the victim and a conconspirator of the same crime. There was no victim in *Pitterson* and the case is not about co-conspirator statements.

- *Rosemond v. United States*, 572 U.S. 65, 81, n. 10 (2014) is another case about drug trafficking. The government points the Court's attention to a footnote, which states, in part:

    > Our holding is grounded in the distinctive intent standard for aiding and abetting someone else's act—in the words of Judge Hand, that a defendant must not just 'in some sort associate himself with the venture' (as seems to be good enough for the dissent), but also 'participate in it as in something that he wishes to bring about' and 'seek by his action to make it succeed.' *Rosemond*, 572 U.S. at 81, n. 10.

This footnote only supports the defense position: if Drury "participate[d]" in sex work or providing the others money from the sex work "as something that [s]he wishe[d] to bring about" and sought by her "action to make it succeed," then she could not also have been forced into sex work or coerced to provide Mr. Ray and Ms. Pollok the money from the sex work. If Drury was a willing participant, Mr. Ray is not guilty of sex trafficking or extortion, as related to Drury.

- *Dixon v. United States*, 548 U.S. 1, 1 (2006) establishes that the defense has the burden to prove a duress defense by a preponderance of the evidence. It has nothing to do with whether Drury could be a coconspirator and a victim of the same factual conduct.

- The government notes that it is possible for a woman to be a coconspirator in the Mann Act, citing *United States v. Holte*, 236 U.S. 140, 145 (1915), which states the following:

    > Suppose, for instance, that a professional prostitute, as well able to look out for herself as was the man, should suggest and carry out a journey …in the hope of black-mailing the man, and should buy the railroad tickets…we see no reason why the act should not be held to apply. We see equally little reason for not treating the preliminary agreement as a conspiracy that the law can reach, if we abandon the illusion that the woman always is the victim.

While the government is free to argue that we "should abandon the illusion" that Drury is a victim and that Drury was instead a willing participant in her sex work and the distribution of money, it seems unlikely the government believes that the *Holte* hypothetical is similar to the facts in this case. *See also Ocasio*, 578 U.S. at 290 (noting that *Holte* "refused to rule out the possibility that a woman could conspire to cause herself to be transported"). If, however, the government does plan to argue Drury is a coconspirator, it should not at the same time be permitted to tell the jury that Drury is a victim of the same factual circumstances.

Finally, the government suggests that this situation is similar to that of Talia Ray or Isabella Pollok. Gov. Ltr. at 2. It is not. There is no inconsistency in the government's position about Ms. Ray and Ms. Pollok; the government plans to argue to the jury that they are coconspirators, just as it argued to the Court. The situation with Drury is different: the government wishes to call Drury—*the sole alleged victim* of Count Nine of the indictment, the use of interstate commerce to promote sex trafficking and prostitution—a coconspirator, only to get around the hearsay rules, while presenting contrary facts to the jury. This gamesmanship should be prohibited.

    Respectfully submitted,
    /s/

    Marne L. Lenox
    Peggy Cross-Goldenberg
    Allegra Glashausser
    Neil P. Kelly

    *Counsel for Lawrence Ray*