**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 21, 2022

**VIA ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  **United States v. Lawrence Ray**
     **20 Cr. 110 (LJL)**

Dear Judge Liman:

We write on behalf of Lawrence Ray to move the Court to strike the testimony of FBI Forensic Analyst Matthew Frost, including government exhibits 600 through 644, on the basis that Analyst Frost's testimony was unnoticed expert testimony, and the exhibits constitute his "opinion" based on his specialized technical knowledge. *See* Fed. R. Crim. P. 702, 703, 705. The defense herein incorporates its prior arguments concerning the admissibility of Analyst Frost's testimony. *See* Dkts. 424, 442.

On March 18, 2022, Analyst Frost testified about reconstructed Backpage advertisements that essentially mimicked Claudia Drury's original Backpage ads when the website was operational. Before his testimony, the government proffered that Frost would "testify about data he retrieved from Backpage" and that "his retrieval of data is a straightforward and routine component of forensic examination, and his testimony will not go beyond that." Dkt. 447 at 2. This is not so.

On Friday, Frost testified that the Backpage data he originally extracted for this case was "in a sequel database format, so rows and columns and tables." Tr. 679:4–7. *See, e.g.*, Example of Raw Data, US_017901, Ex. A. The government did not seek to introduce this raw data in its original extracted form. Instead, the government relied on Frost's specialized technical skills and training to have him reassemble the raw data to mimic how the ad originally appeared on the website. Tr. 680:7–25– 681:1-2. *See* Ex. A (row one represents the raw data for government exhibit 600). The fact that the government did not elicit precisely how Frost reconstructed the advertisement in this case does not magically transform his basis of knowledge into that of a lay person. Frost's testimony makes clear that he underwent extensive training to become an FBI Forensic Analyst and separately developed extensive expertise in Backpage data. He then relied on both his computer science knowledge and Backpage expertise to transform raw data into a user-

Hon. Lewis J. Liman

friendly format. Tr. 672:9–14. This is not the testimony of a lay witness; this is the testimony of an expert.

Never having seen Drury's Backpage advertisements when the site was live, Frost testified that he reconstructed these ads, government exhibits 600 through 644, based on his expertise, training and experience, and that they constitute his opinion about what Drury's Backpage ads would have looked like when the site was operational. Tr. 682:15–21. This opinion, Frost testified, was based on his review of "thousands and thousands of advertisements either produced by Backpage through subpoena returns or from screen shots," which he mimicked for his recreation here. Tr. 682:11–14. This testimony and the ad reconstructions were clearly based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Because Analyst Frost's testimony was not properly noticed under Rule 702, the testimony and exhibits introduced through Frost should be stricken.

That Frost has previously testified as a lay witness in two different cases in this district has no bearing here. In *United States v. Rivera*, 19 Cr. 131 (PAE), the government did not introduce as exhibits reconstructed Backpage ads, but rather the raw data that Frost extracted. Dkt. 860, Tr. 1540 (Jun. 23, 2021).[1] In *Untied States v. Benjamin*, 18 Cr. 847 (JSR), where Frost was also proffered as a fact witness, Judge Rakoff cautioned, "If he says anything remotely like an opinion, I am going to cut him off *sua sponte*…." Dkt. 53, Tr. 5:5–7 (May 31, 2019). Here, Agent Frost made clear that the ad recreations are in fact his opinion about what the original ad would have looked like based on his specialized knowledge.

Finally, should the Court find the government exhibits admissible as reconstructions of the original Backpage advertisements when the website was live, it should strike the pages of the exhibits entitled, "Administrative Data." As Analyst Frost testified, when Backpage was operational, the information on the Administrative Data pages did not appear online. Ray Tr. 684:2–12. To the extent that the government intends to have Claudia Drury testify that the reconstructed ads resemble the original ads she posted on Backpage when the website was operational, Drury would not be able to authenticate the Administrative Data as it appears on the page, as it is not a fair representation of the ads as they originally appeared online.

For these reasons, the Court should strike the testimony of FBI Forensic Analyst Matthew Frost and government exhibits 600 through 644. In the alternative, the Court should strike the pages in government exhibits 600 through 644 entitled "Administrative Data" and all testimony related to "Administrative Data."

---

[1] Analyst Frost testified twice at trial before Judge Engelmayer, *United States v. Rivera*, 19 Cr. 131 (PAE) and *United States v. Andrew*, 19 Cr. 131 (PAE), after the first trial resulted in a Covid-related mistrial.

2

Hon. Lewis J. Liman

Thank you for your consideration of this matter.

Respectfully submitted,

/s/

Marne L. Lenox, Esq.
Peggy Cross-Goldenberg, Esq.
Allegra Glashausser, Esq.
Neil P. Kelly, Esq.

*Counsel for Lawrence Ray*

cc: Counsel of record

# EXHIBIT A

REDACTED

REDACTED