**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

March 23, 2022

<u>Via ECF</u>

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>United States v. Lawrence Ray</u>
      20 Cr. 110 (LJL)

Dear Judge Liman:

      We write in response to the government's March 21, 2022 letter regarding the defense's objections to an irrelevant, unfairly prejudicial, confusing, and misleading exhibit the government intends to offer through FBI forensic examiner Stephen Flatley. Doc. 462. This exhibit highlights a curated subset of articles from certain electronic storage devices that were seized by the FBI, which the government argues are somehow probative of Mr. Ray's intent.

      As an initial matter, the government has not established the relevance of these articles. The government asserts that these articles "were of interest" to or were "saved" by Mr. Ray, but has not proven that he was the one who accessed or saved each of the articles listed on GX 1403. The fact that these articles were retrieved from two electronic devices seized from 40 Holly Lane in Piscataway, New Jersey, does not alone establish that these articles were accessed or saved by Mr. Ray. Trial testimony has established that, at the time of his arrest and for some time before then, Mr. Ray resided at 40 Holly Lane with at least two other individuals, including Felicia Rosario. The two devices from which these articles were retrieved were located by FBI personnel from common areas of the home, where anyone could have had access to them. *See* Tr. 112:11–21, 123:25–124:12. The record also reflects that Ms. Rosario (who had trained to be a psychiatrist) regularly emailed Mr. Ray and others articles and materials regarding psychiatric, psychological, cognitive, and related issues, including articles relating to "deception" and "deceit"; psychological responses to/triggers of emotions; personality disorders; memory; and the "psychology of terrorism." *E.g.*, Exs. A–G. Unless and until the government proves otherwise, the articles the government has identified on GX 1403 could just as likely have been downloaded by Ms. Rosario (or someone else). That she frequently circulated such articles weighs against the government's argument that these files are probative of Mr. Ray's intent to "victimize" others.

      In addition, the government has not elicited testimony or evidence that Mr. Ray actually read these articles, such that it can support its claim that these articles were "of interest" to him.

Mr. Flatley—a forensic examiner of digital evidence with no involvement in the investigation of this case—will not be able to lay such a foundation or provide such a connection, and the government has not proffered that any other witness will do so.

Finally, it strains credulity to believe that the government "does not intend to argue that the defendant operated a 'cult'" while the government is simultaneously seeking to highlight for the jury only a small subset of the most inflammatory articles that were saved on the seized electronic devices. Even assuming that these articles have some tangential relevance, the probative value of these articles is substantially outweighed by the significant risk that the jury will be confused and/or misled by the introduction of these articles, and that Mr. Ray will suffer extreme and unfair prejudice by the government's thinly-veiled implication that he organized a "cult." The jury selection process was already fraught, with potential jurors who were under the misimpression that this case was related to recent high-profile matters involving allegations of "cult-like" activities or sexual abuse of minors, and to introduce inflammatory allegations of "cults" into this case raises a significant risk of juror confusion and a conviction based on improper reasons. *See* 2 WEINSTEIN'S FEDERAL EVIDENCE § 403.04[1][b] ("Unfairness may be found in any form of evidence that may cause a jury to base its decision on something other than the established propositions in the case. . . . Prejudice is also unfair if the evidence was designed to elicit a response from the jurors that is not justified by the evidence.").

Accordingly, the defense maintains its objections to GX 1403 and the articles identified within this exhibit.

                                              Respectfully submitted,

                                                       /s/

Marne L. Lenox
Peggy Cross-Goldenberg
Allegra Glashausser
Neil P. Kelly

*Counsel for Lawrence Ray*

cc: Counsel of record