# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 23, 2022

**Via ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Lawrence Ray**
      **20 Cr. 110 (LJL)**

Dear Judge Liman:

We write to provide our objections to proposed government exhibit 1406 (Ex. A), a summary exhibit the government intends to offer through FBI forensic examiner Stephen Flatley.

Government exhibit 1406 purports to reflect, *inter alia*, certain files (which have themselves been identified as government exhibits) that were extracted from various electronic devices seized by the FBI. While Mr. Flatley—a forensic examiner of digital evidence with no involvement in the investigation of this case—may be able to competently testify that the identified files were in fact extracted from the identified devices, he will not be able to provide any other substantive context or testimony regarding these files. To the extent the government seeks to have Mr. Flatley testify merely to describe where these files were electronically located, the defense has no objection to this testimony. In addition, as the defense noted for the government and as the defense has done throughout trial, to the extent a competent witness can lay a foundation for any of these exhibits or the exhibit is offered for a specific purpose, the defense might not object to an individual file's admission.

However, the defense does object to the wholesale admission of hundreds of files through Mr. Flatley, as he is not a competent witness with personal knowledge who can lay a proper foundation. Moreover, as reflected in Exhibit B, the defense has specific objections to many of the individual exhibits.

The defense also objects to the portions of the last three pages of GX 1406 that purport to identify the owner or "user" of various seized devices. Again, absent any personal knowledge of the facts of this case, Mr. Flatley cannot testify about such ownership or use by others. The government has represented that it intends to elicit "user" identifications of these devices from Special Agent Maguire or Felicia Rosario. If that is indeed the case, then the identifications on GX 1406 and Mr. Flatley's testimony about them are cumulative and misleading, to the extent it implies that he determined such ownership. If Special Agent Maguire and Ms. Rosario can

provide such identifications, the government can make use of that information at that time and after; it should not be permitted to skip a step with a misleading summary exhibit.

Respectfully submitted,

/s/

Marne L. Lenox
Peggy Cross-Goldenberg
Allegra Glashausser
Neil P. Kelly

*Counsel for Lawrence Ray*

cc:     Counsel of record