

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 28, 2022

**BY ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Lawrence Ray*,
              S2 20 Cr. 110 (LJL)

Dear Judge Liman:

      With respect to the recorded jail calls, the Government would be prepared to enter into a stipulation about the calls' authenticity that obviates the need for live testimony from a uniformed employee of the Bureau of Prisons. We have conferred with the defense about a proposed stipulation (with the Government's proposal attached as Exhibit A) – but the defense continues to object to a stipulation that references the defendant's incarcerated status. The Government respectfully submits that a stipulation without reference to incarceration omits critical context for these recorded calls – particularly that the defendant is providing instructions to others to marshal the incriminating blackmail materials on his victims that he had amassed over a period of years. Indeed, to omit reference to the defendant's incarcerated status could result in the misleading impression that the defendant was turning to others to retrieve this blackmail material because he was not himself in possession of it.[1] In addition, any potential prejudice from referencing the defendant's incarcerated status in introducing the calls is minimized given the calls' timing from the summer of 2020. The Government has no intention of suggesting that the defendant's incarceration has continued through the present or beyond the time of the calls.

      The Government also would have no objection to a limiting instruction regarding how the jury should consider any brief mention of incarceration. Judge Engelmayer's similar instruction in *United States v. Mack* provides a helpful model. There, in similar circumstances, Judge Engelmayer instructed the jury as follows:

> Ladies and gentlemen, I am going to give you an instruction that
> you've heard before in connection with earlier evidence. Evidence

---

[1] Based on our communications with defense counsel, the Government understands that defense counsel might be amenable to a stipulation in principle if the Court resolves the preliminary question of whether the parties can reference the defendant's incarcerated status.

of Mr. Mack's presence in jail is being received solely to explain his whereabouts at the time of these calls. You are not to consider that evidence for any other purpose. Specifically, you are not to consider that Mr. Mack was incarcerated in your deliberations. This is simply context to explain the circumstances under which the calls came about.

*United States v. Mack et al.,* 18 Cr. 834 (PAE). In general, the law recognizes a strong presumption that a jury follows limiting instructions. *See Zafiro v. United States*, 506 U.S. 534, 540–41 (1993) ("'[J]uries are presumed to follow their instructions.'" (quoting Richardson v. Marsh, 481 U.S. 200, 211 (1987))); *Spencer v. Texas*, 385 U.S. 554, 562 (1967) ("[T]he jury is expected to follow instructions in limiting . . . evidence to its proper function."); *accord United States v. Stewart*, 433 F.3d 273, 307 (2d Cir. 2006) (noting the "well-settled proposition" that jurors are presumed to follow limiting instructions). That presumption is equally appropriate here, given the incredibly powerful proof that the jail calls represent with respect to numerous offenses. Any prejudice can be adequately dealt with through a stipulation.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

By: __/s/__ Mollie Bracewell
    Mollie Bracewell
    Danielle R. Sassoon
    Lindsey Keenan
    Assistant United States Attorneys
    Southern District of New York
    (212) 637-2218

cc: Defense Counsel (by ECF)