**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 28, 2022

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Lawrence Ray**
      **20 Cr. 110 (LJL)**

Dear Judge Liman:

We write briefly in response to the government's letter of this evening about the admission of the recorded jail calls. The defense does not object to the admissibility of the calls. The defense does object to the inclusion of language at the beginning of the recorded calls indicating that Mr. Ray is incarcerated as well as stating that he is incarcerated in the stipulation.

The defense has also consistently indicated that it has no objection to the calls being admitted via stipulation and has suggested that the stipulation state that the calls were made "after Mr. Ray was arrested and charged," rather than that the calls were made from jail. This compromise language would explain why Mr. Ray asks his father for help, without undermining Mr. Ray's presumption of innocence. If the government has additional language it would like to include indicating that Mr. Ray did not have access to his materials at the time, the defense is open to such a proposal. However, that Mr. Ray was incarcerated at the time of these calls is not relevant and is unduly prejudicial. This prejudice is not minimized, as the government suggests, by the fact that the calls were in the "summer of 2020," as the jury already knows that Mr. Ray was arrested in February of 2020 for the charges in this case. The government cites no cases suggesting that reference to pretrial incarceration is permitted if the government does not suggest the incarceration "continued through to present." [1]

As has been previously briefed, it is well-settled and normally uncontroversial that information about a defendant being incarcerated pretrial is prejudicial and undermines the basic right to be found guilty only if the probative evidence on the record supports that finding of guilt beyond a reasonable doubt. *E.g., Estelle v. Williams*, 425 U.S. 501, 503 (1976) ("A criminal

---

[1] If the Court rules against the defense, the defense does not request a limiting instruction, which would only highlight the exceedingly prejudicial fact of Mr. Ray's pretrial incarceration.

1

defendant has a constitutional due process right to a fair trial, where his guilt must be established by probative evidence and beyond a reasonable doubt."). "[C]ourts must be alert to factors that may undermine the fairness of the fact-finding process . . . [and] must carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt." *Id*. at 503 (citing *In re Winship*, 397 U.S. 358 (1970)). The Second Circuit has excused remarks suggesting the defendant was incarcerated only when those remarks were "isolated [and] apparently unintentional on the part of the prosecution," *United States v. Deandrade*, 600 F.3d 115, 119 (2d Cir. 2010) (noting that the "government never referenced" the "brief and fleeting comment" about detention). *Accord United States v. Guerrero*, 882 F. Supp. 2d 463, 477 (S.D.N.Y. 2011), aff'd, 560 F. App'x 110 (2d Cir. 2014) ("[H]ere is no proof that the Government intentionally adduced [the] nonresponsive testimony, and immediately after the Court struck [the testimony], the prosecutor rephrased the question and moved on to another line of questioning.").

Given this case law, it is unsurprising that the government regularly agrees not to mention the defendant's pretrial incarceration. *See e.g., United States v. Chandler*, No. 19 Cr. 867 (PAC), 2021 WL 1851996, at *3 (S.D.N.Y. May 10, 2021); *United States v. Wilson*, No. 13 Cr. 385 (ALC), Dkt. 46 (government agrees to omit portion of prison calls stating Mr. Wilson was in prison); *United States v. Brown*, 17 Cr. 420 (KMW), Dkt. 26 (government states defense motion to preclude pretrial detention is moot as they will not raise it); *United States v. Hooker*, No. 18 Cr. 768 (RMB), Dkt. 30 (same); *United States v. Servino Simmon*, No. 13 Cr. 855 (PGG), Dkt. 32 (same).

Accordingly, we request that the Court preclude any reference to Mr. Ray's pretrial incarceration.

Respectfully submitted,
/s/

Marne L. Lenox
Peggy Cross-Goldenberg
Allegra Glashausser
Neil P. Kelly

*Counsel for Lawrence Ray*