**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

March 29, 2022

<u>**VIA ECF**</u>

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>**United States v. Lawrence Ray**</u>
      **20 Cr. 110 (LJL)**

Dear Judge Liman:

  We write on behalf of Lawrence Ray in response to the government's letter filed last night regarding the introduction of receipts labeled GX 1615 to GX 1626. In support of its request to admit these exhibits, the government cites *United States v. Tin Yat Chin*, 371 F.3d 31, 38 (2d Cir. 2004). Yet the government skips the first step. As *Tin Yat Chin* made clear, authentication of the receipts under Federal Rule of Evidence Rule 901 is a threshold step to admissibility. In *Tin Yat Chin*, the defense proffered that the receipts it sought to admit would be authenticated by the combined "testimony of: (1) Tin Yat Chin's wife (that she had not made the purchases), (2) the store managers (regarding their transaction practices), and (3) a handwriting expert (identifying Tin Yat Chin's signature). *Id.* Here, the government has offered no such evidence to authenticate the receipts in GX 1615 to GX 1626.

  Even if the government could have authenticated these receipts (and the defense submits that it is too late in the trial for the government to propose new ways of doing so), the Court should preclude GX 1615 to GX 1626 on hearsay and Rule 403 grounds. Unlike the authenticated credit card receipts in *Tin Yat Chin*, the un-authenticated receipts the government seeks to introduce do implicate traditional hearsay concerns, particularly the handwritten receipts and cash receipts both of which "trigger the traditional reliability concerns of hearsay." *Tin Yat Chin*, 371 F.3d at 38. Furthermore, testimony at trial has established that there were four people living at the home in Piscataway, New Jersey. To admit the receipts without any supporting testimony would unduly prejudice the defense.

Hon. Lewis J. Liman

Thank you for your time and consideration of this matter.

                                          Respectfully submitted,

                                                           /s/

                                          Marne L. Lenox, Esq.
                                          Peggy Cross-Goldenberg, Esq.
                                          Allegra Glashausser, Esq.
                                          Neil P. Kelly, Esq.

                                          *Counsel for Lawrence Ray*

cc:      Counsel of record