UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
UNITED STATES OF AMERICA,                                           :
                                                                    :
            -v-                                                     :
                                                                    :        20-cr-110 (LJL)
LAWRENCE RAY,                                                       :
                                                                    :        ORDER
                          Defendant.                                :
                                                                    :
------------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

  The Government objects to the introduction of the portions of Defendant's Exhibit B9 that attach letters from the defendant's attorney Glenn Ripa, Esq., that refer to the defendant's attorney, or whose primary relevance is with respect to the truth of the matter asserted and not with respect to the defendant's statement of mind. Prior to trial, the defense moved in limine for an order that it be permitted to introduce Defendant's Exhibit B9 on the theory that it was evidence of defendant's "contemporaneous belief that he was the target of a wide-ranging and years-long conspiracy that involved law enforcement personnel, senior political figures, and the alleged victims in this case." Dkt. No. 327 at 2.

  The defense argued as follows: "In his correspondence to Mr. Bharara, Mr. Ray stated that he and several members of his family had been 'intentionally poisoned for several years by three college students' who 'have made repeated statements against their interests about their involvement in the poisoning conspiracy.' Mr. Ray elaborated that these individuals (the alleged victims in this case) 'told us that Bernard Kerik, Frank DiTommaso, Gerald Speziale and the parents of the students were/are behind the poisoning with the intention to kill me, my daughter and others . . . .'" *Id.* at 3. In the defense view, the fact that defendant made those statements to law enforcement and asked the recipients to investigate the conspiracy claims was "powerful evidence that Mr. Ray contemporaneously believed these claims." *Id.* at 4. Pretrial, the Court ruled that the statements would be admissible for the defendant's statement of mind. Dkt. No. 382 at 52–53. The Court reasoned that the statements were "not being offered for the truth of the statements in the letter or in the materials sent to law enforcement (i.e., that Ray was poisoned by the alleged victims in this case)," *id.* at 52, but rather as state-of-mind evidence that the defendant "demonstrated his acceptance and . . . his belief in the information he was transmitting to law enforcement," *id.* at 53. Although the defense mentioned the attachments to the email to then-United States Attorney Bharara in its brief, it did not argue that the defendant's belief that the Manhattan District Attorney's office had not sufficiently investigated was relevant (as opposed to the fact that the District Attorney was asked to investigate), and the Court did not consider how much of the statements it would receive or whether the attachments would be received. The defense did not mention any content in the attachments. It did not argue separately that the attachments should be received. (The Court did note that depending on the

questions asked by the defense, it could put at issue the attorney-client privilege and thus waive the privilege.)

The hearsay exception permitting the receipt of "[a] statement of the declarant's then-existing state of mind" is subject to the important exception that "a statement of memory or belief [may not be received] to prove the fact remembered or believed." Fed. R. Evid. 803(3). "The exclusion of 'statement[s] of memory or belief [proffered] to prove the fact remembered or believed' is necessary to prevent the exception from swallowing the hearsay rule. This would be the result of allowing one's state of mind, proved by a hearsay statement, to provide an inference of the happening of an event that produced the state of mind." *United States v. Cardascia*, 951 F.2d 474, 487 (2d Cir. 1991). Under this rule, an out-of-court statement that "face[s] backward and not forward" and speaks "to a past act" is generally not admissible. *Shepard v. United States*, 290 U.S. 96, 104 (1933).

The Court will receive Defendant's Exhibit B9 as redacted and attached to this Order. The statement as redacted preserves the material the defense stated in its motion in limine was relevant: the defendant's belief that he had been poisoned by three college students who were involved in a wide-ranging conspiracy. Although the statements bear an uncanny resemblance to those held excludable in *Shepard*, here the defendant's belief that he had been poisoned by the alleged victims, as opposed to the truth of whether he had been poisoned, is arguably relevant to the charges in the Indictment—the claim that he created the video and audiotapes and other materials in which the alleged victims "confessed" to the poisoning as collateral to use for extortionate purposes and to keep the alleged victims quiet about defendant's crimes. It suggests a counternarrative to that allegation—that the audios and videos were made to hand over to law enforcement to encourage a prosecution of what the defendant genuinely believed to be a crime against him.

