# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 30, 2022

**VIA ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     **United States v. Lawrence Ray**
        **20 Cr. 110 (LJL)**

Dear Judge Liman:

We write on behalf of Lawrence Ray in response to the government's letter regarding Government Exhibit 1401 ("GX 1401"). The proposed timeline exhibit is not a proper summary chart under Federal Rule of Evidence 1006 and should be excluded. Even if it were a proper summary chart, the Court should exercise its discretion under Federal Rules of Evidence 403 and 611(a) and exclude the timeline. The government already called a paralegal summary witness to read to the jury evidence that it wanted to highlight. To allow it to present GX 1401 through Agent Maguire would be cumulative, unduly prejudicial, and unnecessarily time consuming.

Federal Rule of Evidence 1006 permits the use of "a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Summary charts are often used to summarize voluminous financial or other records, the review of which in front of the jury would be both time consuming and inconvenient. *See, e.g., Unites States v. Koskerides*, 877 F.2d 1129, 1134 (2d Cir. 1989) (summary charts summarizing net worth calculations); *United States v. Pinto*, 850 F.2d 927, 935 (2d Cir. 1988) (summary charts in ten-week trial based on sixty-six wiretaps of calls placed to thirty-five telephone numbers); *United States v. Goldberg*, 401 F.2d 644, 647 (2d Cir. 1968) (summary charts based on "voluminous business records'). They also are used to summarize the results of computations or the processing of material in voluminous records, sparing everyone involved the time and effort of asking a witness (or the jury) to add or subtract amounts from voluminous exhibits. *See, e.g., United States v. Lasko*, 146 Fed. Appx 530 (2d Cir. 2005) (holding District Court did not abuse its discretion in admitting chart that summarized computations estimating total amount of methamphetamine produced based on statements regarding duration and frequency of cooking and estimates of batch sizes). It is not surprising, then, that many cases approving the use of summary charts do so in cases involving voluminous financial records. Indeed, Forensic

Hon. Lewis J. Liman

Account Lubin currently is using just such a summary chart to summarize voluminous bank records that could not be conveniently examined in court and to summarize his own computations based on those records that could not be conveniently performed in court.

Proposed GX 1401 does not do this. In fact, it does not summarize. Rather, it marshals the evidence in the manner the government would like to argue that the jury should consider it, cherry-picking still shots and written excerpts and lining them up in the way that draws the inferences and connections the government plainly intends to argue in its summation. Nor does GX 1401 address voluminous exhibits that cannot easily be examined in court. Indeed, the entries on the timeline actually have been examined in court, by the jury. In other words, each entry on the timeline already has "be[en] conveniently examined in court." There are no grounds to have the evidence repeated to the jury through Agent Maguire. That is what the government's summation and rebuttal summation are for.[1]

The cases cited by the government are not to the contrary. In *Ho*, the defendant argued that the material presented in a summary chart could have been examined by the jury. Here, the material already has been examined by the jury. The government simply seeks to repeat it. Additionally, the *Ho* Court held that the District Court did not abuse its discretion in finding the complex fraud – which included bribes paid by an official of a US-based organization on behalf of a Chinese company to government officials from Chad and Uganda in exchange for commercial advantages – merited the use of a summary chart. The timeline contained in GX 1401 does not synthesize or explain anything, let alone anything complex. It plots the government's summation timeline of certain events in the case, selected and arranged using the inferences and connections the government will argue the jury should draw. The *Yousef* Court approved the use of telephone summary charts to draw jurors' attention "to particular evidence culled from a voluminous set of records" in the prosecution for the 1993 World Trade Center bombing and charges related to a conspiracy to bomb commercial airliners in Southeast Asia. *United States v. Yousef*, 327 F.3d 56, 158 (2d Cir. 2003). GX 1401 is not a telephone summary chart that draws attention to particular evidence in a voluminous set of records. It is a timeline that repeats the evidence that already has been culled and highlighted for the jury.

Even if the Court finds that there is a need for a summary chart in this case, the defense submits that timeline represented in GX 1401 should be excluded under Rules 403 and 611(a). With the aid of courtroom technology, the government has been able to highlight, publish, and draw the jury's attention to portions of exhibits. It has asked witnesses to read aloud materials already in evidence. Indeed, it was permitted to call a paralegal summary witness, with no independent knowledge of the underlying facts of the case, to read aloud for the jury the evidence the government wanted to highlight. And it will have two opportunities to argue its timeline and highlight evidence on summation. Allowing the government a fourth opportunity to marshal the

---

[1] The defense raised its objection with the government and, as part of its offer to meet and confer, the defense offered to discuss foregoing an objection to the use of a timeline similar to GX 1401 in the government's closing.

Hon. Lewis J. Liman

evidence and present its proposed conclusions is cumulative, unduly prejudicial, and unnecessarily time consuming.

      Thank you for your time and attention to this matter.

                        Respectfully submitted,

                                */s/*

                        Marne L. Lenox, Esq.
                        Peggy Cross-Goldenberg, Esq.
                        Allegra Glashausser, Esq.
                        Neil P. Kelly, Esq.

                        *Counsel for Lawrence Ray*

cc:     Counsel of record

3