# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 31, 2022

**VIA ECF**

Hon. Judge Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:**    ***United States v. Lawrence Ray,* 20-cr-110-LJL**

Dear Judge Liman:

      Mr. Ripa should be permitted to testify as a defense witness at trial. Evidence that Mr. Ray acted in good faith and/or relied on Mr. Ripa's advice may negate or rebut the government's evidence regarding the *mens rea* element of several counts, whether or not the Court permits an advice-of-counsel instruction. Mr. Ripa's testimony is relevant to Mr. Ray's state of mind at the time of the events at issue in this case and to whether Mr. Ray willfully committed tax evasion or wrongfully obtained the property of another. Mr. Ripa will testify that he told Mr. Ray that he did not owe taxes on money received from Claudia Drury, regardless of the source of the funds, that Mr. Ripa had knowledge of sworn testimony that Mr. Ray had been poisoned, and that Mr. Ray sought out law enforcement investigation of the poisoning.

      Mr. Ripa's testimony is direct evidence of Mr. Ray's good faith belief that he was not violating any provision of tax laws. *United States v. McGinn*, 787 F.3d 116, 126 (2d Cir. 2015) (citing *United States v. Evangelista*, 122 F.3d 112, 118 n.5 (2d Cir. 1997)). "Knowledge and belief are characteristically questions for the factfinder." *Cheek v. United States*, 498 U.S. 192, 196 (1991). Mr. Ray is entitled to provide evidence of his good-faith belief that he complied with the U.S. tax code. Mr. Ripa will testify that he told Mr. Ray that the money he received from Claudia Drury as restitution for being poisoned was not taxable income. Mr. Ray's claim of good-faith belief is not required to be "objectively reasonable." *Id.* at 202-03.

      Mr. Ripa's testimony is also directly relevant to the wrongfulness element of the extortion counts. Not every threat to reputation in order to obtain money is inherently wrongful. *United States v. Jackson*, 180 F.3d 55, 71-72 (2d Cir. 1999). The "objective of the party employing fear of . . . reputational harm will have a bearing on the lawfulness of its use," and "it is material whether the defendant had a claim of right to the money demanded." *Id.* at 70. "Issues of whether a defendant has a plausible claim of right and whether there is a nexus between the threat and the defendant's claim are questions of fact for the factfinder." *Id.* at 71. In *Jackson*, the defendant claimed that she was the daughter of Bill Cosby and was entitled to money from him. *Id.* at 59. At trial, Jackson's grandmother was permitted to testify about her understanding of the nature of the relationship between Jackson and Cosby and what Cosby said even though "a rational jury could find that [Jackson's] demand, given her age (22) and the amount ($40 million), did not reflect a plausible

Hon. Lewis J. Liman                                                    March 31, 2022

**Re:  *United States v. Lawrence Ray,* 20-cr-110-LJL**                          **Page 2**

claim for support." *Id.* at 59, 71. Ultimately, Jackson was granted a new trial because the jury had not been instructed that threats to a person's reputation are not wrongful if the threatener has a claim of right and where the threat has a nexus to a plausible claim of right. Mr. Ray should be permitted to provide evidence to corroborate his claim of right, similar to the testimony given by Jackson's grandmother.  Such evidence here is directly relevant to Mr. Ray's alleged threats to expose Claudia Drury, Yalitza Rosario, and Santos Rosario for poisoning him, as well as to the written and recorded statements they gave regarding the poisoning.

Lastly, Mr. Ripa's testimony should not be precluded pursuant to Federal Rule of Evidence 403. The government asserts in its March 30, 2022 letter that Mr. Ripa's testimony would be prejudicial to the government's case and deny it "a fair trial." Dkt. 483 at 1. It would not. The government's witnesses have already testified at length that Mr. Ray believed he was poisoned and that they themselves told Mr. Ray they were involved in a conspiracy to poison him. Claudia Drury and Yalitza Rosario testified that they provided this information under oath during their testimony in housing court. The fact that Mr. Ray's attorney was aware of these claims is not any more sensational than the testimony the jury already has heard.

The government's theory in this case is that information regarding the conspiracy to poison Mr. Ray was false and the result of coercion, violence, or extortion.  Whether the government has proven this is a question for the jury.  It would deny Mr. Ray his ability to mount a defense if the Court were to assume the role of the jury and decide that the government is correct.  Mr. Ray has a right to present Mr. Ripa's testimony as evidence of Mr. Ray's state of mind and his intent in undertaking the acts at issue in this case.  The Court should permit Mr. Ripa to testify before the jury. If additional jury charges are necessary in light of his testimony, they can be added prior to the Court's charging of the jury.

Thank you for your time and consideration of this matter.

Sincerely,

*/s/*_____

Marne L. Lenox
Peggy Cross-Goldenberg
Allegra Glaushauser
Neil P. Kelly
Federal Defenders of New York
Southern District of New York
52 Duane Street, 10th Floor
New York, NY  10007

*Counsel for Lawrence Ray*

cc: Counsel of Record