

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

20-c-                                                                                                April 2, 2022

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *United States v. Lawrence Ray*,
                  S2 20 Cr. 110 (LJL)

Dear Judge Liman:

      The Government writes in response to the Court's request for a proposed instruction related to Mr. Ripa's testimony. The Government submits that the instruction should be modeled after that delivered by Judge Castel in *United States v. Little*, 12 Cr. 647 (PKC). The relevant pages of Judge Castel's charge are attached. Because Mr. Ripa is being permitted to testify, the Government submits that it is appropriate to include both a good faith and advice-of-counsel charge so that the jury is not misled to believe the the defendant's mere consultation with Mr. Ripa is a defense to criminal conduct. The Government also requests that the Court make clear in the charge, and during Mr. Ripa's testimony, that this evidence is relevant only with respect to the intent element of the tax charges in the Indictment.

                                      Respectfully submitted,

                                      DAMIAN WILLIAMS
                                      United States Attorney

                            By:__/s/__Danielle R. Sassoon___
                                Mollie Bracewell
                                Danielle R. Sassoon
                                Lindsey Keenan
                                Assistant United States Attorneys
                                Southern District of New York
                                (212) 637-1115

cc:     Defense Counsel (by ECF)

1  this case we're talking about a failure to act -- a failure to
2  file a return -- is done willfully if it is voluntary and
3  intentional -- if it is a voluntary and intentional violation
4  of a known legal duty.
5      Therefore, if the defendant knew that he was required
6  to file a tax return by the dates I've previously mentioned for
7  the tax years 2005 through 2010 and intentionally failed to do
8  so, for the purpose of evading his duty under the tax laws and
9  not as a result of accident or negligence, then he would have
10 willfully failed to file a tax return.
11     The government need not prove that the defendant had
12 the intention to defraud or evade the payment of taxes.  The
13 defendant's knowing failure to file a return, with the
14 intention of avoiding the legal duty that he file, constitutes
15 the crime charged.
16     A defendant does not act willfully if he believes in
17 good faith that his actions comply with the law.  Therefore, if
18 the defendant actually believed that what he was doing was in
19 accord with the tax statutes and that he was not required to
20 file a tax return, he cannot be said to have had the criminal
21 intent to fail to file a return willfully.  Thus, if you find
22 that the defendant honestly believed that he was not required
23 to file a return, even if that belief was unreasonable or
24 irrational, then you should find him not guilty.  However, you
25 may consider whether the defendant's belief was actually

1    reasonable as a factor in deciding whether he held the belief
2    in good faith.
3            Neither the defendant's disagreement with the law, nor
4    his own belief that the law is unconstitutional, no matter how
5    earnestly that belief is held, constitutes a defense of good
6    faith.  It is the duty of all to obey the law regardless of
7    whether they agree with it.
8            In determining whether a defendant acted in good faith
9    or whether the defendant willfully failed to file tax returns,
10   you are entitled to consider all the evidence that bears on the
11   defendant's state of mind.  Knowledge and intent are rarely, if
12   ever, proved by direct evidence.  Such direct proof is not
13   required because, as I have instructed you, circumstantial
14   evidence may be relied upon, and such evidence may have the
15   same weight as direct evidence.
16           Now, remember, it's the government's burden to prove
17   that the defendant acted willfully, and therefore it's not the
18   defendant's burden to prove that he had an honest belief.  It's
19   the government's burden to prove that the individual acted
20   willfully in violation of the law.
21           In determining -- I'm sorry.
22           You should apply your common sense and draw such
23   reasonable inferences as may be warranted by facts proved to
24   your satisfaction.  In determining these issues, you may
25   consider any statements made and acts performed or failed to be

