

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 2, 2022

**BY ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    ***United States v. Lawrence Ray***,
              S2 20 Cr. 110 (LJL)

Dear Judge Liman:

      The Government writes in response to the Court's Order of today's date, regarding defense counsel's proposed jury charge that "[t]he Internal Revenue Code excludes from gross income the amount of any damages (other than punitive damages) received on account of personal physical injuries or physical sickness." The Government respectfully submits that the proposed instruction does not accurately reflect the law, and in any event, is inapplicable in this case.

      First, whether damages received on account of physical injury or sickness are excludable from gross income is a fact-specfic inquiry. The inquiry requires a determination of whether damages amounts include not only punitive damages, but also funds previously deducted for medical expenses, or attributable to lost wages, or interest, among other things. *See* Ex. A, IRS Publication 4535. Any jury instruction related to personal injury damages would have to account for these nuances, and would require the jury to make factual findings about which there has been no evidence at trial.

      Second, the exclusion permitted by 26 U.S.C. § 104(a)(2) is plainly inapplicable to the prostitution proceeds the defendant received from Ms. Drury. Section 104(a)(2) excludes from gross income "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness." In turn, Section 1.104–1(c) of the Treasury Regulations, 26 C.F.R. § 1.104–1(c) (1994), provides: "'damages received (whether by suit or agreement)' means an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." Section 1.104–1(c) further provides the exclusion "applies to damages paid pursuant to a written binding agreement, court decree, or mediation award entered into or issued after September 13, 1995, and received after January 23, 2012."

Thus, an exclusion from gross income is authorized by the regulation "only when it both (i) was received through prosecution or settlement of an 'action based upon tort or tort type rights' ... and (ii) was received 'on account of personal injuries or sickness.'" *Comm'r v. Schleier*, 515 U.S. 323, 333–34(1995). "'A taxpayer claiming an exclusion from income bears the burden of proving that his claim falls within an exclusionary provision of the Code.'" *Elpi v. United States*, 968 F. Supp. 54, 57 (D. Conn. 1997) (quoting *Taggi v. United States,* 35 F.3d 93, 96 (2d Cir. 1994). There has been no evidence to suggest the defendant received damages from Ms. Drury through prosecution of a legal suit or action, or pursuant to a written binding agreement, court decree, or mediation. Accordingly, the proposed jury charge is not appropriate here.

                            Respectfully submitted,

                            DAMIAN WILLIAMS
                            United States Attorney

                      By:__/s/__Lindsey Keenan___
                            Mollie Bracewell
                            Danielle R. Sassoon
                            Lindsey Keenan
                            Assistant United States Attorneys
                            Southern District of New York
                            (212) 637-1115

cc:     Defense Counsel (by ECF)