**Federal Defenders**
OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Southern District

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

April 2, 2022

<u>**Via ECF**</u>

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>United States v. Lawrence Ray</u>
      **20 Cr. 110 (LJL)**

Dear Judge Liman:

We write regarding the proposed jury instructions with respect to the "Tax Code Instructions," which were found at section XLI in the Court's proposed jury charge.

This section summarizes some, but not all, provisions of the Internal Revenue Code. It recites the filing deadlines for personal tax returns and provides a high-level summary of what the Code "treats" as "gross income unless expressly exclude by some other provision" of the Code. This section proceeds to state that "[g]ross income generally includes all income from whatever source, including income from illegal sources." But this section does not completely and fully describe what is or is not "gross income" under the Code, which includes many exceptions, exclusions, and definitional limitations that apply by operation of law. Accordingly, as drafted, the instruction is neither fair to both sides nor accurately represents the law in every respect

For example, the jury charge does not inform the jury that gross income does not include the value of property acquired by gift. 26 U.S.C. § 102(a). Nor does it inform the jury that the Internal Revenue Code expressly excludes from the definition of "gross income" "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness." 26 U.S.C. § 104(a)(2). By operation of law, such amounts are not considered gross income for tax purposes under the Internal Revenue Code.

While counsel's research has not yet revealed a model jury charge on the question of damages for personal physical injuries in a criminal tax evasion case,[1] jury charges provided in

---

[1] The government's citation to *civil* taxpayer suits in which taxpayers seek to recover amounts paid are plainly inapposite because the burden of proof in such an action is on the taxpayer.

this District (and approved by the Second Circuit) regarding other exclusions from Code's applicable definitions are instructive. For example, in *United States v. Plitman*, Judge Preska instructed the jury that: "The value of property acquired by gift or as a loan is not considered gross income for tax purposes under the Internal Revenue Code. Money paid by one person to or for the benefit of another is a gift if it is paid out [sic] a 'detached and disinterested generosity . . . out of affection, respect, admiration, charity or like impulse.'" 194 F.3d 59, 65 (2d Cir. 1999). As the Second Circuit noted, in distinguishing the appellant's request in *Plitman* for a separate instruction on a voluntary taxpayer election, the instruction on "gifts" related to the "definition of income" and, therefore, was "*part of the elements of the tax evasion crime.*" *Id.* (emphasis added).

Similarly, in a tax evasion case where the defendant argued that a third party "was not his employee, but rather was an independent contractor for whom an employer is not required to pay employment taxes," the District Court instructed the jury on (1) the willfulness element of the offense of tax evasion; (2) that the jury "may not conclude that [the defendant] knowingly and willfully failed to pay employment taxes unless the government proves to your satisfaction beyond a reasonable doubt that he knowingly and willfully acted in violation of the law as opposed to relying on a good-faith belief that Miss Grant was an independent contractor"; and (3) "each of the 20 factors set out in the pertinent IRS Revenue Ruling" for determining whether a person providing services to an individual is an employee or an independent contractor. *United States v. Josephberg*, 562 F.3d 478, 499–500 (2d Cir. 2009).

So too here, where there has been evidence and testimony that money was provided to Mr. Ray as intended "damages," "repairs," or "compensation" for Mr. Ray's purported poisoning,[2] the government bears the burden of proving beyond a reasonable doubt *all* of the elements of the tax evasion offenses—including that the money at issue was *taxable* income under the Code. The proposed instruction as currently worded improperly relieves the government of this burden. Although the jury charge elsewhere informs the jury that the government must prove beyond a reasonable doubt "(1) that Mr. Ray received unreported or incorrectly reported income; and (2) that there was a substantial tax due, or substantial additional tax due, as a result of the receipt of that unreported or incorrectly reported income," it does not fully and accurately describe what is or is not taxable income under the Code. Specifically, although it alludes to such exclusions, it does not define what benefits or value received are "expressly excluded by some other provision of the Internal Revenue Code." The Court should not instruct the jury on what "generally" is considered income alone. It should instruct the jury that the government bears the burden of proving that Mr. Ray received taxable income. To do so, it must also instruct the jury on what is definitionally *not* taxable income.

Accordingly, the defense respectfully requests that the Court instruct the jury as follows:

The law of the United States requires, and required during the relevant time frame, that a citizen or other person who lives or works in the United States to file

---

This is not the case in a criminal tax evasion matter such as this, where Mr. Ray bears no burden of proof.

[2] *See, e.g.*, Tr. 694:25–695:4 (""Q. What, if anything, did you do to make amends for poisoning -- supposedly poisoning the defendant? A. I gave him money.").

2

a tax return, on or before April 15, if his or her gross income exceeded a threshold amount. In 2020, for tax returns for the 2019 tax year, that deadline was extended to July 15.

Gross income generally includes all income from whatever source, including income from illegal sources. The Internal Revenue Code treats all benefits received from whatever source derived as gross income unless expressly excluded by some other provision of the Internal Revenue Code.

The value of property acquired by gift or as a loan is not considered gross income for tax purposes under the Internal Revenue Code. Money paid by one person to or for the benefit of another is a gift if it is paid out of a detached and disinterested generosity, affection, respect, admiration, charity, or a like impulse.

The Internal Revenue Code also excludes from gross income the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness. Emotional distress is not considered a physical injury or physical sickness. However, damages for emotional distress attributable to a physical injury or physical sickness are excluded from income.

The term "damages" means an amount received through prosecution of a legal suit or action, or through a settlement agreement entered into in lieu of prosecution. To be excluded from gross income, damages must be paid pursuant to a written binding agreement, court decree, or mediation award that was negotiated at arms' length and in good faith.[3]

This instruction both provides the jury with a full and accurate definition of what is and is not gross income under the Code (as relevant to this case) and allows them to determine if the government has satisfied its burden of proving that the income Mr. Ray allegedly received was taxable.[4] The government called Ms. Drury as a witness and could have sought to elicit evidence that the money she paid Mr. Ray was not pursuant to a valid agreement under section 104(a)(2) and corresponding regulations. Its failure to do so does not create an affirmative burden that Mr. Ray must carry to disprove an element of the charged offense of tax evasion.

If the Court declines to give this instruction, the Court should strike the instruction that "[g]ross income generally includes all income from whatever source, including income from illegal sources" because that does not accurately the law.

---

[3]   *See* 26 U.S.C. § 104(a)(2); 26 CFR § 1.104-1(c).

[4]   The government's submission cites and quotes, in part, an earlier and superseded version of 26 C.F.R. § 1.104–1(c), which was amended in 2012. The current version does not require an action "based upon tort or tort type rights," and specifically provides that "[t]he injury need not be defined as a tort under state or common law."

Respectfully submitted,

/s/

Marne L. Lenox
Peggy Cross-Goldenberg
Allegra Glashausser
Neil P. Kelly

*Counsel for Lawrence Ray*

cc: Counsel of record