**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

April 2, 2022

**Via ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **United States v. Lawrence Ray**
    **20 Cr. 110 (LJL)**

Dear Judge Liman:

      We write in response to the government's letter proposing an additional jury instruction regarding the advice of counsel. Given the Court's strict limitations on what Mr. Ripa will be permitted to testify to (*see* Apr. 1, 2022 Order at 12), which preclude inquiry into many of the elements of the government's proposed advice of counsel instruction,[1] the Court cannot in fairness to Mr. Ray provide the government's jury instruction. Providing the proposed instruction while, at the same time, prohibiting the defense from attempting to elicit testimony that might go to the elements of the instruction, would only serve one purpose—to undermine in the jury's mind Mr. Ray's defense against the tax evasion counts by imposing additional requirements that he is not permitted to attempt to satisfy. If the Court is inclined to provide this additional instruction, it must also permit the defense to inquire into the subject matter of the elements of the instruction. Prohibiting Mr. Ray from doing so would violate his due process rights.

      The government's proposed additional instruction is also superfluous. As the defense has proposed, the Court should, at the time of Mr. Ripa's testimony, provide the following limiting instruction: "Members of the jury, the testimony you have just heard [about Mr. Ripa's advice to Mr. Ray about the taxability of reparation payments] should be considered by you only in connection with the tax evasion counts in this case. I will explain to you in more detail in my final jury charge what the elements of the tax evasion charges are." In the final jury charge, the Court should instruct the jury, in the context of the tax evasion instructions, that "[y]ou've heard

---

[1] In light of the strict limitations on the scope of Mr. Ripa's direct testimony and the concerns the Court has expressed regarding the limited purpose for which this testimony is being received, the defense respectfully requests that it be permitted to lead on direct examination, similar to how the government was permitted to lead certain of its witnesses through their testimony on certain sensitive or limited topics.

evidence that defendant received legal advice from a lawyer with respect to certain tax obligations. You may consider that evidence only in deciding whether the defendant acted willfully and with knowledge. You may not consider this evidence for any other purpose." This trial has involved copious amounts of evidence and testimony that were received only for a limited purpose, and the Court has provided and will provide limiting instructions as appropriate. Given "the almost invariable assumption of the law that jurors follow their instructions," *Richardson v. Marsh*, 481 U.S. 200, 206 (1987), providing a limiting instruction along the lines of the above proposal would more than adequately protect against the jury considering Mr. Ripa's testimony for any purpose for which it was not admitted.

                                      Respectfully submitted,

                                            /s/

                                      Marne L. Lenox
                                      Peggy Cross-Goldenberg
                                      Allegra Glashausser
                                      Neil P. Kelly

                                      *Counsel for Lawrence Ray*

cc:      Counsel of record