**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

April 5, 2022

**Via ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  **United States v. Lawrence Ray
     20 Cr. 110 (LJL)**

Dear Judge Liman:

We write to elaborate on one of our objections to the improper argument in the government's rebuttal summation and to respectfully renew our application for a mistrial. In addition to "needless and unwarranted *ad hominem* attacks against defense counsel," *United States v. Biasucci*, 786 F.2d 504, 514 (2d Cir. 1986), the government's rebuttal summation impugned Mr. Ray's exercise of his constitutional right to advance a defense and confront the witnesses against him, and in doing so denied him a fair trial. "This is one of those rare cases where the improper comments in a prosecutor's [rebuttal] summation were so numerous and, in combination, so prejudicial that a new trial is required." *Floyd v. Meachum*, 907 F.2d 347, 348 (2d Cir. 1990).

At sidebar after the government's rebuttal summation, in addition to raising several other objections (including to the personal insults and mockery directed at defense counsel), the defense noted that government counsel improperly (1) accused defense counsel of perpetuating Mr. Ray's alleged criminal conduct; (2) argued that cross-examination of witnesses about their prior statements and acts was itself a furtherance of Mr. Ray's alleged criminal activity; and (3) asserted that questioning witnesses re-victimized these individuals just as Mr. Ray is accused of doing. Tr. 2920:18–2921:6. The Court, which did not have the benefit of the transcript at the time, denied the defense application for a mistrial, curative instruction, or other remedy with respect to these improper arguments. *Id.* 2921:3, 7–10.[1] We respectfully direct the Court to a few of the offending passages in the government's rebuttal summation relevant to these objections.

*First*, the government characterized the defense theory as an "extension of the same self-serving conspiracy theories that the defendant" "once used . . . to control these victims," and

---

[1]  Given this record, the defense's objections to the government's improper remarks are adequately preserved. *See United States v. Lyman*, 592 F.2d 496, 499 (9th Cir. 1978).

stated that "[n]ow he is using them to evade responsibility." *Id.* 2898:14–19. The government's argument that the defense's opening statement and summation were an extension of the means and methods that Mr. Ray is accused of using to "control these victims" directly and improperly accused defense counsel of perpetuating the same type of alleged criminal conduct for which Mr. Ray is on trial.

*Second*, the government argued that the defense's cross-examination of witnesses about the various writings and recordings that they were questioned about in their direct testimony or which were in the evidence or discovery record, similarly furthered Mr. Ray's alleged criminal conduct. Specifically, the government argued that Mr. Ray "made these recordings and he kept them precisely so he could try to discredit his victims if they ever exposed him," and urged the jury to "reject the defense effort to discredit these witnesses with the very collateral the defendant created and collected for exactly this purpose, so that his victims would never be believed, so that his victims would never have the courage to speak up." *Id.* 2916:5–13. In doing so, the government improperly argued to the jury that defense counsel's mere cross-examination and confrontation of the witnesses against Mr. Ray was another instance of defense counsel employing the same means and methods of Mr. Ray's alleged criminal conduct to obstruct justice and/or intimidate the government's witnesses.

*Third*, the government (in addition to improperly vouching for the "courage" of its witnesses) improperly told the jury that its witnesses were forced "to suffer from the defense the same false insults that they had endured for years—that they are liars, a rapist, a scorned lover, a delinquent mother, and more." Tr. 2917:5–12. This was on top of the government's entirely unfounded accusation that the defense engaged in an "effort to shame [Ms. Drury] as a slut who wanted to be a sex worker." *Id.* 2901:1–2, 2903:17–20. In doing so, the government accused defense counsel—exercising Mr. Ray's constitutional right to confront the witnesses against him—of re-victimizing these witnesses just as Mr. Ray is accused of doing in this case.

The Court is aware that the defense did not subject any of the government's witnesses to such "insults." The defense is well within its rights to challenge the truthfulness, veracity, and credibility of the witnesses at trial, including their motivations to not give truthful testimony. *See United States v. Peterson*, 808 F.2d 969, 977 (2d Cir. 1987) (holding that the "[u]se of the words 'liar' and 'lie' to characterize disputed testimony when the witness's credibility is clearly in issue is ordinarily not improper unless such use is excessive or is likely to be inflammatory").

