**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

April 20, 2022

**Via ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Lawrence Ray**
         **20 Cr. 110 (LJL)**

Dear Judge Liman:

     We write on behalf of Lawrence Ray in response to the Court's April 8, 2022 order regarding the continued sealing of documents related to Mr. Ray's health and medical conditions. At this time, all documents related to the Court's evaluation of Mr. Ray's medical condition during trial should remain under seal. There was there no request for Court action regarding Mr. Ray's medical condition during trial, nor did the Court make a decision about his medical condition. Against this backdrop, the breadth of sensitive medical information covered in the records – much of it unrelated to Mr. Ray's medical condition during the trial – counsels in favor of the continued sealing of these materials at this time.

     "Notwithstanding the presumption of access under both the common law and the First Amendment, [ ] documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Such is the case here.

     "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Notably, the presumption of access rests on the principle that "the public interest encompasses the public's ability to make a contemporaneous review of the basis of an important decision of the district court." *Lugosch*, 435 F.3d at 127 (internal quotation marks omitted) (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 664 (3d Cir. 1991)). Here, the documents at issue were solicited with no pending motion before the Court; critically, the Court did not "directly affect an adjudication" in relation to the relevant records. *Amodeo*, 71 F.3d at 1049; *see also Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (noting that "[a]n adjudication is a formal act of government"). Thus, the presumption of public access is low, as there is no decision to scrutinize.

   Further, Mr. Ray's privacy interest in the documents at bar—his medical records and opinions about his medical condition—counsels in favor of continued sealing. Even if the Court had been presented with a request for action, and had made a decision, regarding Mr. Ray's medical condition during trial, the records received by the Court are extensive and contain details about other, unrelated medical issues and treatment in which Mr. Ray has a privacy interest. "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051 (noting that "illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public"). Mr. Ray's substantial privacy interest in his medical records—including related letters and filings—plainly outweigh any public right of access to judicial documents. *See also Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18CV1781PGGBCM, 2021 WL 1637814, at *1 (S.D.N.Y. Apr. 27, 2021) (permitting affiant's "detailed medical records" to "remain under seal" because they "cannot be easily redacted").

   For these reasons, the records at issue should remain under seal until such time, if any, they become directly relevant to a decision of this Court.

                     Respectfully submitted,

                          /s/

                     Marne L. Lenox
                     Peggy Cross-Goldenberg
                     Allegra Glashausser
                     Neil P. Kelly

                     *Counsel for Lawrence Ray*

cc:  Counsel of record