

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 20, 2022

**BY ECF**

The Honorable Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:   *United States v. Lawrence Ray*,
             20 Cr. 110 (LJL)

Dear Judge Liman:

      The Government respectfully submits this letter in response to the Court's April 8, 2022, order regarding the continued sealing of letter briefs and other documents related to the defendant's health and medical conditions. (Dkt. No. 501). The sealed documents consist of (i) the Government's letter briefs dated March 16, 2022, and March 22, 2022, defense counsel's responses, dated March 17, 2022, and March 22, 2022; (ii) transcripts of conferences held by telephone and in the robing room on March 15, 16, 18, 22, and 23, 2022, and a sidebar on March 24, 2022; (iii) the transcript of a hearing held on March 25, 2022, at which Dr. Alan Z. Segal and Nurse Ariela Altschuller testified; and (iv) Dr. Alexander E. Merkler's March 30, 2022, report (the "Merkler Report," and collectively the "Sealed Materials"). In view of Dr. Merkler's conclusion that the defendant's medical symptoms are ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ (Merkler Report at 5), the Government respectfully submits there is no basis for continued sealing of the Sealed Materials.[1]

---

[1] Attached as exhibits to the Government's March 16, 2022, letter were recent medical records from the Bureau of Prisons (Exhibits A and B), Maimonides Hospital (Exhibit C), and NYU Langone (Exhibits D and I), as well as 2014 records from New York Presbyterian Hospital (Exhibits G and H). The exhibits to the Government March 16 letter also included transcripts of prior proceedings (Exhibits E and F), and email correspondence related to the scheduling of a deposition (Exhibits J, K, and L). The Government respectfully submits that the medical records attached as Exhibits A, B, C, D, G, H, and I should be unredacted insofar as they reflect the defendant's treatment for feigned symptoms, however, portions of these materials reflecting the defendant's personal identifiers (such as his date of birth), and routine treatment for unrelated conditions should be redacted.

I.   **Applicable Law**

The Supreme Court has recognized a common law presumption of public access to judicial documents, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978); *In re Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir.), *cert. denied*, 496 U.S. 931 (1990). The presumption of access is "based on the need for federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo* (*Amodeo II*), 71 F.3d 1044, 1048 (2d Cir. 1995). Motions to seal documents must be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation marks omitted) (quoting *In re Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). The burden is on the party seeking to maintain a document under seal to demonstrate that sealing is warranted. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

The Second Circuit recently summarized three steps the Court must follow to determine whether the presumption of public access attaches to a particular document and whether it may be sealed. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document" – "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks omitted). Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *Amodeo II*, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.* Among the countervailing values to be balanced against the presumption of access are "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Amodeo II*, 71 F.3d at 1050. If the presumption is outweighed by countervailing values, a court should consider whether redaction is "a viable remedy," or whether the document presents "an all or nothing matter." *Id.* at 1053.

II.   **Discussion**

The defense cannot demonstrate that the presumption of access to the Sealed Materials is outweighed by any countervailing interests.

*First*, the Sealed Materials are judicial documents because they are "relevant to the performance of the judicial function and useful in the judicial process," *Amodeo I*, 44 F.3d at 145.

*Second*, there should be a strong presumption of access to these materials because they plainly relate to the manner in which criminal trials are conducted. *See, e.g., Application of Nat'l Broad. Co., Inc.*, 635 F.2d 945, 951 (2d Cir. 1980) ("it would be difficult to single out any aspect of government of higher concern and importance to the people than the manner in which criminal trials are conducted." (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 2823, 65 L.Ed.2d 973 (1980))). The Sealed Materials address the defendant's apparent medical episodes in the midst of trial, which resulted in the delay of trial by five days (March 15 through March 17, and March 22 through March 23). The Sealed Materials include not only the Government's letters seeking judicial intervention related to the defendant's conduct at trial, including a determination that the defendant voluntarily absented himself from trial, a hearing with the defendant's medical providers, and the appointment of an independent medical expert, but also records of the Court's actions in response, including decisions to hold a hearing, appoint an independent expert, and commission a report. The court-appointed expert, Dr. Merkler, ultimately concluded the defendant ▇ (Merkler Report at 5). ▇, and, in turn, the time of the jury, the Court, and the Government's witnesses, some of whom traveled to New York City to testify and were forced to wait out the defendant's medical absences.

Finally, this is also not a case where the privacy interest in medical information is sufficient to overcome the presumption of access to judicial documents. The privacy interest in medical records is not absolute. *See, e.g., United States v. Vinas*, 08 Cr. 823, 2017 WL 1969665, at *2 (E.D.N.Y. May 11, 2017) ("Courts have specifically recognized that there is a recognized privacy interest in medical records, albeit one that is neither fundamental nor absolute." (quotation omitted)); *United States v. King*, 10 Cr. 122, 2012 WL 2196674, at *2 (S.D.N.Y. June 15, 2012) (sealing medical information of third parties in a sentencing submission and collecting cases related to sealing medical records). Here, any privacy interests are minimal and are outweighed by the circumstances of this case. The defendant's apparent medical episodes occurred in open court, where his symptoms were on display for the public. Over the Government's objection and with defense counsel's consent, the Court informed the jury that trial was adjourned because the defendant required medical attention. Further, Dr. Merkler concluded that the defendant ▇ (Merkler Report at 5). The Government respectfully submits that ▇ do not merit the same privacy interests that attach to ▇ medical conditions unrelated to the administration of justice. Here, any privacy interest in ▇ is outweighed by the strong presumption of access to the Sealed Materials.[2]

---

[2] Moreover, even if the Court were to recognize some privacy interest in the Sealed Material that merited sealing, the wholesale sealing of the Sealed Materials is unwarranted. To meet their burden to keep the entirety of the Sealed Materials under seal, the defense should be required to demonstrate why limited redactions are inadequate to protect any legitimate privacy interests here.

\*\*\*

For the foregoing reasons, the Sealed Materials should be made public, with the exception of limited redactions to the exhibits to the Government's March 16, 2022, letter.

                                     Respectfully submitted,

                                       DAMIAN WILLIAMS
                                       United States Attorney

                    By:   <u>s/ Lindsey Keenan</u>
                           Mollie Bracewell
                           Lindsey Keenan
                           Danielle Sassoon
                           Assistant United States Attorneys
                           (212) 637-2218/1565/1115

cc:    Peggy Cross-Goldenberg, Esq. (by ECF)
        Allegra Glashausser, Esq.
        Neil Kelly, Esq.
        Marne Lenox, Esq.