

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 16, 2022

**By E-mail**
**Request to Be Filed Under Seal**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Lawrence Ray*,
               S2 20 Cr. 110 (LJL)

Dear Judge Liman:

      As discussed at today's sealed conference in the above-referenced case, the Government respectfully writes to provide the Court with records related to the defendant's present medical condition, certain facts related to the defendant's history of using purported medical ailments to delay judicial proceedings, and legal precedent related to mid-trial adjournments.

    A.  Medical Records

      The defendant's treatment records from the Bureau of Prisons (the "BOP") reflect that ██████████████████████ The Government is continuing to assess available medical information regarding the defendant's condition and will provide the Court with appropriate updates.

      Based on other medical records, the defendant's ███████████████████████████ is consistent with a pattern of behavior.  BOP treatment records from ███████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████

      Moreover, the defendant's medical records reflect that on prior occasions when the defendant ████████████████████████████████████████████████████████████████

### B. Historical Delays Related to the Defendant's Health

It should be noted that in prior judicial proceedings, the defendant has relied on claims of physical illness to obtain repeated delays, regardless of whether the proceedings are civil or criminal, his own or others.

For example, the defendant obtained repeated delays of sentencing in his prior criminal case, captioned *United States v. Coppa*, 00 Cr. 196 (ILG), which was held in the Eastern District of New York before Judge Glasser. In that case, according to press reports, he claimed he suffered from a "medical brain fog." (The Government has requested the transcript from the defendant's sentencing.) But according to *New York Magazine*: Judge Glasser accused Ray of "manipulating" the court with "constant, constant adjournments," stating "it wasn't as a result of brain fog." See https://nymag.com/ intelligencer/2022/03/larry-ray-courtroom-emergency.html. Subsequently, the defendant testified under oath that he did not actually have a "brain fog" at the time of his sentencing in *Coppa*, but merely claimed as much at the supposed urging of his counsel. Ex. E: 11/05/2012 Tr. 1805:13-24.

In October 2012, the defendant was a witness in a Bronx criminal trial. While on the stand, the defendant advised the Court that he had a fever, and a headache, and was having difficulty hearing the prosecutor. Ex. F: Trial Tr. 1391:17-1392:9. The next day, October 19, 2012, the defendant failed to appear for testimony, but not did not provide sufficient notice to permit the judge, jury, and parties to make other use of their time. Ex. F: Trial Tr. 1419:23-1420:6. Days leter, the defendant claimed to still be too ill for Court, having reported that he had now had an additional ailment, namely, a "sinus infection." Ex. F Trial Tr. 1422:12-22. Subsequently, he failed to answer the prosecutor's phone call when he was expected to appear. Ex. F: Trial Tr. 1752:12-20. The defendant did not return to Court until nearly two weeks later, on November 5, 2012. Ex. F: Trial Tr. 1779:11-13. While he absented himself from Court, the defendant was actively engaged in conduct related to the charged offenses here, including by receiving a "damages list" from Santos, which Santos's testimony demonstrates the defendant would have solicited and reviewed, and paying to renew a subscription to a GoDaddy service.

In 2014, the defendant was evaluated at New York Presbyterian Hospital. Also the wife persistently requested a note to get the [defendant] out of Court." Ex. G: 8/22/2014 NYPres. Note at 1. The Government is unaware what particular proceeding the defendant intended to absent himself from at that time, but notes there was a petition pending in New York Civil Court to remove the defendant from the Upper East Side apartment where he resided with the victims in this case. See Dkt. No. 55038-14.



More recently, in 2019, the defendant was a plaintiff in a civil proceeding in New York Supreme Court. *Lawrence Ray v. Frank DiTomasso*, Index No. 157733/2016. There, the defendant repeatedly adjourned depositions scheduled for July 18, 2018, August 7, 2018, and September 5, 2018. Ex. J at 2, 3 (email chains dated 7/16/18 at 4:52 p.m. and 7/26/2018 at 4:05 p.m.), Ex. K. at 1 (email chain dated 8/30/2018 at 11:37 a.m.) The latter adjournment was on the basis of the defendant's being "extremely ill." Ex. K at 1. The evidence in the instant case reflects that in and around the dates the defendant was unavailable to be deposed because he was supposedly "extremely ill," he continued to run his sex trafficking operation. Six months later, on March 28, 2019, when the defendant's deposition still had not taken place, defendant's counsel wrote that she had "no update." Ex L. at 1 (email chain dated 3/29/2019 at 2:34 p.m.). However, the evidence in this case reflects that the next day, March 29, 2019, the defendant was not so ill as to prevent him from recording a conversation with New York Magazine reporter James Walsh, and then emailing the recording to Talia Ray.

C. <u>Applicable Law</u>

The Government is hopeful that the trial will resume promptly. However, to the extent it becomes relevant, and to aid the Court, the Government provides the following law.

Courts in this district and others have permitted lengthy mid-trial adjournments to account for the parties' medical needs, among other things. *See, e.g.*, *United States v. Ng Chong Hwa*, 18 Cr. 538 (MKB) (E.D.N.Y. 2022) (adjourning mid-trial from 2/24/2022 to 3/1/2022 to permit counsel to review newly produced evidence); *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN) (S.D.N.Y. 2021) (adjourning mid-trial from 12/13/2021 to 12/15/2021 to account for Court logistics) *United States v. Malcolm Smith*, 13 Cr. 297 (KMK) (S.D.N.Y. 2014) (adjourning mid-trial from 6/17/2014 to 6/25/2014 to permit counsel to review newly produced evidence); *United States v. Constance G. Post*, 08 Cr. 243 (KMK) (S.D.N.Y. 2015) (adjourning mid-trial from June 2014 to November 2014 to account for juror availability in trial of unanticipated length); *United States v. Ahmed Satta*r, 02 Cr. 395 (JGK) (S.D.N.Y. 2005) (permitting multiple mid-trial adjournments on the basis of counsel and defendant's illnesses) *United States v. Samet*, 01 Cr. 216

(CM) (S.D.N.Y. 2001) (permitting mid-trial adjournment from 11/12/2002 to 11/18/2002 on the basis of counsel's illness).

In the event any future delay of the trial is attributable to the defendant's decision to avoid taking prescribed medication, the Court could consider whether the defendant has voluntarily absented himself from the proceedings, which could continue without him. *See United States v. Yannai*, 791 F.3d 226, 239 (2d Cir. 2015) ("If, after trial has begun in his presence," the defendant "voluntarily absents himself, this does not nullify what has been done or prevent a completion of the trial, but on the contrary, operates as a waiver of his right to be present and leaves the Court free to proceed with the trial in like manner and with like effect as if he were present"); *see also United States v. Fishman*, S6 20 Cr. 160 (MKV), 1/31/2022 Tr. (sealed proceeding finding the defendant voluntarily absented himself).

***

The Government will continue to provide relevant records and information to the Court. Because this letter discusses medical information of the defendant, the Government respectfully requests that it be filed under seal.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: __/s/_____
Lindsey Keenan
Mollie Bracewell
Danielle R. Sassoon
Assistant United States Attorneys
Southern District of New York
(212) 637-1565/2218/1115

cc: Defense Counsel (by E-mail)