**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 22, 2022

<u>Via Email</u>

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**REQUEST TO FILE UNDER SEAL
CONTAINS SENSITIVE INFORMATION**

Re:   <u>United States v. Lawrence Ray</u>
      20 Cr. 110 (LJL)

Dear Judge Liman:

     We write on behalf of Mr. Ray to strenuously object to the unfair and prejudicial way the government has weaponized Mr. Ray's medical issues and treatment. The combination of the government's repeated, ex parte communications with Mr. Ray's medical providers (without Mr. Ray or defense counsel's consent) and its selective and misleading citation of medical records that the defense has had limited access to have impermissibly tainted what could and should have been an impartial evaluation of Mr. Ray's condition and prognosis for his ongoing participation at trial.

     In response to the Court's orders of today's date, we respectfully cannot consent to any proposed hearing or related procedures regarding Mr. Ray's health without speaking with Mr. Ray first. As we previously advised the Court, despite defense counsel having provided a signed HIPAA waiver to New York Presbyterian Lower Manhattan Hospital, we have been unable to speak with Mr. Ray or his medical providers. We hope to be able to speak or visit with Mr. Ray tomorrow and can supplement this submission after communication with Mr. Ray.

**Mr. Ray's Medical Ailments**

     As described in more detail in our March 17, 2022 letter, Mr. Ray has a well-documented history of medical ailments, including ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬ which have required ▬▬▬▬▬▬▬▬▬▬▬▬ during his pretrial detention. Def. Ltr. at 3–4 (Mar. 17, 2022) ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

     ▬▬▬▬▬▬▬▬ After experiencing a medical episode on ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ En route to the ▬▬▬▬▬▬▬▬▬▬—i.e., ▬▬▬▬▬▬▬▬▬, outside the presence of anyone affiliated with this case—Mr. Ray was observed to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ at 6. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬



Medical professionals also ███████, which reflected ███████

Mr. Ray's ███████ similarly reflect a diagnosis for ███████

### The Prosecution's Ongoing, Ex Parte Communications with Mr. Ray's Medical Providers

During the time Mr. Ray ███████, however, the prosecuting attorneys in this case had conversations with Mr. Ray's medical providers regarding his condition. Gov't Ltr. (March 22, 2022). As defense counsel raised during the sealed proceedings this afternoon, we object strongly to such ex parte communications that the Assistant United States Attorneys who are prosecuting Mr. Ray have been having with his medical providers. Neither Mr. Ray nor defense counsel have authorized the sharing of his medical information with the government, nor (to defense counsel's knowledge) has the Court.

"Congress enacted HIPAA, in part, to protect the security and privacy of individually identifiable health information. . . . It is clear there is strong federal policy in favor of protecting the privacy of patient medical records." *L. v. Zuckerman*, 307 F. Supp. 2d 705, 710–11 (D. Md. 2004). Here, however, the government appears to have obtained Mr. Ray's medical records (and spoken with Mr. Ray's medical providers) through the misuse of the grand jury subpoena process. While the government may have the power to request a person's medical records for "law enforcement purposes" in certain circumstances, *see* 45 CFR § 164.512(f), the law enforcement exception to HIPAA does not apply here. The records the government obtained (and those it has likely requested for Mr. Ray's ███████) are not "relevant to proof of the charges against [Mr. Ray]." *United States v. Akula*, No. 19 Cr. 30039 (MGM), 2020 WL 1853134, at *2 (D. Mass. Apr. 13, 2020). Mr. Ray's ███████ in 2022 is irrelevant to the pending charges against him. The government is only seeking Mr. Ray's medical information

records in order to argue that he has absented himself such that trial may proceed without him. This is not good cause for a grand jury subpoena for medical records under the law enforcement exception to HIPAA. *Cf. United States v. Elliott*, 676 F. Supp. 2d 431, 439 (D. Md. 2009) ("Government's interest in obtaining records related to the defendant's blood alcohol concentration on the day of the accident are compelling."); *In re Grand Jury Subpoena John Doe No. A01-209*, 197 F. Supp. 2d 512, 514–15 (E.D. Va. 2002) (finding good cause under the law enforcement exception to HIPAA where "the documents sought in the subpoena are relevant and material to an ongoing criminal investigation"). The government should not be permitted to use the grand jury subpoena process to have unfettered access to Mr. Ray's medical records, particularly without providing Mr. Ray and counsel an opportunity to object to the release of such information in connection with this "judicial proceeding." *See* 45 CFR § 164.512(e).

