# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

November 8, 2022

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Lawrence Ray**
      **20 Cr. 110 (LJL)**

Dear Judge Liman:

　　We are writing in response to the court's order of November 1, 2022, identifying three issues to be addressed related to Mr. Ray's Rule 29 motion. Those three issues are discussed, in turn, below.

　　1. <u>There was insufficient evidence that Claudia Drury suffered "physical injury."</u>

　　Drury testified that Mr. Ray had "bind[ed] [her] to a chair . . . suffocat[ed] [her] with a plastic bag multiple times, smother[ed] [her] with a pillow, [and] chok[ed] [her] to the point of passing out." T. 1033. She also testified that she was "very, very cold" "to the point of like feeling like woozy or dizzy," not the "entire time," but "at a certain point in time." T. 1035. "Physical injury" means "impairment of physical condition or substantial pain." N.Y. Penal Law § 10.00 (9). The government's letter focuses on Drury's fear, noting that she testified that she was terrified and scared for her life. Dkt. 575, at 3. Fear and threats, however, are not factors related to the element of "physical injury." Drury's testimony did not meet the elements of physical injury, as she did not testify about an impairment of her physical condition or substantial pain.

　　<u>The evidence did not show that Drury's physical condition was impaired.</u>

　　Drury's testimony did not prove beyond a reasonable doubt that the incident impaired her physical condition. Her fleeting reference to being at "the point of

1

passing out," which was not elaborated upon, was not sufficient to show an impairment of physical condition. Even a temporary loss of consciousness – assuming that is what Drury meant by the "*point* of passing out" – without subsequent medical treatment is insufficient to show "physical injury." *People v. Franklin*, 540 N.Y.S.2d 288, 288 (2d Dep't 1989). In *Franklin*, the complainant "passed out" for about "a minute," "felt dizzy and achy for about 'four or five hours,' and there was slight bleeding from his head," but he did not seek medical attention. *Id.* The court found that he "did not display any impairment of physical function" and that "the evidence was legally insufficient to establish that [he] suffered physical injury." *Id. See also People v. Prosser*, 516 N.Y.S.2d 559, 559 (4th Dep't 1987) (no physical injury when there were "linear abrasions on the side of the neck," "victim testified that he suffered slight pain," and "hoarseness of voice," because "the record is insufficient to establish whether the hoarseness was of such a degree as to constitute impairment of physical condition."). Drury did not testify about any other type of impairment of the physical condition.

Additionally, the extent to which the person is able to resume normal activities is considered in deciding whether the person has sustained an impairment of physical condition, *People v. Windbush*, 558 N.Y.S.2d 970 (2d Dep't 1990) (not sufficient when there was "no indication that any of his activities were curtailed and his claim that he could not lift his arm was not further explained"), particularly whether the person was able to return to work, *People v. Barnes*, 826 N.Y.S.2d 28 (1st Dep't 2006) (physical injury when unable to return to work for nearly a year). Drury did not seek medical treatment and returned to work the next day. T. 1040.

The evidence, therefore, did not satisfy the element of an impairment of Drury's physical condition.

<u>The evidence did not show Drury experienced "substantial pain."</u>

When the harm does not amount to "impairment of physical condition," the sufficiency of the proof turns on whether "substantial pain" is established. *See Ortiz v. Ortiz*, 768 N.Y.S.2d 858, 859 (3d Dep't 2003) (bruising not enough to show substantial pain). New York courts have explained that "substantial pain" must be "more than slight or trivial pain." *People v. Chiddick*, 8 N.Y.3d 445, 447 (2007). *See also People v. Henderson*, 92 N.Y.2d 677, 685 (1992) ("[T]he Legislature intended to set a threshold of something more than a mere technical battery."). Drury's testimony also did not establish that she experienced substantial pain. She simply did not testify about any level of pain, no less substantial pain, and said nothing about the nature, degree, or duration of any pain.

2

To be sufficient, the evidence of pain must go beyond the description of the defendant's actions themselves. *See, e.g.*, *People v. Rojas*, 61 N.Y.S.2d 726, 727 (1984) ("that the injury is by gunshot cannot [ ] establish substantial pain, without more"; holding there was evidence of physical injury because of the additional evidence that the person had gone to the hospital, had a 1.5 inch laceration still visible at the time of trial, and the doctor testified injury could have been painful); *II. v. Lataya KK.*, 953 N.Y.S.2d 306, 307 (3d Dep't 2012) (parent's admission to using belt to discipline child, without more, insufficient to establish substantial pain).

