```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
UNITED STATES OF AMERICA                        :
                                                :     PRELIMINARY ORDER OF
          - v. -                                :     FORFEITURE AS TO SPECIFIC
                                                :     PROPERTY/
LAWRENCE RAY,                                   :     MONEY JUDGMENT
      a/k/a "Lawrence Grecco,"                  :
                                                :     S2 20 Cr. 110 (LJL)
                   Defendant.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about January 13, 2022, LAWRENCE RAY, a/k/a "Lawrence Grecco" (the "Defendant") was charged in a seventeen-count superseding Indictment, S2 20 Cr. 110 (LJL) (the "Indictment"), with, *inter alia,* racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); extortion conspiracy, in violation of Title 18, United States Code, Section 1951 (Count Two); extortion, in violation of Title 18, United States Code, Sections 1951 and 2 (Count Three); sex trafficking, in violation of Title 18, United States Code, Sections 1591 and 2 (Count Four); conspiracy to commit sex trafficking, in violation of Title 18, United States Code, Section 1594 (Count Five); forced labor, in violation of Title 18, United States Code, Sections 1589 and 2 (Count Six); forced labor trafficking, in violation of Title 18, United States Code, Sections 1590 and 2 (Count Seven); forced labor conspiracy, in violation of Title 18, United States Code, Section 1594 (Count Eight); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i), (ii), and 2 (Count Eleven);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of any and all interests the Defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named

and described in the Indictment which the Defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property, constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Indictment included a second forfeiture allegation as to Counts Two and Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Two and Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Two and Three of the Indictment that the Defendant personally obtained;

WHEREAS, the Indictment included a third forfeiture allegation as to Counts Four through Eight of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1594, of: (1) any property, real and personal, that was involved in, used or intended to be used to commit, or to facilitate the commission of the offenses charged in Counts Four through Eight of the Indictment, and any property traceable to such property; and (2) any property, real and personal, constituting or derived from, any proceeds obtained, directly or

indirectly, as a result of the offenses charged in Counts Four through Eight of the Indictment, or any property traceable to such property;

WHEREAS, the Indictment included a fourth forfeiture allegation as to Count Eleven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Eleven of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Eleven of the Indictment;

WHEREAS, on or about March 19, 2020, a Post-Indictment Restraining Order was entered by the Hon. Colleen McMahon, restraining the following property: any and all domain names registered on GoDaddy Inc. by Shopper ID 42845221 (the "Domain Names");

WHEREAS, on or about September 2, 2020, the Court entered an Order for the Interlocutory Sale of the Domain Names ("Interlocutory Sale Order") authorizing the Government to sell the Domain Names;

WHEREAS, on or about February 24, 2021, pursuant to the Interlocutory Sale Order the Government sold the Domain Names and deposited the net proceeds in the amount of $23,138 into the Seized Asset Deposit Fund (the "Domain Proceeds");

WHEREAS, on or about April 6, 2022, following a jury trial, the Defendant was found guilty of Counts One through Nine, Eleven, and Thirteen through Seventeen of the Indictment;

WHEREAS, the Government asserts that $2,444,349 in United States currency represents the amount of proceeds traceable to the offenses charged in Counts One through Nine

of the Indictment that the Defendant personally obtained, and the property involved in the offense charged in Count Eleven of the Indictment;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $2,444,349 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One through Nine of the Indictment that the Defendant personally obtained and the property involved in the offense charged in Count Eleven of the Indictment;

WHEREAS, the Government further seeks the forfeiture of all right, title and interest of the Defendant in the following specific property:

i. The Domain Proceeds; and

ii. The real property commonly described as 4 Scarborough Place, Pinehurst, North Carolina, 28374, more particularly described as Lot 300, Unit 17, Add 4, Phase 2, of the property of Pinehurst Incorporated, as shown on the Plat thereof, recorded in the office of the Register of Deeds of Moore County North Carolina, in Plat Cabinet 3, Slide 404;

(i and ii, collectively, the "Specific Property") which constitute proceeds traceable to the offenses charged in Counts One through Nine of the Indictment that the Defendant personally obtained; property involved in, used, or intended to be used to commit, or to facilitate the commission of the offenses charged in Count One and Counts Four through Eight; and/or property involved in Count Eleven of the Indictment;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to offenses charged in Counts One through Nine of the Indictment that the Defendant personally obtained, and the property involved in Count Eleven of the Indictment cannot be located upon the exercise of due diligence with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

1. As a result of the offenses charged in Counts One through Nine and Eleven of the Indictment, to which the Defendant was found guilty, a money judgment in the amount of $2,444,349 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Nine of the Indictment that the Defendant personally obtained, and the property involved in Count Eleven of the Indictment, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One through Nine and Eleven of the Indictment, to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant LAWRENCE RAY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals

5

Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and

extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____          _____
HONORABLE LEWIS J. LIMAN                                    DATE
UNITED STATES DISTRICT JUDGE