RECEIVED
SDNY PRO SE OFFICE
2026 NOV 17 PM 2:17

United States District Court
Southern District of New York
-----------------------------------------------X

UNITED STATES OF AMERICA

20 CR 0110 (LJL)

-against-

MOTION FOR RELIEF PURSUANT TO 28 U.S.C. 2255

LAWRENCE RAY,

Defendant-Petitioner

-----------------------------------------------X

1. This is a motion and petition pursuant to 28 U.S.C. 2255 (made with counsel's help), for vacatur of the convictions of Lawrence Ray because he was deprived of his constitutional right to effective assistance of counsel and to present a defense of his choosing.
2. This motion is timely under AEDPA. The Supreme Court denied Ray's petition for *certiorari* on November 24, 2025 (No. 25-5904).
3. Ray remains imprisoned at Terre Haute USP, Inmate No. 58374-053, pursuant to the judgment sentencing him primarily to 60 years' incarceration.
4. This application focuses on the self-admitted ineffective assistance of the Federal Defenders as trial counsel for Mr. Ray, and the deprivation thereby of Mr. Ray's chosen defense.

**Counsel admitted that they are ineffective. The Court failed to act.**

5. On February 20, 2022, a most unusual conference was held in the district court. The Court stated it ordered a hearing after receiving an application from the Federal Defenders asking to be relieved as counsel and reporting that the attorney-client relationship between Mr. Ray and his defense team had irreparably broken down and the Federal Defenders could not effectively represent him. Tr. p.4.

6. The Court put on the record that it had inquired of many lawyers on the CJA panel was to whether they could be prepared to proceed on March, 2022, if they had to take over the defense of the case, and no one could commit to doing so. (*Id.* p.5).

7. Defender Glashausser stated that this application was not a usual one and that she had never made some presentation like this previous. "But, we truly believe we can no longer effectively represent Mr. Ray because of a number of reasons – a breakdown in trust that Mr. Ray has expressed to us that has lead (*sic*) to a breakdown in communication about the defense and a disagreement over the objectives of the defense." (*Id.* p.6-7).

8. This breakdown in the attorney-client relationship was intense. It came to such severity that Federal Defenders believed they had to move to be relieve, after Federal Defenders started to present a defense, at a Daubert hearing, based on a non-adjudicated suggestion that Mr. Ray was delusional about his belief that he had been poisoned by enemies who went to great lengths to "get him." To wit, Ray had testified against Bernard Kerik, former police commissioner and buddy of powerful Rudolph Giuliani, and was responsible for Kerik's fall.

9. There were many indicia that support and supported Ray's belief that he was being poisoned by people associated with Kerik. Testimony that came out in drips at trial in fact supported it, but was not developed in the say Mr. Ray had asked that it be investigated and developed. For example, an assault of Ray in the presence of witness Claudia and others was caught on video. Further, there was some evidence indicating that Ray suffered from mercury poisoning. His other illnesses, documented in part at trial, including seizures, were unexplained and are unexplainable. In other words, there was some evidence, which as the Federal

Defenders noted at the hearing on its motion to withdraw, showing that Ray suffered effects of poisoning.

10. Worse than the fact that evidence was not developed, Federal Defenders noted at the hearing that they failed to adequately or effectively convey to Ray, or consult with him, about the fact that they planned a psychiatric defense. By the time he actually understood this, based on the *Daubert* hearing, Ray had understandably lost confidence in his lawyers. And his lawyers rightfully understood they could not effectively go forward.

11. The Court denied the motion to withdraw, in large part based on the fact that the trial was set to start imminently. Lawrnce Ray contends that this should not have been used as a basis to deny Federal Defenders' motion to withdraw.

12. This Court's refusal to appoint new counsel deprived Mr. Ray of his right to the *effective* assistance of counsel.

13. This Court should grant 2255 relief and vacate the convictions.

Dated: November 04 2026.

Lawrence Ray

Lawrence Ray

LAWRENCE RAY #58374-053
U.S.P. TERRE HAUTE
P.O. BOX 33
TERRE HAUTE, IN.
47808




CLERK of the COURT (FOR FILING)
SOUTHERN DISTRICT of NEW YORK,
500 PEARL STREET,
NEW YORK, NEW YORK 10007-1312

Criminal Docketing

RECEIVED
NOV 17 2026
CLERK'S OFFICE
S.D.N.Y.

USMP3
SDNY

LEGAL MAIL

PERSONAL and CONFIDENTIAL

LAWRENCE RAY #58374-053
U.S.P. TERRE HAUTE
P.O. BOX 33
TERRE HAUTE, IN.
47808

CLERK
SOUTHER
500 PE
NEW YOR

Criminal Docketing

RECEIVED
NOV 17 2026
CLERK'S OFFICE
S.D.N.Y.

LEGAL MAIL

PERSONAL and CONFIDENTIAL

RECEIVED
SDNY PRO SE OFFICE
2026 NOV 17 PM 2:17