The redacted material, by contrast, looks entirely backwards and not forwards. The defendant's belief in, *e.g.*, what the defendant's doctors told him, that he had asked the Manhattan District Attorney's office to investigate and they had failed to do so sufficiently, that defendant's attorney had written letters to the United States Attorney's Office, and that there was medical documentation and he actually had felt sick "is not relevant to any fact or issue in this case." *United States v. Lesniewski*, 2013 WL 3776235, at *5 (S.D.N.Y. July 12, 2013). Its sole relevance, if any, would be for the truth of the matter asserted "to provide an inference of the happening of the event that produced the state of mind." *Cardascia*, 951 F.2d at 487. In addition, the attorney letters attached to Defendant's Exhibit B9 add nothing to the statements that are in Ray's email itself, and the introduction of those letters or the fact that Ray had retained counsel would cause the Government prejudice. If unanswered (and the defense argues that the offer of the documents would not result in a waiver), it would unavoidably leave the jury with the impression that a lawyer had independently vouched for defendant's claims without any opportunity for the Government to explore the basis for that vouching, including whether it was based on selective disclosure by defendant of the facts to the attorney. The Court inquired at argument today whether there was anything in the attachments that was relevant to defendants' state of mind that was not in defendant's cover email; the defense did not identify anything. Finally, even if defendant's belief in the truth of the redacted statements had some marginal relevance, the risk that the jury would view the statements for their truth, thereby opening the

door to a wide-ranging and irrelevant sideshow into what the defendant told his attorney that led the attorney to write the letters and whether the defendant in fact was sick, far outweighs any probative value the redacted statements provide.

SO ORDERED.

Dated: March 28, 2022
      New York, New York

                                        LEWIS J. LIMAN
                               United States District Judge


Isabella Pollok <icpollok@gmail.com>

## Fwd: Complaint to AUSA Perry Carbone
1 message

**Lawrence Ray** <lvray21@gmail.com>                                              Thu, Apr 21, 2016 at 8:31 PM
To: "Gordon T. Ray" <gordonray1@me.com>, Talia Ray <talia.ray@me.com>, icpollok <icpollok@gmail.com>, Felicia Rosario <rosario@post.harvard.edu>, Seamus Harris <reg590@gmail.com>, Larry Ray <lvray21@gmail.com>

---------- Forwarded message ----------
From: **Lawrence Ray** <lvray21@gmail.com>
Date: Thu, Apr 21, 2016 at 8:28 PM
Subject: Complaint to AUSA Perry Carbone
To: preet.bharara@usdoj.gov

**DEFENDANT'S EXHIBIT B 9**

Preet Bharara
U.S. Attorney SDNY

Dear Mr. Bharara,

My name is Lawrence Ray. Four members of my family and I have been intentionally poisoned for several years by three college students. The three students, from two separate families, have made repeated statements against their interests about their involvement in the poisoning conspiracy. Further, they have indicated that Mr. Carbone, some federal agents and NYPD police officers have motive not to pursue this investigation. Thus I am writing to you. They told us that Bernard Kerik, Frank DiTommaso, Gerald Speziale and the parents of the students were/are behind the poisoning with the intention to kill me, my daughter and others and/or otherwise interfere with my potential testimony in the Bernard Kerik federal case and the related perjury case against Frank and Peter DiTommaso.

Additionally they have told us their parents were paid and have maintained this long before I was assaulted by Frank DiTommaso in September 2015.

Due to the extent of the alleged corruption/influence, I respectfully request that your office initiate an appropriate investigation of the allegations above and related organized crime and drug trafficking matters.

Mercury, arsenic, cyanide, copper and estrogen are some of the substances the students reported giving us.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

My family and I have been attacked and victimized for 19 years because I represented the capacity and will to expose corruption.

I have a considerable amount of evidence. You can reach me at (917) 566-9122.

Respectfully,

Lawrence Ray

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