1  performed by the defendant, taken with all other facts and
2  circumstances that are in evidence which reasonably relate to
3  the determination of the defendant's state of mind.
4              In determining whether the defendant acted knowingly,
5  you may consider as well whether the defendant deliberately
6  closed his eyes to what otherwise would have been obvious.  A
7  finding beyond a reasonable doubt of a conscious purpose to
8  avoid enlightenment would permit an inference of knowledge.
9  Stated another way, a defendant's knowledge of a fact may be
10 inferred from willful blindness to the existence of that fact.
11 You may consider whether or not the defendant displayed a
12 deliberate indifference or refusal to be informed in this
13 regard.  If you find that the defendant was mistaken, foolish,
14 or careless in not discovering the truth, or if you find that
15 the defendant actually believed his conduct was lawful, then
16 the defendant did not act knowingly.  It is entirely up to you
17 whether you find any deliberate closing of the eyes, and it is
18 up to you what inference may be drawn from any of the evidence.
19             And I should say, if you find that the defendant was
20 mistaken, foolish, or careless in not discovering the truth,
21 then he did not have the requisite state of mind, but you have
22 to decide whether there was any deliberate closing of the eyes,
23 and it's up to you what inference to be drawn from the
24 evidence.
25             You have heard evidence that the defendant filed his

1  and here we go.  The first element that the government must
2  prove is that the defendant advised or assisted in the
3  preparation of a tax return that was subsequently filed with
4  the IRS.
5          It is not required that the government prove that the
6  defendant actually prepared or signed the return in issue or
7  dealt personally with the taxpayer in order to prove that he
8  aided in its preparation.  Proof that the defendant knowingly
9  provided false information or directions with the expectation
10 that the information he provided would be used to file a tax
11 return is sufficient to satisfy this element.
12         The second element that the government must prove is
13 that the return was false as to a material matter.  In
14 instructing you on the elements of the second alleged object of
15 the conspiracy alleged in Count Nine, I instructed you on the
16 meanings of "false" and "materially."  You should apply that
17 same instruction to this element of Counts Ten through
18 Nineteen.
19         So you will apply the definitions of "false" and
20 "materiality" or "materially" that you received with regards to
21 Counts Ten through Nineteen.
22         With regard to willfulness, the third element the
23 government must prove beyond a reasonable doubt, I've already
24 instructed you on the meaning of the term "willfully," in
25 instructing you concerning the second alleged object of the

conspiracy alleged in Count Nine.  You should apply the same instruction to this element of Counts Ten through Nineteen.

You've heard evidence that defendant received legal advice from lawyers, and you may consider that evidence in deciding whether the defendant acted willfully and with knowledge.  However, the mere consultation with a lawyer is not a defense to criminal conduct.

In considering whether the defendant acted willfully and with knowledge as to Counts Ten through Nineteen, you must consider whether, before taking action, the defendant honestly and in good faith sought the advice of a competent lawyer as to what he may lawfully do.  This means that he sought and obtained legal advice regarding a proposed course of conduct before proceeding with that course of conduct.  You must also consider whether the defendant fully and honestly presented all relevant facts to the lawyer, and whether he honestly followed such advice in good faith, relying on it and believing it to be correct.  In short, you should consider whether, in seeking and obtaining advice from lawyers, the defendant intended for his acts to be lawful.  If he did so, a defendant cannot be convicted of a crime that requires willful and unlawful intent, even if the advice received was incorrect.

On the other hand, no defendant can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by asserting that he followed the

1  advice of a lawyer.  Whether the defendant acted in good faith
2  for the purpose of seeking guidance as to the specific acts in
3  this case before engaging in those acts, whether he made a full
4  and complete presentation of the facts to his lawyer, and
5  whether he acted substantially in accordance with the advice
6  received, are questions for you to determine.
7         Now that I have explained to you the elements of the
8  charges contain in the indictment, I am going to provide you
9  with instructions to assist you in determining whether the
10 defendant received income during the tax years 2005 through
11 2010 requiring him to file returns with the IRS.
12        Under the Internal Revenue Code, "gross income" means
13 all income from whatever source the income is derived,
14 including but not limited to salary, compensation for services,
15 fees, and dividends.
16        In addition, under the tax laws of the United States,
17 income is taxed by the person or entity that earns and controls
18 that income.  The use of sham, or "alter ego," entities to
19 avoid tax liability is illegal.  (I will define "alter ego" in
20 a moment.)  Nor may a taxpayer eliminate his tax liability by
21 merely assigning income that the taxpayer earned to someone
22 else, if the taxpayer maintains control over the income.
23        It is your responsibility to judge the facts and
24 determine whether the defendant improperly assigned his income
25 to another entity, or whether the entity was a sham corporation