But, the government is not permitted to invent things that did not happen and use such fabrications to impugn the character of defense counsel (particularly in rebuttal summation, when the defense has no opportunity to respond). At no time did defense counsel call any witness "a delinquent mother," let alone level the outrageous accusations of calling a witness "a rapist" or "a slut." Moreover, defense counsel is entitled to, if not constitutionally obligated— indeed, counsel might be found ineffective if it did not—attempt to rebut the sex trafficking allegations by arguing that Ms. Drury was not forced or coerced into commercial sex work. But counsel did not engage in the conduct the government accused it of. To the contrary, the defense specifically argued to the jury that "there's nothing wrong with" Ms. Drury's enjoyment of sex, and that "[i]t's perfectly healthy and natural." *Id.* 2875:9–11. The government, which apparently pre-planned its "rebuttal" summation by getting offending "language approved by multiple people," *id.* 2931:9–10, invented a highly inflammatory accusation that defense counsel never

made, for the sole purpose of attacking this strawman argument in rebuttal and appealing to the emotions of the jury, knowing the defense would be unable to respond.

As the Second Circuit has held: "The prosecutor was entitled in rebuttal to provide an answering argument, based on the trial evidence, to any argument that defense counsel advanced in summation. *[She] was not entitled, however, to malign defense counsel by accusing [her] of willingness to make unfounded arguments that were not made.*" *United States v. Friedman*, 909 F.2d 705, 709 (2d Cir. 1990) (emphasis added). Here, the government did just that by misrepresenting what the defense did and said, in violation of settled law. *See, e.g.*, *United States v. Elias*, 285 F.3d 183, 190 (2d Cir. 2002) (prosecutor may not "mis-characteriz[e defense arguments in a manner] . . . clearly designed to inflame the passions of the jury").

The government's repeated insults, misrepresentations, and unfair disparagements of defense counsel's exercise of Mr. Ray's constitutional rights to advance a defense at trial and to confront the witnesses against Mr. Ray (in addition to the other errors identified by the defense) rise to the level of warranting a mistrial. *Cf. Griffin v. California*, 380 U.S. 609, 614–15 (1965) (holding that prosecutor's comments on a defendant's failure to testify in his own defense violated defendant's Fifth Amendment right against self-incrimination). These personal attacks and accusations that defense counsel engaged in the very same criminal conduct for which Mr. Ray is on trial exceed the types of improper comments the Second Circuit has found inappropriate in other cases. *See, e.g.*, *United States v. Warren*, 306 F. App'x 682, 685 (2d Cir. 2009) (portrayal of defense tactics as "tricks of the trade" was "clearly inappropriate"); *Friedman*, 909 F.2d at 709 (reversing conviction) ("grossly improper" to say that defense counsel will make any possible argument to "get that guy off"); *United States v. Resto*, 824 F.2d 210, 212 (2d Cir. 1987) (comments suggesting that defense counsel was trying to "pull the wool over the jury's eyes" were disparaging and improper).

Given the invective that was directed towards defense counsel in the government's rebuttal summation, including several accusations that defense counsel perpetuated Mr. Ray's alleged criminal conduct merely by confronting the witnesses against him at trial, we respectfully renew our request for a mistrial. The severity of these errors, the lack of sufficiently curative actions to address them, and the high likelihood that these errors will improperly influence and effect the jury's deliberations mandate such an outcome. *See United States v. Forloma*, 94 F.3d 91, 95 (2d Cir. 1996). Despite this pervasive improper argumentation, the Court did not issue a sufficiently curative instruction that addressed these concerns and the jury has already begun deliberating. The injury to Mr. Ray's due process and Sixth Amendment rights has already been inflicted and he has been denied his right to a fair trial in this matter.

                                                Respectfully submitted,

                                                /s/

                                              Marne L. Lenox
                                              Peggy Cross-Goldenberg
                                              Allegra Glashausser
                                              Neil P. Kelly

                                              *Counsel for Lawrence Ray*

cc:    Counsel of record