More fundamentally, it is highly improper for Mr. Ray's prosecutors to have ongoing access to Mr. Ray's medical information and providers *while he is being evaluated and treated*. The government has made clear that it believes Mr. Ray is exaggerating and/or faking his ailments, and its notes reflect that it has shared that view with the medical personnel who are treating Mr. Ray. Putting aside whatever relevance this contention might have for his ongoing legal matter, it is deeply troubling that the government would suggest to Mr. Ray's medical providers that, instead of impartially evaluating Mr. Ray and treating him, they should instead be deputized to collect information for the prosecution to use against Mr. Ray.

The impropriety of the government's interference with Mr. Ray's ongoing medical treatment has been compounded by the fact that New York Presbyterian Hospital—despite being provided an executed HIPAA waiver from Mr. Ray authorizing his medical providers to speak to the undersigned—has refused to speak with defense counsel, even to provide updates on Mr. Ray's status, symptoms, or condition. Despite defense counsel's request, the government has also refused to include defense counsel in such communications with Mr. Ray's medical providers. The selective disclosure of Mr. Ray's medical information to the government is also reflected by the fact that the government has been provided Mr. Ray's medical paperwork on an ongoing basis, without such information simultaneously being provided to defense counsel. As such, the defense has been forced to respond to an evolving situation with incomplete information, without access to Mr. Ray, and on a compressed timeline.[1]

**The Defense Objects to the Proposed Procedure**

Given this record, while defense counsel might have initially considered Mr. Ray's treating medical personnel to be neutral observers who could explain to the Court their diagnoses and treatment of Mr. Ray, we are deeply troubled by the fact that the government has spoken to

---

[1] In accordance with the Court's direction that the parties meet and confer before raising disputes with the Court, at 3:16 p.m. this afternoon, defense counsel emailed the government in an attempt to (1) receive all of Mr. Ray's medical records that the government has access to; (2) request any notes of conversations the government had with Mr. Ray's medical providers; and (3) request that the government not speak with Mr. Ray's medical providers without defense counsel also being present. The government did not respond to the defense's communication for three hours (despite contacting the defense about unrelated matters during this time), only responding after it filed its letter with the Court, which disclosed the notes of (some of) the prosecutors' conversations with medical personnel.

these medical providers outside the presence of defense counsel and Mr. Ray, and shared with them the prosecutors' view that Mr. Ray's ailments are fabrications. Such conversations have irreparably tainted the views of the medical providers with whom the government has spoken on an ex parte basis and rendered any opinion or testimony that they may provide the Court fundamentally biased and unreliable.

For similar reasons, we object to the procedure reflected in the government's proposed order, whereby a doctor who has previously spoken with the government (and presumably also heard the government's view that Mr. Ray is exaggerating or faking his ailments) would be entrusted to assist the Court in what should be a neutral and impartial evaluation of Mr. Ray's medical conditions.

We also do not believe that a doctor unfamiliar with Mr. Ray's medical history can provide a reliable "evaluation" of Mr. Ray's ailments, symptoms, and prognosis. In the limited time available to counsel this afternoon after court, the undersigned communicated with two separate physicians who each indicated that it would be extremely difficult for a ▮▮▮ unfamiliar with Mr. Ray's medical history and presentation to provide a reliable "evaluation" to the Court without lengthy (and costly) ▮▮▮ being performed to identify and/or rule out the potential causes of Mr. Ray's ailments.

Accordingly, we do not believe "good cause" has been shown to justify the proposed procedure and do not consent to the procedures being proposed.

**Conclusion**

In light of the foregoing, we respectfully (1) request that the Court order the government to cease communicating with Mr. Ray's medical providers; (2) request that the Court order the government to immediately produce to the defense any of Mr. Ray's medical records that the government receives in the future; and (3) object to any hearing or proceeding in which any person who has spoken with the government about Mr. Ray's medical conditions or history outside the presence of defense counsel is permitted to testify or render any opinion.

                                            Respectfully submitted,

                                            /s/

                                            Marne L. Lenox
                                            Peggy Cross-Goldenberg
                                            Allegra Glashausser
                                            Neil P. Kelly

                                            *Counsel for Lawrence Ray*

cc:      Counsel of record