When there is no testimony about pain, courts have held there is not sufficient evidence to meet the element of physical injury. In *United States v. Adetutu*, No. 01 CR 128 (DLC), 2004 WL 25241, at *3 (S.D.N.Y. Jan. 5, 2004), for example, Judge Cote found that a victim's description of being "struck in [the] face with a closed fist," thrown on a couch, "bit [in] her chest," and testimony that she "bled from her nose and chest" was insufficient to show substantial pain because the complainant did not describe the "nature of the pain, where the pain was felt, the intensity of the pain, or its duration." *See also People v. Holden*, 539 N.Y.S.2d 95, 95–96 (2d Dep't 1989) (insufficient testimony about degree and duration of the pain); *see also Matter of Scott QQ*, 589 N.Y.S.2d 712, 712 (3d Dep't 1992) ("[G]eneral assertions of pain are not enough to establish physical injury within the meaning of the statute."); *People v. McDowell*, 28 N.Y.2d 373, 375 (1971) (physical injury not established by an "incidental reference to a blackened eye without development of its appearance, seriousness, accompanying swelling, or suggestion of pain").

In contrast, when the complainant does testify about substantial pain, courts often find the evidence sufficient. For example, in *Graves*, the Second Circuit found there was a sufficient showing of substantial pain when there was evidence that defendant choked the victim, *and* she described the pain as substantial and preventing her from working for a week. *United States v. Graves*, 466 F. App'x 56 (2d Cir. 2012). *Accord People v. Bombard*, 71 N.Y.S.3d 759 (3d Dep't 2018)(defendant "ripped open stiches inside of her mouth," hit her with a closed fist, and victim testified about the "level of pain" becoming "more severe," increasing to a 7 or 8); *People v. Hicks,* 9 N.Y.S.3d 474, 476 (3d Dep't 2015) (the victim testified that the pain from being hit by a car and thrown over the vehicle lasted for days and that he had "difficulty walking" because of it); *People v. Rivera*, 838 N.Y.S.2d 727, 729 (3d Dep't 2007) (victim, who was also hit by a car, testified that she had "continuing pain for several days" to "such a degree" that she had "difficulty caring for her three-year-old child" and could not sleep).

Here there was no testimony from Drury about any pain. As in *Adetutu*, Drury did not describe "nature of the pain, where the pain was felt, the intensity of the pain, or its duration." 2004 WL 25241, at *3. She did not miss work; she did not seek medical attention. The government, therefore, did not establish the required element of "physical injury."

2.   The Court should apply the categorical approach to 18 U.S.C. § 1959.

The Second Circuit has recently held that substantive VICAR offenses should be analyzed under the modified categorical approach. *United States v. Pastore*, 36 F.4th 423, 429 (2d Cir. 2022). In *Pastore*, the Circuit explained that it "recently held that substantive RICO offenses are subject to the modified categorical approach," citing *United States v. Laurent*, 33 F.4th 63, 87-89 (2d Cir. 2022): "[A]pplying a modified categorical approach to a substantive RICO conviction makes good sense given that (1) RICO requires that the specific crimes constituting the 'pattern' of the racketeering enterprise be identified in the charging instrument and proven beyond a reasonable doubt, and (2) sets forth distinct penalties for different categories of underlying violations." The *Pastore* court continued by saying, "we see no reason why the same mode of analysis should not apply to substantive offenses under the related VICAR statute. After all, VICAR complements RICO, and the statutes are similarly structured." *Pastore*, 36 F.4th at 429. The Circuit concluded, "we now hold that the modified categorical approach applies to substantive VICAR offenses, and that "a substantive [VICAR] offense is a crime of violence when predicated on at least one violent [crime in aid of] racketeering act[s]." *Id.*

The Second Circuit, thus, disagreed with *United States v. Keene*, 955 F.3d 391, 393 (4th Cir. 2020), in a published decision, which this Court must follow. Additionally, the cases cited by the government, Dkt. 575, relating to analyzing "generic" assault are not to the contrary. *E.g.*, *United States v. Orena*, 32 F.3d 704, 714 (2d Cir. 1994) (explaining that the indictment did not have to list the "elements of the [state] penal codes, but only a 'generic definition' of an underlying state crime"); *United States v. Bagaric*, 706 F.2d 42, 62 (2d Cir. 1983) (jury charge did not have to provide the elements of the penal codes of the various states where acts of racketeering occurred).

Using the categorical approach, the Court considers "only the minimum criminal conduct necessary for conviction," *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006) (quotation marks omitted), and "must presume that the conviction rested upon [nothing] more than the least of th[e] acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 569 U.S.184, 190–91 (2013) (quotation marks omitted). A "court

applying the modified categorical approach may not analyze whether the *facts* underlying the . . . conviction satisfied the elements of the federal statute. Rather, the modified categorical approach simply provides a tool enabling courts to discover the elements of a defendant's . . . conviction." *United States v. Barker*, 723 F.3d 315, 321 (2d Cir. 2013) (quotation marks omitted). *See also Shepard v. United States*, 544 U.S. 13, 16 (2005) (holding that, in trial cases, the modified categorical approach permits consideration of "statutory elements, charging documents, and jury instructions") (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)).

3. Using the categorical approach, the crime of menacing in violation of New York Penal Law § 120.14 is broader than assault with a dangerous weapon under 18 U.S.C. § 1959.

Menacing, an A misdemeanor, in violation of New York Penal Law § 120.14, is broader than assault with a dangerous weapon under 18 U.S.C. § 1959. As a preliminary matter, Mr. Ray's indictment did not specify any subdivision of New York Penal Law § 120.14 and neither subsection two nor three of Section 120.14 requires the use of a dangerous instrument or weapon at all. For this reason alone, the menacing statute is broader than assault with a dangerous weapon. Additionally, however, subsection one of second-degree menacing under New York law also does not meet the generic definition of assault with a dangerous weapon as explained below.

Menacing can include "displaying" an item that "appears to be" dangerous, even if it is not dangerous.

The VICAR statute does not define assault with a dangerous weapon. But, its very name, "assault with a dangerous weapon" indicates that it requires a dangerous weapon. *See* 18 U.S.C. § 1959. Menacing, however, does not require a dangerous weapon. Menacing can be committed with an item that is not dangerous at all but merely *appears* to be dangerous. *See* N.Y. Penal Law § 120.14 (1) (prohibiting the display of "what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm"). A person can be convicted of menacing under Section 120.14(1), therefore, by displaying something that appeared to be a gun, even though it was not a gun (or at all dangerous). As examples, a BB gun, a toothbrush, an object held inside a coat, a towel wrapped around an object, and a laser beam have all been found to meet the element of displaying "what appears to be" a gun. *E.g.*, *People v. Colon*, 984 N.Y.S.2d 438, 440–41 (3d Dep't 2014) (affirming menacing conviction based on testimony that the person had what appeared to be a gun, despite admission that witness "thought it was a BB gun"), citing *People v. Lopez*, 73 N.Y.2d 214, 220 (1989) (items found to be

sufficient for element of "displaying" an item that appears to be a gun in the robbery context include an object held inside a coat, a towel wrapped around a black object, and a toothbrush held in a pocket); *People v. Brown*, 685 N.Y.S.2d 392, 392 (City Ct. 1998) (finding that a laser beam could appear to be a gun as it is "typically used as a sighting device" on guns; noting that the "Court of Appeals has stated that the object displayed need not closely resemble a firearm").

Thus, the minimum conduct required to commit menacing is broader than the minimum conduct required to commit assault with a dangerous weapon.

<u>Menacing does not require the "use" of a weapon.</u>

Menacing is also broader than assault with a dangerous weapon because it does not require the *use* of the item that appears to be a gun or other dangerous instrument, but merely the "display" of the item.

The cases cited by the government indicate that assault with a dangerous weapon requires the *use* of the weapon. For example, *Cousins*, Dkt. 575 at 4, notes that assault with a dangerous weapon requires a "physical act, utilizing a dangerous weapon." *Cousins v. United States*, 198 F. Supp. 3d 621, 626 (E.D. Va. 2016) ("A common law assault with a dangerous weapon, therefore, requires a physical act, utilizing a dangerous weapon, that signifies to the victim that the aggressor has the present ability to cause the threatened harm with the weapon, and that the weapon may be put to harmful use immediately."). *See also United States v. LeCompte*, 108 F.3d 948, 952 (8th Cir. 1997) ("To sustain a conviction under § 113(a)(3), the government is required to prove: 1) that the victim was assaulted, 2) with the use of a dangerous weapon, and 3) with the intent to inflict bodily harm."); *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982) (noting element of "use" of dangerous weapon met when person "employed two objects in his assault upon Poulin"). *See also United States v. Barbeito*, No. 09 Cr. 22 (TEJ), 2010 WL 2243878, at *25 (S.D. W.Va. June 3, 2010) ("[I]t would require a tortured and unreasonable reading of the statute to reach the conclusion that the phrase 'with a dangerous weapon' modifies 'whoever' rather than 'assault' such that liability could be predicated on simple possession of a weapon.").

Menacing, however, requires only "displaying" a dangerous instrument. It does not require a "physical act, utilizing" the weapon. *Cousins*, 198 F. Supp. 3d at 626. "Displaying," or showing, a dangerous instrument (or what appears to be one) is not the same as using one. That "use" of a gun is different from possessing a gun or brandishing a gun is a well-recognized concept in the federal code, *see,* 18 U.S.C. § 924(c), and the sentencing guidelines. *See United States v. Speed*, 636 F. App'x 9, 13 (2d

6

Cir. 2015) (affirming District Court finding that defendant "otherwise used" "a firearm when he pressed it into his victim's neck and threatened to kill him, and did not merely brandish it."). There is every reason, therefore, to view this difference between menacing and assault with a dangerous weapon as legally significant. The menacing "statute does not require that the display of the deadly weapon or dangerous instrument be in any specific manner, within any specific distance, or even that it be used or threatened to be used against the complainant." *People v. Filauri*, 814 N.Y.S.2d 563 (1st Dist. Ct. 2005) (defendant raising a knife to *his own* throat was a "display" of a weapon). "[M]enacing [also] does not require any form of "physical contact," actual, attempted or threatened." *People v. Bartkow*, 96 N.Y.2d 770, 772 (2001).

For this reason too, menacing is broader than assault with a dangerous weapon.

<u>Menacing does not require any "intent to do bodily harm."</u>

Assault with a dangerous weapon also requires an intent to do bodily harm. *See, e.g., Guilbert*, 692 F.2d at 1344 ("[T]he final element of proof required for conviction under § 113(c) is that the assault be committed with intent to do bodily harm."); *LeCompte*, 108 F.3d at 952. Menacing does not. Instead, menacing requires the "intent" "to place another person in reasonable fear of physical injury." No intent to harm is required. "In a pure menacing situation, there is no injury and thus no assault; nor is there an intent to cause injury and thus no attempted assault." *People v. Woods*, 43 N.Y.S.3d 695, 699 (N.Y. Crim. Ct. 2016).

<u>VICAR does not contemplate misdemeanor predicates.</u>

Finally, subsection one of second-degree menacing also does not meet the generic definition of assault with a dangerous weapon because it is a misdemeanor. Under the federal assault statute, assault with a dangerous weapon is a felony. 18 U.S.C. § 113 (3) ("Assault with a dangerous weapon, with intent to do bodily harm, by a fine under this title or imprisonment for not more than ten years, or both."). The other enumerated VICAR predicates all also appear to be felonies; most of them are particularly serious felonies. Counsel's research did not yield any cases in this Circuit in which misdemeanors were held to count as VICAR predicate offenses.

\*     \*     \*

Any one of these reasons is enough to hold that menacing is broader than assault with a dangerous weapon. For these reasons, and the others discussed on the record at trial, the Court should dismiss the VICAR offense.

Respectfully submitted,

/s/
Marne L. Lenox, Esq.
Peggy Cross-Goldenberg, Esq.
Allegra Glashausser, Esq.
Neil P. Kelly, Esq.

*Counsel for Lawrence Ray*